MICHAEL E. BREWER, Bar No. 177912
ALLISON R. BALC, Bar No. 214962
LITTLER MENDELSON, A Professional Corporation
1255 Treat Blvd., Suite 600
Walnut Creek, CA 94597
Telephone: 925.932.2468
Facsimile: 925.946.9809
Email: mbrewer@littler.com
abalc@littler.com

Attorneys for Defendants
AMERICAN BAPTIST HOMES OF THE WEST,
CALVIN MAY AND SCOTT SEBASTIAN

E-filing

ORIGINAL FILED NOV - 7 2007 RICHARD W. WIEKING CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA OAKLAND

ADR

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| WILLIAM J. CHAPPLE,<br>Plaintiff,<br>v.<br>AMERICAN BAPTIST HOMES OF THE WEST, AKA AMERICAN BAPTIST HOMES OF THE WEST CORPORATION, AKA GRAND LAKE GARDENS, CALVIN MAY, SCOTT SEBASTIAN, DOES 1 through 10,<br>Defendants. | Case No. C07-05657 JCS<br>**NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT PURSUANT TO FEDERAL QUESTION JURISDICTION UNDER 28 U.S.C. §§ 1331 AND 1441(B)]** |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendants AMERICAN BAPTIST HOMES OF THE WEST, CALVIN MAY AND SCOTT SEBASTIAN ("Defendants") hereby give notice of removal of the above-entitled action from the Alameda County Superior Court to the United States District Court for the Northern District of California, Oakland Division, pursuant to 28 U.S.C. §§ 1331 and 1441(b).

This removal is based on federal question jurisdiction. As required by 28 U.S.C. § 1446(d), Defendants are filing in the Superior Court of California, County of Alameda, a Notice of Filing of Notice of Removal of Civil Action From State Court Pursuant to Federal Question Jurisdiction Under 28 U.S.C. §§ 1331 and 1441(b) (with attachments). A true and correct copy of said Notice, without attachments, is attached hereto as Exhibit A.

In support of its Notice of Removal, Defendants state to the Court as follows:

1. On October 22, 2007, Plaintiff William J. Chapple ("Plaintiff") filed a Third Amended Complaint which included a cause of action for "Discrimination/Harassment" in violation of Title VII of the Civil Rights Act of 1964, as amended, in the Superior Court for the State of California, County of Alameda, in case number RG06297059. The Third Amended Complaint is captioned as follows: *William J. Chapple v. American Baptist Homes of the West Corporation, aka, American Baptist Homes of the West, aka Grand Lake Gardens, Calvin May, Scott Sebastian, Does 1 through 10.* On or after November 22, 2007, Defendants were served with a copy of the Third Amended Complaint. *See* No. 50, *infra,* and exhibit attached thereto.

2. On November 6, 2007, Defendants filed an Answer to Plaintiff's Unverified Third Amended Complaint in Alameda County Superior Court. *See* No. 53, *infra,* and exhibit attached thereto.

3. The instant Notice of Removal has been timely filed because it is made within thirty (30) days after receipt by Defendants of a copy of the Third Amended Complaint, which sets forth the removable claims. *See* 28 U.S.C. § 1446(b).

4. A copy of the complete state court file in this matter is attached hereto.

**PLEADINGS AND PROCEDURAL HISTORY**

5. On November 7, 2006, Plaintiff filed a Civil Case Cover Sheet, Summons and Complaint for Damages alleging claims for Defamation of Character, Intentional Infliction of Emotional Distress and Invasion of Privacy in the Superior Court for the State of California, County of Alameda, which is captioned as follows: *William J. Chapple v. American Baptist Homes of the West Corporation, aka, American Baptist Homes of the West, aka Grand Lake Gardens, Calvin Mays, Scott Sebastian, Reginald Lyles, Does One Through 10,* designated case number RG06297059. Plaintiff's Complaint seeks, *inter alia,* general damages, economic damages and medical expenses. A copy of the Complaint, Summons and Civil Case Cover Sheet are attached hereto as Exhibit B.

6. On January 2, 2007, Plaintiff filed a Request For Dismissal as to Reginald Lyles. A copy of the Request For Dismissal is attached hereto as Exhibit C.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

7. On February 5, 2007, a Deputy Clerk of the Superior Court of California, County of Alameda, issued a Notice of Case Management Conference and Order. A true and correct copy of the Notice of Case Management Conference and Order is attached hereto as Exhibit D.

8. On February 16, 2007, a Proof of Service as to American Baptist Homes of The West was filed. A true copy of the Proof of Service of Summons is attached hereto as Exhibit E.

9. On March 5, 2007, a Proof of Service of Summons as to Grand Lake Gardens was filed. A true copy of the Proof of Service of Summons is attached hereto as Exhibit F.

10. On March 6, 2007, Proofs of Service of Summons as to Calvin May and Scott Sebastian were filed. True copies of the Proofs of Service of Summons are attached hereto as Exhibit G.

11. On March 12, 2007, Defendants filed a Notice of Demurrer, Demurrer, Memorandum of Points and Authorities in Support of, and [Proposed] Order Granting Demurrer to Plaintiff's Complaint. True and correct copies of these documents are attached hereto as Exhibit H.

12. On March 12, 2007, a Deputy Clerk for the Superior Court of California, County of Alameda, issued a Notice of Hearing (Amended) vacating and rescheduling the Demurrer to Complaint to May 7, 2007 at 2:00 p.m. A true and correct copy of the Notice of Hearing is attached hereto as Exhibit I.

13. On March 12, 2007, Defendants filed a Request for Statement of Damages by Defendant American Baptist Homes of the West. A true and correct copy of the Request for Statement of Damages is attached hereto as Exhibit J.

14. On March 26, 2007, Plaintiff filed a Case Management Statement. A true copy of Plaintiff's Case Management Statement is attached hereto as Exhibit K.

15. On March 27, 2007, Defendants filed a Case Management Statement. A true and correct copy of Defendants' Case Management Statement is attached hereto as Exhibit L.

16. On March 27, 2007, Plaintiff filed a Memorandum of Points & Authorities in Opposition to Demurrer to Plaintiff's Complaint. A true copy of Plaintiff's Memorandum of Points & Authorities is attached hereto as Exhibit M.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

17. On March 27, 2007, a Deputy Clerk of the Superior Court of California, County of Alameda, issued a Notice of Hearing notifying the parties to appear at the Case Management Conference set for May 23, 2007 at 9:00 a.m. A true and correct copy of the Notice of Hearing is attached hereto as Exhibit N.

18. On April 5, 2007, a Deputy Clerk of the Superior Court of California, County of Alameda, issued a Notice of Hearing (Amended) vacating and rescheduling the Demurrer to Complaint to May 7, 2007 at 9:00 a.m. A true and correct copy of the Notice of Hearing is attached hereto as Exhibit O.

19. On April 11, 2007, Defendants filed a Reply to Plaintiff's Opposition to Defendants' Demurrer to the Complaint. A true and correct copy of the Reply is attached hereto as Exhibit P.

20. On April 12, 2007, Plaintiff served Defendants with William J. Chapple's Response to Statement of Damages. A true copy of Plaintiff's Response is attached hereto as Exhibit Q.

21. On April 27, 2007, Plaintiff filed a Summons on Amended Complaint and Amended Complaint for Damages alleging claims for Defamation of Character, Intentional Infliction of Emotional Distress, Invasion of Privacy, and Employment Discrimination/Harassment Based on Race in violation of California Government Code § 12940, *et seq.* in the Superior Court for the State of California, County of Alameda, which is captioned as follows: *William J. Chapple v. American Baptist Homes of the West Corporation, aka, American Baptist Homes of the West, aka Grand Lake Gardens, Calvin May, Scott Sebastian, Does One Through 10,* case number RG06297059. Plaintiff's Amended Complaint sought, *inter alia,* general damages, economic damages, medical expenses, and attorney's fees. A copy of the Amended Complaint and Summons on Amended Complaint are attached hereto as Exhibit R.

22. On May 7, 2007, the Court entered Minutes dropping Plaintiff's Complaint. A true and correct copy is attached hereto as Exhibit S.

23. On May 8, 2007, Defendants filed a Case Management Statement. A true and correct copy of Defendants' Case Management Statement is attached hereto as Exhibit T.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925 932 2468

24. On May 16, 2007, Defendants filed a Notice of Demurrer, Demurrer, Memorandum of Points and Authorities in Support of, and [Proposed] Order Sustaining Demurrer to Plaintiff's First Amended Complaint. A true and correct copy of these documents are attached hereto as Exhibit U.

25. On May 18, 2007, Plaintiff filed a Case Management Statement. A true copy of Plaintiff's Case Management Statement is attached hereto as Exhibit V.

