**EXHIBIT GG**

## Superior Court of California, County of Alameda
## Wiley W. Manuel Courthouse

| | |
|---|---|
| **Chapple** | No. RG06297059 |
| Plaintiff/Petitioner(s) | |
| VS. | **Minutes** |
| **American Baptist Homes Of The West Corporation** | |
| Defendant/Respondent(s) | |
| **(Abbreviated Title)** | |

Department   114                          Honorable   Winifred Y. Smith          , Judge
Reporter       Danielle Dyer CSR # 12232


Cause called for Motion: July 18, 2007.

William J. Chapple appeared by counsel Cohen, Michael C..
American Baptist Homes Of The West Corporation appeared by counsel Brewer, Michael E..
Calvin Mays appeared by counsel Brewer, Michael E..

Scott Sebastian appeared by counsel Michael Brewer.

Reginald Lyles not appearing.

Ruling on Demurrer to the First Amended Complaint Taken Under Submission



Minutes of    07/18/2007
Entered on    07/18/2007

             Executive Officer / Clerk of the Superior Court

By      _yvonne Baggell_
       _____
                                    Deputy Clerk

M3837095

**EXHIBIT HH**

Law Office of Michael C. Cohen
Attn: Cohen, Michael C.
1814 Franklin St., Ste. 900
Oakland, CA   94612-0000

## Superior Court of California, County of Alameda

| | |
|---|---|
| Chapple | No. RG07326753 |
| **Plaintiff/Petitioner(s)** | |
| VS. | **NOTICE OF CASE MANAGEMENT CONFERENCE AND ORDER (AMENDED)** |
| American Baptist Homes of the West | Unlimited Jurisdiction |
| | Initial Case Management Conference on 10/02/2007 has been vacated and rescheduled. |
| **Defendant/Respondent(s)** | |
| (Abbreviated Title) | |

### TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD.

Notice is given that a Case Management Conference has been scheduled as follows:

| Date: 10/02/2007 | Department: 512 | Judge: **Barbara J. Miller** |
|---|---|---|
| Time: 08:30 AM | Location: **Hayward Hall of Justice** | Clerk: **Jean Linzmeier** |
| | **2nd Floor** | Clerk telephone: **(510) 690-2721** |
| | **24405 Amador Street, Hayward CA 94544** | E-mail: **Dept.512@alameda.courts.ca.gov** |
| | Internet: **http://www.alameda.courts.ca.gov** | Fax: **(510) 267-1529** |

### ORDERS

1. You must:
   a. **Serve** all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (CRC 3.110(b));
   b. **Give notice** of this conference to any party not included in this notice and file proof of service;
   c. **Meet and confer**, in person or by telephone, to consider each of the issues identified in CRC 3.724 no later than **30** calendar days before the date set for the Case Management Conference;
   d. **File and serve** a completed Case Management Conference Statement (use of Judicial Council Form CM 110 is <u>mandatory</u>) at least **15** days before the Case Management Conference (CRC 3.725)

2. If you do not follow the orders above, you are hereby ordered to show cause why you should not be sanctioned under CRC 2.30. The hearing on the Order to Show Cause re: Sanctions will be at the same time as the Case Management Conference. Sanctions may include monetary sanctions and any other sanction permitted by law, including striking pleadings or dismissing the action.

3. You are further ordered to appear in person* (or through your attorney of record) at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed.

4. The Direct Calendar Judge will issue orders at the conclusion of the conference that should include:
   a. Referring to ADR and setting an ADR completion date
   b. Dismissing or severing claims or parties
   c. Setting a trial date.

*Telephonic appearances at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties may make arrangements by calling 1-888-882-6878, or faxing a service request to 1-888-882-2946. This service is subject to charges by the vendor.

### CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice of Hearing by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 07/23/2007.

By _____

Deputy Clerk

# EXHIBIT II



1914503



'ORIGINAL

**ENDORSED**
**FILED**
ALAMEDA COUNTY

JUL 2 6 2007

CLERK OF THE SUPERIOR COURT
By A. Yvonne Bazzell, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| WILLIAM L. CHAPPLE,<br><br>            Plaintiff,<br><br>vs.<br><br>AMERICAN BAPTIST HOMES OF THE<br>WEST CORPORATION, et al.<br><br>            Defendants. | No. RG06 297059<br><br>Order on Demurrer to First<br>Amended Complaint For Damages |

The Demurrer of Defendants American Baptist Homes of the West Corporation, Grand Lake Gardens, Calvin May and Scott Sebastian ("Defendants") to First Amended Complaint came on regularly for hearing on July 18, 2007 in Department 114 of the above-entitled court, the Honorable Winifred Y. Smith presiding. Defendants appeared by Michael E. Brewer. Plaintiff William J. Chapple ("Plaintiff") appeared by counsel Michael C. Cohen. Former Defendant Reginald Lyles also joined in the Demurrer, but the Court notes that Mr. Lyles was dismissed from the above-entitled matter on January 2, 2007.

1



The Court has considered all the papers filed on behalf of the parties, as well as the arguments presented at the hearing, and, good cause appearing, HEREBY ORDERS that the Demurrer is SUSTAINED IN PART AND OVERRULED IN PART, as follows.

1. Demurrers to First Cause of Action, for Defamation of Character by Defendant Calvin May, and Third Cause of Action, for Defamation of Character by Defendant Scott Sebastian, are OVERRULED. The alleged statement that Plaintiff was drunk on the job is not merely opinion, but assertion of fact. Although the statement falls within the "common interest" privilege (see *Deaile v. General Telephone Co. of Cal.* (1974) 40 Cal.App.3d 841, 846 ), Plaintiff has sufficiently plead malice on the part of Defendants May and Sebastian. Plaintiff has also sufficiently plead injury to his reputation at work.

Further, the Worker's Compensation Act does not preclude a civil action for defamation because such a claim is not considered to be based on a personal injury, but rather on an injury to reputation, and so is not subject to Labor Code section 3600 et seq. See *Operating Engineers Local 3 v. Johnson* (2003) 110 Cal.App.4th 180, 186-187. The fact that Plaintiff here has included claims for personal injuries within the defamation cause of action is not a basis for sustaining a demurrer. A demand for improper relief does not vitiate an otherwise valid cause of action.

2

2. Demurrers to Second Cause of Action, for Intentional Infliction of Emotional Distress by Defendant May; Fourth Cause of Action, for Intentional Infliction of Emotional Distress by Defendant Sebastian; and Sixth Cause of Action, for Intentional Infliction of Emotional Distress by Reginald Lyles, are SUSTAINED WITH LEAVE TO AMEND, for Plaintiff to allege, if possible facts showing conduct that is (1) so extreme and outrageous as to go beyond all possible bounds of decency, and to be regarded as intolerable in a civilized community (see *Alcorn v. Anbro Engineering, Inc.* (1970) 2 Cal.3d 493, 499, n.4 ) and (2) consists of acts that constitute a "risk not reasonably encompassed within the compensation bargain" or were caused by a motive that violates a fundamental public policy of this state. See *Operating Engineers, supra*, 110 Cal.App.4[th] at 186 and 188, and cases cited therein. The Court notes that it may consider only facts alleged in the complaint, and not those that are contained solely in the opposition brief.

3. Demurrer to the Fifth Cause of Action, for Invasion of Privacy by Defendant Sebastian and Defendant American Baptist Home of the West Corporation is SUSTAINED WITHOUT LEAVE TO AMEND. Being required by one's employer to take a breathalyzer test does not involve conduct of such a personal or private nature as to constitute an invasion of a privacy right protected by the State Constitution. Cf. *Luck v. Southern Pacific Transportation Co.* (1990) 218 Cal. App. 3d 1, 15 (describing personal and private nature of urinalysis). The

3



Court is not granting leave to amend because Plaintiff's counsel asserted at oral argument that the breathalyzer test was the sole basis for the invasion of privacy claim, and that Plaintiff had no further facts to add to this claim, nor any legal arguments whatsoever to support the claim.

