# EXHIBIT H

1 | Gordon J. Fine, SBN 135979
Tami F. Essis, SBN 245006
2 | LEWIS BRISBOIS BISGAARD & SMITH LLP
One Sansome Street, Suite 1400
3 | San Francisco, California 94104
Telephone: 415.362.2580
4 | Facsimile: 415.434.0882

ENDORSED
FILED
ALAMEDA COUNTY

MAR 1 2 2007

Expirion 100700
By LNews

5 | Attorneys for AMERICAN BAPTIST HOMES OF THE WEST, GRAND LAKE GARDENS,
REGINALD LYLES, CALVIN MAY and SCOTT SEBASTIAN

6

7

8 |                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 |                        COUNTY OF ALAMEDA

10

11 | WILLIAM J. CHAPPLE,                    ) Case No. RG 06297059
                                          )
12 |             Plaintiff,                ) **NOTICE OF DEMURRER TO**
                                          ) **PLAINTIFF'S COMPLAINT FOR**
13 |       v.                              ) **DAMAGES BY DEFENDANTS**
                                          ) **AMERICAN BAPTIST HOMES OF THE**
14 | AMERICAN BAPTIST HOMES OF THE         ) **WEST, GRAND LAKE GARDENS,**
    | WEST CORPORATION, aka, AMERICAN      ) **REGINALD LYLES, CALVIN MAY AND**
15 | BAPTIST HOMES OF THE WEST, aka,       ) **SCOTT SEBASTIAN**
    | GRAND LAKE GARDENS, CALVIN MAYS,     )
16 | SCOTT SEBASTIAN, REGINALD LYLES,      ) Action filed:         November 7, 2006
    | DOES THROUGH 10,                     ) Complaint first served: February 13, 2007
17 |                                       ) Trial date:           not set
    |             Defendant.               )
18 |                                       ) Date of hearing:      April 16, 2007
    |                                       ) Time of hearing:      9:00 a.m.
19 |                                       ) Department:           31
    |                                       ) Reservation number:   687748
20 |  _____ )
                                            Before the Honorable Winifred Smith
21

22 | TO PLAINTIFF WILLIAM J. CHAPPLE AND HIS ATTORNEY OF RECORD:

23 |        NOTICE IS HEREBY GIVEN that Defendants American Baptist Homes of the West,

24 | Grand Lake Gardens, Reginald Lyles, Calvin May and Scott Sebastian will demur to the first,

25 | second, third, fourth, fifth, sixth and seventh purported causes of action in plaintiff's complaint for

26 | damages on April 16, 2007 at 9:00 a.m. in Department 31 of the above-entitled court, located at

27 | 201 13th Street, Oakland, California  The demurrer will be made on the grounds that each of the

28 | purported causes of action alleged in the complaint is not subject to this court's jurisdiction,

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

4847-4910-8737.1                          -1-

DEFENDANTS' NOTICE OF DEMURRER

3/12/07

1  pursuant to Code of Civil Procedure section 430.10(a), nor does it state facts sufficient to

2  constitute a cause of action, pursuant to Code of Civil Procedure section 430.10(e). This demurrer

3  will be based on this notice of demurrer, demurrer, memorandum of points and authorities and all

4  records, pleadings and files herein.

5

6                                 LEWIS BRISBOIS BISGAARD & SMITH LLP

7

8  Dated: March 12, 2007              By

9                                     Gordon J. Fine
                                       Tami F. Essis
10                                     Attorneys for American Baptist Homes of the West,
                                       Grand Lake Gardens, Reginald Lyles, Calvin May and
11                                     Scott Sebastian

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4847-4910-8737.1                              -2-
                        DEFENDANTS' NOTICE OF DEMURRER

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

**PROOF OF SERVICE**
Chapple v. ABHOW  Case No.: RG 06297059

STATE OF CALIFORNIA, COUNTY OF ALAMEDA

    I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action. My business address is One Sansome Street, 14th Floor.

    On March 12, 2007, I served the following document described as notice of DEMURRER on all interested parties in this action by placing [X] a true copy  [  ] the original thereof enclosed in sealed envelopes addressed as follows:

| Michael C. Cohen, Esq.<br>Law Office of Michael C. Cohen<br>1814 Franklin Street, Suite 900<br>Oakland, CA 94612 | Tele: 510.832-6436 |
|---|---|

[ ]    (BY FACSIMILE) The facsimile machine I used complied with Rule 2003(3) and no error was reported by the machine. Pursuant to Rule 2008(e)(4), I caused the machine to print a record of the transmission.

[X]    (BY MAIL, 1013a, 2015.5 C.C.P.)

    [  ]    I deposited such envelope in the mail at San Francisco, California. The envelope was mailed with postage thereon fully prepaid.

    [X]    I am readily familiar with the firm's practice for collection and processing correspondence for mailing. Under that practice, this document will be deposited with the U.S. Postal Service on this date with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]    (BY OVERNIGHT DELIVERY/COURIER)

    [  ]    I delivered such envelope to an authorized courier or driver authorized by the express service carrier to receive documents in an envelope or package designated by the express service carrier with delivery fees provided for.

    [X]    I deposited such envelope in a box or facility regularly maintained by the express service carrier in an envelope or package designated by the express service carrier with delivery fees provided for.

[ ]    (BY MESSENGER) I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed above and providing them to a messenger for personal service. (A proof of service executed by the messenger will be filed in compliance with the *Code of Civil Procedure*.)

[ ]    (BY PERSONAL SERVICE) I delivered the foregoing envelope by hand to the offices of the addressee.

4847-4910-8737.1

DEFENDANTS' NOTICE OF DEMURRER

LEWIS BRISBOIS BISGAARD & SMITH LLP<br>ONE SANSOME STREET, SUITE 1400<br>SAN FRANCISCO, CALIFORNIA 94104<br>TELEPHONE (415) 362-2580

1   [ X ]   (STATE)  I declare under penalty of perjury under the laws of the State of California that
2   the above is true and correct.

    [  ]    (FEDERAL)  I declare that I am employed in the office of a member of the bar of this
3           Court at whose direction the service was made.

4           Executed on March 12, 2007, at San Francisco, California.

5

6

7                                                    _Mary Snowden_
8                                                    Mary Snowden

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

4847-4910-8737.1

DEFENDANTS' NOTICE OF DEMURRER

ENDORSED
FILED
ALAMEDA COUNTY

MAR 1 2 2007

By _____ *LN ent*

1 | Gordon J. Fine, SBN 135979
Tami F. Essis, SBN 245006
2 | LEWIS BRISBOIS BISGAARD & SMITH LLP
One Sansome Street, Suite 1400
3 | San Francisco, California 94104
Telephone: 415.362.2580
4 | Facsimile: 415.434.0882

5 | Attorneys for AMERICAN BAPTIST HOMES OF THE WEST, GRAND LAKE GARDENS,
REGINALD LYLES, CALVIN MAY and SCOTT SEBASTIAN

6

7

8 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 | COUNTY OF ALAMEDA

10

11 | WILLIAM J. CHAPPLE,      )   Case No. RG 06297059
                           )
12 |         Plaintiff,      )   **DEMURRER OF DEFENDANTS**
                           )   **AMERICAN BAPTIST HOMES OF THE**
13 |     v.                    )   **WEST, GRAND LAKE GARDENS,**
                           )   **REGINALD LYLES, CALVIN MAY AND**
14 | AMERICAN BAPTIST HOMES OF THE  )   **SCOTT SEBASTIAN TO PLAINTIFF'S**
WEST CORPORATION, aka, AMERICAN  )   **COMPLAINT FOR DAMAGES**
15 | BAPTIST HOMES OF THE WEST, aka,   )
GRAND LAKE GARDENS, CALVIN MAYS,  )   Action filed:            November 7, 2006
16 | SCOTT SEBASTIAN, REGINALD LYLES,  )   Complaint first served:   February 13, 2007
DOES THROUGH 10,           )   Trial date:              not set
17 |                            )
                           )   Date of hearing:        April 16, 2007
18 |                            )   Time of hearing:        9:00 a.m.
                           )   Department:           31
19 |                            )   Reservation number:     687748
                           )
20 |        Defendant.      )   Before the Honorable Winifred Smith

21 |      Defendants American Baptist Homes of the West, Grand Lake Gardens, Reginald Lyles,

22 | Calvin May and Scott Sebastian hereby demur to plaintiff's complaint for damages on the

23 | following grounds:

24

25 |            **Demurrer to First Cause of Action for Defamation Against Calvin May**

26 |     1. The subject of plaintiff's first purported cause of action is subject to the jurisdiction of

27 | the Workers' Compensation Appeals Board, not this court's jurisdiction. Code Civ. Proc. §

28 | 430.10(a).