26. On May 18, 2007, Plaintiff filed a Summons, Civil Case Cover Sheet and Complaint for Damages alleging claims for "Discrimination/Harassment" in violation of Government Code § 12940, *et seq.*, "Discrimination/Harassment" in violation of Title VII of the Civil Rights Act, and Harassment in violation of Government Code § 12940, *et seq.* in the Superior Court for the State of California, County of Alameda, which is captioned as follows: *William J. Chapple v. American Baptist Homes of the West, aka, American Baptist Homes of the West Corporation, aka Grand Lake Gardens, Calvin May, Scott Sebastian, Does One Through 10,* designated case number RG07326753. Plaintiff's Complaint seeks, *inter alia,* general damages, economic damages and medical expenses, and attorney's fees. A true copy of the Summons, Civil Case Cover Sheet and Complaint are attached hereto as Exhibit W. Defendants were served with the Summons and Complaint filed by Plaintiff in Alameda County Superior Court case number RG07326753 on or after September 6, 2007.

27. On May 22, 2007, a Deputy Clerk of the Superior Court of California, County of Alameda, issued a Notice of Judicial Assignment for All Purposes to The Honorable Winifred Y. Smith in case number RG06297059. A true and correct copy of the Notice is attached hereto as Exhibit X.

28. On May 22, 2007, a Deputy Clerk of the Superior Court of California, County of Alameda, issued a Notice of Judicial Assignment for All Purposes to The Honorable Barbara J. Miller in case number RG07326753. A true and correct copy of the Notice is attached hereto as Exhibit Y.

29. On May 23, 2007, a Deputy Clerk of the Superior Court of California, County of Alameda, issued a Notice of Case Management Conference and Order in case number

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

RG07326753. A true and correct copy of the Notice is attached hereto as Exhibit Z.

30. On May 25, 2007, a Deputy Clerk of the Superior Court of California, County of Alameda, issued Minutes confirming the Demurrer to the First Amended Complaint to be heard on June 14, 2007 and dropping the matter from the Case Management Calendar in case number RG06297059. A true and correct copy of the Notice is attached hereto as Exhibit AA.

31. On May 29, 2007, Plaintiff filed a Memorandum of Points and Authorities in Opposition to Demurrer to Plaintiff's Amended Complaint in case number RG06297059. A true copy is attached hereto as Exhibit BB.

32. On June 7, 2007, Defendants filed Substitution of Attorney forms for American Baptist of the West, Scott Sebastian and Calvin May in case number RG06297059. A true and correct copy of these documents are attached hereto as Exhibit CC.

33. On June 7, 2007, Defendants filed a Reply Memorandum of Points and Authorities in Support of and [Proposed] Order Granting Defendants' Demurrer to Plaintiff's First Amended Complaint in case number RG06297059. A true and correct copy of these documents are attached hereto as Exhibit DD.

34. On June 14, 2007, the Honorable Winifred Y. Smith issued an Order continuing the Demurrer to the First Amended Complaint to July 18, 2007 at 9:00 a.m. in case number RG06297059. A true and correct copy of this Order is attached hereto as Exhibit EE.

35. On July 3, 2007, Defendants filed a Notice of Change of Address in case number RG06297059. A true and correct copy of this Order is attached hereto as Exhibit FF.

36. On July 18, 2007, a Deputy Clerk of the Superior Court of California, County of Alameda, issued Minutes regarding the Demurrer to the First Amended Complaint being commenced and completed and the ruling being taken under submission in case number RG06297059. A true and correct copy of this document is attached hereto as Exhibit GG.

37. On July 23, 2007, a Deputy Clerk of the Superior Court of California, County of Alameda, issued a Notice of Case Management Conference and Order (Amended) for October 2, 2007 in case number RG07326753. A true and correct copy of the Notice is attached hereto as Exhibit HH.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925 932 2468

38. On July 26, 2007, the Honorable Winifred Y. Smith issued an Order on Demurrer to First Amended Complaint for Damages in case number RG06297059. A true and correct copy of this Order is attached hereto as Exhibit II.

39. On August 6, 2007, Defendants filed a Notice of Entry of Order on Demurrer to First Amended Complaint for Damages in case number RG06297059. A true and correct copy of this Order is attached hereto as Exhibit JJ.

40. On August 6, 2007, Plaintiff filed a Second Amended Complaint for Damages alleging causes of action for defamation, intentional infliction of emotional distress, negligent infliction of emotional distress, harassment based on race, and discrimination in the Superior Court for the State of California, County of Alameda, which is captioned as follows: *William J. Chapple v. American Baptist Homes of the West Corporation, aka, American Baptist Homes of the West, aka Grand Lake Gardens, Calvin May, Scott Sebastian, Does 1 through 10,* in case number RG06297059. A true and correct copy of the Second Amended Complaint is attached hereto as Exhibit KK.

41. On September 10, 2007, Plaintiff filed a Proof of Service of Summons as to American Baptist Homes of the West, aka American Baptist Home of the West Corporation, aka Grand Lake Gardens in case number RG07326753. A true copy of the Proof of Service of Summons is attached hereto as Exhibit LL.

42. On September 10, 2007, Defendants filed a Notice of Demurrer and Demurrer, Memorandum of Points and Authorities in Support of, [Proposed] Order Granting Demurrer to Plaintiff's Second Amended Complaint, and Proof of Service in case number RG06297059. A true and correct copy of these documents are attached hereto as Exhibit MM.

43. On October 2, 2007, a Deputy Clerk of the Superior Court of California, County of Alameda, issued the Minutes for the cause called for Case Management Conference in case number RG07326753. A true and correct copy of the Minutes is attached hereto as Exhibit NN.

44. On October 2, 2007, a Deputy Clerk of the Superior Court of California, County of Alameda, issued a Notice of Hearing for a Case Management Conference on November 6,

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925 932.2468

2007 in case number RG07326753. A true and correct copy of the Notice is attached hereto as Exhibit OO.

45. On October 5, 2007, Defendants filed a Stipulation and [Proposed] Order that Plaintiff will dismiss his complaint in Alameda County Superior Court Case No. RG07326753, that Plaintiff may file a third amended complaint in Alameda County Superior Court Case No. RG06297059, and that in response to Plaintiff's third amended complaint, Defendant will not raise the specific defense that Plaintiff failed to file his action within 90 days of having received the EEOC's Right to Sue Notice or that Plaintiff filed the causes of action currently contained in Case Nos. RG06297059 and RG07326753 prematurely. A true and correct copy of this stipulation is attached hereto as Exhibit PP.

46. On October 9, 2007, The Honorable Winifred Y. Smith issued a Stipulation and Order Re: Other Exparte Granted in case number RG06297059. A true and correct copy of the Order is attached hereto as Exhibit QQ.

47. On October 9, 2007, Plaintiff filed a Request For Dismissal as to the entire action of all parties and all causes of action without prejudice in Alameda County Superior Court case number RG07326753. A true copy of the Request For Dismissal is attached hereto as Exhibit RR.

48. On October 9, 2007, Defendants requested that their Demurrer to Plaintiff's Second Amended Complaint be dropped from calendar with the understanding that Plaintiff would be filing a third amended complaint in case number RG06297059. A true and correct copy of this letter is attached hereto as Exhibit SS.

49. On October 12, 2007, Defendants filed a Proof of Service of Stipulation and Order Re: Other Exparte Granted in case number RG06297059. A true and correct copy of the Proof of Service is attached hereto as Exhibit TT.

50. On October 22, 2007, Plaintiff filed a Third Amended Complaint For Defamation of Character, Intentional Infliction of Emotional Distress, Employment "Discrimination/Harassment" based on race, age and/or perceived disability in violation of California Government Code § 12940 *et seq.*, and "Discrimination/Harassment" in violation of Title

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925 932.2468

VII of the Civil Rights Act of 1964, as amended, in the Superior Court for the State of California, County of Alameda, which is captioned as follows: *William J. Chapple v. American Baptist Homes of the West Corporation, aka, American Baptist Homes of the West, aka Grand Lake Gardens, Calvin May, Scott Sebastian, Does 1 through 10,* in case number RG06297059. A true copy of the Third Amended Complaint and Proof of Service is attached hereto as Exhibit UU.

51. On October 24, 2007, a Deputy Clerk of the Superior Court of California, County of Alameda, issued a Notice of Hearing setting a Case Management Conference for December 4, 2007 in case number RG06297059. A true and correct copy of the Notice is attached hereto as Exhibit VV.

52. On October 26, 2007, a Deputy Clerk of the Superior Court of California, County of Alameda, issued Minutes dropping the demurrer to Plaintiff's complaint. A true and correct copy of the Minutes are attached hereto as Exhibit WW.

53. On November 6, 2007 Defendants filed their Answer to Plaintiff's Unverified Third Amended Complaint and Proof of Service. A true and correct copy of these documents are attached hereto as Exhibit XX.