Further, to the extent Defendants' telling other employees and managers that Plaintiff was suspected of being drunk on the job and being required to take a breathalyzer test might constitute an invasion of Plaintiff's privacy, Plaintiff waived any reasonable expectation of privacy in such information by himself informing co-employees that he had been asked to take the test. See First Amended Complaint at page 8, line 16 through page 9, line 11.

4. Demurrer to Seventh Cause of Action, for Invasion of Privacy by Defendant American Baptist Home of the West, is SUSTAINED WITHOUT LEAVE TO AMEND, for the same reasons set forth above for the ruling on the Fifth Cause of Action, of which the Seventh Cause of Action is a duplicate .

5. Demurrers to the Eighth Cause of Action, against Defendant May, and Ninth Cause of Action, against Defendant Sebastian, both for Harassment Based On Race in Violation of Government Code §12940, are SUSTAINED WITH LEAVE TO AMEND for Plaintiff to allege, if possible, that Plaintiff was subject to abusive treatment that was based on Plaintiff's race and that was severe and pervasive.

4

6. Demurrer to the Tenth Cause of Action, against Defendant American Baptist Homes of the West for Discrimination/Harassment in Violation of Government Code §12940, is SUSTAINED WITH LEAVE TO AMEND, for Plaintiff to allege, if possible, facts showing either that he suffered an adverse employment action caused by his being a member of a protected class, or that a practice or policy of Defendant American Baptist Homes of the West had a disproportionate adverse effect on members of said protected class (see *Guz v. Bechtel National, Inc.* (2000), 24 Cal. 4th 317, 354).

The Court notes that Exhibit C to the Complaint appears to consist of papers concerning two administrative charges, one filed as to Grand Lake Gardens, and one filed as to American Baptist Homes of the West Corporation, confirming, at least for purposes of this demurrer, that Plaintiff exhausted his administrative remedies.

7. The Court hereby admonishes all parties that memoranda of points and authorities are limited to 15 pages of text, unless prior leave of court is obtained. See Cal. Rules of Court 3.1113 (d) and (e). In the future, the Court may decline to consider any excessive pages filed by any party hereto.

8.  Defendants are to serve and file Notice of Entry of this Order.  Plaintiff

has ten days from notice of entry to amend as set forth above; Defendant has ten

days thereafter to respond.


JUL **26** 2007
_____
Date


Winifred Y. Smith
Judge of the Superior Court


6



## CLERK'S CERTIFICATE OF MAILING

**RE: CHAPPELL vs. AMERICAN BAPTIST HOMES      RG06297059**

I certify that the following is true and correct: I am the clerk of the Alameda County Superior Court and not a party to this cause. I served a copy of the **ORDER ON DEMURRER TO FIRST AMENDED COMPLAINT FOR DAMAGES** by placing copies in envelopes to the addressees shown below and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.


Michael C. Cohen, Esq                    Michael E, Brewer, Esq.
Law Office of Michael C. Cohen            2175 North California Blvd Ste 8325
1814 Franklin St. Suite 900               Walnut Creek, CA  94596-3565
Oakland, CA  94612


July 26, 2007                    _____
                                 Yvonne Bazzell, Deputy Clerk


Certificate of Mailing-Domain.DOC
(06/20/03)

# EXHIBIT JJ

08-06-2007  12:55   From-LI. . A. M...ELSON                          9250460800            T-664   P.002   F-479

1   MICHAEL E. BREWER, Bar No. 177912
    ALLISON R. BALC, Bar No. 214962
2   LITTLER MENDELSON
    A Professional Corporation
3   2155 Treat Blvd., Suite 600
    Walnut Creek, CA 94597
4   Telephone:   925.932.2468
    Fax:         925.946.9809
5
    Attorneys for Defendants
6   AMERICAN BAPTIST HOMES OF THE WEST,
    GRAND LAKE GARDENS, CALVIN MAY AND
7   SCOTT SEBASTIAN

8

**ENDORSED
FILED
ALAMEDA COUNTY**

AUG – 6 2007

CLERK OF THE SUPERIOR COURT
By _____ F. Wilson
                              Deputy

9                   SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                              COUNTY OF ALAMEDA

11   WILLIAM J. CHAPPLE,                    Case No. RG06297059

12              Plaintiff,                  **NOTICE OF ENTRY OF ORDER ON
                                            DEMURRER TO FIRST AMENDED
13        v.                                COMPLAINT FOR DAMAGES**

14   AMERICAN BAPTIST HOMES OF THE
     WEST CORPORATION, aka,
15   AMERICAN BAPTIST HOMES OF THE
     WEST, aka, GRAND LAKE GARDENS,
16   CALVIN MAY, SCOTT SEBASTIAN,           **BY FAX**
     DOES 1 through 10,
17
                Defendants.
18

19        PLEASE TAKE NOTICE THAT the Order on Demurrer to First Amended Complaint for

20   Damages was entered on July 26, 2007. A copy of the Order is attached hereto as Exhibit "A."

21   Dated: August 6, 2007

22

23                                          _____
                                            MICHAEL E. BREWER
24                                          ALLISON R. BALC
                                            LITTLER MENDELSON
25                                          A Professional Corporation
                                            Attorneys for Defendants
26                                          AMERICAN BAPTIST HOMES OF THE
                                            WEST, GRAND LAKE GARDENS, CALVIN
27                                          MAY AND SCOTT SEBASTIAN

28   Firmwide:82890306.1 012425.1022

10667728.tif - 8/6/2007 12:53:35 PM

1

## PROOF OF SERVICE

2      I am a resident of the State of California, over the age of eighteen years, and not a party to the

3  within action. My business address is 2175 North California Blvd., Suite 835, Walnut Creek, California

4  94596.3565. On August 6, 2007, I served the within document(s):

5  **NOTICE OF ENTRY OF ORDER ON DEMURRER TO FIRST AMENDED COMPLAINT
   FOR DAMAGES**

6

7      ☐   by facsimile transmission at or about _____ on that date. This document was
           transmitted by using a facsimile machine that complies with California Rules of Court Rule

8          2003(3), telephone number 925.946.9809. The transmission was reported as complete and
           without error. A copy of the transmission report, properly issued by the transmitting machine, is

9          attached. The names and facsimile numbers of the person(s) served are as set forth below.

10     ☒   by placing a true copy of the document(s) listed above for collection and mailing following the
           firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for

11         deposit in the United States mail at Walnut Creek, California addressed as set forth below.

12     ☐   by depositing a true copy of the same enclosed in a sealed envelope, with delivery fees provided
           for, in an overnight delivery service pick up box or office designated for overnight delivery, and

13         addressed as set forth below.

14     ☐   by personally delivering a copy of the document(s) listed above to the person(s) at the address(es)
           set forth below.

15

16     Michael C. Cohen
       Law Office of Michael C. Cohen

17     1814 Franklin Street, Suite 900
       Oakland, CA  94612

18

19     Facsimile:  (510) 832-6439
       Telephone:  (510) 832-6436

20         I am readily familiar with the firm's practice of collection and processing correspondence for

21  mailing and for shipping via overnight delivery service.  Under that practice it would be deposited with the

22  U.S. Postal Service or if an overnight delivery service shipment, deposited in an overnight delivery service

23  pick-up box or office on the same day with postage or fees thereon fully prepaid in the ordinary course of

24  business.   I declare under penalty of perjury under the laws of the State of California that the above is true

25  and correct. Executed on August 6, 2007, at Walnut Creek, California.

26                                         _Gina Camacho_
                                              Gina Camacho

27

28  Firmwide:82585810.1 012425.1022

# EXHIBIT A





**ENDORSED**
**FILED**
ALAMEDA COUNTY

JUL 2 6 2007

CLERK OF THE SUPERIOR COURT
By A. Yvonne Bazzell, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| WILLIAM L. CHAPPLE, | No. RG06 297059 |
| Plaintiff, | Order on Demurrer to First Amended Complaint For Damages |
| vs. | |
| AMERICAN BAPTIST HOMES OF THE WEST CORPORATION, et al. | |
| Defendants. | |

The Demurrer of Defendants American Baptist Homes of the West Corporation, Grand Lake Gardens, Calvin May and Scott Sebastian ("Defendants") to First Amended Complaint came on regularly for hearing on July 18, 2007 in Department 114 of the above-entitled court, the Honorable Winifred Y. Smith presiding.  Defendants appeared by Michael E. Brewer.  Plaintiff William J. Chapple ("Plaintiff") appeared by counsel Michael C. Cohen.  Former Defendant Reginald Lyles also joined in the Demurrer, but the Court notes that Mr. Lyles was dismissed from the above-entitled matter on January 2, 2007.