4825-3445-0689.1                -1-
                DEFENDANTS' DEMURRER

*3/12/07 F*

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

1    2.  Plaintiff's first purported cause of action for defamation fails to state facts sufficient to

2    constitute a cause of action. Code Civ. Proc. § 430.10(e).

3

4    **Demurrer to Second Cause of Action for Intentional Infliction of Emotional Distress Against**
**Calvin May**

5

6        1.  The subject of plaintiff's second purported cause of action is subject to the jurisdiction

7    of the Workers' Compensation Appeals Board, not this court's jurisdiction. Code Civ. Proc. §

8    430.10(a).

9        2.  Plaintiff's second purported cause of action for intentional infliction of emotional

10   distress fails to state facts sufficient to constitute a cause of action. Code Civ. Proc. § 430.10(e).

11

12   **Demurrer to Third Cause of Action for Defamation of Character Against American Baptist**
**Homes of the West, Grand Lake Gardens and Scott Sebastian**

13

14       1.  The subject of plaintiff's third purported cause of action is subject to the jurisdiction of

15   the Workers' Compensation Appeals Board, not this court's jurisdiction. Code Civ. Proc. §

16   430.10(a).

17       2.  Plaintiff's third purported cause of action for defamation fails to state facts sufficient to

18   constitute a cause of action. Code Civ. Proc. § 430.10(e).

19

20   **Demurrer to Fourth Cause of Action for Intentional Infliction of Emotional Distress Against**
**American Baptist Homes of the West, Grand Lake Gardens and Scott Sebastian**

21

22       1.  The subject of plaintiff's fourth purported cause of action is subject to the jurisdiction of

23   the Workers' Compensation Appeals Board, not this court's jurisdiction. Code Civ. Proc. §

24   430.10(a).

25       2.  Plaintiff's fourth purported cause of action for intentional infliction of emotional

26   distress fails to state facts sufficient to constitute a cause of action. Code Civ. Proc. § 430.10(e).

27   ///

28   ///

4825-3445-0689.1

**Demurrer to Fifth Cause of Action for Invasion of Privacy Against American Baptist Homes of the West, Grand Lake Gardens and Scott Sebastian**

1.  The subject of plaintiff's fifth purported cause of action is subject to the jurisdiction of the Workers' Compensation Appeals Board, not this court's jurisdiction. Code Civ. Proc. § 430.10(a).

2.  Plaintiff's fifth purported cause of action for invasion of privacy fails to state facts sufficient to constitute a cause of action. Code Civ. Proc. § 430.10(e).

**Demurrer to Sixth Cause of Action for Intentional Infliction of Emotional Distress Against Reginald Lyles**

1.  The subject of plaintiff's sixth purported cause of action is subject to the jurisdiction of the Workers' Compensation Appeals Board, not this court's jurisdiction. Code Civ. Proc. § 430.10(a).

2.  Plaintiff's sixth purported cause of action for intentional infliction of emotional distress fails to state facts sufficient to constitute a cause of action. Code Civ. Proc. § 430.10(e).

**Demurrer to Seventh Cause of Action for Invasion of Privacy Against Reginald Lyles**

1.  The subject of plaintiff's seventh purported cause of action is subject to the jurisdiction of the Workers' Compensation Appeals Board, not this court's jurisdiction. Code Civ. Proc. § 430.10(a).

///
///
///
///
///
///
///
///

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

1   2.  Plaintiff's seventh purported cause of action for invasion of privacy fails to state facts

2 sufficient to constitute a cause of action. Code Civ. Proc. § 430.10(e).

3

          LEWIS BRISBOIS BISGAARD & SMITH LLP

4

5

6 Dated:  March 12, 2007    By _____

7           Gordon J. Fine
           Tami F. Essis

8           Attorneys for American Baptist Homes of the West,
           Grand Lake Gardens, Reginald Lyles, Calvin May and

9           Scott Sebastian

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

1

**PROOF OF SERVICE**
Chapple v. ABHOW   Case No.: RG 06297059

2

3

STATE OF CALIFORNIA, COUNTY OF ALAMEDA

4

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action. My business address is One Sansome Street, 14th Floor.

5

On March 12, 2007, I served the following document described as **DEMURRER** on all interested parties in this action by placing [X] a true copy  [ ] the original thereof enclosed in sealed envelopes addressed as follows:

6

7

8

| Michael C. Cohen, Esq.<br>Law Office of Michael C. Cohen<br>1814 Franklin Street, Suite 900<br>Oakland, CA 94612 | Tele: 510.832.6436 |
|---|---|

9

10

11

12

[ ](BY FACSIMILE) The facsimile machine I used complied with Rule 2003(3) and no error was reported by the machine. Pursuant to Rule 2008(e)(4), I caused the machine to print a record of the transmission.

13

14

[X](BY MAIL, 1013a, 2015.5 C.C.P.)

15

[ ] I deposited such envelope in the mail at San Francisco, California. The envelope was mailed with postage thereon fully prepaid.

16

17

[X] I am readily familiar with the firm's practice for collection and processing correspondence for mailing. Under that practice, this document will be deposited with the U.S. Postal Service on this date with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

18

19

20

[ ](BY OVERNIGHT DELIVERY/COURIER)

21

[ ] I delivered such envelope to an authorized courier or driver authorized by the express service carrier to receive documents in an envelope or package designated by the express service carrier with delivery fees provided for.

22

23

[X] I deposited such envelope in a box or facility regularly maintained by the express service carrier in an envelope or package designated by the express service carrier with delivery fees provided for.

24

25

[ ](BY MESSENGER) I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed above and providing them to a messenger for personal service. (A proof of service executed by the messenger will be filed in compliance with the *Code of Civil Procedure*.)

26

27

[ ](BY PERSONAL SERVICE) I delivered the foregoing envelope by hand to the offices of the addressee.

28

4825-3445-0689.1

DEFENDANTS' DEMURRER

[ X](STATE)  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[  ](FEDERAL)  I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on March 12, 2007, at San Francisco, California.

_Mary Snowden_
Mary Snowden

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

4825-3445-0689.1

DEFENDANTS' DEMURRER

1    [ X](STATE)  I declare under penalty of perjury under the laws of the State of California that the
         above is true and correct.

2

3    [   ](FEDERAL)  I declare that I am employed in the office of a member of the bar of this Court at
         whose direction the service was made.

4        Executed on March 12, 2007, at San Francisco, California.

5

6                                                    _Mary Snowden_

7                                                    Mary Snowden

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

4825-3445-0689.1

DEFENDANTS' DEMURRER

ENDORSED
FILED
ALAMEDA COUNTY

MAR 1 2 2007

1  Gordon J. Fine, SBN 135979
   Tami F. Essis, SBN 245006
2  LEWIS BRISBOIS BISGAARD & SMITH LLP
   One Sansome Street, Suite 1400
3  San Francisco, California 94104
   Telephone: 415.362.2580
4  Facsimile: 415.434.0882

5  Attorneys for AMERICAN BAPTIST HOMES OF THE WEST, GRAND LAKE GARDENS,
   REGINALD LYLES, CALVIN MAY and SCOTT SEBASTIAN

6

7

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                          COUNTY OF ALAMEDA

10

11 | WILLIAM J. CHAPPLE,                  | ) Case No. RG 06297059
12 |                  Plaintiff,          | ) **MEMORANDUM OF POINTS AND**
13 |         v.                           | ) **AUTHORITIES IN SUPPORT OF**
    |                                      | ) **DEMURRER TO COMPLAINT BY**
    |                                      | ) **DEFENDANTS AMERICAN BAPTIST**
14 | AMERICAN BAPTIST HOMES OF THE        | ) **HOMES OF THE WEST, GRAND LAKE**
    | WEST CORPORATION, aka, AMERICAN     | ) **GARDENS, REGINALD LYLES, CALVIN**
15 | BAPTIST HOMES OF THE WEST, aka,      | ) **MAY AND SCOTT SEBASTIAN**
    | GRAND LAKE GARDENS, CALVIN MAYS,    | )
16 | SCOTT SEBASTIAN, REGINALD LYLES,    | )
    | DOES THROUGH 10,                    | ) Action filed:              November 7, 2006
17 |                                      | ) Complaint first served:    February 13, 2007
    |                  Defendant.         | ) Trial date:                not set
18 |                                      | )
19 |                                      | ) Date of hearing:           April 16, 2007
    |                                      | ) Time of hearing:           9:00 a.m.
20 |                                      | ) Department:                31
    |                                      | ) Reservation Number:        687748