**JURISDICTION**

54. As Plaintiff's action alleges a claim arising under the laws of the United States, and more particularly, 42 U.S.C. 2000e, Plaintiff's Complaint establishes a civil action under which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. § 1441(b) and (c). In addition, the Court has supplemental jurisdiction over all state claims that are so related to claims in the action within its original jurisdiction that they form part of the same controversy, pursuant to 28 U.S.C. § 1367(a).

55. Furthermore, as this action is an employment discrimination suit which includes a cause of action alleging a violation of Title VII of Civil Rights Act (48 U.S.C. § 2000e), this is an action over which this Court has original jurisdiction and it may be removed to this Court under the provisions of 28 U.S.C. §§ 1441(a) and 1446 without regard to the amount in controversy or the parties' citizenship or domicile.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

9.

NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT

**INTRADISTRICT ASSIGNMENT**

56. Pursuant to 28 U.S.C. § 1446(a) and Northern District Civil L.R. 3-2(c) and (d), this action is properly assigned to the Oakland Division because Plaintiff's Third Amended Complaint was filed in Alameda County Superior Court and Defendants are informed and believe that a substantial portion of the alleged events giving rise to this action occurred in the County of Alameda.

Dated: November 7, 2007

MICHAEL E. BREWER
ALLISON R. BALC
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendants
AMERICAN BAPTIST HOMES OF THE WEST, CALVIN MAY AND SCOTT SEBASTIAN

Firmwide:83430886.1 012425.1022

LITTLER MENDELSON
A Professional Corporation
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925 932 2468

# EXHIBIT A

MICHAEL E. BREWER, Bar No. 177912
ALLISON R. BALC, Bar No. 214962
LITTLER MENDELSON
A Professional Corporation
1255 Treat Blvd., Suite 600
Walnut Creek, CA 94597
Telephone: 925.932.2468
Fax: 925.946.9809

Attorneys for Defendants
AMERICAN BAPTIST HOMES OF THE WEST,
CALVIN MAY AND SCOTT SEBASTIAN

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ALAMEDA

| | |
|---|---|
| WILLIAM J. CHAPPLE,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN BAPTIST HOMES OF THE WEST CORPORATION, aka, AMERICAN BAPTIST HOMES OF THE WEST, aka, GRAND LAKE GARDENS, CALVIN MAY, SCOTT SEBASTIAN, DOES 1 through 10,<br><br>Defendants. | Case No. RG06297059<br><br>**NOTICE OF FILING OF NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT PURSUANT TO FEDERAL QUESTION JURISDICTION UNDER 28 U.S.C. §§ 1331 AND 1441(B)** |

LITTLER MENDELSON
A Professional Corporation
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925 932 2468

NOTICE OF FILING OF NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT

TO THE CLERK OF THE SUPERIOR COURT OF CALIFORNIA FOR THE COUNTY OF ALAMEDA; PLAINTIFF WILLIAM J. CHAPPLE, AND HIS ATTORNEY OF RECORD:

PLEASE TAKE NOTICE that Defendants AMERICAN BAPTIST HOMES OF THE WEST, CALVIN MAY AND SCOTT SEBASTIAN ("Defendants") filed a Notice of Removal of this action in the United States District Court for the Northern District of California, Oakland Division, pursuant to 28 U.S.C. §§ 1331 and 1441(b) on November 7, 2007. A true and correct copy of said Notice of Removal, without the attached exhibits containing the state court's file, are attached hereto as Exhibit A. All documents filed with the United States District Court, Northern District of California, including all exhibits, have been served on Plaintiff William J. Chapple.

Dated: November 7, 2007

MICHAEL E. BREWER
ALLISON R. BALC
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendants
AMERICAN BAPTIST HOMES OF THE WEST, CALVIN MAY AND SCOTT SEBASTIAN

Firmwide:83374757.1 012425.1022

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925 932 2468

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Littler Mendelson, Treat Towers, 1255 Treat Boulevard, Suite 600, Walnut Creek, CA 94597. On November 7, 2007, I served the within document(s):

**NOTICE OF FILING OF NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT PURSUANT TO FEDERAL QUESTION JURISDICTION UNDER 28 U.S.C. §§ 1331 AND 1441(B)**

☐ by facsimile transmission at or about ____________ on that date. This document was transmitted by using a facsimile machine that complies with California Rules of Court Rule 2003(3), telephone number 925.946.9809. The transmission was reported as complete and without error. A copy of the transmission report, properly issued by the transmitting machine, is attached. The names and facsimile numbers of the person(s) served are as set forth below.

☒ by placing a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at Walnut Creek, California addressed as set forth below.

☐ by depositing a true copy of the same enclosed in a sealed envelope, with delivery fees provided for, in an overnight delivery service pick up box or office designated for overnight delivery, and addressed as set forth below.

☐ by personally delivering a copy of the document(s) listed above to the person(s) at the address(es) set forth below.

Michael C. Cohen
Law Office of Michael C. Cohen
1814 Franklin Street, Suite 900
Oakland, CA 94612

Facsimile: (510) 832-6439
Telephone: (510) 832-6436

I am readily familiar with the firm's practice of collection and processing correspondence for mailing and for shipping via overnight delivery service. Under that practice it would be deposited with the U.S. Postal Service or if an overnight delivery service shipment, deposited in an overnight delivery service pick-up box or office on the same day with postage or fees thereon fully prepaid in the ordinary course of business. I declare under penalty of perjury under the

laws of the State of California that the above is true and correct. Executed on November 7, 2007, at Walnut Creek, California.

Gina Camacho

Firmwide:82585810.1 012425.1022

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2175 North California Blvd.
Suite 835
Walnut Creek, CA 94596 3585
925.932.2468

# EXHIBIT B

Michael C. Cohen, Esq., Bar No. 65487
**LAW OFFICES OF MICHAEL C. COHEN**
1814 Franklin Street, Suite 900
Oakland, CA 94612
(510) 832-6436
Attorney for Plaintiff,
William J. Chapple

ENDORSED
FILED
ALAMEDA COUNTY
NOV 0 7 2006
CLERK OF THE SUPERIOR COURT
By Esther Coleman, Deputy

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF ALAMEDA

WILLIAM J. CHAPPLE

Plaintiff,

vs.

AMERICAN BAPTIST HOMES OF THE WEST CORPORATION, aka, AMERICAN BAPTIST HOMES OF THE WEST, aka GRAND LAKE GARDENS, CALVIN MAYS, SCOTT SEBASTIAN, REGINALD LYLES, DOES 1 THROUGH 10,

Defendants.
_______________________________/

No. RG06297059

COMPLAINT FOR DEFAMATION OF CHARACTER, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, INVASION OF PRIVACY

**GENERAL ALLEGATIONS**

**1)** Plaintiff, William J. Chapple, at all times mentioned herein, was an adult Black, African American, male, over fifty (50) years of age.

**2)** Each of the acts and failure to act which is the basis

of this lawsuit occurred in the county of Alameda, state of California.

3) Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, defendant, American Baptist Homes of the West Corporation, aka American Baptist Homes of the West, aka Grand Lake Gardens, was a corporation, organized and existing in the state of California.

4) Plaintiff is informed and believes and thereon alleges that American Baptist Homes of the West Corporation, aka American Baptist Homes of the West, at all times mentioned herein, owned, managed, operated Grand Lake Gardens, a senior residential home facility located in Oakland, California, county of Alameda.

5) Plaintiff is informed and believes and thereon alleges that Grand Lake Gardens is a division and or department of American Baptist Homes of the West Corporation, aka American Baptist Homes of the West.

6) Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, Calvin May was an employee of American Baptist Homes of the West Corporation, aka American Baptist Homes, working at Grand Lake Gardens but not acting in the course and scope of such employment when doing the acts complained about herein.

7) Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, Scott Sebastian was a managerial employee of American Baptist Homes of the West Corporation, aka American Baptist Homes, working at Grand Lake

Gardens and acting in the course and scope of such employment when doing the acts complained about herein.

**8)** Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, Reginald Lyles was a managerial employee of American Baptist Homes of the West Corporation, aka American Baptist Homes, working at Grand Lake Gardens and acting in the course and scope of such employment when doing the acts complained about herein.

**9)** Plaintiff is ignorant of the true names and capacities of the defendants sued herein as does 1 through 10, inclusive. Plaintiff therefore sue said defendants pursuant to Section 474 of the Code of Civil Procedure. Plaintiff will ask leave of Court to amend his Complaint to set forth the true names and capacities of said defendants, together with appropriate charging allegations, where necessary, when the same have been ascertained.

**10)** Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, each doe defendant named herein, was the agent and or employee of each of the remaining doe defendants, and in doing the things hereinafter alleged, was acting within the course and scope of such agency and or employment.