1

The Court has considered all the papers filed on behalf of the parties, as well as the arguments presented at the hearing, and, good cause appearing, HEREBY ORDERS that the Demurrer is SUSTAINED IN PART AND OVERRULED IN PART, as follows.

1. Demurrers to First Cause of Action, for Defamation of Character by Defendant Calvin May, and Third Cause of Action, for Defamation of Character by Defendant Scott Sebastian, are OVERRULED. The alleged statement that Plaintiff was drunk on the job is not merely opinion, but assertion of fact. Although the statement falls within the "common interest" privilege (see *Deaile v. General Telephone Co. of Cal.* (1974) 40 Cal.App.3d 841, 846 ), Plaintiff has sufficiently plead malice on the part of Defendants May and Sebastian. Plaintiff has also sufficiently plead injury to his reputation at work.

Further, the Worker's Compensation Act does not preclude a civil action for defamation because such a claim is not considered to be based on a personal injury, but rather on an injury to reputation, and so is not subject to Labor Code section 3600 et seq. See *Operating Engineers Local 3 v. Johnson* (2003) 110 Cal.App.4th 180, 186-187. The fact that Plaintiff here has included claims for personal injuries within the defamation cause of action is not a basis for sustaining a demurrer. A demand for improper relief does not vitiate an otherwise valid cause of action.

2

2. Demurrers to Second Cause of Action, for Intentional Infliction of Emotional Distress by Defendant May; Fourth Cause of Action, for Intentional Infliction of Emotional Distress by Defendant Sebastian; and Sixth Cause of Action, for Intentional Infliction of Emotional Distress by Reginald Lyles, are SUSTAINED WITH LEAVE TO AMEND, for Plaintiff to allege, if possible facts showing conduct that is (1) so extreme and outrageous as to go beyond all possible bounds of decency, and to be regarded as intolerable in a civilized community (see *Alcorn v. Anbro Engineering, Inc.* (1970) 2 Cal.3d 493, 499, n.4 ) and (2) consists of acts that constitute a "risk not reasonably encompassed within the compensation bargain" or were caused by a motive that violates a fundamental public policy of this state.  See *Operating Engineers, supra,* 110 Cal.App.4[th] at 186 and 188, and cases cited therein.  The Court notes that it may consider only facts alleged in the complaint, and not those that are contained solely in the opposition brief.

3. Demurrer to the Fifth Cause of Action, for Invasion of Privacy by Defendant Sebastian and Defendant American Baptist Home of the West Corporation is SUSTAINED WITHOUT LEAVE TO AMEND.  Being required by one's employer to take a breathalyzer test does not involve conduct of such a personal or private nature as to constitute  an invasion of a privacy right protected by the State Constitution.  Cf. *Luck v. Southern Pacific Transportation Co.* (1990) 218 Cal. App. 3d 1, 15 (describing personal and private nature of urinalysis).  The

3

Court is not granting leave to amend because Plaintiff's counsel asserted at oral

argument that the breathalyzer test was the sole basis for the invasion of privacy

claim, and that Plaintiff had no further facts to add to this claim, nor any legal

arguments whatsoever to support the claim.

Further, to the extent Defendants' telling other employees and managers

that Plaintiff was suspected of being drunk on the job and being required to take a

breathalyzer test might constitute an invasion of Plaintiff's privacy, Plaintiff

waived any reasonable expectation of privacy in such information by himself

informing co-employees that he had been asked to take the test. See First Amended

Complaint at page 8, line 16 through page 9, line 11.

4. Demurrer to Seventh Cause of Action, for Invasion of Privacy by

Defendant American Baptist Home of the West, is SUSTAINED WITHOUT

LEAVE TO AMEND, for the same reasons set forth above for the ruling on the

Fifth Cause of Action, of which the Seventh Cause of Action is a duplicate .

5. Demurrers to the Eighth Cause of Action, against Defendant May, and

Ninth Cause of Action, against Defendant Sebastian, both for Harassment Based

On Race in Violation of Government Code §12940, are SUSTAINED WITH

LEAVE TO AMEND for Plaintiff to allege, if possible, that Plaintiff was subject

to abusive treatment that was based on Plaintiff's race and that was severe and

pervasive.

4

6. Demurrer to the Tenth Cause of Action, against Defendant American Baptist Homes of the West for Discrimination/Harassment in Violation of Government Code §12940, is SUSTAINED WITH LEAVE TO AMEND, for Plaintiff to allege, if possible, facts showing either that he suffered an adverse employment action caused by his being a member of a protected class, or that a practice or policy of Defendant American Baptist Homes of the West had a disproportionate adverse effect on members of said protected class (see *Guz v. Bechtel National, Inc.* (2000), 24 Cal. 4th 317, 354).

The Court notes that Exhibit C to the Complaint appears to consist of papers concerning two administrative charges, one filed as to Grand Lake Gardens, and one filed as to American Baptist Homes of the West Corporation, confirming, at least for purposes of this demurrer, that Plaintiff exhausted his administrative remedies.

7. The Court hereby admonishes all parties that memoranda of points and authorities are limited to 15 pages of text, unless prior leave of court is obtained. See Cal. Rules of Court 3.1113 (d) and (e). In the future, the Court may decline to consider any excessive pages filed by any party hereto.



8.    Defendants are to serve and file Notice of Entry of this Order.  Plaintiff

has ten days from notice of entry to amend as set forth above; Defendant has ten

days thereafter to respond.


JUL 26 2007
—————————
Date


Winifred Y. Smith
Judge of the Superior Court

6



## CLERK'S CERTIFICATE OF MAILING

**RE: CHAPPELL vs. AMERICAN BAPTIST HOMES      RG06297059**

I certify that the following is true and correct: I am the clerk of the Alameda County Superior Court and not a party to this cause. I served a copy of the **ORDER ON DEMURRER TO FIRST AMENDED COMPLAINT FOR DAMAGES** by placing copies in envelopes to the addressees shown below and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.


Michael C. Cohen, Esq
Law Office of Michael C. Cohen
1814 Franklin St. Suite 900
Oakland, CA  94612

Michael E, Brewer, Esq.
2175 North California Blvd Ste 8325
Walnut Creek, CA  94596-3565


July 26, 2007

Yvonne Bazzell, Deputy Clerk


Certificate of Mailing-Domain.DOC
(06/20/03)

**EXHIBIT KK**






1 | Michael C. Cohen, Esq., Bar No. 65487
**LAW OFFICES OF MICHAEL C. COHEN**
2 | 1814 Franklin Street, Suite 900
Oakland, CA 94612
3 | (510) 832-6436
Attorney for Plaintiff,
4 | William J. Chapple





5

6

7

8              IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                   IN AND FOR THE COUNTY OF ALAMEDA

10

11

12

13 | WILLIAM J. CHAPPLE              No. RG06297059

14 |            Plaintiff,          SECOND AMENDED COMPLAINT FOR
                                    DEFAMATION OF CHARACTER,
15 | vs.                            INTENTIONAL INFLICTION OF
                                    EMOTIONAL DISTRESS, EMPLOYMENT
16 | AMERICAN BAPTIST HOMES OF THE  DISCRIMINATION/HARASSMENT
    WEST CORPORATION, aka,          BASED ON RACE
17 | AMERICAN BAPTIST HOMES OF THE
    WEST, aka GRAND LAKE GARDENS,   DEMAND FOR JURY TRIAL
18 | CALVIN MAY, SCOTT SEBASTIAN,
    DOES 1 THROUGH 10,              ASSIGNED FOR ALL PURPOSES TO
19 |                                JUDGE, Winifred Y. Smith,
                Defendants.         Department 114
20 | _____/

21

22              **GENERAL ALLEGATIONS**

23      1)   Plaintiff, William J. Chapple, at all times mentioned

24 | herein, was an adult black, African American, male, more than

25 | fifty (50) years of age.