21                               Before the Honorable Winifred Smith

22
                                         I.
23    **INTRODUCTION: THE FACE OF PLAINTIFF'S COMPLAINT FAILS TO STATE**
      **LEGALLY COGNIZABLE CLAIMS FOR DEFAMATION, EMOTIONAL DISTRESS OR**
24                        **INVASION OF PRIVACY.**

25        William Chapple is an indignant janitor whose alcohol consumption was reasonably

26 questioned by his supervisors at work, and he was asked to report for alcohol testing.  Indignant

27 that his sobriety was questioned for a legitimate business reason in a discreet, and therefore

28 privileged, setting, it was Mr. Chapple who spread the news throughout the workplace that he was

3/12/07

*(left margin vertical text)* LEWIS BRISBOIS BISGAARD & SMITH LLP  ONE SANSOME STREET, SUITE 1400  SAN FRANCISCO, CALIFORNIA 94104  TELEPHONE (415) 362-2580

1  suspected of coming to work under the influence of alcohol (or hung over). Still indignant that his

2  sobriety was questioned, Mr. Chapple has sued his employer, American Baptist Homes of the

3  West, an organization dedicated to providing housing, heath care and supportive services to older

4  persons; Grand Lake Gardens[1], the community in Oakland where he works (both collectively

5  referred to as "ABHOW"); and ABHOW Director of Operations Scott Sebastian.[2]

6      Plaintiff's workplace claims (defamation, intentional infliction of emotional distress, and

7  invasion of privacy) notably do not allege termination of his employment. These purported causes

8  of action fail to transform hurt feelings into legally cognizable claims because they are subject to

9  the *exclusive* jurisdiction of the Workers' Compensation Appeals Board. Plaintiff asks the judicial

10  system to lend a sympathetic ear to his grievances that are left for resolution to workers'

11  compensation jurisdiction (or the union grievance procedure [3]). Apart from the absence of

12  jurisdiction, plaintiff also fails to allege the elements of his purported causes of action.

**II.**

**FACTUAL ALLEGATIONS ON THE FACE OF THE COMPLAINT: PLAINTIFF IS**
13
**UPSET AFTER MANAGERS QUESTIONED HIS SOBRIETY AND PLAINTIFF SPREAD**
14
**HIS INDIGNATION THROUGHOUT THE WORKPLACE.**
15
      Plaintiff William Chapple is employed by ABHOW (Complaint, ¶ 11) as a janitor. He
16
alleges that, on November 10, 2005, when he came to work following the previous night's senior
17
citizen birthday party, he told his co-workers, Brad Freeman and Alexander Harrison, that he was
18
experiencing stomach pain. Complaint, ¶ 12, 4:8-21.[4] He punched out at 8:30 a.m. and left work.
19
Complaint, ¶ 12, 4:22-5:7. Around 12:30 p.m., plaintiff's supervisor, Donald Mack, told him
20

21

22      [1] Grand Lake Gardens, at 401 Santa Clara Avenue in Oakland, provides a range of living options including residential living, assisted-care living and skilled nursing care. Other multi-level communities also provide a memory support center. Other ABHOW communities provide rental and affordable housing
23  options.

24      [2] The other individual defendant, Reginald Lyles, has not been served.

25      [3] Plaintiff's claims are also subject to the grievance procedure of the collective bargaining agreement governing, in part, the terms and conditions of his employment. Plaintiff's union status,
26  however, is not alleged in the complaint so the possibility of a union grievance is not subject to the court's consideration in this demurrer.

27

28      [4] Reference to the lengthy 12th paragraph of the complaint includes page and line numbers for the lengthy single paragraph covering pages four through ten of the complaint. For example, page five, lines 20 through 23 will be noted as 5:20-23.

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEMURRER

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

1   (plaintiff) that the director of operations, Scott Sebastian, told him (Donald Mack) that plaintiff

2   came to work drunk and that a verbal warning was necessary. Complaint, ¶ 12, 5:8-14.  Calvin

3   May, a resident services driver, told Scott Sebastian "that plaintiff was drunk and smelling like

4   alcohol." Complaint, ¶ 12, 5:15-26.

5        When plaintiff reported to work the next day (November 11, 2005), Scott Sebastian asked

6   plaintiff into his office and, after closing the door, told plaintiff " 'You were drunk and you're

7   drunk now.  I smell alcohol on you now and throughout the building.  One of your co-workers told

8   me that you came to work drunk and you're still drunk and I want to help you.' "Complaint, ¶ 12,

9   6:1-7:9.  Scott Sebastian asked plaintiff to take a breath test for alcohol at Concentra Medical

10  Center. Complaint, ¶ 12, 7:10-18.  Plaintiff alleges he "left the area and went back to the basement

11  to talk to Brad Freeeman, Alexander Harrison, Rita Johnson, and Kathy A. Smith." Complaint, ¶

12  12, 8:11-17.  Plaintiff then "went over to Piedmont Gardens [110 41st Street in Oakland]" where he

13  complained to Lisa Sandeford, Facility Assistant to Director of Facilities Sid Ward "because Scott

14  Sebastian accused him of being drunk and smelling of alcohol." Complaint, ¶ 12, 8:18-9:6.

15  Plaintiff next shared his grievance with Reginald Lyles, Executive Director of ABHOW.

16  Complaint, ¶ 12, 9:7-19.

17       Plaintiff does not allege that Scott Sebastian, or any other ABHOW manager, spread the

18  word about the company's reasonable suspicion of coming to work under the influence of alcohol.

19  Plaintiff does not allege that the concerns for his sobriety went outside of the chain of command

20  from co-worker Calvin Mays - reporting plaintiff's lack of sobriety - to Supervisor Donald Mack;

21  Director of Operations Scott Sebastian; and Executive Director Reginald Lyles.  Instead, it was

22  plaintiff who indiscriminately spread the company's concern to a wide variety of employees in

23  other departments: Maintenance 1 Worker from Environmental Services, Brad Freeman;

24  Maintenance 2 Worker Alexander Harrison; Rita Johnson of the Wellness Department; and

25  Certified Nursing Assistant Kathy Smith (Complaint, ¶¶ 12, 4:16-26, 8:11-17); as well as other

26  facilities (Facility Assistant Linda Sandeford at Piedmont Gardens (Complaint, ¶ 12, 8:18-9:6)).

27       Nor does plaintiff allege any damages to his reputation among the co-workers from whom

28  he sought support. "All of them [co-workers Brad Freeman, Alexander Harrison, Rita Johnson

4828-7012-6081.1                                    -3-

1  and Kathy Smith] saw how devastated plaintiff was and felt his anger and disgust at Scott

2  Sebastian's accusation that he was drunk and smelled of alcohol ...." Complaint, ¶ 12, 8:11-17.

3  When plaintiff told Lisa Sandeford about the incident, "[s]he said she did not smell any alcohol"

4  and the "secretary said that Scott [Sebastian] was always doing something wrong ...." Complaint, ¶

5  12, 8:18-9:6. Plaintif does not allege that his co-workers thought any less of him because of the

6  breathalyzer story with which plaintiff gratuitously regaled them!

7

8                                    **III.**

9  **LEGAL ARGUMENT: PLAINTIFF FAILS TO STATE A CLAIM BECAUSE HE DOES
   NOT ALLEGE REQUISITE ELEMENTS, HIS OWN ALLEGATIONS  ESTABLISH
   DEFENDANTS' DEFENSES AND THE WORKERS' COMPENSATION APPEALS**

10                     **BOARD MAINTAINS EXCLUSIVE JURISDICTION.**

11         A complaint - such as the Chapple complaint - is subject to demurrer when the pleading is

12  defective, in its entirety or in regard to specific causes of action, and the defects appear on the face

13  of the complaint. Code Civ. Proc. § 430.50(a). Any doubt regarding the complaint must be

14  resolved *against the pleading party - the plaintiff,* and unplead facts cannot be presumed to exist.