**11)** At all times referred to herein, except as otherwise alleged herein, Plaintiff was employed by American Baptist Homes of the West Corporation, aka American Baptist Homes of the West, at Grand Lake Gardens and he had a good reputation on his job and

in the community, including a good reputation for being a very good employee, doing his job in a reasonably good manner, for being a reasonable and responsible sober person who abided by the rules and regulations of his job. He looked forward to advancing on his job, and earning more money and conduct on the job, because of his good work, including his reputation for being a good employee and a responsible employee.

**12)** On November 9, 2005, plaintiff was invited to an on-site Senior Citizen's Birthday Party. He arrived at the party at about 8:00 p.m. and left at about 10:00 p.m. Early morning, directly after midnight and between midnight and 1:00 a.m. he began to feel nauseous and experienced severe pain and cramping in his stomach, along with diarrhea. Later that morning, he took two Tylenol and went to work still feeling nauseous with an upset stomach, pain and diarrhea.

He reported to work at 7:30 a.m., November 10, 2005. He spoke to Calvin May, Resident Services Driver, who works under Scott Sebastian, Director of Operations, Ms. Rita Johnson of Wellness Department, and Kathy A. Smith, Certified Nursing Assistant, Wellness Department and told them how much he enjoyed the party and his delight at seeing the seniors too, having fun.

Thereafter, he went down to the basement to change clothes in preparation of starting his work. He spoke to Brad Freeman, Maintenance #1 worker of Environmental Services and Alexander Harrison, Maintenance #2 worker and told them he did not feel well and that he had stomach pain. They suggested that he go to

the doctor. He advised them that he thought it was the food from the party that had his stomach so upset and was causing the pain and diarrhea. Brad Freeman said that he would cover for plaintiff on the job. He agreed to tell their supervisor Donald Mack, Assistant Director of Facilities about plaintiff's illness. Plaintiff then left the job, punching out between 8:00 a.m. and 8:30 a.m.

When plaintiff arrived at home he was still feeling very sick and got into bed to rest. He called Donald Mack, his supervisor between 12:30 p.m. and 1:00 p.m. to personally explain why he left the job. He related to him that it was the food from the party the night before that made him sick. Some time later he learned that others, too, had ill effects from the food at the party.

During plaintiff's conversation with his supervisor, Donald Mack, Mr. Mack told plaintiff that Scott Sebastian, Director of Operations, told him that plaintiff came to work drunk and that he must give plaintiff a verbal warning. Plaintiff told him that he was not drunk and that he went home because his stomach was severely hurting and he had diarrhea. Further, Donald Mack told plaintiff that Scott Sebastian told him that Calvin May Resident Services Driver, told him that plaintiff was drunk and smelling like alcohol. Supervisor Donald Mack told plaintiff that he would have to do an investigation upon his return from being out of town from Friday, November 11, 2005 to Tuesday, November 15, 2005.

Plaintiff returned to work on November 11, 2005, punching in at 7:00 a.m. and started to clean up the restroom, the office, lobby, windows and observed Scott Sebastian who was in early that morning. Plaintiff spoke to Mr. Sebastian and Mr. Sebastian kept walking straight past plaintiff and went into his office. He exited his office and began going into the restroom, the lobby and into all of the offices. Calvin May and Greg, the security officer were sitting at the desk. At that instance plaintiff received a telephone call from his supervisor, Donald Mack, who inquired how plaintiff was feeling. Plaintiff told Mr. Mack that he was alright. Mr. Mack asked if Scott Sebastian had said anything to him and plaintiff replied that he had not and thereafter, Mr. Mack advised plaintiff that he would see him on November 15, 2005. Very shortly thereafter, Scott Sebastian asked plaintiff if he had heard from his supervisor and plaintiff told him that he had just now hung up the telephone from talking to him. He questioned plaintiff as to whether he had talked to him before now and plaintiff told him that he had not. He requested that plaintiff come into his office as he wanted to talk to plaintiff. Plaintiff followed him into his office and he closed the door and told plaintiff to sit down and tell him what happened and why plaintiff did not come to work and why plaintiff left from work.

Plaintiff told Mr. Sebastian he came to work but left because of severe stomach pain and diarrhea that was brought on by the food he had eaten at the senior citizen party on November

9, 2005. Mr. Sebastian said to plaintiff, "You were drunk and you're drunk now. I smell alcohol on you now and throughout the building. One of your co-workers told me that you came to work drunk and you're still drunk and I want to help you." Plaintiff told Mr. Sebastian that he was not drunk and had not been drinking any alcohol. Mr. Sebastian continued telling plaintiff that plaintiff was sick and that he wanted to help plaintiff and asked plaintiff to fill out some forms and sign them and go and take a breath test for alcohol.

Mr. Sebastian persisted in telling plaintiff that plaintiff was sick and that he wanted to help plaintiff and that he wanted plaintiff to fill out and sign these forms and go and take a breath test for alcohol at Concentra Medical Center. He told plaintiff that he would make the appointment for plaintiff. Plaintiff told Mr. Sebastian that he would not sign the forms because he was not drunk and that he had not been drinking alcohol. Mr. Sebastian threatened to fire plaintiff or other disciplinary action if plaintiff refused his orders.

Plaintiff asked to speak to Sid Ward, Director of Facilities and Executive Director Reginald Lyles. Mr. Sebastian stated to plaintiff that he did not care who plaintiff spoke to. Plaintiff made no further protest and followed Mr. Sebastian out of his office. Plaintiff's co-workers were outside of Mr. Sebastian's office and were looking at plaintiff with their heads bowed down. Plaintiff was embarrassed and felt his character had been impugned and violated and his intelligence insulted.

Scott Sebastian tried to contact Concentra Medical Center but got no answer. Plaintiff implored that he would never come to work drunk and would never think that Mr. Sebastian would expect that of him. Mr. Sebastian stood quietly looking at plaintiff. Then, breaking the silence he said I have my watch dogs looking out for me when I am not here. He then picked up the telephone again in an attempt to reach Concentra Medical Center. He told them that he wanted a breath test for alcohol administered to plaintiff and they asked him for what reason. He replied that it was reasonable suspicion.

Plaintiff left the area and went back down to the basement to talk to Brad Freeman, Alexander Harrison, Rita Johnson, and Kathy A. Smith. All them saw how devastated plaintiff was and felt his anger and disgust at Scott Sebastian's accusation that he was drunk and smelled of alcohol and that was the reason he made an appointment for alcohol testing at Concentra medical Center for plaintiff.

Between 8:30 a.m. and 8:45 a.m., plaintiff left Grand Lake Gardens and went over to Piedmont Gardens to talk to Sid Ward, Director of Facilities. He was acquainted with his secretary, Facility Assistant, Lisa Sandeford, and she informed plaintiff that Mr. Ward was on vacation. Plaintiff gave her a friendly hug and asked her if she smelled any alcohol on him or his breath. She said she did not smell any alcohol. Plaintiff then told her that was the reason he was there to speak to Mr. Ward because Scott Sebastian accused him of being drunk and smelling of

alcohol. Plaintiff told her about the appointment made for him at Concentra medical Center. Plaintiff felt Mr. Ward needed to know about this matter as well as Reginald Lyles. The secretary said that Scott was always doing something wrong and proceeded to contact Reginald Lyles through his secretary so that plaintiff could consult him about this matter.

Plaintiff waited about ten minutes for Reginald Lyles, Executive Director of American Baptist Homes of the West Corporation, aka American Baptist Homes of the West, aka Grand Lake Gardens. Mr. Lyles came out of his office and greeted plaintiff with a handshake. Plaintiff explained that Scott Sebastian had made an appointment for plaintiff to go to Concentra Medical Center to have an alcohol breath test done because he said that plaintiff was drunk and that he smelled alcohol on plaintiff. I explained to Mr. Lyles all of the facts alleged herein. Mr. Lyles then told me to go and take the alcohol breath test. When Mr. Lyles told me to take the alcohol breath test I reasonably believed I had to take the test in order to maintain my job.

Mr. Lyles knew or should have known that I was not drunk and that I did not smell of alcohol, when he told me to take the alcohol breath test. Mr. Lyles did not reasonably investigate the accusation that I had come to work drunk before ordering me to take the alcohol breath test.

I am informed and believe and thereon allege that Scott Sebastian has asked some of my co-workers to say that I was drunk

and smelled like alcohol.

Scott Sebastian looks at me with a smile and tells me to mop out the restroom before I go home. Every time I take off from work to go to the doctor, he wants my supervisor to write me up. He seeks me out to tell me to clean up the walls, vacuum the dining room much better than the way I have been doing it, etc., I tell him all right.