26      2)   Each of the acts and failure to act which is the basis

27

28 | Second Amended Complaint          -1-

1   of this lawsuit occurred in the county of Alameda, state of

2   California.

3       3)    The plaintiff is informed and believes and thereon

4   alleges that at all times herein mentioned, the defendant,

5   American Baptist Homes of the West Corporation, aka American

6   Baptist Homes of the West, aka Grand Lake Gardens, was a

7   corporation, organized and existing in the state of California.

8       4)    The Plaintiff is informed and believes and thereon

9   alleges that American Baptist Homes of the West Corporation, aka

10  American Baptist Homes of the West, at all times mentioned

11  herein, owned, managed, operated Grand Lake Gardens, a senior

12  residential home facility located in Oakland, California, county

13  of Alameda.

14      5)    The plaintiff is informed and believes and thereon

15  alleges that Grand Lake Gardens is a division and or department

16  of American Baptist Homes of the West Corporation, aka American

17  Baptist Homes of the West.

18      6)    The Plaintiff is informed and believes and thereon

19  alleges that at all times herein mentioned, Calvin May was an

20  employee of American Baptist Homes of the West Corporation, aka

21  American Baptist Homes, working at Grand Lake Gardens as a

22  resident transportation operator.  Defendant May was not acting

23  in the course and scope of such employment when doing the acts

24  complained about herein.

25      7)    The plaintiff is informed and believes and thereon

26  alleges that at all times herein mentioned, Scott Sebastian was a

27

28  Second Amended Complaint          -2-

1  managerial employee of American Baptist Homes of the West

2  Corporation, aka American Baptist Homes, working at Grand Lake

3  Gardens and acting in the course and scope of such employment,

4  when doing the acts complained about herein.

5       **8)**   The plaintiff is informed and believes and thereon

6  alleges that at all times herein mentioned, Reginald Lyles was a

7  managerial employee of American Baptist Homes of the West

8  Corporation, aka American Baptist Homes, working at Grand Lake

9  Gardens and acting in the course and scope of such employment

10  when doing the acts complained about herein.

11       **9)**   The plaintiff is ignorant of the true names and

12  capacities of the defendants sued herein as does 1 through 10,

13  inclusive.  The plaintiff therefore sues said defendants pursuant

14  to Section 474 of the Code of Civil Procedure.  The plaintiff

15  will ask leave of Court to amend his Complaint to set forth the

16  true names and capacities of said defendants, together with

17  appropriate charging allegations, where necessary, when the same

18  have been ascertained.

19       **10)**  The plaintiff is informed and believes, and thereon

20  alleges, that at all times herein mentioned, each doe defendant

21  named herein, was the agent and/or employee of each of the

22  remaining doe defendants, and in doing the things hereinafter

23  alleged, was acting within the course and scope of such agency

24  and/or employment.

25       **11)**  At all times referred to herein, except as otherwise

26  alleged herein, Plaintiff was employed by American Baptist Homes

27

28  Second Amended Complaint       -3-

1  of the West Corporation, aka American Baptist Homes of the West,

2  and Grand Lake Gardens, working at Grand Lake Gardens.  He

3  performed his job satisfactorily.  He never did anything to cause

4  his employer or a reasonable person to believe that he came to

5  work drunk and or under the influence of alcohol or that he had

6  been drinking alcohol before he came to work or while he was at

7  work.  He enjoyed a good reputation on his job and in the

8  community, including a good reputation for being a very good

9  employee, for doing his job in a reasonably good manner, for

10  being a sober responsible, reliable employee and person who

11  abided by the rules and regulations of his job.  He looked

12  forward to advancing on his job by way of future promotions on

13  the job, and earning more money on the job because of his good

14  work, including his reputation for being a good employee, a

15  responsible employee and a sober and reliable employee.

16      12)  On November 9, 2005, the plaintiff was invited to an

17  on-site Senior Citizen's Birthday Party.  He arrived at the party

18  at about 8:00 p.m. and left at about 10:00 p.m.  Early the next

19  morning, between midnight and 1:00 a.m. the plaintiff began to

20  feel nauseous and severe pain and cramping in his stomach, along

21  with diarrhea.  Later that morning, he took two Tylenol tablets

22  and went to work, still feeling nauseous with an upset stomach,

23  stomach pain and diarrhea.

24      The plaintiff reported to work at 7:30 a.m., November 10,

25  2005.  When he arrived at work, he spoke to Calvin May, Resident

26  Services Driver, who works under Scott Sebastian, Director of

27

28  Second Amended Complaint          -4-



1   Operations, Ms. Rita Johnson of the Wellness Department, and
2   Kathy A. Smith, Certified Nursing Assistant, with the Wellness
3   Department and told them how much he enjoyed the party the
4   previous night and his delight at seeing the seniors having fun.
5        Thereafter, he went down to the basement to change clothes
6   in preparation of starting his work.  He spoke to Brad Freeman,
7   Maintenance #1 worker of Environmental Services and Alexander
8   Harrison, Maintenance #2 worker and told them he did not feel
9   well and that he had stomach pain.  They suggested that he go to
10  the doctor.  He advised them that he thought it was the food from
11  the party that had his stomach so upset and was causing the pain
12  and diarrhea.  Brad Freeman said that he would cover for
13  plaintiff on the job.  He agreed to tell their supervisor Donald
14  Mack, Assistant Director of Facilities about plaintiff's illness.
15  Plaintiff then left the job, punching out between 8:00 a.m. and
16  8:30 a.m. and went home.
17       When the plaintiff arrived at home he was still feeling very
18  sick so he got in bed to rest.  He called Donald Mack, his
19  immediate supervisor between 12:30 p.m. and 1:00 p.m. to
20  personally explain why he left the job.  He related to Mr. Mack
21  that the food from the party the night before made him sick.
22  Some time later the plaintiff learned that some of the other
23  people who were at the party also experienced similar symptoms of
24  illness from the food at the party.
25       During the plaintiff's conversation with his supervisor,
26  Donald Mack, Mr. Mack told the plaintiff that Scott Sebastian,
27
28  Second Amended Complaint              -5-

1  Director of Operations, told him that the plaintiff came to work

2  drunk and that he must give the plaintiff a verbal warning.

3  Further, Donald Mack told the plaintiff that Scott Sebastian told

4  him that Calvin May, Resident Services Driver, told him that the

5  plaintiff was drunk and smelling like alcohol.  The plaintiff

6  told Mr. Mack that he was not drunk and that he went home because

7  his stomach was severely painful and he had diarrhea.  Supervisor

8  Mack told plaintiff that he would have to do an investigation

9  upon his return from being out of town from Friday, November 11,

10  2005 to Tuesday, November 15, 2005.

11      The plaintiff returned to work on November 11, 2005,

12  punching in at 7:00 a.m. and started cleaning up the restroom,

13  the office, lobby, and windows.  He observed Scott Sebastian, who

14  was in early that morning.  He spoke to Mr. Sebastian and Mr.

15  Sebastian did not speak.  Mr. Sebastian kept walking straight

16  past plaintiff and went into his office.  He came back out of his

17  office and began going into the restroom, the lobby and all of

18  the offices.  Calvin May and Greg, the security officer were

19  sitting at the desk.  At that instance plaintiff received a

20  telephone call from his supervisor, Mr. Mack.  Mr. Mack inquired

21  how plaintiff was feeling.  The plaintiff told Mr. Mack that he

22  was all right.  Mr. Mack asked if Scott Sebastian had said

23  anything to plaintiff and plaintiff replied that he had not.

24  Thereafter, Mr. Mack advised plaintiff that he wanted to see him

25  on November 15, 2005.  Very shortly thereafter, Scott Sebastian

26  asked plaintiff if he had heard from his supervisor and plaintiff

27

28  Second Amended Complaint          -6-

1  told him that he had just now hung up the telephone from talking

2  to him.  He questioned plaintiff as to whether or not plaintiff

3  had spoken to Mr. Mack before now, and plaintiff told him that he

4  had not.  Mr. Sebastian requested plaintiff come into his office

5  as he wanted to talk to plaintiff.  Plaintiff followed him into

6  his office and Mr. Sabastian closed the door and told plaintiff

7  to sit down and tell him what happened; why plaintiff did not

8  come to work and why plaintiff left work early, the day before.