15  *C & H Foods Company v. Hartford Insurance Company* (1984) 163 Cal.App.3d 1055, 1062. If

16  there is no liability pursuant to substantive law, a demurrer is proper and the court may exercise its

17  discretion to deny plaintiff leave to amend. *Berkeley Police Association v. City of Berkeley* (1978)

18  76 Cal.App.3d 931, 943.

19         A.    **Plaintiff Attempts to Assert Claims for Defamation, Intentional Infliction of
                 Emotional Distress and Invasion of Privacy.**

20

21         Plaintiff alleges three types of claims: defamation; intentional infliction of emotional

22  distress; and invasion of privacy against various defendants, American Baptist Homes of the West,

23  Grand Lake Gardens, Resident Services Driver Calvin May, Director of Operations Scott

24  Sebastian and Executive Director Reginald Lyles. See Complaint, ¶ 12 for the individuals'

25  respective titles. The first cause of action attempts to allege a defamation claim against Calvin

26  May; the third cause of action attempts to allege a defamation claim Scott Sebastian and ABHOW.

27  The gravamen of the defamation claim against Calvin May, a driver of community residents, is

28  that he shared with Scott Sebastian his concern that "plaintiff was drunk and smelling like

LEWIS BRISBOIS BISGAARD & SMITH LLP

ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

1    alcohol." Complaint, ¶ 12, 5:20-23, also ¶ 14.  Plaintiff alleges that Scott Sebastian "published to

2    a[n unnamed] third person(s) that plaintiff came to work drunk and or that plaintiff was at work

3    while drunk from alcohol." Complaint, ¶ 25.  Plaintiff does not allege to whom such statements

4    might have been made, but provides great detail as to plaintiff indiscriminately spreading

5    ABHOW's concerns among his co-workers. Complaint, ¶ 12, 8:11-9:16.

6          Plaintiff similarly divides his purported claim for intentional infliction of emotional

7    distress against Resident Services Driver Calvin May (Complaint, ¶¶ 6, 12 and second cause of

8    action), Director of Operations Scott Sebastian and ABHOW (Complaint, ¶¶ 7, 12 and fourth

9    cause of action), and Executive Director Reginald Lyles. Complaint, ¶¶ 8, 12 and sixth cause of

10   action.  The alleged misconduct, incorporated by reference into each of the emotional distress

11   claims, is the "defamation" and asking plaintiff to take an alcohol test.

12         Plaintiff's claims for invasion of privacy are directed against Scott Sebastian and ABHOW

13   (fifth cause of action) and Reginald Lyles (seventh cause of action).  The alleged misconduct in

14   these claims is, again, the "defamation" and asking plaintiff to take an alcohol breathalyzer test.

15   Complaint, ¶¶ 40, 52.

16   **B.    Defamation: Defendants' Communication of an Opinion Was Privileged, Nor
            was Plaintiff's Reputation Damaged, and the Grievance Is Subject to the**
17          **Exclusive Jurisdiction of the Workers' Compensation Appeals Board.**

18         **1.  Plaintiff Fails to Allege the Requisite Elements for a Defamation Claim.**

19         Demurrer is an appropriate means for the court to decide, as a matter of law, whether a

20   statement is defamatory. *Polygram Records, Inc. v. Superior Court* (1985) 170 Cal.App.3d 543,

21   551.  Plaintiff fails to allege the requisite elements of a cause of action for defamation:

22         (1) false, *non-privileged publication* of a *statement of fact*;

23         (2) *actual* damage to plaintiff's reputation[5]; and

24         (3) causation of the actual damages by the improper publication.

---

[5]  Plaintiff does not obviate establishing this element because he does not allege defamation *per
se*.  Plaintiff does not allege that his employment was affected in any way by being requested to take a
reasonable-suspicion breathalyzer test (nor was his employment terminated or otherwise affected by the
incident causing plaintiff's umbrage).  Therefore, the hangover incident did not tend directly (or even
indirectly) to injure plaintiff in regard to his trade.

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

1   *Gregory v. McDonnell Douglas Corporation* (1976) 17 Cal.3d 596, 600. Defendants'

2   communications were privileged by Civil Code section 47(c)(3). The "defamation" is not an

3   actionable statement of fact, but a legitimate inquiry to ascertain whether plaintiff had come to

4   work under the influence of alcohol. Finally, plaintiff's own allegations establish there was no

5   damage to his reputation - among the co-workers to whom he indignantly spread the word of his

6   "defamation."

7               **a.    Defendants' statements are privileged by Code of Civil Procedure**
                        **section 47(c)(3).**

8

9           Defendants' communications concerning the reasonable suspicion of plaintiff's alcohol use

10  are privileged as communications "without malice, with persons who have a common interest in

11  the subject matter of the communication." Civ. Code § 47(c). Plaintiff alleges that Scott Sebastian

12  told plaintiff's supervisor, Donald Mack, that plaintiff came to work drunk and he was required to

13  give plaintiff a verbal warning. Complaint, ¶ 12, 5:15-26. Plaintiff alleges that Assistant Director

14  of Facilities Donald Mack is his supervisor, whose responsibilities include investigation and,

15  where appropriate, disciplinary actions. Complaint, ¶¶ 7, 12, 5:4-7, 5:15-18, 6:18-7:18. Executive

16  Director Reginald Lyles holds a managerial position above Scott Sebastian, and Reginald Lyles

17  was apparently aware of the request to have a breathalyzer test when plaintiff came over to his

18  office at Piedmont Gardens. Complaint, ¶¶ 8, 12, 8:18-9:19. The other individual defendant,

19  Calvin May, is a resident services driver[6] and co-worker. Complaint, ¶¶ 6, 12, 5:20-23.

20          Communications among the "common interest" group (Messrs. May, Mack, Sebastian and

21  Lyles) are privileged and therefore plaintiff's purported defamation claim is not actionable.

22  "Tangential beneficiaries [of the privilege] are ordinarily ... all part of a management group with a

23  common interest, i.e., the efficient running of the business." *Jensen v. HewlettPackard Company*

24  (1993) 14 Cal.App.4th 958, 964. Having a sober work force is certainly a legitimate interest. An

25  "employer has a legitimate interest in not hiring individuals whose drug abuse may render them

26  unable to perform satisfactorily on the job ...." *Wilkinson v. Times Mirror Corporation* (1989) 215

27  Cal.App.3d 1034, 1048-1049. An employer's discussions with other employees to further a

28

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

---

[6] Mr. May, for instance, transports residents to doctors' appointments and other outings.

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEMURRER

1 | legitimate interest are presumptively privileged. See *Manguso v. Oceanside Unified School*

2 | *District* (1984) 153 Cal.App.3d 574, 580-581 (letter regarding a teacher's shortcomings cannot be

3 | libelous - even if defamatory - without a showing of malice).[2]

4 | Precedent has applied the "common interest" privilege to numerous situations in which

5 | management discussed an employee's work performance with other employees. *Cruey v. Gannett*

6 | *Company* (1998) 64 Cal.App.4th 356, 369 ("We conclude that complaints to employers about

7 | workplace [sexual] harassment should be privileged" pursuant to Code of Civil Procedure section

8 | 47(c) regarding a terminated manager's libel and slander claims against former employer and

9 | complaining female subordinate); *Kelly v. General Telephone Company* (1982) 136 Cal.App.3d

10 | 278, 284-285 (no malice in manager's statement that plaintiff was ineligible for rehire because of

11 | misuse of company funds and falsified invoices); *Deaile v. General Telephone Company of*

12 | *California* (1974) 40 Cal.App.3d 841, 846 ("common interest" privilege where "all the recipients

13 | of the allegedly libelous communications [reasons for former co-worker's forced retirement] were

14 | in the employ of defendant and worked at the same facility which plaintiff had managed, or were

15 | plaintiff's superiors."). "Clearly, an employee is privileged in pursuing its own economic interests

16 | and that of its employees to ascertain whether an employee has breached his responsibilities of

17 | employment and if so, to communicate, in good faith, that fact to others within its employ so that

18 | (1) appropriate action may be taken against the employee [such as sending the employee for a

19 | breathalyzer to determine fitness for work]; (2) the danger of such breaches occurring in the future

20 | may be minimized ...." *Deaile v. General Telephone Company of California* (1974) 40 Cal.App.3d

21 | 841, 849. The privilege applies even if emotional distress is substantially certain to result. *Deaile*

22 | *v. General Telephone Company of California, supra* at 40 Cal.App.3d 849-850.