**FIRST CAUSE OF ACTION**

**Defamation of Character by Calvin Mays**

**13)** Plaintiff hereby incorporates each allegation in paragraphs 1 through 12 into this First Cause of Action.

**14)** Plaintiff is informed and believes and thereon alleges that Calvin Mays published to a third person(s) that plaintiff came to work drunk and or that plaintiff was at work while drunk from alcohol.

**15)** Calvin Mays' statement about plaintiff was false when he published the statement.

**16)** Calvin Mays published the false statement about plaintiff maliciously. Mr. Mays knew or should have known the statement was false when he published the statement about plaintiff. He knew or should have known that he did not have sufficient information to know if the statement was true or false when published the statement about plaintiff. He published the statement about plaintiff with a reckless disregard to whether the statement was true or false.

**17)** Mr. Mays false statement about plaintiff proximately

caused plaintiff to seek medical advice and or counseling for mental and or emotional distress. Plaintiff has incurred medical expenses and or expenses for mental and or emotional counseling proximately caused by Mr. Mays defamatory statements about plaintiff.

**18)** Mr. Mays' false statement about plaintiff proximately caused damage to plaintiff's reputation in general and to plaintiff's reputation in doing his job, caused plaintiff to suffer injury, including emotional distress and or severe emotional distress, and to incur medical expenses; and is reasonably certain to cause plaintiff to suffer damage to his reputation in the future, suffer emotional distress and or severe emotional distress in the future and to lose income and job opportunity in the future and to incur medical expenses in the future.

**19)** Defendant's acts alleged herein were willful, wanton, malicious, and oppressive in that defendant(s) acted with a reckless disregard for the truth and or for plaintiff's rights. Defendant(s) published the false information about plaintiff for the purpose of harassing plaintiff and causing plaintiff emotional distress. Defendant's acts were despicable and justify the award of punitive damages.

**SECOND CAUSE OF ACTION**

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS BY CALVIN MAYS**

**20)** Plaintiff hereby incorporates each allegation in paragraphs 1 through 19 into this Second Cause of Action.

**21)** Calvin Mays in doing the acts complained about herein, acted intentionally for the purpose of causing plaintiff to suffer emotional distress.

**22)** Calvin Mays' conduct and or publishing false statements about plaintiff as alleged herein is outrageous.

**23)** Calvin Mays' outrageous conduct alleged herein proximately caused plaintiff to suffer severe emotional distress.

**THIRD CAUSE OF ACTION**

**DEFAMATION OF CHARACTER BY SCOTT SEBASTIAN, AMERICAN BAPTIST HOMES OF THE WEST CORPORATION, aka AMERICAN BAPTIST HOMES OF THE WEST, aka GRAND LAKE GARDENS**

**24)** Plaintiff hereby incorporates each allegation in paragraphs 1 through 12 & 21, into this Third Cause of Action.

**25)** Plaintiff is informed and believes and thereon alleges that Scott Sebastian published to a third person(s) that plaintiff came to work drunk and or that plaintiff was at work while drunk from alcohol.

**26)** Scott Sebastian's statement about plaintiff was false when he published the statement.

**27)** Scott Sebastian published the false statement about plaintiff maliciously. Mr. Sebastian knew or should have known the statement was false when he published the statement about plaintiff. He knew or should have known that he did not have sufficient information to know if the statement was true or false when he published the statement about plaintiff. He published the statement about plaintiff with a reckless disregard to

whether the statement was true or false.

**28)** Mr. Sebastian's false statement about plaintiff proximately caused plaintiff to seek medical advice and or counseling for mental and or emotional distress. Plaintiff has incurred medical expenses and or expenses for mental and or emotional counseling proximately caused by Mr. Sebastian's defamatory statements about plaintiff.

**29)** Mr. Sebastian's false statement about plaintiff proximately caused damage to plaintiff's reputation in general and to plaintiff's reputation in doing his job, caused plaintiff to suffer injury, including emotional distress and or severe emotional distress, and to incur medical expenses; and is reasonably certain to cause plaintiff to suffer damage to his reputation in the future, suffer emotional distress and or severe emotional distress in the future and to lose income and job opportunity in the future and to incur medical expenses in the future.

**30)** Defendant's acts were willful, wanton, malicious, and oppressive in that defendant(s) acted with a reckless disregard for the truth and or for plaintiff's rights. Defendant(s) published the false information about plaintiff for the purpose of harassing plaintiff and causing plaintiff emotional distress. Defendant's acts were despicable and justify the award of punitive damages.

**31)** Plaintiff is informed and believes and thereon alleges that American Baptist Homes of the West Corporation is liable to

plaintiff for the conduct of Scott Sebastian alleged herein because Scott Sebastian in doing said acts was acting as a managerial employee on behalf of American Baptist Homes of the West Corporation, aka American Baptist Homes of the West, aka Grand Lake Gardens.

**FOURTH CAUSE OF ACTION**

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS BY SCOTT SEBASTIAN AMERICAN BAPTIST HOMES OF THE WEST CORPORATION, aka AMERICAN BAPTIST HOMES OF THE WEST, aka GRAND LAKE GARDENS**

**32)** Plaintiff hereby incorporates each allegation in paragraphs 1 through 12 and 25 through 31 into this Fourth Cause of Action.

**33)** Scott Sebastian in doing the acts complained about herein, acted intentionally for the purpose of causing plaintiff to suffer emotional distress.

**34)** Scott Sebastian's conduct and or publishing false statements about plaintiff as alleged herein is outrageous.

**35)** Scott Sebastian's outrageous conduct alleged herein proximately caused plaintiff to suffer severe emotional distress.

**36)** Plaintiff is informed and believes and thereon alleges that American Baptist Homes of the West Corporation, aka American Baptist Homes of the West, aka Grand Lake Gardens is liable to plaintiff for the conduct of Scott Sebastian alleged herein because Scott Sebastian in doing said acts was acting as a managerial employee on behalf of American Baptist Homes of the West Corporation, aka American Baptist Homes of the West, aka

Grand Lake Gardens.

**FIFTH CAUSE OF ACTION**

**INVASION OF PRIVACY BY SCOTT SEBASTIAN, AMERICAN BAPTIST HOMES OF THE WEST CORPORATION, aka AMERICAN BAPTIST HOMES OF THE WEST, aka GRAND LAKE GARDENS**

**37)** Plaintiff hereby incorporates each allegation in paragraphs 1 through 12 and 25 through 31, & 33, into this Fifth Cause of Action.

**38)** Plaintiff, at all times herein mentioned had a legal and or equitable right to privacy.

**39)** Defendant, Scott Sebastian, at all times herein mentioned owed a duty to plaintiff to not unreasonably invade plaintiff's right to privacy.

**40)** Plaintiff is informed and believes and thereon alleges that Defendant, Scott Sebastian, in doing the acts complained about herein breached plaintiff's right to privacy because said defendant unreasonably disclosed private information about plaintiff to the public and or unreasonably caused plaintiff's body to be invaded and plaintiff's breath to be taken from plaintiff, against plaintiff's will, by threat of termination of his employment, and intimidation, all to plaintiff's damage.

**41)** Scott Sebastian's conduct alleged herein proximately caused plaintiff to suffer emotional distress, incur medical expenses, past and future.

**42)** Plaintiff is informed and believes and thereon alleges

that American Baptist Homes of the West Corporation, aka American Baptist Homes of the West, aka Grand Lake Gardens is liable to plaintiff for the conduct of Scott Sebastian alleged herein because Scott Sebastian in doing said acts was acting as a managerial employee on behalf of American Baptist Homes of the West Corporation, aka American Baptist Homes of the West, aka Grand Lake Gardens.

**SIXTH CAUSE OF ACTION**

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS BY REGINALD LYLES AMERICAN BAPTIST HOMES OF THE WEST CORPORATION, aka AMERICAN BAPTIST HOMES OF THE WEST, aka GRAND LAKE GARDENS**

**43)** Plaintiff hereby incorporates each allegation in paragraphs 1 through 12 and 25 through 31 into this Sixth Cause of Action.

**44)** Reginald Lyles on or about November 10 forced plaintiff to submit to a alcohol test, arbitrarily, without any reasonable cause to suspect plaintiff had been drinking alcohol and or that plaintiff was under the influence of alcohol, and against plaintiff's will.

**45)** Plaintiff is informed and believes and thereon alleges that Reginald Lyles in doing the acts complained about herein, acted intentionally for the purpose of causing plaintiff to suffer emotional distress.

**46)** Reginald Lyles' conduct alleged herein is outrageous.

**47)** Reginald Lyles' outrageous conduct alleged herein

proximately caused plaintiff to suffer severe emotional distress.