9        The plaintiff told Mr. Sebastian he came to work but left

10  because of severe stomach pain and·diarrhea that was brought on

11  by the food he had eaten at the senior citizen party on November

12  9, 2005.  Mr. Sebastian said to plaintiff, "You were drunk and

13  you're drunk now.  I smell alcohol on you now and throughout the

14  building.  One of your co-workers told me that you came to work

15  drunk; and you're still drunk and I want to help you."  Mr.

16  Sebastian spoke loud enough so that other people could hear him.

17  Plaintiff told Mr. Sebastian that he was not drunk and had not

18  been drinking any alcohol.  Mr. Sebastian continued telling

19  plaintiff that plaintiff was sick and that he wanted to help

20  plaintiff.  He asked plaintiff to fill out some forms and to sign

21  them and then go and take a breath test for alcohol.  Mr.

22  Sebastian persisted in telling plaintiff that plaintiff was sick

23  and that he wanted to help plaintiff and that he wanted plaintiff

24  to fill out and sign these forms and go and take a breath test

25  for alcohol at Concentra Medical Center.  He told plaintiff that

26  he would make the appointment for plaintiff.  Plaintiff told Mr.

27

28  Second Amended Complaint          -7-

 

1    Sebastian that he would not sign the forms because he was not

2    drunk and that he had not been drinking alcohol.  Mr. Sebastian

3    threatened to fire plaintiff or take other disciplinary action if

4    plaintiff refused his orders.  Plaintiff asked to speak to Sid

5    Ward, Director of Facilities and Executive Director Reginald

6    Lyles.  Mr. Sebastian stated to plaintiff that he did not care

7    who plaintiff spoke to.  Plaintiff made no further protest and

8    followed Mr. Sebastian out of his office.  Plaintiff is informed

9    and believes and thereon alleges that third persons heard and

10   understood Scott Sebastian state that plaintiff was drunk and

11   that plaintiff was sick and needed help.  Plaintiff's co-workers

12   were outside of Mr. Sebastian's office and were looking at

13   plaintiff with their heads bowed down.  Plaintiff was embarrassed

14   and felt his character had been impugned and violated and his

15   intelligence insulted.

16       Scott Sebastian tried to contact Concentra Medical Center

17   but got no answer.  Plaintiff implored him to stop accusing him

18   of being drunk because he would never come to work drunk and

19   would never think that Mr. Sebastian would expect that of him.

20   Mr. Sebastian stood quietly looking at plaintiff.  Then, breaking

21   the silence he said I have my watch dogs looking out for me when

22   I am not here.  He then picked up the telephone again in an

23   attempt to reach Concentra Medical Center.  He told them that he

24   wanted a breath test for alcohol administered to plaintiff and

25   they asked him for what reason.  He replied that it was

26   reasonable suspicion.

27

28   Second Amended Complaint            -8-



1    Plaintiff left the area and went back down to the basement
2    to talk to Brad Freeman, Alexander Harrison, Rita Johnson, and
3    Kathy A. Smith.  All them saw how devastated plaintiff was and
4    felt his anger and disgust at Scott Sebastian's accusation that
5    he was drunk and smelled of alcohol and that was the reason he
6    made an appointment for alcohol testing at Concentra medical
7    Center for plaintiff.
8        Between 8:30 a.m. and 8:45 a.m., plaintiff left Grand Lake
9    Gardens and went over to Piedmont Gardens to talk to Sid Ward,
10   Director of Facilities.  He was acquainted with his secretary,
11   Facility Assistant, Lisa Sandeford, and she informed plaintiff
12   that Mr. Ward was on vacation.  Plaintiff gave her a friendly hug
13   and asked her if she smelled any alcohol on him or his breath.
14   She said she did not smell any alcohol.  Plaintiff then told her
15   that was the reason he was there to speak to Mr. Ward because
16   Scott Sebastian accused him of being drunk and smelling of
17   alcohol.  Plaintiff told her about the appointment made for him
18   at Concentra medical Center.  Plaintiff felt Mr. Ward needed to
19   know about this matter as well as Reginald Lyles.  The secretary
20   said that Scott was always doing something wrong and proceeded to
21   contact Reginald Lyles through his secretary so that plaintiff
22   could consult him about this matter.
23       Plaintiff waited about ten minutes for Reginald Lyles,
24   Executive Director of American Baptist Homes of the West
25   Corporation, aka American Baptist Homes of the West, aka Grand
26   Lake Gardens.  Mr. Lyles came out of his office and greeted
27
28   Second Amended Complaint            -9-



1 | plaintiff with a handshake.  Plaintiff explained that Scott
2 | Sebastian had made an appointment for plaintiff to go to
3 | Concentra Medical Center to have an alcohol breath test done
4 | because he said that plaintiff was drunk and that he smelled
5 | alcohol on plaintiff.  The plaintiff explained to Mr. Lyles all
6 | of the facts alleged herein.  Mr. Lyles then told plaintiff to go
7 | and take the alcohol breath test.  When Mr. Lyles told plaintiff
8 | to take the alcohol breath test plaintiff reasonably believed he
9 | had to take the test in order to maintain his job.

10 |    13)  The plaintiff took the breathalyser alcohol test,
11 | against his will because he reasonably believed his employer was
12 | coercing him and threatening to terminate his employment if he
13 | did not take the breathalyser test.  The breathalyser test
14 | results confirmed that plaintiff had not been drinking alcohol.

15 |    14)  Scott Sebastian is not plaintiff's immediate
16 | supervisor.  He falsely accused plaintiff of being drunk on the
17 | job, with malice, because of plaintiff's race.  He routinely
18 | seeks plaintiff out to tell plaintiff to clean up the walls,
19 | vacuum the dining room much better than the way plaintiff has
20 | been doing it, etc.; plaintiff tells him all right.  Mr.
21 | Sebastian routinely looks at plaintiff with a smirk and tells
22 | plaintiff to mop out the restroom before plaintiff goes home.
23 | Mr. Sebastian directed plaintiff's supervisor to "write plaintiff
24 | up" every time plaintiff takes off from work to go to the doctor.
25 | Mr. Sebastian directed plaintiff's supervisor to require
26 | plaintiff to bring a doctors note verifying that plaintiff went

27 |

28 | Second Amended Complaint              -10-



1  to the doctor, whenever plaintiff requests time off work for

2  illness and or medical appointments.

3      **15)**  The plaintiff is informed and believes and thereon

4  alleges that Scott Sebastian has asked some of the plaintiff's

5  co-workers to say that the plaintiff was drunk and smelled like

6  alcohol on the job on the day that defendant Sebastian required

7  plaintiff to take a breathalyser alcohol test, when he knew

8  plaintiff had not been drinking alcohol and that plaintiff did

9  not smell of alcohol.

10      **16)**  ABHOW's policy and practice is to not require its non

11  African American employee(s) to bring a doctors note when they

12  are absence from work for medical reasons until after the

13  employee is off work for more than three consecutive days.

14  However ABHOW required plaintiff to bring a doctors note whenever

15  he requested time off work for medical reasons.

16      **17)**  Mr. Lyles knew or should have known that plaintiff was

17  not drunk and that plaintiff did not smell of alcohol, when he

18  told plaintiff to take the alcohol breath test.  Mr. Lyles did

19  not reasonably investigate the accusation that plaintiff had come

20  to work drunk before ordering plaintiff to take the alcohol

21  breath test.

22      **18)**  Defendant May falsely accused plaintiff of being drunk

23  on the job.  Defendant May acted with malice toward plaintiff.

24  He knew his statement about plaintiff was false when made.  He

25  knew he did not have sufficient information to know if plaintiff

26  was "drunk on the job" when he made the statement about

27

28  Second Amended Complaint            -11-

1 | plaintiff.  He did not have any reasonable basis to believe that
2 | plaintiff was drunk at the time he made the statement about
3 | plaintiff.  He made the false statement about plaintiff
4 | arbitrarily, for the purpose of causing damage to plaintiff's
5 | reputation and or to cause plaintiff to suffer emotional distress
6 | and or severe emotional distress.