23 | ///

24 |

25 |

26 | [2] Plaintiff claims that Executive Director Reginald Lyles "did not reasonably investigate the accusation that I had come to work drunk before ordering me to take the alcohol breath test." *Complaint,* ¶ 12, 9:22-24. However, "[w]hen Mr. Lyles then told me to go and take the alcohol breath test" (*Complaint,* ¶ 12, 9:16-17), he *was* reasonably investigating the possibility that plaintiff had come to work under the influence of alcohol. Just as in *Bierbower,* there is no merit to plaintiff's argument "that malice could be inferred from the fact that the employer could have done a better job of investigating the sexual harassment complaint." *Bierbower v. FHP, Inc.* (1999) 70 Cal.App.4th 1, 8-9.

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

1      **b.    The "defamation" is not an actionable statement of fact.**

2          The court may determine on demurrer, as a matter of law, whether a statement is a

3   statement of fact or opinion. *Polygram Records, Inc. v. Superior Court* (1985) 170 Cal.App.3d

4   543, 551, n. 8. Defendants' inquiry into plaintiff's sobriety was - by definition - a question

5   concerning plaintiff's performance which constitutes - at most - an opinion that is not actionable.

6   See *Jensen v. HewlettPackard Company* (1993) 14 Cal.App.4th 958, 964-965 ("unless an

7   employer's performance evaluation falsely accuses an employee of criminal conduct, lack of

8   integrity, dishonesty, incompetence or reprehensible personal characteristics or behavior, it cannot

9   support a cause of action for libel." citation omitted); also *Gregory v. McDonnell Douglas*

10  *Corporation* (1976) 17 Cal.3d 596, 601; *Eisenberg v. Alameda Newspapers, Inc.* (1999) 74

11  Cal.App.4th 1359, 1383. Management (Scott Sebastian and Reginald Lyles) acted upon Calvin

12  May's report by asking plaintiff to have a breathalyzer test. "One of your co-workers told me that

13  you came to work drunk and you're still drunk and I want to help you." (Complaint, ¶ 12, 7:3-4) is

14  not a defamatory statement, but a lawful explanation of the reasonable  request for a breathalyzer

15  test. Even if plaintiff's supervisors had declared Mr. Chapple's work performance to be

16  unacceptable, such an evaluation is nevertheless a clear statement of opinion, opinion for which

17  plaintiff cannot maintain a defamation claim. *Gregory v. McDonnell Douglas Corporation* (1976)

18  17 Cal.3d 596, 601; *Eisenberg v. Alameda Newspapers, Inc.* (1999) 74 Cal.App.4th 1359, 1383;

19  *Gould v. Maryland Sound Industries, Inc.* (1995) 31 Cal.App.4th 1137, 1154.

20      **c.    Plaintiff does not allege any actionable damages to reputation.**

21          Plaintiff alleges that his co-workers did not believe that he had done anything wrong. "All

22  of them [co-workers Brad Freeman, Alexander Harrison, Rita Johnson and Kathy Smith] saw how

23  devastated plaintiff was and felt his anger and disgust at Scott Sebastian's accusation that he was

24  drunk and smelled of alcohol ...." Complaint, ¶ 12, 8:11-17. When plaintiff told Lisa Sandeford

25  about the incident, "[s]he said she did not smell any alcohol" and the "secretary said that Scott

26  [Sebastian] was always doing something wrong ...." Complaint, ¶ 12, 8:18-9:6. Plaintiff does not

27  allege publication of the "defamation" by any defendant to anyone outside of the work force, or

28  even outside of the group of "common interest."

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

1    Absent compulsion to disclose the alleged defamation, when the person claiming

2    defamation voluntarily discloses the contents of the purported defamation to others, the originator

3    cannot be responsible for any resulting damages. *Davis v. Consolidated Freightways* (1994) 29

4    Cal.App.4th 354, 373.  As part of the investigation of a jacket stolen from distressed freight area,

5    "[p]laintiff admitted, however, that he himself talked about the incident inside and outside CF

6    [Consolidated Freightways], trying to garner support.  Plaintiff voluntarily told union employees,

7    including the steward, even though he knew that union employees would likely spread the story."

8    *Gregory v. McDonnell Douglas Corporation* (1976) 17 Cal.3d 596, 600.  Plaintiff Chapple, like

9    Plaintiffs Davis and Gregory in the precedential decisions cited above, cannot hold his employer

10    responsible for "defamation" caused by plaintiff's own enthusiastic disclosures to third parties.

11          **d.    Plaintiff does not allege malice.**

12          Nor does plaintiff allege actual malice or malice in fact, "a state of mind arising from

13    hatred or ill will, evidencing a willingness to vex, annoy or injure another person." Civ. Code §

14    47(c); *Agarwal v. Johnson* (1979) 25 Cal.3d 932, 944.  Plaintiff fails to allege malice with the

15    requisite specificity. *Robomatic, Inc. v. Vetco Offshore* (1990) 225 Cal.App.3d 270, 276 ("plaintiff

16    must allege detailed facts showing defendant's ill will toward him.")  Plaintiff, instead, only

17    alleges boilerplate allegations of malice. Complaint, ¶¶ 16, 27.  Plaintiff's allegations that Scott

18    Sebastian said "I have my watch dogs looking out for me when I am not here." (Complaint, ¶ 12,

19    8:5-6) and he asks plaintiff to do his job (mopping the restroom, cleaning the walls, vacuuming the

20    dining room better) (Complaint, ¶ 12, 10:2-7) facially fail to establish malice on the part of a

21    manager. Complaint, ¶ 7.

22          Malice cannot be inferred from the communication itself (*Noel v. River-Hills Wilsons, Inc.*

23    (2003) 113 Cal.App.4th 1363, 1370), nor has plaintiff alleged any conduct that would establish

24    malice.  Alternatively, plaintiff must allege that the individual making the defamatory statement

25    did not believe the statement was true (*Biggins v. Hanson* (1967) 252 Cal.App.2d 16, 21) but, as

26    noted above, the alleged defamation consisted of reasonable inquiries, not statements of fact, much

27    less defamatory statements of fact.

28

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

2.    **Plaintiff's Defamation Claims Are Subject to the Exclusive Jurisdiction of the Workers' Compensation Appeals Board.**

"Where the conditions of compensation set forth in Section 3600 concur," [9] the Workers' Compensation Appeals Board provides the "exclusive remedy for injury ... of an employee against any other employee of the employer acting within the scope of his or her employment ...." Labor Code §§ 3600, 3601; *Livitsanos v. Superior Court* (1992) 2 Cal.4th 744, 755; *Shoemaker v. Myers* (1990) 52 Cal.3d 1, 25; *Thing v. LaChusa* (1989) 48 Cal.3d 644, 664, 666-667; *Cole v. Fair Oaks Fire Protection District* (1987) 43 Cal.3d 148, 160-161; *B&E Convalescent Center v. State Compensation Insurance Fund* (1992) 8 Cal.App.4th 78, 85. The dispositive factor for finding workers' compensation preemption "is whether the acts complained of were a 'normal part of the employment relationship.' " *Hart v. National Mortgage & Land Co.* (1967) 189 Cal.App.3d 1420, 1429-1430, citations omitted. Drug testing is recognized as a legitimate "normal part of the employment relationship." *Wilkinson v. Times Mirror Corporation* (1989) 215 Cal.App.3d 1034, 1048-1049.

Two readily distinguishable decisions declined to include defamation claims as subject to the exclusive jurisdiction of the Workers' Compensation Appeals Board because, within the context of those cases, the defamation claim sought damages to reputation, rather than physical or mental injury. In *Davaris v. Cubaleski* (1993) 12 Cal.App.4th 1583, 1591, the defamatory statements were made "*after* appellant was terminated and can, by no stretch, be deemed to have occurred in the course and scope of appellant's employment." emphasis added. In addition, the post-employment defamation consisted of calling the plaintiff a "Jew dictator" and falsely accusing her of theft and insurance fraud. Therefore, "defamatory statements which have *no other purpose than to damage an employee's reputation* are neither 'a normal part of the employment relationship' nor a risk of employment within the exclusivity provision of the Workers' Compensation Act." *Davaris v. Cubaleski, supra* at 1586-1587, emphasis added. However, limited on-the-job discussions at ABHOW pertaining to sobriety at work are necessarily job-

[9] Such conditions include "[w]here, at the time of the injury, the employee is performing service growing out of and incidental to his or her employment and is acting within the course and scope of his or her employment." Labor Code § 3600(a)(2).