**48)** Plaintiff is informed and believes and thereon alleges that American Baptist Homes of the West Corporation, aka American Baptist Homes of the West, aka Grand Lake Gardens is liable to plaintiff for the conduct of Reginald Lyles, alleged herein because Reginald Lyles in doing said acts was acting as a managerial employee on behalf of American Baptist Homes of the West Corporation, aka American Baptist Homes of the West, aka Grand Lake Gardens.

**SEVENTH CAUSE OF ACTION**

**INVASION OF PRIVACY BY REGINALD LYLES AMERICAN BAPTIST HOMES OF THE WEST CORPORATION, aka AMERICAN BAPTIST HOMES OF THE WEST, aka GRAND LAKE GARDENS**

**49)** Plaintiff hereby incorporates each allegation in paragraphs 1 through 12 and 25 through 31, & 33 through 48, into this Seventh Cause of Action.

**50)** Plaintiff, at all times herein mentioned had a legal and equitable right to privacy.

**51)** Defendant, Reginald Lyles, at all times herein mentioned owed a duty to plaintiff to not unreasonably invade plaintiff's right to privacy.

**52)** Plaintiff is informed and believes and thereon alleges that Defendant, Reginald Lyles, in doing the acts complained about herein breached plaintiff's right to privacy because said defendant unreasonably disclosed private information about plaintiff to the public and or unreasonably forced

plaintiff to submit to an alcohol breath test, against plaintiff's will, by threat of termination of his employment, and intimidation, all to plaintiff's damage.

**53)** Reginald Lyles' conduct alleged herein proximately caused plaintiff to suffer emotional distress, incur medical expenses, past and future.

**54)** Plaintiff is informed and believes and thereon alleges that American Baptist Homes of the West Corporation, aka American Baptist Homes of the West, aka Grand Lake Gardens is liable to plaintiff for the conduct of Reginald Lyles alleged herein because Reginald Lyles in doing said acts was acting as a managerial employee on behalf of American Baptist Homes of the West Corporation, aka American Baptist Homes of the West, aka Grand Lake Gardens.

**Wherefore plaintiff prays for judgment as follows:**

1. General damages, past and future, according to proof;
2. Economic damages, past and future, according to proof;
3. Medical expenses, past and future;
4. For such further and other relief as the court deems just.

Dated: November 7, 2006

LAW OFFICES OF MICHAEL C. COHEN

By: [signature]
MICHAEL C. COHEN,
Attorney for Plaintiff



# ...ONS
## (CITACION JUDICIAL)

FOR CO... (SOLO PAR...

*5281882*

FILED
ALAMEDA COUNTY
NOV 0 7 2006
CLERK OF THE SUPERIOR COURT
By ________ Deputy

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
AMERICAN BAPTIST HOMES OF THE WEST CORPORTION, aka AMERICAN BAPTIST HOMES OF THE WEST, aka GRAND LAKE GARDENS, CALVIN MAYS, SCOTT SEBASTIAN, REGINALD LYLES, DOES 1 THROUGH 10,

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTA DEMANDANDO EL DEMANDANTE):***
WILLIAM J. CHAPPLE

**You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.**

**There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.**

***Tiene 30 DIAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.***

***Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.***

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Alameda County Superior Court
1225 Fallon Street
Oakland, CA 94612

CASE NUMBER: *(Número del Caso):* RG06297059

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Michael C. Cohen, 65487
1814 Franklin Street, Suite 900
510-832-6436
Law Offices of Michael C. Cohen
Oakland, CA 94612

DATE: *(Fecha)* NOV 0 7 2006 PAT S. SWEETEN Clerk, by *(Secretario)* ________, Deputy *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☐ on behalf of *(specify)*:
under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]
Martin Dean's Essential Forms TM

SUMMONS

Code of Civil Procedure §§ 412.20, 465

Chapple v. American Baptist

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): 65487
Michael C. Cohen
LAW OFFICES OF MICHAEL C. COHEN
1814 Franklin Street, Suite 900
Oakland, CA 94612
TELEPHONE NO.: 510-832-6436 FAX NO.: 510-832-6439
ATTORNEY FOR (Name): William J. Chapple

FOR COURT USE ONLY

*5281878*

FILED
ALAMEDA COUNTY
NOV 07 2006
CLERK OF THE SUPERIOR COURT
By [signature] Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME: Northern

CASE NAME: William J. Chapple v. American Baptist Homes of the Wes

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 1811) | RG06297059<br>JUDGE:<br>DEPT.: |

*Items 1-5 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [X] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 1800-1812)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not complex under rule 1800 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Type of remedies sought *(check all that apply)*:
   a. [X] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [X] punitive
4. Number of causes of action *(specify)*:
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 11/07/06
Michael C. Cohen ▶ [signature]
(TYPE OR PRINT NAME) (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 201.8.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 1800 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. January 1, 2006] Martin Dean's ESSENTIAL FORMS™ CIVIL CASE COVER SHEET Cal. Rules of Court, rules 201.8, 1800-1812; Standards of Judicial Administration, § 19 www.courtinfo.ca.gov
Chapple v. American Baptist



## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers**
If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 5 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. You do not need to submit a cover sheet with amended papers. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 201.8(c) and 227 of the California Rules of Court.

**To Parties in Complex Cases**
In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 1800 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)-Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice- Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease
    - Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach-Seller
    - Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case-Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ-Administrative Mandamus
  - Writ-Mandamus on Limited Court Case Matter
  - Writ-Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal-Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 1800-1812)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment *(non-domestic relations)*
  - Sister State Judgment
  - Administrative Agency Award *(not unpaid taxes)*
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief from Late Claim
  - Other Civil Petition

Chapple v. American Baptist

# EXHIBIT C

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and ... TELEPHONE NO.:
Michael C. Cohen, Esq. .5487 510-832-6436
LAW OFFICES OF MICHAEL C. COHEN
1814 Franklin Street, Suite 900
Oakland, CA 94612

ATTORNEY FOR (Name): Plaintiff, William J. Chapple

Insert name of court and name of judicial district and branch court, if any:
Alameda County Superior Court

PLAINTIFF/PETITIONER: WILLIAM J. CHAPPLE

DEFENDANT/RESPONDENT: AMERICAN HOMES OF THE WEST CORPORATION, et al.,

FC *5362091*

FILED
ALAMEDA COUNTY
JAN 0 2 2007
By [signature]

## REQUEST FOR DISMISSAL

☐ Personal Injury, Property Damage, or Wrongful Death
☐ Motor Vehicle ☐ Other
☐ Family Law
☐ Eminent Domain
☒ Other (specify): Defamation of Character

CASE NUMBER:
RG06297059

- A conformed copy will not be returned by the clerk unless a method of return is provided with the document. -

1. **TO THE CLERK:** Please dismiss this action as follows:
   a. (1) ☐ With prejudice (2) ☒ Without prejudice
   b. (1) ☐ Complaint (2) ☐ Petition
   (3) ☐ Cross-complaint filed by (name): on (date):
   (4) ☐ Cross-complaint filed by (name): on (date):
   (5) ☐ Entire action of all parties and all causes of action
   (6) ☒ Other: (specify):* Dismiss complaint against Reginald Lyles, only.

Date: 12/27/06

Michael C. Cohen
(TYPE OR PRINT NAME OF ☒ ATTORNEY ☐ PARTY WITHOUT ATTORNEY)

* If dismissal requested is of specified parties only, of specified causes of action only, or of specified cross-complaints only, so state and identify the parties, causes of action, or cross-complaints to be dismissed.

[signature]
(SIGNATURE)
Attorney or party without attorney for:
☒ Plaintiff/Petitioner ☐ Defendant/Respondent
☐ Cross-complainant

2. **TO THE CLERK:** Consent to the above dismissal is hereby given.**
Date:

(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY WITHOUT ATTORNEY)

** If a cross-complaint - or Response (Family Law) seeking affirmative relief - is on file, the attorney for the cross-complainant (respondent) must sign this consent if required by Code of Civil Procedure section 581(i) or (j).

(SIGNATURE)
Attorney or party without attorney for:
☐ Plaintiff/Petitioner ☐ Defendant/Respondent
☐ Cross-complainant

*(To be completed by clerk)*
3. ☐ Dismissal entered as requested on (date):
4. ☐ Dismissal entered on (date): as to only (name):
5. ☐ Dismissal not entered as requested for the following reasons (specify):

DISMISSAL ENTERED
JAN 0 2 2007
By [signature] Deputy

6. ☐ a. Attorney or party without attorney notified on (date):
   b. Attorney or party without attorney not notified. Filing party failed to provide
   ☐ a copy to conform ☐ means to return conformed copy

Date: Clerk, by ______________________, Deputy

Form Adopted by the Judicial Council of California
982(a)(5) [Rev. January 1, 1997]
Mandatory Form
Martin Dean's Essential Forms TM

REQUEST FOR DISMISSAL

Code of Civil Procedure, § 581 et seq.
Cal. Rules of Court, rules 383, 1233

Chapple v. American Baptist

**EXHIBIT D**

Law Office of Michael C. Cohen
Attn: Cohen, Michael C.
1814 Franklin St., Ste. 900
Oakland, CA 94612-0000

American Baptist Homes Of The West Corporation

## Superior Court of California, County of Alameda

Chapple

Plaintiff/Petitioner(s)

vs.