7 |     **19)**   Defendant May's false statement about plaintiff
8 | proximately caused damage to plaintiff's reputation, including
9 | his reputation on the job for being a good employee, for being a
10 | sober employee and a reliable employee.

11 |     **20)**   Defendant May's false statement about plaintiff
12 | proximately caused plaintiff to suffer emotional distress, and or
13 | severe emotional distress, lose income and to incur medical
14 | expenses.

15 |     **21)**   Defendant Scott Sebastian falsely accused plaintiff of
16 | being drunk on the job, and of being sick and in need of help.
17 | Defendant Sebastian acted with malice toward plaintiff because he
18 | knew his statements about plaintiff were false when made.  He
19 | knew he did not have sufficient information to know if plaintiff
20 | was "drunk on the job" or if "plaintiff was sick and in need of
21 | help", when he made the statement about plaintiff.  He did not
22 | have any reasonable basis to believe that plaintiff was "drunk on
23 | the job" at the time he made the statement about plaintiff.  He
24 | did not have any reasonable basis to believe that plaintiff was
25 | "sick and in need of help", at the time he made the statement
26 | about plaintiff.  He made the false statements about plaintiff
27 |
28 | Second Amended Complaint          -12-

 

1   arbitrarily, because of plaintiff's race, and or for the purpose
2   of causing damage to plaintiff's reputation and or to cause
3   plaintiff to suffer emotional distress and or severe emotional
4   distress.

5       **22)** Defendant Sebastian's false statements about plaintiff
6   proximately caused damage to plaintiff's reputation, including
7   damage to plaintiffs reputation on his job for being a good
8   employee, for being a sober employee and being a reliable
9   employee on his job.

10      **23)** Defendant Sebastian's false statements about plaintiff
11  proximately caused plaintiff to suffer emotional distress, and or
12  severe emotional distress, to lose income and to incur medical
13  expenses.

14      **24)** Mr. Sebastian and Mr. Lyles, and each of them, in doing
15  the acts complained about herein and or failing to act as alleged
16  herein, treated plaintiff differently than it treated its non
17  African American employees.

18      **25)** ABHOW's policy and past practice and policy at the time
19  of the alleged incident was to request its non African American
20  employees to submit to alcohol testing only if there was a
21  reasonable suspicion that the employee was under the influence of
22  alcohol.  The employer did not randomly test its non African
23  American employees for alcohol consumption.  However, the
24  plaintiff's employer singled plaintiff out for random alcohol
25  testing because of plaintiff's race, African American.

26      **26)** ABHOW is liable for the conduct of Sebastian and or

27

28  Second Amended Complaint        -13-



1 Lyles because each of them were managerial employees of ABHOW,

2 acting in the course and scope of such employment or agency when

3 doing the acts and failing to act as alleged in the amended

4 complaint.

5     **27)** ABHOW failed to investigate plaintiff's complaint about

6 Sebastian's unlawful conduct and failed to take all reasonable

7 action to stop Sebastian from discriminating and or harassing

8 him.

9     **28)** Plaintiff hereby demands a jury trial.

10              **FIRST CAUSE OF ACTION**
       **DEFAMATION OF CHARACTER BY CALVIN MAY**

11

12     **29)** Plaintiff hereby incorporates each allegation in

paragraphs 1 through 28 into this First Cause of Action.
13

14     **30)** Plaintiff is informed and believes and thereon alleges

15 that Calvin May published to a third person(s) that plaintiff

16 came to work drunk and or that plaintiff was at work while drunk

17 from alcohol.

18     **31)** Calvin May's statement published about plaintiff was

19 unprivileged and false when defendant May published the statement

about plaintiff.
20

21     **32)** Calvin May published the false statement about

plaintiff maliciously. Defendant May knew or should have known
22

23 his statement was false when he published the statement about

24 plaintiff. He knew or should have known that he did not have

25 sufficient information to know if the statement was true or false

26 when published the statement about plaintiff. He published the

27 statement about plaintiff with a reckless disregard to whether

28 Second Amended Complaint        -14-



1 │ the statement was true or false.

2 │     **33)** Plaintiff is informed and believes and thereon alleges

3 │ that defendant May published the false statement about plaintiff

4 │ because of his ill will and toward plaintiff.

5 │     **34)** Mr. May's false statement about plaintiff proximately

6 │ caused damage to plaintiff's reputation in general and to

7 │ plaintiff's reputation in doing his job, caused plaintiff to

8 │ suffer injury, including emotional distress and or severe

9 │ emotional distress, and to incur medical expenses; and is

10 │ reasonably certain to cause plaintiff to suffer damage to his

11 │ reputation in the future, suffer emotional distress and or severe

12 │ emotional distress in the future and to lose income and job

13 │ opportunity in the future and to incur medical expenses in the

14 │ future.

15 │     **35)** Mr. May's false statement about plaintiff proximately

16 │ caused plaintiff to seek medical advice and or counseling for

17 │ mental and or emotional distress, and to incur medical expenses

18 │ and or expenses for mental and or emotional counseling.

19 │     **36)** Defendant May's acts alleged herein were willful,

20 │ wanton, malicious, and oppressive in that defendant(s) acted with

21 │ a reckless disregard for the truth and or for plaintiff's rights.

22 │ Motivated by ill will toward plaintiff. Defendant's acts were

23 │ despicable and justify the award of punitive damages.

24 │                 **SECOND CAUSE OF ACTION**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS BY CALVIN MAY**

25 │

26 │     **37)** Plaintiff hereby incorporates each allegation in

27 │ paragraphs 1 through 35 into this Second Cause of Action.

28 │ Second Amended Complaint         -15-



1     **38)**  Calvin May in doing the acts complained about herein,

2 acted intentionally for the purpose of causing plaintiff to

3 suffer emotional distress and or severe emotional distress.

4     **39)**  Calvin May's conduct and or publishing false statements

5 about plaintiff as alleged herein is outrageous.

6     **40)**  Calvin May's outrageous conduct alleged herein

7 proximately caused plaintiff to suffer severe emotional distress

8 and to incur medical expenses.

9                 **THIRD CAUSE OF ACTION**
     **NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS BY CALVIN MAY**

10

11     **41)**  Plaintiff hereby incorporates each allegation in

paragraphs 1 through 35 into this Third Cause of Action.

12

13     **42)**  Defendant, May was negligent in doing the acts alleged

herein.

14

15     **43)**  Defendant, May's negligent conduct proximately caused

plaintiff to suffer serious emotional distress, to incur medical

16

expenses and to lose income.

17                **FOURTH CAUSE OF ACTION**

18       **DEFAMATION OF CHARACTER BY SCOTT SEBASTIAN,**
  **AMERICAN BAPTIST HOMES OF THE WEST, AKA AMERICAN BAPTIST**

19    **HOMES OF THE WEST CORPORATION, AKA GRAND LAKE GARDENS**

20     **44)**  Plaintiff hereby incorporates each allegation in

21 paragraphs 1 through 35, into this Fourth Cause of Action.

22     **45)**  Plaintiff is informed and believes and thereon alleges

23 that Scott Sebastian published to a third person(s) that

24 plaintiff came to work drunk and or that plaintiff was at work

25 while drunk from alcohol, and that plaintiff was sick and needed

26 help.

27

28 Second Amended Complaint .         -16-



**46)**  Plaintiff is informed and believes and thereon alleges that Scott Sebastian's false statements about plaintiff were heard and understood by third persons when published by Scott Sebastian.

**47)**  Defendant Sebastian's statement about plaintiff was false and unprivileged when he published the statement.

**48)**  Defendant Sebastian published the false statement about plaintiff maliciously because of ill will and or hatred toward plaintiff.  Defendant Sebastian knew or should have known the statement was false when he published the statements about plaintiff.  He knew or should have known that he did not have sufficient information to know if the statement was true or false when he published the statement about plaintiff.  He published the statement about plaintiff with a reckless disregard to whether the statement was true or false.