1  related and fall within the exclusive workers' compensation jurisdiction established by statute and

2  repeatedly observed by precedential decisions.  Defendants' "defamation" also had a legitimate

3  purpose other  than to damage plaintiff's reputation - to maintain a safe community for its

4  residents and employees.[9]

5        One other distinguishable decision found that a defamation claim was not preempted by

6  workers' compensation exclusive jurisdiction.  When Shasta County's sheriff told a newspaper

7  reporter about a deputy sheriff's improper use of force, the deputy sheriff's defamation injury was

8  not one of "those risks to which the fact of employment in the industry exposes the employee."

9  *Howland v. Balma* (1983) 143 Cal.App.3d 899, citation omitted.  Even plaintiff, who literally went

10  out of his way from Grand Lake Gardens to Piedmont Gardens (Complaint, ¶ 12, 8:18-20) to tell

11  more employees about the suspected insobriety, did not seek to splash his story in a newspaper.

12  More to the point, no defendant removed plaintiff's purported defamation claim from workers'

13  compensation jurisdiction by mentioning the suspected misconduct to the press - or anyone outside

14  of the managerial chain of command.[10]

15

16  C.    **Intentional Infliction of Emotional Distress: Asking an Employee to Take a**
        **Breathalyzer Test is Not Actionable as Intentional Infliction of Emotional**
        **Distress, and the Appropriate Jurisdiction Is Workers' Compensation.**

17

18        1.    **Plaintiff Fails to Allege the Requisite Elements for Intentional Infliction**
              **of Emotional Distress.**

19        In order to state a claim for intentional infliction of emotional distress, Plaintiff Chapple

20  must allege:

21        (1) conduct by ABHOW "so extreme and outrageous as to go beyond all possible bounds

22  of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community."

23  (*Alcorn v. Anbro Engineering, Inc.* (1970) 2 Cal.3d 493, 498);

24  _____

25        [9] Nor does Plaintiff Chapple allege that, like the plaintiff in *Davaris*, he was called a "Jew
   dictator" or any other inappropriate epithet.

26

27        [10] To the extent that workers' compensation preemption is determined by the nature of the
   claimed injury - rather than defendants' acts (*Howland v. Balma, supra* at 143 Cal.App.3d 904), plaintiff

28  has failed to allege any unprivileged damage to his reputation.  Instead, he alleges a privileged "common
   interest" from an ABHOW co-worker through the managerial chain of command *and* plaintiff's *self-*
   publication to numerous other employees.

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

1    (2) intention to cause emotional distress or reckless disregard of the substantial certainty of

2    causing emotional distress (*Christensen v. Superior Court (Pasadena Crematorium)* (1991) 54

3    Cal.3d 868, 903);

4    (3) severe emotional suffering; and

5    (4) actual and proximate causation of the alleged emotional distress. *Cole v. Fair Oaks*

6    *Fire Protection District* (1987) 43 Cal.3d 148, 155, n. 7; *Alcorn v. Anbro Engineering, Inc.* (1970)

7    2 Cal.3d 493, 497-499; *Trerice v. Blue Cross of California* (1989) 209 Cal.App.3d 878, 883. As

8    discussed, *infra*, no defendant engaged in "extreme and outrageous" conduct. *Semore v. Pool*

9    (1990) 217 Cal.App.3d 1087, 1104 (pupillary reaction eye test to determine influence of drugs is

10   not "beyond all bounds of decency"). Nor does plaintiff allege "severe emotional suffering."[1/]

11

12         2.      **Plaintiff's Emotional Distress Claims Are Subject to the Exclusive**
13                 **Jurisdiction of the Workers' Compensation Appeals Board.**

14       The Workers' Compensation Appeals Board also maintains jurisdiction over work-related

15   claims for intentional infliction of emotional distress.

16       "An employer's supervisory conduct is inherently 'intentional.' In order to
         properly manage its business, every employer must on occasion review, criticize,
17       demote, transfer, and discipline employees. Employers are necessarily aware
         that their employees will feel distressed by adverse personnel decisions, while
18       employees may consider any such adverse action to be improper and outrageous.
         Indeed, it would be unusual for an employee *not* to suffer emotional distress as
19       a result of an unfavorable decision by his employer .... We have concluded that,
         when the misconduct attributed to the employer is actions which are a normal part
20       of the employment relationship, such as demotions, promotions, **criticism of work**
         **practices**, and frictions in negotiations as to grievances, an employee suffering
21       emotional distress causing disability may not avoid the exclusive remedy provisions
         of the Labor Code by characterizing the employer's decisions as manifestly unfair,
22       outrageous, harassment or intended to cause emotional disturbance resulting in
         disability."

23   *Cole v. Fair Oaks Fire Protection District* (1987) 43 Cal.3d 148, 160, emphasis added.

24       Accordingly, plaintiff's attempt to characterize a workplace grievance as intentional infliction of

25   emotional distress must fail.

26

27
         ─────────────────
         [1/] To the extent that plaintiff's prayer for relief seeks "[m]edical expenses, past and future,"
28   plaintiff further diminishes any argument that the defamation claim might be a claim for damages to
     reputation.

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

D.    **Invasion of Privacy: Asking an Employee to Take A Breathalyzer Test is Not Actionable as an Invasion of Privacy.**

1.    **Plaintiff Fails to Allege the Requisite Elements for Invasion of Privacy.**

In order to maintain a claim for invasion of privacy, plaintiff must allege:

(1) a legally protected privacy interest;

(2) a reasonable expectation of privacy under the circumstances; and

(3) employer conduct constituting an invasion of privacy. *Loder v. City of Glendale* (1997) 14 Cal.4th 846, 890-891; see *Hill v. National Collegiate Athletic Association* (1994) 7 Cal.4th 1, 55. Plaintiff has a privacy interest in not being tested for drugs. *Luck v. Southern Pacific Transportation Company* (1990) 218 Cal.App.3d 1, 19. However, plaintiff waived whatever reasonable expectation of privacy he might have had by indiscriminately publicizing that he was suspected of being under the influence of alcohol at work. Nor does plaintiff allege the third element of his privacy claim because "[t]here is no basis to assume that every time a coemployee learns of discipline imposed on another employee, there will be a violation of the constitutional right of privacy." See *Operating Engineers Local 3 v. Johnson* (2003) 110 Cal.App.4th 180, 192 (lawfulness of announcing an employee's disciplinary action at a managers' meeting depends on content of information and relationship of disciplined employee to recipients of information).

2.    **Defendants' Statements Are Privileged by Code of Civil Procedure Section 47(c)(3).**

The "common interest" privilege of Civil Code section 47(c)(3) also applies to privacy claims. The "statutory restrictions [Code of Civil Procedure section 47] on a cause of action for defamation apply to an alternative theory of invasion of privacy based on the same facts." *Copp v. Paxton* (1996) 45 Cal.App.4th 829, 848 (county emergency services officer lawfully questioned experts' qualifications). Plaintiff Chapple's defamation and privacy claims (as well as the cause of action for intentional infliction of emotional distress) are all based on the same righteous indignation over having his sobriety questioned. For that reason, his privacy claim also is not actionable.

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

3.    **Plaintiff's Privacy Claims Are Subject to the Exclusive Jurisdiction of the Workers' Compensation Appeals Board.**

A claim for invasion of privacy is also subject to the exclusive jurisdiction of the Workers' Compensation Appeals Board. *Operating Engineers Local 3 v. Johnson* (2003) 110 Cal.App.4th 180, 192 (probation officer's announcement at a managers' meeting - including managers with no interest in the disciplinary matter - followed by distribution of meeting minutes to a wider group of disinterested employees was unlawful). "By critically evaluating the sufficiency of the complaints asserting such a violation [invasion of privacy], trial courts should be able to reject at the pleading stage most complaints that attempt to circumvent the exclusivity of the workers compensation scheme by frivolously alleging an invasion of this right." *Id.* Unlike the situation in *Operating Engineers (Johnson)*, ABHOW narrowly circumscribed communications concerning the inquiry concerning plaintiff's sobriety to a limited number of individuals with a "common interest."