American Baptist Homes Of The West Corporation

Defendant/Respondent(s)

(Abbreviated Title)

No. RG06297059

**NOTICE OF CASE MANAGEMENT CONFERENCE AND ORDER**
Unlimited Jurisdiction

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD.
Notice is given that a Case Management Conference has been scheduled as follows:

| | | |
|---|---|---|
| Date: **03/28/2007**<br>Time: **09:00 AM** | Department: **109**<br>Location: **Wiley W. Manuel Courthouse**<br>**Fifth Floor**<br>**661 Washington Street, Oakland CA 94607**<br>Internet: **http://www.alameda.courts.ca.gov** | Judge: **Sandra Bean**<br>Clerk: **Shanika Hatfield**<br>Clerk telephone: **(510) 268-7645**<br>E-mail:<br>**Dept.109@alameda.courts.ca.gov**<br>Fax: **(510) 267-1515** |

**ORDERS**

1. You must:
   a. **Serve all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (CRC 3.110(b));**
   b. **Give notice** of this conference to any party not included in this notice and file proof of service;
   c. **Meet and confer**, in person or by telephone, to consider each of the issues identified in CRC 3.724 no later than **30** calendar days before the date set for the Case Management Conference;
   d. **File and serve** a completed Case Management Conference Statement (use of Judicial Council Form CM 110 is mandatory) at least **15** days before the Case Management Conference (CRC 3.725)
2. If you do not follow the orders above, you are hereby ordered to show cause why you should not be sanctioned under CRC 2.30. The hearing on the Order to Show Cause re: Sanctions will be at the same time as the Case Management Conference. Sanctions may include monetary sanctions and any other sanction permitted by law, including striking pleadings or dismissing the action.
3. You are further ordered to appear in person* (or through your attorney of record) at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed.
4. The Case Management judge will issue orders at the conclusion of the conference that should include:
   a. Referring to ADR and setting an ADR completion date
   b. Dismissing or severing claims or parties
   c. Setting a trial date.
5. The Case Management judge may be the trial judge in this case.

*Telephonic appearances at Case Management Conferences may be available by contacting CONFERENCE CALL SERVICES, an independent vendor, at least 3 business days prior to the scheduled conference. Parties may make arrangements by calling 1 (888) 527-7327, or faxing a service request to 1(800) 833-5133. This service is subject to charges by the vendor.

**CLERK'S CERTIFICATE OF MAILING**

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice of Hearing by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 02/05/2007.

By ______________________
Deputy Clerk

# EXHIBIT E

FEB-16-2007(FRI) 09:56 r )egal

*5524766*

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): Michael C. Cohen, 65487<br>L/O OF MICHAEL C. COHEN<br>1814 Franklin Street Suite 900<br>Oakland, CA 94612<br>TELEPHONE NO.: (510) 832-6436<br>ATTORNEY FOR (Name): Plaintiff | FOR COURT USE ONLY<br>FILED<br>ALAMEDA COUNTY<br>FEB 16 2007<br>CLERK OF THE SUPERIOR COURT<br>BY ______ DEPUTY |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF<br>Superior Court of Alameda County<br>1225 Fallon St. #209<br>Oakland, CA 94612-4293<br>BY FAX | |
| PLAINTIFF/PETITIONER: William J. Chapple<br>DEFENDANT/RESPONDENT: American Baptist Homes of The West Corporation, ak | CASE NUMBER:<br>RG06297059 |
| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.:<br>none |

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.

2. I served copies of: Summons, Complaint for Defamation of Character, Intentional Infliction of Emotional Distress, Invasion of Privacy

3. a. Party served: American Baptist Homes of the West

   b. Person Served: Margaret Wilson - Person authorized to accept service of process

4. Address where the party was served: 818 WEST SEVENTH STREET
   LOS ANGELES, CA 90017

5. I served the party
   a. by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on (date): February 13, 2007 (2) at (time): 2:20 pm

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   c. on behalf of:

   American Baptist Homes of the West

   under: CCP 416.10 (corporation)

7. Person who served papers
   a. Name: Jimmy Lizama
   b. Address: One Legal, Inc. - 132-Marin
   504 Redwood Blvd #223
   Novato, CA 94947
   c. Telephone number: 415-491-0606
   d. The fee for service was: $ 14.95
   e. I am:
   (3) registered California process server.
   (i) Employee or independent contractor.
   (ii) Registration No.:4553
   (iii) County LOS ANGELES

8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Date: February 14, 2007

Jimmy Lizama
(NAME OF PERSON WHO SERVED PAPERS) (SIGNATURE)

Form Adopted for Mandatory Use
Judicial Council of California POS-010
(Rev. Jan 1, 2007)

PROOF OF SERVICE OF SUMMONS

Code of Civil Procedure, § 417.10

FF# 6635602

10558861.tif - 2/16/2007 10:31:12 AM

# EXHIBIT F

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Michael C. Cohen; 65487
Law Offices of Michael C. Cohen
1814 Franklin Street, Suite 900
Oakland, CA 94612
TELEPHONE NO.: 510-832-6436 FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME:

FILED
ALAMEDA COUNTY
MAR 0 5 2007
CLERK OF THE SUPERIOR COURT
By [signature] Deputy

PLAINTIFF/PETITIONER: William Chapple
DEFENDANT/RESPONDENT: Grand Lake Gardens

CASE NUMBER: RG06297059

Ref. No. or File No.:

**PROOF OF SERVICE OF SUMMONS**

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [✓] summons
   b. [✓] complaint
   c. [ ] Alternative Dispute Resolution (ADR) package
   d. [ ] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [ ] other *(specify documents)*:
3. a. Party served *(specify name of party as shown on documents served)*:
   Grand Lake Gardens

   b. [✓] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
   Patricia Joan - Ed Assistant - Agent For Service
4. Address where the party was served:
   401 Santa Clara Avenue Oakland, CA 94610
5. I served the party *(check proper box)*
   a. [✓] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: 2/14/07 (2) at *(time)*: 2:55PM
   b. [ ] **by substituted service.** On *(date)*: at *(time)*: I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:

   (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

   (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

   (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

   (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*: from *(city)*: or [ ] a declaration of mailing is attached.

   (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]
PROOF OF SERVICE OF SUMMONS
Code of Civil Procedure, § 417.10
American LegalNet, Inc.
www.FormsWorkflow.com

| PLAINTIFF/PETITIONER: William Chapple | CASE NUMBER: |
| --- | --- |
| DEFENDANT/RESPONDENT: Grand Lake Gardens | RG06297059 |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

   (1) on *(date)*: (2) from *(city)*:

   (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)

   (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

   d. ☐ **by other means** *(specify means of service and authorizing code section)*:

   ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a. ☐ as an individual defendant.
   b. ☑ as the person sued under the fictitious name of *(specify)*: Grand Lake Gardens
   c. ☐ as occupant.
   d. ☐ On behalf of *(specify)*:
   under the following Code of Civil Procedure section:

   ☐ 416.10 (corporation) ☐ 415.95 (business organization, form unknown)
   ☐ 416.20 (defunct corporation) ☐ 416.60 (minor)
   ☐ 416.30 (joint stock company/association) ☐ 416.70 (ward or conservatee)
   ☐ 416.40 (association or partnership) ☐ 416.90 (authorized person)
   ☑ 416.50 (public entity) ☐ 415.46 (occupant)
   ☐ other:

7. **Person who served papers**
   a. Name: Damien Key
   b. Address: 338 20th Street Richmond, CA. 94801
   c. Telephone number: 510-593-4420
   d. **The fee for service was:** $ 50.00
   e. I am:
      (1) ☐ not a registered California process server.
      (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
      (3) ☑ a registered California process server:
         (i) ☑ owner ☐ employee ☐ independent contractor.
         (ii) Registration No.: 880
         (iii) County: Alameda

8. ☑ **I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.**

   or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: 2/28/07

Damien Key
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

[signature]
(SIGNATURE)

# EXHIBIT G

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): Michael C. Cohen; 65487 Law Offices of Michael C. Cohen 1814 Franklin Street, Suite 900 Oakland, CA 94612 TELEPHONE NO.: 510-832-6436 FAX NO. (Optional): E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | FOR COURT USE ONLY *5525100* FILED ALAMEDA COUNTY MAR - 6 2007 CLERK OF THE SUPERIOR COURT BY [signature] DEPUTY |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda STREET ADDRESS: 1225 Fallon Street MAILING ADDRESS: CITY AND ZIP CODE: Oakland, CA. 94612 BRANCH NAME: | |
| PLAINTIFF/PETITIONER: William Chapple DEFENDANT/RESPONDENT: Calvin May | CASE NUMBER: RG06297059 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [✓] summons
   b. [✓] complaint
   c. [ ] Alternative Dispute Resolution (ADR) package
   d. [ ] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [ ] other *(specify documents)*:
3. a. Party served *(specify name of party as shown on documents served)*:
   Calvin May

   b. [✓] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
   Patricia Joan - Ed Assist.
4. Address where the party was served:
5. I served the party *(check proper box)*
   a. [ ] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: (2) at *(time)*:
   b. [✓] **by substituted service.** On *(date)*: 2/16/07 at *(time)*: 2:55PM I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:

      (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*: from *(city)*: or [ ] a declaration of mailing is attached.