**49)**  Defendant Sebastian when he published the false information about plaintiff did so for the purpose of harassing plaintiff and causing plaintiff to suffer emotional distress and damage to his reputation.

**50)**  Plaintiff is informed and believes and thereon alleges that defendant Sebastian's conduct alleged herein was motivated by racial bias and discrimination against plaintiff because plaintiff is an African American man.

**51)** Defendant, Sebastian has harassed continuously harassed plaintiff on the job because of plaintiff's race, by doing the acts alleged herein.

Second Amended Complaint                    -17-




1    **52)** Defendant, Sebastian's conduct, including his false

2    statements about plaintiff caused a hostile work environment for

3    plaintiff.

4    **53)** Defendant Sebastian's false unprivileged statement

5    about plaintiff proximately caused damage to plaintiff's

6    reputation on the job, proximately caused plaintiff to suffer

7    emotional distress, and severe emotional distress, caused

8    plaintiff to seek medical advice and or counseling for mental and

9    caused plaintiff to incur medical/hospital expenses and or

10   expenses for mental and or emotional counseling.  It is

11   reasonably certain that plaintiff will suffer damage to his

12   reputation in the future, suffer emotional distress and or severe

13   emotional distress in the future and to lose income and job

14   opportunity in the future and to incur medical expenses in the

15   future proximately caused by defendant Sebastian's conduct

16   alleged herein.

17   **54)** Defendant's acts were willful, wanton, malicious, and

18   oppressive in that defendant(s) acted with a reckless disregard

19   for the truth and or for plaintiff's rights.  Defendant(s)

20   published the false information about plaintiff for the purpose

21   of harassing plaintiff and causing plaintiff emotional distress.

22   Defendant's acts were despicable and justify the award of

23   punitive damages.

24   **55)** Plaintiff is informed and believes and thereon alleges

25   that American Baptist Homes of the West Corporation is liable to

26   plaintiff for the conduct of Scott Sebastian alleged herein

27

28   Second Amended Complaint          -18-



1  because Scott Sebastian in doing said acts was acting as a

2  managerial employee on behalf of American Baptist Homes of the

3  West Corporation, aka American Baptist Homes of the West, aka

4  Grand Lake Gardens.

5      **56)**  American Baptist Homes of the West, and or Grand Lake

6  Gardens knew or should have known that Scott Sebastian was

7  harassing plaintiff because of plaintiff's race, but it failed to

8  take all reasonable action to stop him from harassing plaintiff.

9  Said defendant ratified defendant, Sebastian's harassing conduct.

10                    **FIFTH CAUSE OF ACTION**
      **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS BY SCOTT SEBASTIAN**
11    **AMERICAN BAPTIST HOMES OF THE WEST CORPORATION, aka AMERICAN**
          **BAPTIST HOMES OF THE WEST, aka GRAND LAKE GARDENS**
12

13     **57)**  Plaintiff hereby incorporates each allegation in

      paragraphs 1 through 55 into this Fifth Cause of Action.
14

15     **58)**  Scott Sebastian in doing the acts complained about

16  herein, acted intentionally for the purpose of causing plaintiff

17  to suffer emotional distress and or severe emotional distress.

18     **59)**  Plaintiff is informed and believes and thereon alleges

19  defendant, Sebastian in doing the acts alleged herein was

20  motivated by ill will and or hatred toward plaintiff and or

21  because of plaintiff's race.

22     **60)**  Defendant Sebastian's conduct alleged herein is    _

23  outrageous.

24     **61)**  Defendant Sebastian's outrageous conduct alleged herein

25  proximately caused plaintiff to suffer severe emotional distress.

26  to incur medical expenses and to lose income.

27     **62)**  Plaintiff is informed and believes and thereon alleges

28  Second Amended Complaint              -19-

1 │ that American Baptist Homes of the West Corporation, aka American

2 │ Baptist Homes of the West, aka Grand Lake Gardens is liable to

3 │ plaintiff for the conduct of Scott Sebastian alleged herein

4 │ because Scott Sebastian in doing said acts was acting as a

5 │ managerial employee on behalf of American Baptist Homes of the

6 │ West Corporation, aka American Baptist Homes of the West, aka

7 │ Grand Lake Gardens.  Also, said defendants knew or should have

8 │ known that defendant Sebastian was harassing plaintiff because of

9 │ plaintiff's race and failed to take all reasonable action to stop

10 │ the harassment from occurring.

**SIXTH CAUSE OF ACTION**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AMERICAN**
**BAPTIST HOMES OF THE WEST CORPORATION, aka AMERICAN**
**BAPTIST HOMES OF THE WEST, aka GRAND LAKE GARDENS**

**63)**  Plaintiff hereby incorporates each allegation in
paragraphs 1 through 61 into this Sixth Cause of Action.

**64)**  Reginald Lyles on or about November 10 forced plaintiff
to submit to a alcohol test, arbitrarily, without any reasonable
cause to suspect plaintiff had been drinking alcohol and or that
plaintiff was under the influence of alcohol, and against
plaintiff's will.

**65)**  Plaintiff is informed and believes and thereon alleges
that Reginald Lyles in doing the acts complained about herein,
acted intentionally for the purpose of causing plaintiff to
suffer emotional distress.

**66)**  Reginald Lyles' conduct alleged herein is outrageous.

**67)**  Reginald Lyles' outrageous conduct alleged herein
proximately caused plaintiff to suffer severe emotional distress.

Second Amended Complaint            -20-



1    **68)**  Plaintiff is informed and believes and thereon alleges

2    that American Baptist Homes of the West Corporation, aka American

3    Baptist Homes of the West, aka Grand Lake Gardens is liable to

4    plaintiff for the conduct of Reginald Lyles, alleged herein

5    because Reginald Lyles in doing said acts was acting as a

6    managerial employee on behalf of American Baptist Homes of the

7    West Corporation, aka American Baptist Homes of the West, aka

8    Grand Lake Gardens.

9                    **SEVENTH CAUSE OF ACTION**
           **HARASSMENT AGAINST SCOTT SEBASTIAN BASED ON RACE IN**
10           **VIOLATION OF GOVERNMENT CODE SECTION 12940 ET SEQ.**

11    **69)**  Plaintiff hereby incorporates each allegation in

12   paragraphs 1 through 61 into this Ninth Cause of Action.

13    **70)**  Scott Sebastian in doing the acts and failing to act as

14   alleged herein was acting as a managerial employee of American

15   Baptist Homes of the West, aka American Baptist Homes of the West

16   Corporation, aka Grand Lake Gardens.

17    **71)**  Defendant Sebastian's conduct alleged herein was based

18   on race and was severe or pervasive such that it subjected

19   plaintiff to a hostile work environment for plaintiff.

20    **72)**  Prior to filing his action herein Plaintiff filed a

21   complaint against Scott Sebastian for harassment based on race

22   with DFEH, within one year of defendant Sebastian's wrongful

23   conduct.

24    **73)**  Plaintiff received a Right To Sue Letter from DFEH.

25   Thereafter, he filed his complaint herein with the court within

26   one year from the date of his receipt of the DFEH Right To Sue

27

28   Second Amended Complaint          -21-



1  Letter.  A copy of plaintiff's DFEH complaint against Scott

2  Sebastian, and a copy of the DFEH Right To Sue Letter, and a copy

3  of a letter to defendant Sebastian, was mailed to him by

4  certified mail return receipt requested.

5      **74)**  Defendant Sebastian's conduct proximately caused

6  plaintiff to incur attorney fees.

7                        **EIGHTH CAUSE OF ACTION**
      **HARASSMENT AGAINST AMERICAN BAPTIST HOMES OF**
8      **THE WEST, AKA AMERICAN BAPTIST HOMES OF THE WEST**
      **CORPORATION, AKA GRAND LAKE GARDENS IN VIOLATION OF**
9      **GOVERNMENT CODE SECTION 12940 ET SEQ.**

10     **75)**  Plaintiff hereby incorporates each allegation in

11  paragraphs 1 through 73 into this Eighth Cause of Action.