**IV.**
**CONCLUSION: THIS COURT CANNOT ACT AS THE OMBUDSMAN FOR PLAINTIFF'S INDIGNATION.**

Plaintiff's sense of having been wronged permeates his pleading. His sense of indignation, however, does not take on the form of legally cognizable claims. To the extent plaintiff may obtain a hearing for his grievances, jurisdiction belongs to the Workers' Compensation Appeals Board (or a union grievance). For that reason, defendants request the court to sustain their demurrer without leave to amend so the aggrieved employee might seek some resolution in the appropriate forum.

LEWIS BRISBOIS BISGAARD & SMITH LLP

Dated: March _9_, 2007        By _____
                                    Gordon J. Fine
                                    Tami F. Essis
                                    Attorneys for American Baptist Homes of the West,
                                    Grand Lake Gardens, Reginald Lyles, Calvin May and
                                    Scott Sebastian

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

**PROOF OF SERVICE**
Chapple v. ABHOW  Case No.: RG 06297059

STATE OF CALIFORNIA, COUNTY OF ALAMEDA

    I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action. My business address is One Sansome Street, 14th Floor.

    On March 12, 2007, I served the following document described as notice of **MEMORANDUM OF POINTS AND AUTHORITIES** on all interested parties in this action by placing [X] a true copy  [ ] the original thereof enclosed in sealed envelopes addressed as follows:

| | |
|---|---|
| Michael C. Cohen, Esq.<br>Law Office of Michael C. Cohen<br>1814 Franklin Street, Suite 900<br>Oakland, CA 94612 | Tele: 510.832.6436 |

[ ]    (BY FACSIMILE) The facsimile machine I used complied with Rule 2003(3) and no error was reported by the machine. Pursuant to Rule 2008(e)(4), I caused the machine to print a record of the transmission.

[X]    (BY MAIL, 1013a, 2015.5 C.C.P.)

    [ ]    I deposited such envelope in the mail at San Francisco, California. The envelope was mailed with postage thereon fully prepaid.

    [X]    I am readily familiar with the firm's practice for collection and processing correspondence for mailing. Under that practice, this document will be deposited with the U.S. Postal Service on this date with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]    (BY OVERNIGHT DELIVERY/COURIER)

    [ ]    I delivered such envelope to an authorized courier or driver authorized by the express service carrier to receive documents in an envelope or package designated by the express service carrier with delivery fees provided for.

    [X]    I deposited such envelope in a box or facility regularly maintained by the express service carrier in an envelope or package designated by the express service carrier with delivery fees provided for.

[ ]    (BY MESSENGER) I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed above and providing them to a messenger for personal service. (A proof of service executed by the messenger will be filed in compliance with the *Code of Civil Procedure*.)

[ ]    (BY PERSONAL SERVICE) I delivered the foregoing envelope by hand to the offices of the addressee.

4828-7012-6081.1

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

1    [ X ]    (STATE)  I declare under penalty of perjury under the laws of the State of California that
2    the above is true and correct.

3    [  ]    (FEDERAL)  I declare that I am employed in the office of a member of the bar of this
     Court at whose direction the service was made.

4    Executed on March 12, 2007, at San Francisco, California.

5

6

7                                                    _____
8                                                    Mary Snowden

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4828-7012-6081.1
───────────────────────────────────────────────
DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEMURRER

1  Gordon J. Fine, SBN 135979
   Tami F. Essis, SBN 245006
2  LEWIS BRISBOIS BISGAARD & SMITH LLP
   One Sansome Street, Suite 1400
3  San Francisco, California 94104
   Telephone: 415.362.2580
4  Facsimile: 415.434.0882

5  Attorneys for AMERICAN BAPTIST HOMES OF THE WEST, GRAND LAKE GARDENS,
   REGINALD LYLES, CALVIN MAY and SCOTT SEBASTIAN

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        COUNTY OF ALAMEDA

10

11  WILLIAM J. CHAPPLE,                    )  Case No.  RG 06297059
                                           )
12              Plaintiff,                 )  [PROPOSED] ORDER GRANTING
                                           )  DEMURRER OF DEFENDANTS
13        v.                               )  AMERICAN BAPTIST HOMES OF THE
                                           )  WEST, GRAND LAKE GARDENS,
14  AMERICAN BAPTIST HOMES OF THE          )  REGINALD LYLES, CALVIN MAY AND
    WEST CORPORATION, aka, AMERICAN        )  SCOTT SEBASTIAN TO PLAINTIFF'S
15  BAPTIST HOMES OF THE WEST, aka,        )  COMPLAINT FOR DAMAGES
    GRAND LAKE GARDENS, CALVIN MAYS,       )
16  SCOTT SEBASTIAN, REGINALD LYLES,       )  Action filed:          November 7, 2006
    DOES THROUGH 10,                       )  Complaint first served: February 13, 2007
17                                         )  Trial date:            not set
                Defendant.                 )
18  _____)  Date of hearing:       April 16, 2007
                                           )  Time of hearing:       9:00 a.m.
19                                            Department:            31
                                              Reservation number:    687748
20
                                              Before the Honorable Winifred Smith
21

22        On April 16, 2007, the demurrer of Defendants American Baptist Homes of the West,

23  Grand Lake Gardens, Reginald Lyles, Calvin May and Scott Sebastian to plaintiff's complaint was

24  heard in Department 31 of the above-entitled court, the Honorable Winifred Smith presiding.

25  Gordon Fine of Lewis Brisbois Bisgaard & Smith, appeared on behalf of the demurring

26  defendants, American Baptist Homes of the West, Grand Lake Gardens, Reginald Lyles, Calvin

27  May and Scott Sebastian.  Michael C. Cohen appeared on behalf of Plaintiff William Chapple.

28

3/12/07

1    The court considered all papers filed in support of, and in opposition to, the demurrer, as

2    well as all statements made at the hearing.  The court sustained the demurrer without leave to

3    amend.

4    IT IS SO ORDERED that the demurrer of Defendants American Baptist Homes of the

5    West, Grand Lake Gardens, Reginald Lyles, Calvin May and Scott Sebastian as to Plaintiff

6    William Chapple's first through seventh causes of action is sustained without leave to amend.

7

8    Dated: _____       _____

                                          Judge of the Superior Court

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

4842-2908-0577.1                                    -2-
                                            [PROPOSED] ORDER

**PROOF OF SERVICE**
Chapple v. ABHOW  Case No.: RG 06297059

STATE OF CALIFORNIA, COUNTY OF ALAMEDA

    I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action. My business address is One Sansome Street, 14th Floor.

    On March 12, 2007, I served the following document described as *[PROPOSED]* **ORDER** on all interested parties in this action by placing [X] a true copy  [ ] the original thereof enclosed in sealed envelopes addressed as follows:

| Michael C. Cohen, Esq.<br>Law Office of Michael C. Cohen<br>1814 Franklin Street, Suite 900<br>Oakland, CA 94612 | Tele: 510.832-6436 |
|---|---|

[ ]    (BY FACSIMILE) The facsimile machine I used complied with Rule 2003(3) and no error was reported by the machine. Pursuant to Rule 2008(e)(4), I caused the machine to print a record of the transmission.

[X]    (BY MAIL, 1013a, 2015.5 C.C.P.)

    [ ]    I deposited such envelope in the mail at San Francisco, California. The envelope was mailed with postage thereon fully prepaid.

    [X]    I am readily familiar with the firm's practice for collection and processing correspondence for mailing. Under that practice, this document will be deposited with the U.S. Postal Service on this date with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]    (BY OVERNIGHT DELIVERY/COURIER)

    [ ]    I delivered such envelope to an authorized courier or driver authorized by the express service carrier to receive documents in an envelope or package designated by the express service carrier with delivery fees provided for.

    [X]    I deposited such envelope in a box or facility regularly maintained by the express service carrier in an envelope or package designated by the express service carrier with delivery fees provided for.

[ ]    (BY MESSENGER) I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed above and providing them to a messenger for personal service. (A proof of service executed by the messenger will be filed in compliance with the *Code of Civil Procedure*.)

[ ]    (BY PERSONAL SERVICE) I delivered the foregoing envelope by hand to the offices of the addressee.