      (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

Form Adopted for Mandatory Use Judicial Council of California POS-010 [Rev. January 1, 2007]

PROOF OF SERVICE OF SUMMONS

Code of Civil Procedure, § 417.10

American LegalNet, Inc. www.FormsWorkflow.com

| PLAINTIFF/PETITIONER: William Chapple | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Calvin May | RG06297059 |

5. c. [ ] **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

   (1) on *(date):* (2) from *(city):*

   (3) [ ] with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)

   (4) [ ] to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

   d. [ ] **by other means** *(specify means of service and authorizing code section):*

   [ ] Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a. [✓] as an individual defendant.
   b. [ ] as the person sued under the fictitious name of *(specify):*
   c. [ ] as occupant.
   d. [ ] On behalf of *(specify):*
   under the following Code of Civil Procedure section:

   [ ] 416.10 (corporation)
   [ ] 416.20 (defunct corporation)
   [ ] 416.30 (joint stock company/association)
   [ ] 416.40 (association or partnership)
   [✓] 416.50 (public entity)
   [ ] 415.95 (business organization, form unknown)
   [ ] 416.60 (minor)
   [ ] 416.70 (ward or conservatee)
   [ ] 416.90 (authorized person)
   [ ] 415.46 (occupant)
   [ ] other:

7. **Person who served papers**
   a. Name: Damien Key
   b. Address: 338 20th Street Richmond, CA. 94801
   c. Telephone number: 510-593-4420
   d. The fee for service was: $ 25.00
   e. I am:
   (1) [ ] not a registered California process server.
   (2) [ ] exempt from registration under Business and Professions Code section 22350(b).
   (3) [✓] a registered California process server:
   (i) [✓] owner [ ] employee [ ] independent contractor.
   (ii) Registration No.: 880
   (iii) County: Alameda

8. [✓] I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   or

9. [ ] I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: 2/16/07

Damien Key
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

(SIGNATURE)

MC-030

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): Michael C. Cohen<br>Law Offices of Michael C. Cohen<br>1814 Franklin St.<br>Oakland, CA. 94612<br>TELEPHONE NO.: 510-832-6436 FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FOR COURT USE ONLY |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda<br>STREET ADDRESS: 1225 Fallon Street<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Oakland, CA. 94612<br>BRANCH NAME: | |
| PLAINTIFF/PETITIONER: William Chapple<br>DEFENDANT/RESPONDENT: Calvin May | |
| DECLARATION | CASE NUMBER: RG06302481 |

I certify that the forgoing documents were successfully subserved to Patricia Joan Ed Assistant at Grand Lake Gardens, place of Employment of the defendant Calvin May, after several unsuccessful attempts were made to serve the defendant. I also certify that a true and correct copy of the forgoing were place in a postage paid envelope and mailed to the forgoing address.

2/13/07 - 11:12AM Not Available
2/14/07 - 2:20PM Not Available
2/15/07 - 4:33PM Not Available
2/16/07 - 2:55PM - Subserved - Patricia Joan - Ed Assistant

Key Legal Services
Damien Key
338 20th St
Richmond, CA. 94801
510-593-4420

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 2/16/07

Damien Key
(TYPE OR PRINT NAME)

(SIGNATURE OF DECLARANT)

☐ Attorney for ☐ Plaintiff ☐ Petitioner ☐ Defendant
☐ Respondent ☑ Other (Specify): Process Server

POS-010

*5525096*

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Michael C. Cohen; 65487
Law Offices of Michael C. Cohen
1814 Franklin Street, Suite 900
Oakland, CA 94612
TELEPHONE NO.: 510-832-6436 FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

FILED
ALAMEDA COUNTY
MAR - 6 2007
CLERK OF THE SUPERIOR COURT
BY [signature] DEPUTY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA. 94612
BRANCH NAME:

PLAINTIFF/PETITIONER: William Chapple
DEFENDANT/RESPONDENT: Scott Sebastian

CASE NUMBER: RG06297059

**PROOF OF SERVICE OF SUMMONS**

Ref. No. or File No.:

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [✓] summons
   b. [✓] complaint
   c. [ ] Alternative Dispute Resolution (ADR) package
   d. [ ] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [ ] other *(specify documents):*
3. a. Party served *(specify name of party as shown on documents served):*
   Scott Sebastian

   b. [✓] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   Patricia Joan - Ed Assist.
4. Address where the party was served:
5. I served the party *(check proper box)*
   a. [ ] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* (2) at *(time):*
   b. [✓] **by substituted service.** On *(date):* 2/16/07 at *(time):* 2:55PM I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):* from *(city):* or [ ] a declaration of mailing is attached.

      (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

American LegalNet, Inc.
www.FormsWorkflow.com

| PLAINTIFF/PETITIONER: William Chapple | CASE NUMBER: RG06297059 |
|---|---|
| DEFENDANT/RESPONDENT: Scott Sebastian | |

5\. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

(1) on *(date)*: (2) from *(city)*:

(3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.) (Code Civ. Proc., § 415.30.)

(4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section)*:

☐ Additional page describing service is attached.

6\. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☑ as an individual defendant.
b. ☐ as the person sued under the fictitious name of *(specify)*:
c. ☐ as occupant.
d. ☐ On behalf of *(specify)*:
under the following Code of Civil Procedure section:

☐ 416.10 (corporation)
☐ 416.20 (defunct corporation)
☐ 416.30 (joint stock company/association)
☐ 416.40 (association or partnership)
☑ 416.50 (public entity)
☐ 415.95 (business organization, form unknown)
☐ 416.60 (minor)
☐ 416.70 (ward or conservatee)
☐ 416.90 (authorized person)
☐ 415.46 (occupant)
☐ other:

7\. **Person who served papers**

a. Name: Damien Key
b. Address: 338 20th Street Richmond, CA. 94801
c. Telephone number: 510-593-4420
d. The fee for service was: $ 25.00
e. I am:

(1) ☐ not a registered California process server.
(2) ☐ exempt from registration under Business and Professions Code section 22350(b).
(3) ☑ a registered California process server:
(i) ☑ owner ☐ employee ☐ independent contractor.
(ii) Registration No.: 880
(iii) County: Alameda

8\. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

or

9\. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: 2/16/07

Damien Key
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

(SIGNATURE)

MC-030

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): Michael C. Cohen, Law Offices of Michael C. Cohen, 1814 Franklin St., Oakland, CA. 94612. TELEPHONE NO.: 510-832-6436 FAX NO. (Optional): E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | FOR COURT USE ONLY |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda. STREET ADDRESS: 1225 Fallon Street. MAILING ADDRESS: CITY AND ZIP CODE: Oakland, CA. 94612. BRANCH NAME: | |
| PLAINTIFF/PETITIONER: William Chapple. DEFENDANT/RESPONDENT: Scott Sebastian | |
| DECLARATION | CASE NUMBER: RG06294059 |

I certify that the forgoing documents were successfully subserved to Patricia Joan Ed Assistant at Grand Lake Gardens, place of Employment of the defendant Scott Sebastian, after several unsuccessful attempts were made to serve the defendant. I also certify that a true and correct copy of the forgoing were place in a postage paid envelope and mailed to the forgoing address.

2/13/07 - 11:12AM Not Available
2/14/07 - 2:20PM Not Available
2/15/07 - 4:33PM Not Available
2/16/07 - 2:55PM - Subserved - Patricia Joan - Ed Assistant

Key Legal Services
Damien Key
338 20th St
Richmond, CA. 94801
510-593-4420

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 2/16/07

Damien Key
(TYPE OR PRINT NAME)

(SIGNATURE OF DECLARANT)

☐ Attorney for ☐ Plaintiff ☐ Petitioner ☐ Defendant
☐ Respondent ☑ Other (Specify): Process Server

American LegalNet, Inc.
www.USCourtForms.com