12     **76)**  Defendant, American Baptist Homes of the West, aka

13  American Baptist of the Homes West Corporation, aka Grand Lake

14  Gardens' conduct alleged herein was based on race and was severe

15  or pervasive such that it subjected plaintiff to a hostile work

16  environment for plaintiff.

17     **77)**  Plaintiff received a Right To Sue Letter from EEOC &

18  from DFEH.  Thereafter, he filed his complaint herein with the

19  court within ninety days of receipt of the EEOC Right To Sue

20  Letter and within one year from the date of his receipt of the

21  DFEH Right To Sue Letter.

22     **78)**  Defendant American Baptist homes of the West, aka

23  American Baptist Homes of the West Corporation, aka Grand Lake

24  Gardens in doing the acts alleged herein and failing to act as

25  alleged herein violated California Government Code section 12940,

26  et seq.

27

28  Second Amended Complaint            -22-

  

1    **79)**   Said defendant is liable for violation of Government

2 Code section 12940, et. seq. derivatively for Scott Sebastian's

3 alleged conduct, and or derivatively for Reginald Lyles' alleged

4 conduct and or for its failure to act reasonable action to stop

5 the harassment and or discrimination against plaintiff from

6 occurring.

7    **80)**   Prior to filing his action herein Plaintiff filed a

8 complaint for employment discrimination/harassment based on race

9 against American Baptist Homes of the West, aka American Baptist

10 Homes Corporation, aka Grand Lake Gardens with Equal Opportunity

11 Commission ("EEOC") and DFEH.  A copy of the EEOC & DFEH

12 complaint and Right To Sue Letter from EEOC and Right To Sue

13 Letter from DFEH, and letter to each said defendant notifying

14 them of the Notice of case closure, was mailed to them by

15 certified mail return receipt requested.

16    **81)**   Defendant's acts were willful, wanton, malicious, and

17 oppressive in that defendant(s) acted with a reckless disregard

18 for the truth and or for plaintiff's rights.  Defendant(s)

19 published the false information about plaintiff for the purpose

20 of harassing plaintiff and causing plaintiff emotional distress.

21 Defendant's acts were despicable and justify the award of

22 punitive damages.

23    **82)**   Defendant American Baptist Homes of the West, aka

24 American Baptist Homes of the West Corporation, aka Grand Lake

25 Gardens conduct proximately caused plaintiff to incur attorney

26 fees.

27 ///

28 Second Amended Complaint                    -23-




## NINTH CAUSE OF ACTION
### DISCRIMINATION CLAIM AGAINST AMERICAN BAPTIST HOMES OF THE WEST, AKA AMERICAN BAPTIST HOMES OF THE WEST INC., AKA GRAND LAKE GARDENS

**83)** Plaintiff hereby incorporates each allegation in paragraphs 1 through 81 into this Ninth Cause of Action.

**84)** Defendant American Baptist Homes of the West, aka American Baptist Homes of the West Corporation, aka Grand Lake Gardens, in doing the acts alleged herein and failing to act as alleged herein discriminated against plaintiff in the terms and conditions of plaintiff's employment, based on plaintiff's race.

**85)** Said defendant, at all times mentioned herein had a policy of requiring its non African American employees to submit to breathalyser testing for alcohol, only if said defendant had a reasonable suspicion that its employee was under the influence of alcohol.

**86)** In doing the acts and failing to act as alleged herein, said defendant singled plaintiff out because of plaintiff's race and required plaintiff to submit to an breathalyser test for alcohol, without any reasonable suspicion that plaintiff was under the influence of alcohol. Said defendant, randomly tested plaintiff for alcohol consumption but only tested its non African American employees if it had a reasonable suspicion of alcohol consumption.

**Wherefore plaintiff prays for judgment as follows:**

1. General damages, past and future, according to proof;

2. Economic damages, past and future, according to proof;

3. Medical expenses, past and future;

Second Amended Complaint                    -24-

1    4. Reasonable attorney fee;

2    5. For such further and other relief as the court deems

3  just.

4  Dated: August 6, 2007          LAW OFFICES OF MICHAEL C. COHEN

5                                 By: _____

6                                    MICHAEL C. COHEN,
                                     Attorney for Plaintiff
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28  Second Amended Complaint          -25-

1                       **PROOF OF SERVICE**

2       I, Michael C. Cohen, declare that:

3       I am employed in the County of Alameda, City of Oakland, California.  I am over the age of 18 years and not a party to the
4 within cause; my business address is 1814 Franklin Street, Suite 900, Oakland, California 94612.

5

      On August 6, 2007 I served the attached:
6

**Second Amended Complaint; re: <u>William J. Chapple v. American</u>
7 <u>Baptist Homes of the West Corporation, aka American Baptist Homes</u>
<u>of the West, et al.</u>, Alameda County Superior Court No. RG06297059**
8

on the interested parties in said action, by placing true copy
9 thereof as indicated below as follows:

10 **Michael E. Brewer, Esq.**
**Allison R. Balc, Esq.**
11 **Richard H. Harding, Esq.**
**Littler Mendelson, PC,**
12 **2175 North California Blvd. Ste. 835**
**Walnut Creek, CA 94596-3565**
13

**[xx] BY MAIL:** I caused such envelope with postage thereon fully
14 prepaid to be placed in the United States mail, in the City of Oakland, California.

15
**[  ] BY PERSONAL SERVICE:** I caused such envelope to be delivered
16 by hand on the office(s) of the address(es).

17 **[  ] BY FEDERAL EXPRESS:** I caused such envelope to be delivered
to Federal Express for overnight courier service to the office(s)
18 of the addressee(s).

19 **[  ] BY FACSIMILE:** I caused a copy of such document to be sent
via facsimile transmission to the office(s) of the addressee(s).
20

      I declare under penalty of perjury under the laws of the
21 State of California that the foregoing is true and correct, and
that this Proof of Service was executed in Oakland, California,
22 on August 6, 2007.

23                             Michael C. Cohen

24

25

26

27

28

# EXHIBIT LL

*5865986*

FILED

FOR COURT USE ONLY

ALAMEDA COUNTY

2007 SEP 10 PM 10: 36

CLERK OF THE SUPERIOR COURT
BY
DOROTHY L. ___ DEPUTY

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | |
|---|---|
| Michael C. Cohen, 65487<br>L/O OF MICHAEL C. COHEN<br>1814 Franklin Street Suite 900<br>Oakland, CA 94612<br>TELEPHONE NO.: (510) 832-6436<br>ATTORNEY FOR (Name): Plaintiff | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF

Superior Court of Alameda County
1225 Fallon St. #209
Oakland, CA 94612-4293

| PLAINTIFF/PETITIONER: William J. Chapple | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: American Baptist Homes of The West, AKA American B | RG07326753 |

| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>none |
|---|---|

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.

2. I served copies of: Summons; Complaint

3. a. Party served: American Baptist Homes of The West, aka American Baptist Home of the West Corporation, aka Grand Lake Gardens

   b. Person Served: CT Corp – Margaret Wilson – Person authorized to accept service of process

4. Address where the party was served: 818 WEST SEVENTH STREET
   LOS ANGELES, CA 90017

5. I served the party
   a. by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) or (date): September 6, 2007    (2) at (time): 3:15 pm

6. The "Notice to the Person Served" (on the summons) was completed as follows:

   c. on behalf of:

   American Baptist Homes of The West, aka American Baptist Home of the West Corporation, aka Grand Lake Gardens

   under:    CCP 416.10 (corporation)

7. Person who served papers
   a. Name:    Jimmy Lizama
   b. Address:    One Legal, Inc. – 132-Marin
      504 Redwood Blvd #223
      Novato, CA 94947
   c. Telephone number:    415-491-0606
   d. The fee for service was:  $ 14.95
   e. I am:
      (3) registered California process server.
         (i)  Employee or independent contractor.
         (ii) Registration No.: 4553
         (iii) County LOS ANGELES

BY FAX

8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Date:  September 7, 2007

Jimmy Lizama
(NAME OF PERSON WHO SERVED PAPERS)                                    (SIGNATURE)

Form Adopted for Mandatory Use
Judicial Council of California POS-010
[Rev. Jan 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

FF# 6647610