4842-2908-0577.1

LEWIS BRISBOIS BISGAARD & SMITH LLP<br>ONE SANSOME STREET, SUITE 1400<br>SAN FRANCISCO, CALIFORNIA 94104<br>TELEPHONE (415) 362-2580

1   [ X ]   (STATE)  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

2

3   [  ]   (FEDERAL)  I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

4       Executed on March 12, 2007, at San Francisco, California.

5

6

7

8                      Mary Snowden

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

4842-2908-0577.1

# EXHIBIT I

Law Office of Michael C. Cohen
Attn: Cohen, Michael C.
1814 Franklin St., Ste. 900
Oakland, CA   94612-0000

Lewis, Brisbois, Bisgaard & Smith,
LLP
Attn: Fine, Gordon J.
One Sansome Street, Suite 400
14th Floor
San Francisco, CA   94104

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| | |
|---|---|
| Chapple<br><br>                    Plaintiff/Petitioner(s)<br>VS.<br><br>American Baptist Homes Of The West<br>Corporation<br><br><br>                    Defendant/Respondent(s)<br>(Abbreviated Title) | No. RG06297059<br><br><br>NOTICE OF HEARING (AMENDED)<br><br>Civil Law and Motion on 04/16/2007 has been<br>vacated and rescheduled. |

To each party or to the attorney(s) of record for each party herein:

Notice is hereby given that the above entitled action has been set for:

Civil Law and Motion:  Demurrer to Complaint

You are hereby notified to appear at the following Court location on the date and
time noted below:

Civil Law and Motion:
DATE: 05/07/2007   TIME: 02:00 PM   DEPARTMENT: 31
LOCATION: U.S. Post Office Building, Second Floor
                 201 13th Street, Oakland

Dated: 03/12/2007

Executive Officer / Clerk of the Superior Court

By  _____

Deputy Clerk

### CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to
this cause. I served this Notice by placing copies in envelopes addressed as shown hereon and then by
sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the
date stated below, in the United States mail at Alameda County, California, following standard court
practices.

Executed on 03/12/2007.

By  _____

Deputy Clerk

3/12/07

# EXHIBIT J

ENDORSED
FILED
ALAMEDA COUNTY

MAR 1 2 2007

LNeeoT

1  Gordon J. Fine, SBN 135979
   Tami F. Essis, SBN 245006
2  LEWIS BRISBOIS BISGAARD & SMITH LLP
   One Sansome Street, Suite 1400
3  San Francisco, California 94104
   Telephone: 415.362.2580
4  Facsimile: 415.434.0882

5  Attorneys for AMERICAN BAPTIST HOMES OF THE WEST, GRAND LAKE GARDENS,
   REGINALD LYLES, CALVIN MAY and SCOTT SEBASTIAN
6

7

8                 SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                            COUNTY OF ALAMEDA

10

11  WILLIAM J. CHAPPLE,                    ) Case No. RG 06297059
                                          )
12          Plaintiff,                     ) REQUEST FOR STATEMENT OF
                                          ) DAMAGES BY DEFENDANT AMERICAN
13  v.                                     ) BAPTIST HOMES OF THE WEST
                                          )
14  AMERICAN BAPTIST HOMES OF THE          ) Action filed:           November 7, 2006
    WEST CORPORATION, aka, AMERICAN        )
15  BAPTIST HOMES OF THE WEST, aka,        ) Complaint first served:  February 13, 2007
    GRAND LAKE GARDENS, CALVIN MAYS,       )
16  SCOTT SEBASTIAN, REGINALD LYLES,       ) Trial date:             not set
    DOES THROUGH 10,                       )
17                                         )
            Defendant.                     )
18  _____)

19

20  TO PLAINTIFF WILLIAM CHAPPLE AND TO HIS ATTORNEY OF RECORD:

21          Demand is hereby made upon Plaintiff William Chapple, pursuant to the provisions of

22  Code of Civil Procedure section 425.11, to serve upon counsel for Defendant American Baptist

23  Homes of the West, in the above-entitled action, within fifteen (15) days of your receipt hereof, a

24  statement setting forth the nature and amount of damages being sought in the above-entitled action

25  including, but not limited to, the following:

26          1.    "medical expenses and or expenses for mental and emotional counseling

27  proximately caused by Mr. Mays [*sic* May's] defamatory statements about plaintiff" as alleged in

28  the 17th paragraph of the complaint;

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

4846-1928-4225.1                          -1-
                     REQUEST FOR STATMENT OF DAMAGES

3/12/07 F

1       2.     "injury, including emotional distress and or severe emotional distress, and to incur

2   medical expenses; and is reasonably certain to cause plaintiff to suffer damage to his reputation in

3   the future, suffer emotional distress and or severe emotional distress in the future and to lose

4   income and job opportunity in the future and to incur medical expenses in the future" as alleged in

5   the18th and 29th paragraphs of the complaint;

6       3.     "severe emotional distress" as alleged in the 23rd, 35th and 47th paragraphs of the

7   complaint;

8       4.     "medical expenses and or expenses for mental and or emotional counseling

9   proximately caused by Mr. Sebastian's defamatory statements about plaintiff" as alleged in the 28th

10   paragraph of the complaint;

11       5.     "emotional distress, incur[red] medical expenses, past and future" as alleged in the

12   41st and 53rd paragraphs of the complaint;

13       6.     "emotional distress" as alleged in the 47th paragraph of the complaint;

14       7.     "[g]eneral damages, past and future" as requested in the prayer for judgment;

15       8.     "[m]edical expenses, past and future" as requested in the prayer for judgement and;

16       9.     "such further and other relief" as requested in the prayer for judgment.

17

18                         LEWIS BRISBOIS BISGAARD & SMITH LLP

19

20   Dated: March 12, 2007           By

21                            Gordon J. Fine

22                            Tami F. Essis
                                    Attorneys for American Baptist Homes of the West,

23                            Grand Lake Gardens, Reginald Lyles, Calvin May and
                                    Scott Sebastian

24

25

26

27

28

REQUEST FOR STATMENT OF DAMAGES

*LEWIS BRISBOIS BISGAARD & SMITH LLP*
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

**PROOF OF SERVICE**
Chapple v. ABHOW  Case No.: RG 06297059

**STATE OF CALIFORNIA, COUNTY OF ALAMEDA**

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action. My business address is One Sansome Street, 14th Floor.

On March 12, 2007, I served the following document described as notice of **REQUEST FOR STATEMENT OF DAMAGES** on all interested parties in this action by placing [X] a true copy [  ] the original thereof enclosed in sealed envelopes addressed as follows:

| | |
|---|---|
| Michael C. Cohen, Esq.<br>Law Office of Michael C. Cohen<br>1814 Franklin Street, Suite 900<br>Oakland, CA 94612 | Tele: 510.832.6436 |

[ ]     (BY FACSIMILE)  The facsimile machine I used complied with Rule 2003(3) and no error was reported by the machine. Pursuant to Rule 2008(e)(4), I caused the machine to print a record of the transmission.

[X]     (BY MAIL, 1013a, 2015.5 C.C.P.)

[  ]     I deposited such envelope in the mail at San Francisco, California. The envelope was mailed with postage thereon fully prepaid.

[X]     I am readily familiar with the firm's practice for collection and processing correspondence for mailing. Under that practice, this document will be deposited with the U.S. Postal Service on this date with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]     (BY OVERNIGHT DELIVERY/COURIER)

[  ]     I delivered such envelope to an authorized courier or driver authorized by the express service carrier to receive documents in an envelope or package designated by the express service carrier with delivery fees provided for.

[X]     I deposited such envelope in a box or facility regularly maintained by the express service carrier in an envelope or package designated by the express service carrier with delivery fees provided for.

[ ]     (BY MESSENGER)  I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed above and providing them to a messenger for personal service. (A proof of service executed by the messenger will be filed in compliance with the *Code of Civil Procedure*.)

[ ]     (BY PERSONAL SERVICE)  I delivered the foregoing envelope by hand to the offices of the addressee.

4846-1928-4225.1

REQUEST FOR STATMENT OF DAMAGES

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

[ X ]    (STATE)  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[  ]    (FEDERAL)  I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on March 12, 2007, at San Francisco, California.


_Mary Snowden_
Mary Snowden

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

4846-1928-4225.1

REQUEST FOR STATMENT OF DAMAGES