**EXHIBIT K**

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name,* number, and
*address):*
Michael C. Cohen, Esq.                    65487
LAW OFFICES OF MICHAEL C. COHEN
1814 Franklin Street, Suite 900
Oakland, CA 94612
TELEPHONE NO.: 510-832-6436    FAX NO.*(Optional):* 510-832-6439
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):*  William Chapple

FOR COU...
*5524442*

FILED
ALAMEDA COUNTY

07 MAR 26  AM 10: 23

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   ALAMEDA
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME: Northern

PLAINTIFF/PETITIONER:  WILLIAM CHAPPLE

DEFENDANT/RESPONDENT: AMERICAN BAPTIST HOMES OF THE
WEST CORPORATION, aka AMERICAN BAPTIST HOMES OF

| CASE MANAGEMENT STATEMENT | | CASE NUMBER: |
|---|---|---|
| (Check one): [X] UNLIMITED CASE<br>(Amount demanded<br>exceeds $25,000) | [ ] LIMITED CASE<br>(Amount demanded is $25,000<br>or less) | RG 06297059 |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:
Date: March 28, 2007    Time: 9:00 a.m    Dept.: 109    Div.: Civil    Room:
Address of court *(if different from the address above):*
661 Washington Street
Oakland, CA

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one)* :
   a. [X] This statement is submitted by party *(name)*:  William Chapple
   b. [ ] This statement is submitted jointly by parties *(names)* :

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date)* : 11/07/2006
   b. [ ] The cross-complaint, if any, was filed on *(date)* :

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. [X] All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. [ ] The following parties named in the complaint or cross-complaint
      (1) [ ] have not been served *(specify names and explain why not)* :
      (2) [ ] have been served but have not appeared and have not been dismissed *(specify names)* :
      (3) [ ] have had a default entered against them *(specify names)* :
   c. [ ] The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served)* :

4. **Description of case**
   a. Type of case in  [X] complaint   [ ] cross-complaint    *(describe, including causes of action)*:
      Defamation of Character, Intentional Infliction of Emotional
      Distress, Invasion of Privacy

Page 1 of 4

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. January 1, 2005]
*Martin Dean's Essential Forms* ™

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rule 212

Chapple v. American Baptist Home

| PLAINTIFF/PETITIONER: William Chapple | NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | RG06297059 |

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

Plaintiff is claiming damages for injury to his reputation, emotional distress damages, and medical expenses for defamatory statement published by defendants.

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**
The party or parties request    ☒ a jury trial    ☐ a nonjury trial *(if more than one party, provide the name of each party requesting a jury trial)* :

6. **Trial date**
a. ☐ The trial has been set for *(date)* :
b. ☒ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain)* :

c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability)* :

7. **Estimated length of trial**
The party or parties estimate that the trial will take *(check one)* :
a. ☐ days *(specify number)* :    7
b. ☐ hours (short causes) *(specify)* :

8. **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial    ☐ by the attorney or party listed in the caption    ☐ by the following:
a. Attorney:
b. Firm:
c. Address:
d. Telephone number:
e. Fax number:
f. E-mail address:
g. Party represented:
☐ Additional representation is described in Attachment 8.

9. **Preference**
☐ This case is entitled to preference *(specify code section)* :

10. **Alternative Dispute Resolution (ADR)**
a. Counsel    ☒ has    ☐ has not    provided the ADR information package identified in rule 201.9 to the client and has reviewed ADR options with the client.
b. ☐ All parties have agreed to a form of ADR. ADR will be completed by *(date)* :
c. ☐ The case has gone to an ADR process *(indicate status)* :

Chapple v. American Baptist Home

| PLAINTIFF/PETITIONER: Willia Chapple | NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: American Baptist Homes of the West | 06297059 |

10. d.    The party or parties are willing to participate in (check all that apply):
    (1)  ☒ Mediation
    (2)  ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 1612)
    (3)  ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 1612)
    (4)  ☐ Binding judicial arbitration
    (5)  ☐ Binding private arbitration
    (6)  ☐ Neutral case evaluation
    (7)  ☐ Other (specify):

    e.  ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit
    f.  ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
    g.  ☐ This case is exempt from judicial arbitration under rule 1601(b) of the California Rules of Court (specify exemption):

11. Settlement conference
    ☐ The party or parties are willing to participate in an early settlement conference (specify when):

12. Insurance
    a.  ☐ Insurance carrier, if any, for party filing this statement (name):
    b.  Reservation of rights:    ☐ Yes    ☐ No
    c.  ☐ Coverage issues will significantly affect resolution of this case (explain):

13. Jurisdiction
    Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.
    ☐ Bankruptcy    ☐ Other (specify):
    Status:

14. Related cases, consolidation, and coordination
    a.  ☐ There are companion, underlying, or related cases.
        (1)  Name of case:
        (2)  Name of court:
        (3)  Case number:
        (4)  Status:
        ☐ Additional cases are described in Attachment 14a.
    b.  ☐ A motion to    ☐ consolidate    ☐ coordinate    will be filed by (name party):

15. Bifurcation
    ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action (specify moving party, type of motion, and reasons):

16. Other motions
    ☒ The party or parties expect to file the following motions before trial (specify moving party, type of motion, and issues):
    Plaintiff will request leave to amend complaint to supplement
    complaint with allegations occurring after his complaint was filed;
    to add cause of actions for employment discrimination based on race.

**CASE MANAGEMENT STATEMENT**

PLAINTIFF/PETITIONER: Willia Chapple

DEFENDANT/RESPONDENT: American Baptist Homes of the West

NUMBER: ∧306297059

**17. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

| Party | Description | Date |
|-------|-------------|------|
| Plaintiff | Interrogatories | June 30, 2007 |
| Plaintiff | Document Requests | July 30, 2007 |
| Plaintiff | Depositions | Sept. 30, 2007 |

c. ☐ The following discovery issues are anticipated *(specify)*:

**18. Economic Litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case)*:

**19. Other Issues**

☒ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify)*:   Defendants' filed a demurrer to the complaint. The hearing on their demurrer is set for April 16, 2007.

**20. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 212 of the California Rules of Court *(if not, explain)*:

b. After meeting and conferring as required by rule 212 of the California Rules of Court, the parties agree on the following *(specify)*:

**21. Case management orders**

Previous case management orders in this case are *(check one)*:   ☒ none    ☐ attached as Attachment 21.

**22. Total number of pages attached *(if any)*:** _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: March 25, 2007

Michael C. Cohen
(TYPE OR PRINT NAME)
► _____ (SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)
► _____ (SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached

**PROOF OF SERVICE**

I, Michael C. Cohen, declare that:

I am employed in the County of Alameda, City of Oakland, California. I am over the age of 18 years and not a party to the within cause; my business address is 1814 Franklin Street, Suite 900, Oakland, California 94612.

On March 26, 2007 I served the attached:

**Case Management Conference Statement; re: William J. Chapple v. American Baptist Homes of the West Corporation, aka American Baptist Homes of the West, et al.,** Alameda County Superior Court No. RG06297059

on the interested parties in said action, by placing true copy thereof as indicated below as follows:

Gordon J. Fine
Tami F. Essis
LEWIS BRISBOIS BISGAARD & SMITH LLP
One Sansome Street, Suite 1400
San Francisco, CA 94104

Fax. No. 415-434-0882

[xx] **BY MAIL:** I caused such envelope with postage thereon fully prepaid to be placed in the United States mail, in the City of Oakland, California.

[ ] **BY PERSONAL SERVICE:** I caused such envelope to be delivered by hand on the office(s) of the address(es).

[ ] **BY FEDERAL EXPRESS:** I caused such envelope to be delivered to Federal Express for overnight courier service to the office(s) of the addressee(s).

[xx] **BY FACSIMILE:** I caused a copy of such document to be sent via facsimile transmission to the office(s) of the addressee(s).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this Proof of Service was executed in Oakland, California, on March 26, 2007.

Michael C. Cohen

# EXHIBIT L

Mar-27-2007 08:48am To-1510273885_    From-LEWIS BRISBOIS BISGAARD & SMI⟩    T-746 P.003/007 F-284

**CM-110**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Gordon J. Fine SBN 135979; Tami F.Essis SBN 24500<br>Lewis Brisbois Bisgaard & Smith<br>One Sansome Street, Suite 1400<br>San Francisco, CA 94104 | ENDORSED<br>FILED<br>ALAMEDA COUNTY |

TELEPHONE NO.: 415/362-2580    FAX NO. *(Optional):* 415/434-0992
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):* American Baptist Homes of the West

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME:

PLAINTIFF/PETITIONER: William Chapple

DEFENDANT/RESPONDENT: American Baptist Homes of the West,
et al

MAR 2 7 2007

CLERK OF THE SUPERIOR COURT

By ⟨MRS PHILLIPS⟩    Deputy

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| (Check one): [X] UNLIMITED CASE    [ ] LIMITED CASE | RG 06297059 |
|     (Amount demanded     (Amount demanded is $25,000<br>    exceeds $26,000)     or less) | |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date: March 28, 2007    Time: 9:00 a.m.    Dept: 109    Div.: Civil    Room:
Address of court *(if different from the address above):*
661 Washington Street, Oakland, CA

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. [X] This statement is submitted by party *(name):* Grand Lake Gardens/Reginald Lyles/Calvin May/Scott Sebastian
   b. [ ] This statement is submitted jointly by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):* November 7, 2007
   b. [ ] The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. [ ] All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. [ ] The following parties named in the complaint or cross-complaint
      (1) [ ] have not been served *(specify names and explain why not):*
      (2) [ ] have been served but have not appeared and have not been dismissed *(specify names):*
      (3) [ ] have had a default entered against them *(specify names):*
   c. [ ] The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served):*

4. **Description of case**
   a. Type of case in [X] complaint [ ] cross-complaint *(describe, including causes of action):*
      Defamation of character, intentional infliction of emotional distress,
      invasion of privacy

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. January 1, 2007]

**CASE MANAGEMENT STATEMENT**

Legal
Solutions
& Plus

Cal. Rules of Court,
rules 3.720-3.730

3/27/07 F

CM-110

| PLAINTIFF/PETITIONER: William Chapple | CASE NUMBER: |
| DEFENDANT/RESPONDENT: American Baptist Homes of the West, et al | RG 06297059 |

4.  b.   Provide a brief statement of the case, including any damages. (If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)

Plaintiff is suing his employer because he was asked to take an alcohol breathalyzer test. As presented in defendants' pending demurrer, the face of the complaint establishes plaintiff's failure to allege legally cognizable claims and the jurisdiction of the Workers' Compensation Appeals Board.

☐   (If more space is needed, check this box and attach a page designated as Attachment 4b.)

5.   **Jury or nonjury trial**
The party or parties request ☒ a jury trial ☐ a nonjury trial    (if more than one party, provide the name of each party requesting a jury trial):

6.   **Trial date**
a.  ☐   The trial has been set for (date):
b.  ☒   No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint (if not, explain):

c.   Dates on which parties or attorneys will not be available for trial (specify dates and explain reasons for unavailability):

7.   **Estimated length of trial**
The party or parties estimate that the trial will take (check one):
a.  ☒   days (specify number): 5
b.  ☐   hours (short causes) (specify):

8.   **Trial representation** (to be answered for each party)
The party or parties will be represented at trial   ☒ by the attorney or party listed in the caption ☐   by the following:
a.   Attorney:
b.   Firm:
c.   Address:
d.   Telephone number:
e.   Fax number:
f.   E-mail address:
g.   Party represented:
☐   Additional representation is described in Attachment 8.

9.   **Preference**
☐   This case is entitled to preference (specify code section):

10.  **Alternative Dispute Resolution (ADR)**
a.   Counsel ☒ has ☐ has not    provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.
b.  ☐   All parties have agreed to a form of ADR. ADR will be completed by (date):
c.  ☐   The case has gone to an ADR process (indicate status):

CM-110

| PLAINTIFF/PETITIONER: William Chapple | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:American Baptist Homes of the West, et al | RG 06297059 |

10. d.   The party or parties are willing to participate in *(check all that apply)*:
   (1) [X]   Mediation
   (2) [ ]   Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)
   (3) [ ]   Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)
   (4) [ ]   Binding judicial arbitration
   (5) [ ]   Binding private arbitration
   (6) [ ]   Neutral case evaluation
   (7) [ ]   Other *(specify):*

   e. [ ]   This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.
   f. [ ]   Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
   g. [ ]   This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court *(specify exemption):*

**11. Settlement conference**
   [ ]   The party or parties are willing to participate in an early settlement conference *(specify when):*

**12. Insurance**
   a. [ ]   Insurance carrier, if any, for party filing this statement *(name):*   not known at this time
   b.   Reservation of rights:   [ ] Yes   [ ] No
   c. [ ]   Coverage issues will significantly affect resolution of this case *(explain):*

**13. Jurisdiction**
   Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.
   [ ] Bankruptcy   [X] Other *(specify):* Plaintiff's claims are subject to jurisdiction of the State:

**14. Related cases, consolidation, and coordination**
   a. [ ]   There are companion, underlying, or related cases.
      (1)   Name of case:
      (2)   Name of court:
      (3)   Case number:
      (4)   Status:
      [ ]   Additional cases are described in Attachment 14a.
   b. [ ]   A motion to   [ ] consolidate   [ ] coordinate   will be filed by *(name party):*

**15. Bifurcation**
   [ ]   The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**16. Other motions**
   [X]   The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*
      Summary Judgment

**CM-110**

| PLAINTIFF/PETITIONER: William Chapple | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: American Baptist Homes of the West, et al | RG 06297059 |

**17. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☒ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

| Party | Description | Date |
|---|---|---|
| Defendant | form interrogatories | pending |
| Defendant | request for statement of damages | pending |
| Defendant | special interrogatories | July 2007 |
| Defendant | document requests | July 2007 |
| Defendant | plaintiff's deposition | September 2007 |

c. ☐ The following discovery issues are anticipated *(specify)*:

**18. Economic Litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case)*:

**19. Other Issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify)*: Defendants' demurrer is set for May 7, 2007.

**20. Meet and confer**

a. ☒ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain)*:

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify)*:

**21. Case management orders**

Previous case management orders in this case are *(check one)*: ☐ none ☐ attached as Attachment 21.

**22. Total number of pages attached *(if any)*:** _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: March 26, 2007

Gordon J. Fine
_____        ▶ _____
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY)

_____        ▶ _____
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached

**PROOF OF SERVICE**
Chapple v. ABHOW  Case No.: RG 06297059

STATE OF CALIFORNIA, COUNTY OF ALAMEDA

    I am employed in the County of San Francisco, State of California.  I am over the age of 18 and not a party to the within action.  My business address is One Sansome Street, 14th Floor.

    On March 26, 2007, I served the following document described as Case Management Statement on all interested parties in this action by placing [X] a true copy  [  ] the original thereof enclosed in sealed envelopes addressed as follows:

| Michael C. Cohen, Esq.<br>Law Office of Michael C. Cohen<br>1814 Franklin Street, Suite 900<br>Oakland, CA 94612 | Tele: 510.832-6436 |
| --- | --- |

[X]    (BY MAIL, 1013a, 2015.5 C.C.P.)

    [  ]    I deposited such envelope in the mail at San Francisco, California.  The envelope was mailed with postage thereon fully prepaid.

    [X]    I am readily familiar with the firm's practice for collection and processing correspondence for mailing.  Under that practice, this document will be deposited with the U.S. Postal Service on this date with postage thereon fully prepaid at San Francisco, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[X]    (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[  ]    (FEDERAL) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

    Executed on March 26, 2007, at San Francisco, California.

Mary Snowden

LEWIS BRISBOIS BISGAARD & SMITH LLP<br>ONE SANSOME STREET, SUITE 1400<br>SAN FRANCISCO, CALIFORNIA 94104<br>TELEPHONE (415) 362-2580

4835-5334-0929.1

**EXHIBIT M**



1 | Michael C. Cohen, Esq., Bar No. 65487
   **LAW OFFICES OF MICHAEL C. COHEN**
2 | 1814 Franklin Street, Suite 900
   Oakland, CA 94612
3 | (510) 832-6436
   Attorney for Plaintiff,
4 | William J. Chapple

F I L E D
ALAMEDA COUNTY

MAR 2 7 2007

CLERK OF THE SUPERIOR COURT
By_____ Deputy

5 |
6 |
7 |
8 |    IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
9 |       IN AND FOR THE COUNTY OF ALAMEDA
10 |
11 |
12 | WILLIAM J. CHAPPLE              No. RG 06297059
13 |          Plaintiff,            Action filed   : 11/7/2006
                                    Complaint served: 2/13/2007
14 | vs.                            Trial date: None set
     AMERICAN BAPTIST HOMES OF THE
15 | WEST CORPORATION, aka,         MEMORANDUM OF POINTS &
     AMERICAN BAPTIST HOMES OF THE  AUTHORITIES IN OPPOSITION TO
16 | WEST, aka GRAND LAKE GARDENS,   DEMURRER TO PLAINTIFF'S
     CALVIN MAYS, SCOTT SEBASTIAN,  COMPLAINT
17 | REGINALD LYLES, DOES 1
     THROUGH 10,                    Date of hearing: April 16,
18 |                                2007
                                    Time of hearing: 9:00 a.m.
19 |          Defendants.           Dept.          : 31
     _____/       Reservation No.: 687748
20 |
21 |
22 |     Plaintiff hereby opposes the demurrer to complaint filed on
23 | behalf of defendants American Baptist Homes of the West, Grand
24 | Lake Gardens, Reginald Lyles, Calvin May and Scott Sebastian.
25 |     Defendants contend that the court lacks jurisdiction to hear
26 | plaintiff's claims for Defamation of Character, Intentional
27 | Infliction of Emotional Distress and Invasion of Privacy because
28 | Memo. of pts. & Auth.        -1-

1  plaintiff's exclusive remedy is to bring a workers' compensation

2  claim. Defendants also contend that the allegations of

3  plaintiff's complaint are insufficient to state a cause of action

4  against any of them for Defamation, Intentional Infliction of

5  Emotional Distress and Invasion of Privacy.

6       Prior to Plaintiff filing his complaint herein, he filed a

7  complaint with the Equal Employment Opportunity Commission,

8  (hereinafter referred to as EEOC) and a complaint with the

9  Department of Fair Employment & Housing, (hereinafter referred to

10  as DFEH)against defendants alleging discrimination and or

11  harassment based on race for the actions complained about in

12  plaintiff's complaint before the court. Plaintiff received a

13  Right To Sue Letter for his discrimination/harassment charges

14  after his complaint herein was filed with the court.

15       Plaintiff requests leave of court to supplement his

16  complaint with allegations that the defendants were motivated by

17  race in doing the acts complained about, and to allege a cause of

18  action for violation of Government Code Section 12940, et seq.

19  and violation of Title VII of the Civil Rights Act of 1964, as

20  amended.

21       Plaintiff dismissed defendant, Reginald Lyles from the

22  lawsuit herein, prior to the date defendants filed their demurrer

23  to plaintiff's complaint.

24       **PLAINTIFF'S FIRST CAUSE OF ACTION STATES A CAUSE OF ACTION
         FOR DEFAMATION AGAINST CALVIN MAYS.**

25

26       Plaintiff's first cause of action states a cause of action

     for defamation against Calvin May. (defendant, Calvin May is

27

28  Memo. of pts. & Auth.            -2-

1  incorrectly referred to as Calvin Mays in plaintiff's complaint.)

2      Civil Code §46 provides that Slander is a false and

3  unprivileged publication, orally uttered, and also communications

4  by radio or any mechanical or other means which:

5      1.  Charges any person with crime, or with having been

6  indicted, convicted or punished for crime;

7      2.  Imputes in him the present existence of an infectious,

8  contagious, or loathsome disease;

9      3.  Tends directly to injure him in respect to his office,

10  profession, trade or business, either by imputing to him general

11  disqualification in those respects which the office or other

12  occupation peculiarly requires, or by imputing something with

13  reference to his office, profession, trade, or business that has

14  a natural tendency to lessen its profits;

15      4.  Imputes to him impotence or a want of chastity; or

16      5.  Which, by natural consequence, causes actual damage.

17      Plaintiff's allegations in his complaint state a cause of

18  action against defendant May for Defamation of Character.

19  Plaintiff is employed as a janitor by American Baptist Homes of

20  the West, aka Grand Lake Gardens to do perform janitorial work.

21  He must come to work sober in order to do his job.  Falsely

22  accusing him of coming to work drunk violates CC §46(3)(5). It

23  "imputes something with reference to his trade that has a natural

24  tendency to lessen its profits". Also, "by natural consequence,

25  causes actual damage.  Plaintiff was forced by his employer to

26  undergo a breathalyser test, he sustained mental and emotional

27

28  Memo. of pts. & Auth.            -3-

1  distress and incurred medical expenses for treatment of his

2  condition caused by defendant, May's defamatory statements.

3      Plaintiff, to prevail on his cause of action for defamation

4  against defendant, May needs to prove:

5      1.   That defendant, May stated that plaintiff was drunk at

6  work to a person other than plaintiff;

7      2.   That the person reasonably understood that the

8  statement was about plaintiff;

9      3.   That the person reasonably understood the statement to

10 mean that plaintiff was drunk on the job;

11     4.   That the statement was false;

12     5.   That defendant, May failed to use reasonable care to

13 determine the truth or falsity of the statements.

14     See CACI 1702; <u>Smith v. Maldonado</u> (1999) 72 Cal. App. 4th

15 637, 645 [85 Cal Rptr. 2d 397]

16     Plaintiff's complaint already includes the following

17 allegations at paragraph 6: "Calvin May was an employee of

18 American Baptist Homes of the West Corporation, aka American

19 Baptist Homes, working at Grand Lake Gardens 'but not acting in

20 the course and scope of such employment when doing the acts

21 complained about herein.'"

22     At paragraph 16 plaintiff alleges:  "Calvin Mays published

23 the false statement about plaintiff maliciously.  Mr. Mays knew

24 or should have known the statement was false when he published

25 the statement about plaintiff.  He knew or should have known that

26 he did not have sufficient information to know if the statement

27

28 Memo. of pts. & Auth.          -4-

1 | was true or false when published the statement about plaintiff.

2 | He published the statement about plaintiff with a reckless

3 | disregard to whether the statement was true or false.

4 | Defendant, May did not have a qualified privilege to falsely

5 | state that plaintiff was drunk on the job to Scott Sebastian,

6 | pursuant to Civil Code §47c.  Defendant has the burden of proving

7 | that an allegedly defamatory statement falls within the scope of

8 | common-interest privilege. Lundquist v. Reusser, (1994) 7 Cal.

9 | 4th 1193, 1203.  Defendant, May was not acting in the course and

10 | scope of his job, nor was his job position with defendant

11 | American Baptist Homes of the West such that his false statement

12 | to defendant, Sebastian that plaintiff was "drunk" on the job was

13 | of common concern to defendant May.  Neither defendant, May nor

14 | defendant, Sebastian were plaintiff's immediate supervisor.

15 | Assuming defendant, May had a "qualified privilege" to make

16 | the false statement about plaintiff, pursuant to Civil Code §47c.

17 | Civil Code §47c creates a conditional privilege.  The privilege

18 | does not authorize defendant, May to publish a false statement

19 | about plaintiff, with malice.  Plaintiff's complaint alleges that

20 | defendant, May published the false statement about plaintiff,

21 | "with malice".  If malice is shown, the privilege is not merely

22 | overcome it never arises in the first instance.  Brown v. Kelly

23 | Broadcasting, Co., (1989) 49 Cal. 3d 711, 723.

24 | Plaintiff hereby requests leave of court to add the

25 | following allegations to his complaint, if the court deems it

26 | necessary: "Plaintiff published the false "unprivileged"

27 |

28 | Memo. of pts. & Auth.                    -5-

1  statement about plaintiff, to a third person, with malice.  The
2  third person(s) heard and understood the false statement to be
3  about plaintiff, and also, at the time defendant, May published
4  the false statement about plaintiff he knew the statement was
5  false.  Defendant, May published his false statement about
6  plaintiff maliciously because of his hatred or ill will toward
7  plaintiff."

8      Defendant, May's, statement that plaintiff was drunk on the
9  job is a statement of fact, not opinion.  A statement of fact is
10  a statement that can be proved to be true or false.  An opinion
11  may be considered a statement of fact if the opinion suggest that
12  facts exist.  In deciding this issue the court should consider
13  whether the average listener would conclude from the language of
14  the statement and its context that defendant, May was making a
15  statement of fact.  If the court concludes the statement could
16  reasonably be construed as either fact or opinion, the issue
17  should be resolved by a jury.  Campanelli v. Regents of
18  University of California, (1996) 44 Cal. App. 4th 434.

19      Plaintiff's claim for defamation against defendant, May is
20  not subject to the Exclusive remedy rule of Labor Code
21  §§ 3600,3601, as is contended by defendants in their demurrer to
22  plaintiff's complaint.  Defaming plaintiff's character by falsely
23  accusing him of being drunk on the job, with malice, is not
24  reasonably contemplated by the parties as being part of the job.
25  Plaintiff, in his complaint alleges that defendant, May was not
26  acting in the course and scope of his employment at the time he
27
28  Memo. of pts. & Auth.            -6-

1  published his defamatory statement about plaintiff.

2      Plaintiff contends that defendant, May arbitrarily, falsely

3  published to defendant, Sebastian that plaintiff was drunk on

4  plaintiff's job.  And he further contends that defendant, May

5  knew the statement about plaintiff was false when defendant, May

6  published the statement to defendant, Sebastian.  Further, that

7  defendant, May made the statement for the purpose of damaging

8  plaintiff's reputation on the job, because of defendant, May's

9  ill will and hatred toward plaintiff.  Plaintiff is seeking to

10  recover damages from defendant, May because of damage to his

11  reputation on the job, and his emotional distress and medical

12  expenses incurred.

13  **PLAINTIFF'S SECOND CAUSE OF ACTION STATES A CAUSE OF ACTION
    FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST**

14  **DEFENDANT, MAYS.**

15      Plaintiff contends that defendant, May arbitrarily, with a

16  reckless disregard, falsely told defendant Sebastian that

17  plaintiff was drunk while on the job.  Defendant, May knew the

18  statement was false when made the statement to defendant,

19  Sebastian.  He made the statement to defendant, Sebastian with

20  malice, because of ill will toward plaintiff and for the purpose

21  of causing plaintiff to suffer severe emotional distress.

22  Plaintiff suffered severe emotional distress because of

23  defendant, May's conduct.  Defendant, May's conduct was

24  outrageous.

25  **PLAINTIFF'S THIRD CAUSE OF ACTION STATES A CAUSE OF ACTION
    FOR DEFAMATION AGAINST AMERICAN BAPTIST HOMES OF THE WEST,**

26  **aka GRAND LAKE GARDENS**

27

28  Memo. of pts. & Auth.            -7-

1    Plaintiff contends that defendant, Scott Sebastian was a

2  managerial employee of defendants American Baptist Homes of the

3  West, aka Grand Lake Gardens, and acting in the course and scope

4  of his employment when he did the acts complained about.

5  Defendant Sebastian published false statements about plaintiff

6  arbitrarily, and with a reckless disregard to plaintiff's rights.

7  Defendant, Sebastian acted with malice when he state to Donald

8  Mack, and to Reginald Lyles that plaintiff was drunk while on the

9  job.  Defendant, Sebastian knew his statement about plaintiff was

10  false when made the statement to Mr. Lyles.  He Published the

11  statement to Mr. Mack and to Mr. Lyles, with malice, because of

12  his ill will toward plaintiff, and for the purpose of causing

13  plaintiff to suffer damage to his reputation on the job and

14  suffer emotional distress and severe emotional distress.

15  Plaintiff's reputation on the job was damaged and plaintiff

16  suffered emotional distress because of defendant, Sebastian's

17  false statement about him.  Also, defendant, Sebastian falsely

18  accused plaintiff of being drunk on the job, called plaintiff

19  sick and in need of help, in a manner and volume so as to cause

20  plaintiff's co-employees to hear him falsely accuse plaintiff of

21  being drunk on the job, sick and in need of help.

22    Plaintiff alleges at Paragraph 12, page 7:1-13; 21-26, that

23  defendant, Sebastian said to plaintiff, "'you were drunk and

24  you're drunk now.'  I smell alcohol on you now and throughout the

25  building.  One of your co-workers told me that you came to work

26  drunk and you're still drunk and I want to help you.'  Plaintiff

27

28  Memo. of pts. & Auth.              -8-

1  told Mr. Sebastian that he was not drunk and had not been

2  drinking any alcohol.  Mr. Sebastian continued telling plaintiff

3  that plaintiff was sick and that he wanted to help plaintiff and

4  asked plaintiff to fill out some forms and sign them and go and

5  take a breath test for alcohol.

6      Mr. Sebastian persisted in telling plaintiff that plaintiff

7  was sick and that he wanted to help plaintiff and that he wanted

8  plaintiff to fill out and sign these forms and go and take a

9  breath test for alcohol at Concentra Medical Center.  He told

10  plaintiff that he would make the appointment for plaintiff.

11  Plaintiff told Mr. Sebastian that he would not sign the forms

12  because he was not drunk and that he had not been drinking

13  alcohol.  Mr. Sebastian threatened to fire plaintiff or other

14  disciplinary action if plaintiff refused his orders.

15      Plaintiff asked to speak to Sid Ward, Director of Facilities

16  and Executive Director Reginald Lyles.  Mr. Sebastian stated to

17  plaintiff that he did not care who plaintiff spoke to.  Plaintiff

18  made no further protest and followed Mr. Sebastian out of his

19  office.  **Plaintiff's co-workers were outside of Mr. Sebastian's**

20  **office and were looking at plaintiff with their heads bowed down.**

21  Plaintiff was embarrassed and felt his character had been

22  impugned and violated and his intelligence insulted."

23      Plaintiff is informed and believes that his co-workers heard

24  and understood defendant, Sebastian's false statements that

25  plaintiff was drunk on the job and that plaintiff was sick and in

26  need of help because of his being an alcoholic.

27

28  Memo. of pts. & Auth.          -9-

1    Plaintiff requests leave of court to add the following

2   additional allegation, if the court deems it to be necessary:

3   "Plaintiff published the false "unprivileged" statement about

4   plaintiff, to a third person, with malice.  The third person(s)

5   heard and understood the false statement to be about plaintiff,

6   and also, at the time defendant, Sebastian published the false

7   statement about plaintiff he knew the statement was false.

8   Defendant, Sebastian published his false statement about

9   plaintiff maliciously because of his hatred or ill will toward

10   plaintiff."

11       **PLAINTIFF'S FOURTH CAUSE OF ACTION STATES A CAUSE OF ACTION
        FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST**

12       **SCOTT SEBASTIAN AND AMERICAN BAPTIST HOMES OF THE WEST, AKA
        GRAND LAKE GARDENS.**

13

14   Defendant, Sebastian falsely accused plaintiff of being

15   drunk on the job and of being sick and needing help.  He demanded

16   that plaintiff submit to a breathalyser to determine if plaintiff

17   was drunk on the job.  Defendant, Sebastian knew plaintiff was

18   not drunk on the job when he falsely accused plaintiff of being

19   drunk on the job and when he published to plaintiff's supervisor

20   and to plaintiff's employer that plaintiff was drunk on the job.

21   He published the false statements about plaintiff with malice,

22   because of ill will toward plaintiff.  Plaintiff is informed and

23   believes that he published the false statements about plaintiff

24   to harass plaintiff because of plaintiff's race.  Plaintiff is an

25   African American and defendant, defendant, Sebastian is a

26   Caucasian.  Defendant, Sebastian, prior to falsely accusing

27   plaintiff of being drunk on the job and demanding that plaintiff

28   Memo. of pts. & Auth.              -10-

1  submit to a breathalyser also harassed plaintiff on the job

2  because of plaintiff's race by doing the following: he would look

3  at plaintiff with a smile and tell plaintiff to mop out the

4  restroom before plaintiff went home.  Every time plaintiff would

5  take off from work to go to the doctor, defendant Sebastian

6  wanted plaintiff's supervisor to write plaintiff up.  Defendant,

7  Sebastian would seek out plaintiff to tell plaintiff to clean up

8  the walls, vacuum the dining room much better than the way

9  plaintiff had been doing it, etc.  Plaintiff is informed and

10 believes that defendant, Sebastian tried to convince some of

11 plaintiff's co-employees to say that plaintiff came to work

12 drunk.  Plaintiff is informed and believes that defendant,

13 Sebastian had also harassed and or discriminated against other

14 African American employees on the job, because of their race,

15 prior to his alleged wrongful conduct in plaintiff's complaint.

16 Defendant's conduct caused plaintiff to suffer severe emotional

17 distress and to incur medical expenses.

18     **PLAINTIFF'S FIFTH CAUSE OF ACTION STATES A CAUSE OF ACTION
       FOR INVASION OF PRIVACY AGAINST SCOTT SEBASTIAN AND AMERICAN
19     BAPTIST HOMES OF THE WEST, AKA GRAND LAKE GARDENS.**

20     Scott Sebastian's false accusation that plaintiff was drunk

21 on the job, was a public disclosure of private facts, and also

22 the statements publicly placed plaintiff in a false light.

23 Defendant, Sebastian allegedly acted with malice, with ill will

24 toward plaintiff, for the purpose of causing plaintiff to suffer

25 emotional distress.  His conduct caused plaintiff to suffer

26 emotional distress.

27

28 Memo. of pts. & Auth.           -11-

1    Plaintiff contends that Scott Sebastian was a managerial

2  employee of American Baptist Homes of The West, aka Grand Lake

3  Gardens. He intentionally engaged in following conduct to harass

4  plaintiff, with malice, caused by his ill will toward plaintiff,

5  and that he was motivated by plaintiff's race. Defendant,

6  Sebastian falsely accused plaintiff of being drunk on the job,

7  and reported this false accusation to plaintiff's employer.

8  Defendant, Sebastian knew the statement was false when he made

9  the false statement to plaintiff's employer.

10    Defendant, American Baptist Homes of the West, aka Grand

11  Lake Gardens is liable for Defendant, Sebastian's alleged conduct

12  because defendant, Sebastian was a managerial employee acting in

13  the course and scope of his employment.

14    Defendant, American Baptist Homes of the West, aka Grand

15  Lake Gardens is liable for defendant, Scott Sebastian's conduct

16  because defendant, Sebastian was a managerial employee acting

17  within the course and scope of his employment with said

18  defendant, when doing the acts complained about in plaintiff's

19  complaint.

20    Restatement Second of Torts, section 652B provides: "One who

21  intentionally intrudes, physically or otherwise, upon the

22  solitude or seclusion of another or his private affairs or

23  concerns, is subject to liability to the other for invasion of

24  his privacy, if the intrusion would be highly offensive to a

25  reasonable person." California common law has generally followed

26  Prosser's classification of privacy interests as embodied in the

27

28  Memo. of pts. & Auth.              -12-

1  Restatement." <u>Hill v. National Collegiate Athletic Assn.</u> (1947) 7

2  Cal. 4th 1, 24.

3      Restatement Second of Torts, section 652E provides:

4      One who gives publicity to a matter concerning another that

5  places the other before the public in a false light is subject to

6  liability to the other for invasion of his privacy, if

7      (a) the false light in which the other was placed would be

8  highly offensive to a reasonable person, and

9      (b) the actor had knowledge of or acted in reckless

10 disregard as to the falsity of the publicized matter and the

11 false light in which the other would be placed.

12     California common law has generally followed Prosser's

13 classification of privacy interests as embodied in the

14 Restatement." <u>Hill v. National Collegiate Athletic Assn.</u>, <u>supra.</u>

15     Defendant's alleged conduct caused plaintiff to suffer

16 emotional distress, and incur medical expenses.

17 **PLAINTIFF'S SIXTH CAUSE OF ACTION STATES A CAUSE OF ACTION**

   **FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST**

18 **AMERICAN BAPTIST HOMES OF THE WEST, AKA GRAND LAKE GARDENS.**

19     Defendant, Sebastian, in doing the acts complained about in

20 plaintiff's complaint was acting with malice for the purpose of

21 harassing plaintiff because of plaintiff's race. Defendant,

22 American Baptist Homes of the West, aka Grand Lake Gardens is

23 liable for the defendant Sebastian's conduct.  Defendant,

24 Sebastian is a managerial employee who was acting in the course

25 and scope of his employment.  Also, plaintiff's employer knew or

26 should have known of defendant's harassing conduct but failed to

27

28 Memo. of pts. & Auth.          -13-

1　take all reasonable action from harassing plaintiff because of

2　plaintiff's race. Defendant, Sebastian's conduct is outrageous

3　and it proximately caused plaintiff to suffer severe emotional

4　distress.

5　　　Intentional Infliction of Emotional Distress claims based on

6　race discrimination are not preempted by the Labor Code exclusive

7　remedy rule, or preempted by the Labor Management Act.

8　　　**PLAINTIFF'S SEVENTH CAUSE OF ACTION STATES A CAUSE OF ACTION**
　　　**FOR INVASION OF PRIVACY AGAINST AMERICAN BAPTIST HOMES OF**
9　　　**THE WEST, AKA GRAND LAKE GARDENS.**

10　　　Defendant, Sebastian's conduct violated plaintiff's right to

11　privacy, in doing the acts complained about in plaintiff's

12　complaint was acting with malice for the purpose of harassing

13　plaintiff because of plaintiff's race. Defendant, American

14　Baptist Homes of the West, aka Grand Lake Gardens is liable for

15　the defendant Sebastian's conduct. Defendant, Sebastian is a

16　managerial employee who was acting in the course and scope of his

17　employment. Also, plaintiff's employer knew or should have known

18　of defendant's harassing conduct but failed to take all

19　reasonable action from harassing plaintiff because of plaintiff's

20　race.

21　　　Invasion of Privacy claims based on race discrimination are

22　not preempted by the Labor Code exclusive remedy rule, or

23　preempted by the Labor Management Act.

24　Dated: March 27, 2007　　　　LAW OFFICES OF MICHAEL C. COHEN

25

26　　　　　　　　　　　　　　　By:　_____
　　　　　　　　　　　　　　　　　　MICHAEL C. COHEN,
27　　　　　　　　　　　　　　　　　　Attorney for Plaintiff

28　Memo. of pts. & Auth.　　　　　-14-

**PROOF OF SERVICE**

1

2      I, Michael C. Cohen, declare that:

3      I am employed in the County of Alameda, City of Oakland,
California.  I am over the age of 18 years and not a party to the
4  within cause; my business address is 1814 Franklin Street, Suite
900, Oakland, California 94612.

5
       On March 27, 2007 I served the attached:
6
**Memorandum of Points and Authorities in Opposition to Demurrer,**
7  **[Proposed] Order Overruling Demurrer To Complaint; re: William J.**
**Chapple v. American Baptist Homes of the West Corporation, aka**
8  **American Baptist Homes of the West, et al.,** Alameda County
**Superior Court No. RG06297059**

9
on the interested parties in said action, by placing true copy
10 thereof as indicated below as follows:

11 **Gordon J. Fine,**
**Tami F. Essis**
12 **LEWIS BRISBOIS BISGAARD & SMITH LLP**
**One Sansome Street, Suite 1400**
13 **San Francisco, CA 94104**

14 **[xx] BY MAIL:** I caused such envelope with postage thereon fully
prepaid to be placed in the United States mail, in the City of
15 Oakland, California.

16 **[  ] BY PERSONAL SERVICE:** I caused such envelope to be delivered
by hand on the office(s) of the address(es).
17
**[  ] BY FEDERAL EXPRESS:** I caused such envelope to be delivered
18 to Federal Express for overnight courier service to the office(s)
of the addressee(s).
19
**[  ] BY FACSIMILE:** I caused a copy of such document to be sent
20 via facsimile transmission to the office(s) of the addressee(s).

21      I declare under penalty of perjury under the laws of the
State of California that the foregoing is true and correct, and
22 that this Proof of Service was executed in Oakland, California,
on March 27, 2007.
23
24                                   Michael C. Cohen

25

26

27

28

**EXHIBIT N**

Law Office of Michael C. Cohen
Attn:  Cohen, Michael C.
1814 Franklin St., Ste. 900
Oakland, CA   94612-0000

Lewis, Brisbois, Bisgaard & Smith,
LLP
Attn:  Fine, Gordon J.
One Sansome Street, Suite 400
14th Floor
San Francisco, CA   94104

## Superior Court of California, County of Alameda
### Wiley W. Manuel Courthouse

| | |
|---|---|
| Chapple <br><br>                Plaintiff/Petitioner(s) <br> VS. <br><br> American Baptist Homes Of The West Corporation <br>               Defendant/Respondent(s) <br> (Abbreviated Title) | No. RG06297059 <br><br><br> NOTICE OF HEARING |

To each party or to the attorney(s) of record for each party herein:

Notice is hereby given that the above entitled action has been set for:

### Case Management Conference

You are hereby notified to appear at the following Court location on the date and time noted below:

Case Management Conference:
DATE: 05/23/2007    TIME: 09:00 AM    DEPARTMENT: 109
LOCATION:  Wiley W. Manuel Courthouse, Fifth Floor
            661 Washington Street, Oakland

Dated:  03/27/2007

Executive Officer / Clerk of the Superior Court

By     _Dani K. Hartwell_

Deputy Clerk

## CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 03/27/2007.

By     _Dani K. Hartwell_

Deputy Clerk

3/27/07

# EXHIBIT O

Law Office of Michael C. Cohen
Attn: Cohen, Michael C.
1814 Franklin St., Ste. 900
Oakland, CA   94612-0000

Lewis, Brisbois, Bisgaard & Smith, LLP
Attn:  Fine, Gordon J.
One Sansome Street, Suite 400
14th Floor
San Francisco, CA   94104

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| Chapple | |
|---|---|
| Plaintiff/Petitioner(s) | |
| VS. | |
| American Baptist Homes Of The West Corporation | |
| Defendant/Respondent(s) | |
| (Abbreviated Title) | |

No. RG06297059

NOTICE OF HEARING (AMENDED)

Civil Law and Motion on 05/07/2007 has been vacated and rescheduled.

To each party or to the attorney(s) of record for each party herein:

Notice is hereby given that the above entitled action has been set for:

Civil Law and Motion:  Demurrer to Complaint

You are hereby notified to appear at the following Court location on the date and time noted below:

Civil Law and Motion:
DATE: 05/07/2007    TIME: 09:00 AM   DEPARTMENT: 31
LOCATION: U.S. Post Office Building, Second Floor
201 13th Street, Oakland

Dated: 04/05/2007

Executive Officer / Clerk of the Superior Court

By                                       Deputy Clerk

### CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 04/05/2007.

By                                       Deputy Clerk

4/5/07a

**EXHIBIT P**

Apr-12-2007 02:15pm To-1510273883.     From-LEWIS BRISBOIS BISGAARD & SMIT     T-065 P.003    F-962

1  LEWIS BRISBOIS BISGAARD & SMITH LLP
   Gordon J. Fine, SBN 135979
2  Tami F. Essis, SBN 245006
   One Sansome Street, Suite 1400
3  San Francisco, California 94104
   Telephone: 415.362.2580
4  Facsimile: 415.434.0882

5  Attorneys for AMERICAN BAPTIST HOMES OF THE WEST,
   GRAND LAKE GARDENS, REGINALD LYLES,
6  CALVIN MAY and SCOTT SEBASTIAN

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                       COUNTY OF ALAMEDA

10

11  WILLIAM J. CHAPPLE,                    )  Case No. RG 06297059
                                          )
12             Plaintiff,                  )  REPLY TO PLAINTIFF'S OPPOSITION
                                          )  TO DEFENDANTS' DEMURRER TO
13      v.                                )  PLAINTIFF'S COMPLAINT
                                          )
14  AMERICAN BAPTIST HOMES OF THE         )  Action filed:         November 7, 2006
    WEST CORPORATION, aka, AMERICAN       )  Complaint first served: February 13, 2007
15  BAPTIST HOMES OF THE WEST, aka,       )  Trial date:           not set
    GRAND LAKE GARDENS, CALVIN MAYS,      )
16  SCOTT SEBASTIAN, REGINALD LYLES,      )  Date of hearing:      May 7, 2007
    DOES THROUGH 10,                      )  Time of hearing:      9:00 a.m.
17                                        )  Department:           31
                                          )  Reservation number:   687748
18                                        )
                                          )  Before the Honorable Winifred Smith
19                                        )
               Defendant.                 )
20  _____ )

21

22                                    I.
    INTRODUCTION: PLAINTIFF CANNOT UNDO THE ALLEGATIONS OF THE FACE
23             OF HIS COMPLAINT BY INAPPOSITE LEGAL ARGUMENT.

24

25      Plaintiff's opposition to defendants' demurrer unsuccessfully seeks to controvert his own

26  pleadings in an attempt to maintain some type of grievance against his employer. Plaintiff also

27  advises the court that, should the court grant defendants' demurrer, Mr. Chapple will ask for leave

28  to plead a new cause of action attributing the company's request that he obtain an alcohol

4821-3776-8193.1                          -1-
         REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' DEMURRER

ENDORSED
FILED
ALAMEDA COUNTY
APR 11 2007
CLERK OF THE SUPERIOR COURT
BY DOROTHY DUCKETT. DEPUTY

4/11/07 F

1  LEWIS BRISBOIS BISGAARD & SMITH LLP
   Gordon J. Fine, SBN 135979
2  Tami F. Essis, SBN 245006
   One Sansome Street, Suite 1400
3  San Francisco, California 94104
   Telephone: 415.362.2580
4  Facsimile: 415.434.0882

5  Attorneys for AMERICAN BAPTIST HOMES OF THE WEST,
   GRAND LAKE GARDENS, REGINALD LYLES,
6  CALVIN MAY and SCOTT SEBASTIAN

7

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                                COUNTY OF ALAMEDA

10

11 WILLIAM J. CHAPPLE,                    ) Case No. RG 06297059
                                          )
12         Plaintiff,                      ) **REPLY TO PLAINTIFF'S OPPOSITION**
                                          ) **TO DEFENDANTS' DEMURRER TO**
13 v.                                      ) **PLAINTIFF'S COMPLAINT**
                                          )
14 AMERICAN BAPTIST HOMES OF THE          ) Action filed:            November 7, 2006
   WEST CORPORATION, aka, AMERICAN        ) Complaint first served:  February 13, 2007
15 BAPTIST HOMES OF THE WEST, aka,        ) Trial date:              not set
   GRAND LAKE GARDENS, CALVIN MAYS,       )
16 SCOTT SEBASTIAN, REGINALD LYLES,       ) Date of hearing:         May 7, 2007
   DOES THROUGH 10,                       ) Time of hearing:         9:00 a.m.
17                                         ) Department:              31
                                          ) Reservation number:      687748
18                                         )
                                          ) Before the Honorable Winifred Smith
19                                         )
            Defendant.                     )
20 _____)

21

22                                        I.
   **INTRODUCTION: PLAINTIFF CANNOT UNDO THE ALLEGATIONS OF THE FACE**
23            **OF HIS COMPLAINT BY INAPPOSITE LEGAL ARGUMENT.**

24

25         Plaintiff's opposition to defendants' demurrer unsuccessfully seeks to controvert his own

26 pleadings in an attempt to maintain some type of grievance against his employer. Plaintiff also

27 advises the court that, should the court grant defendants' demurrer, Mr. Chapple will ask for leave

28 to plead a new cause of action attributing the company's request that he obtain an alcohol

4821-3776-8193.1                          -1-

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

1    breathalyzer test to racism.[1/]  Although such a motion is not properly before this court, such

2    allegations would still fail to establish a viable discrimination claim because plaintiff cannot

3    establish the requisite element of an "adverse employment action" that is necessary to maintain a

4    race discrimination claim.[2/]

## II.
### LEGAL ARGUMENT: PLAINTIFF'S OPPOSITION FAILS TO SAVE HIS CLAIMS.

7        Plaintiff's opposition does not save his defamation claims (first cause of action against

8    Calvin May, third cause of action against Scott Sebastian and ABHOW); emotional distress claims

9    (second cause of action against Calvin May, fourth cause of action against Scott Sebastian and

10    ABHOW, sixth cause of action against Reginald Lyles); and invasion-of-privacy claims (fifth

11    cause of action against Scott Sebastian and ABHOW, seventh cause of action against Reginald

12    Lyles) from the same fatal flaws articulated by defendants in their memorandum of points and

13    authorities.  Each purported claim - *by its own allegations* - fails to state a cause of action.  Each

14    purported claim - *by its own allegations* - establishes that each cause of action is subject to the

15    exclusive jurisdiction of the Workers' Compensation Appeals Board.

16    ///

17    ///

18

19    [1/] A *prima facie* case of race discrimination requires that:
       (1) plaintiff belongs to a protected group, such as being African-American (Complaint, ¶ 1);
20       (2) plaintiff suffered an "adverse employment action"; and
       (3) a causal connection links the first two elements. See *Gonzales v. Metpath, Inc.* (1989) 214
21    Cal.App.3d 422, 427; *Mixon v. Fair Employment and Housing Commission* (1987) 192 Cal.App.3d 1306, 1318-1319.

22        [2/] In order for an employer's action to constitute an "adverse employment action," it must
       "materially affect the terms and conditions of employment." *Yanowitz v. L'Oreal USA, Inc.* (2005) 36
23    Cal.4th 1028, 1054-1055 ("Minor or relatively trivial adverse actions or conduct by employers or fellow
       employees that, from an objective perspective, are reasonably likely to do no more than anger or upset an
24    employee cannot properly be viewed as materially affecting the terms, conditions, or privileges of
       employment and are not actionable, but adverse treatment that is reasonably likely to impair an employee's
25    job performance or prospects for advancement or promotion falls within the reach of the antidiscrimination
       provisions of [Government Code] sections 12940(a) and 12940(h)."); *Pinero v. Specialty Restaurants*
26    *Corporation* (2005) 130 Cal.App.4th 635, 646 (no discrimination where no change in job responsibilities
       or title, no demotion, no change in salary, bonus structure, benefits or any other form of compensation);
27    *Akers v. County of San Diego* (2002) 95 Cal.App.4th 1441, 1456-1457 (job change that is merely contrary
       to employee's interests or not to employee's satisfaction fails to establish an "adverse employment
28    action.").

4821-3776-8193.1

-2-

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

A.   **Defamation: Defendants' Communication of an Opinion Was Privileged, Nor Was Plaintiff's Reputation Damaged, and the Grievance Is Subject to the Exclusive Jurisdiction of the Workers' Compensation Appeals Board.**

1.   **Plaintiff's allegations establish the privilege of Civil Code Section 47(c).**

Plaintiff 's legal argument is that "[f]alsely accusing him of coming to work drunk violates CC §46(3) (5)." Plaintiff's opposition, page 3, line 21- page 4, line 2. Because the motion before the court is a demurrer, defendants rely upon plaintiff's own allegations that "Scott Sebastian told him [plaintiff] that plaintiff was drunk and smelling like alcohol." Complaint, ¶ 12, page 5, lines 22-23. Calvin May's alleged communication to Scott Sebastian is subject to the qualified privilege of interested co-workers. *Kelly v. General Telephone Company* (1982) 136 Cal.App.3d 278, 285; *Deaile v. General Telephone Company of California* (1974) 40 Cal.App.3d 841, 846-847.

Scott Sebastian allegedly also said " ' You were drunk and you're drunk now. I smell alcohol on you now and throughout the building. One of your co-workers told me that you came to work drunk and you're still drunk and I want to help you.' " Complaint, ¶ 12, page 7, lines 1-4. What Scott Sebastian allegedly *said to plaintiff* (including the hearsay concerning Calvin May) cannot as a matter of law constitute defamation because there is no alleged communication to a third party. Defamation requires publication to someone other than the grievant alleging defamation. *Brown v. Kelly Broadcasting Company* (1989) 48 Cal.3d 711, 723, n. 6

Once the privilege is established [in this case, by plaintiff's own allegations], it is plaintiff's burden to show that the privilege was abused or that malice motivated the defamatory publication. *Lundquist v. Reusser* (1994) 7 Cal.4th 1193, 1210; *Deaile v. General Telephone Company of California* (1974) 40 Cal.App.3d 841, 848. Simply amending the complaint to add the adjective "unprivileged" (Opposition, page 5, lines 24-26) would still fail to allege a viable defamation claim. Plaintiff must specifically allege malice to overcome the privilege of Civil Code section 47(c)(3). *Williams v. Taylor* (1982) 129 Cal.App.3d 745, 752 (employer telling two insurance adjustors - with whom the body shop did business - that the body shop manager was a "thief" was subject to the qualified privilege because the statement about the manager being a "thief" was insufficient to establish malice); *Martin v. Kearney* (1975) 51 Cal.App.3d 309, 312

4821-3776-8193.1

-3-

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

1    ("more than general allegations of malice are required" for teacher to maintain a libel action

2    against parents of students who criticized her teaching ability).

3         Defendants' communications concerning the reasonable suspicion of plaintiff's alcohol use

4    are therefore privileged as communications "without malice, with persons who have a common

5    interest in the subject matter of the communication." Civ. Code § 47(c). "The question of whether

6    a statement is reasonably susceptible to such a defamatory interpretation is a question of law for

7    the trial court." (*Smith v. Maldonado* (1999) 72 Cal.App.4th 637, 647) so that demurrer is

8    appropriate.

9              **2.    The "defamation" is not an actionable statement of fact.**

10        Plaintiff's opposition (page 6, lines 8-12) notes the distinction between fact and opinion.

11    Confirming or denying the opinions of Calvin May and Scott Sebastian is precisely why plaintiff's

12    employer asked plaintiff to "go and take breath test for alcohol at Concentra Medical Center."

13    Complaint, ¶ 12, page 7, lines 12-13; see ¶ 12, page 7, lines 6-9 ("Mr. Sebastian ... asked plaintiff

14    to fill out some forms and sign them and go and take a breath test for alcohol."); ¶ 12, page 9, lines

15    16-17 ("Mr. Lyles then told me to go and take the alcohol breath test."). Plaintiff alleges that

16    Reginald Lyles tellingly based the employer's request for a breath test on "*reasonable suspicion.*"

17    Complaint, ¶ 12, page 8, lines 9-10 (emphases added). Suspicion of insobriety constitutes opinion

18    for which American Baptist Homes requested confirmation - or denial - of opinion. See *Jensen v.*

19    *Hewlett Packard Company* (1993) 14 Cal.App.4th 958, 964-965. Had the test come back negative

20    [which it did], plaintiff would be exonerated. The court may determine on demurrer, as a matter of

21    law, whether a statement is a statement of fact or opinion. *Polygram Records, Inc. v. Superior*

22    *Court* (1985) 170 Cal.App.3d 543, 551, n. 8.

23              **3.    Plaintiff does not allege any actionable damages to reputation.**

24        Plaintiff's opposition (page 3, lines 24-25) inappositely relies upon Code of Civil

25    Procedure section 46.5 for the argument that defendants' alleged conduct "[w]hich, by natural

26    consequence, causes actual damage." To the contrary, plaintiff alleges that his co-workers did not

27    believe that he had done anything wrong. "All of them [co-workers Brad Freeman, Alexander

28    Harrison, Rita Johnson and Kathy Smith] saw how devastated plaintiff was and felt his anger and

4821-3776-8193.1                              -4-

---

REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' DEMURRER

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

1    disgust at Scott Sebastian's accusation that he was drunk and smelled of alcohol ...." Complaint, ¶

2    12, 8:11-17.  When plaintiff told Lisa Sandeford about the incident, "[s]he said she did not smell

3    any alcohol" and the "secretary said that Scott [Sebastian] was always doing something wrong ...."

4    Complaint, ¶ 12, 8:18-9:6.  Plaintiff does not allege that his co-workers thought any less of him

5    because of the breathalyzer story with which plaintiff gratuitously regaled them.

6          Plaintiff attempts to undo his allegations by claiming some type of damage to reputation

7    that does not appear on the face of the complaint. Opposition, page 3, lines 9-25.  The purported

8    defamation must tend "directly to injure him in respect to his office [plaintiff does not allege that

9    he is an elected official], profession [janitorial work is ordinarily considered a trade rather than a

10   profession (see Complaint, ¶ 11)], trade or business [plaintiff alleges that he is an employee, not

11   the operator of a business], either by imputing to him general disqualification in those respects

12   which the office or other occupation peculiarly requires, or by imputing something with reference

13   to his office, profession, trade, or business that has a natural tendency to lessen its profits."

14   Plaintiff does not allege that any defendant said he was unqualified for his position, only that

15   insobriety was *suspected* and he was asked to take a breathalyzer test.  Nor does plaintiff allege

16   any type of ownership interest that could possibly affect his "profits."

17          **4.     Plaintiff does not allege malice.**

18          Malice cannot be inferred from the communication itself (*Noel v. River Hills Wilsons, Inc.*

19   (2003) 113 Cal.App.4th 1363, 1370 citing Civil Code section 48 ("malice is not inferred from the

20   communication.")).  "If the privilege arises, it is a complete defense." *Noel v. River Hills Wilsons,*

21   *Inc.*, *supra*, 113 Cal.App.4th at 1368-1369.

22          Questioning plaintiff's sobriety, as a matter of law, fails to establish malice.  Even

23   assuming that Calvin May and Scott Sebastian were wrong in perceiving alcohol on plaintiff's

24   person, mistake is insufficient to establish malice. *Noel v. River Hills Wilsons, Inc.* (2003) 113

25   Cal.App.4th 1363, 1371 (mistakenly providing an inaccurate, negative employment reference to a

26   prospective employer does not establish malice).  Although plaintiff could have alleged that the

27   individual making the defamatory statement did not believe the statement was true (*Biggins v.*

28

4821-3776-8193.1                              -5-

REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' DEMURRER

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

1   *Hanson* (1967) 252 Cal.App.2d 16, 21), as noted above, the alleged defamation consisted of

2   *reasonable inquiries,* not statements of fact, much less defamatory statements of fact.

3       **5.    Plaintiff's Defamation Claims Are Subject to the Exclusive Jurisdiction
            of the Workers' Compensation Appeals Board.**

4

5       Plaintiff's precatory assertion that his defamation claims are not subject to the exclusive

6   jurisdiction of the Workers' Compensation Appeals Board is bereft of any authority.  The

7   Workers' Compensation Appeals Board provides the "exclusive remedy for injury ... of an

8   employee against any other employee of the employer acting within the scope of his or her

9   employment ...." Labor Code §§ 3600, 3601; *Livitsanos v. Superior Court* (1992) 2 Cal.4th 744,

10  755; *Shoemaker v. Myers* (1990) 52 Cal.3d 1, 25; *Thing v. LaChusa* (1989) 48 Cal.3d 644, 664,

11  666-667; *Cole v. Fair Oaks Fire Protection District* (1987) 43 Cal.3d 148, 160-161; *B&E*

12  *Convalescent Center v. State Compensation Insurance Fund* (1992) 8 Cal.App.4th 78, 85.  Drug

13  testing is recognized as a legitimate "normal part of the employment relationship" subject to the

14  exclusive jurisdiction of workers' compensation claims. *Wilkinson v. Times Mirror Corporation*

15  (1989) 215 Cal.App.3d 1034, 1048-1049; *Hart v. National Mortgage & Land Co.* (1967) 189

16  Cal.App.3d 1420, 1429-1430 (citations omitted).

17      **B.    Intentional Infliction of Emotional Distress: Asking an Employee to Take a
            Breathalyzer Test is Not Actionable as Intentional Infliction of Emotional
18          Distress, and the Appropriate Jurisdiction Is Workers' Compensation.**

19          **1.    Plaintiff fails to allege the requisite elements for intentional infliction of
                emotional distress.**

20

21      Plaintiff's opposition asserts, without any support, that Calvin "May's conduct was

22  outrageous" (Opposition, page 7, lines 23-24) and that plaintiff suffered "severe emotional

23  distress" because Scott Sebastian asked him to do his job and monitored his work (Opposition,

24  page 10, line 25-page 11, line 9) although plaintiff seeks to attribute maintaining work standards to

25  racism.  Once again, plaintiff's argument - which is not properly before the court because there is

26  / / /

27  / / /

28

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

4821-3776-8193.1                          -6-

1   no pending discrimination claim - lacks any precedent. Nor does plaintiff allege "severe

2   emotional suffering."[3/]

3          2.    **Plaintiff's emotional distress claims are subject to the exclusive
               jurisdiction of the Workers' Compensation Appeals Board.**
4

5          Plaintiff's opposition also fails to address workers' compensation preemption of emotional

6   distress claims. "[W]hen the misconduct attributed to the employer is actions which are a *normal*

7   *part of the employment relationship*, such as demotions, promotions, **criticism of work practices**,

8   and frictions in negotiations as to grievances, an employee suffering emotional distress causing

9   disability may not avoid the exclusive remedy provisions of the Labor Code by characterizing the

10  employer's decisions as manifestly unfair, outrageous, harassment or intended to cause emotional

11  disturbance resulting in disability." *Cole v. Fair Oaks Fire Protection District* (1987) 43 Cal.3d

12  148, 160 (emphases added). See *Semore v. Pool* (1990) 217 Cal.App.3d 1087, 1104 (pupillary

13  reaction eye test to determine influence of drugs is not "beyond all bounds of decency").

14  Accordingly, plaintiff's attempt to characterize a workplace grievance as intentional infliction of

15  emotional distress must fail.

16      D.    **Invasion of Privacy: Asking an Employee to Take A Breathalyzer Test is Not
             Actionable as an Invasion of Privacy.**
17
           1.    **Plaintiff fails to allege the requisite elements for invasion of privacy.**
18

19         Plaintiff's opposition to defendants' demurrer to the fifth cause of action against Scott

20  Sebastian and American Baptist Homes (page 13, lines 4-11) for invasion of privacy discusses an

21  inapposite defamation claim. Plaintiff's opposition to defendants' demurrer to the seventh cause

22  of action against Reginald Lyles (page 14, lines 10-23) addresses some type of race discrimination

23  claim for which plaintiff has not yet alleged any causes of action. Plaintiff's opposition fails to

24  provide the court with any rationale why he should be permitted to maintain these ostensible

25

26  _____

27      [3/] To the extent that plaintiff's prayer for relief seeks "[m]edical expenses, past and future,"
    plaintiff further diminishes any argument that the defamation claim might be a claim for damages to
28  reputation.

    4821-3776-8193.1                                    -7-

    _____
    REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' DEMURRER

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

1  privacy claims that do not allege the requisite elements. See *Loder v. City of Glendale* (1997) 14

2  Cal.4th 846, 890-891; *Hill v. National Collegiate Athletic Association* (1994) 7 Cal.4th 1, 55.

3      Plaintiff has a privacy interest in not being tested for drugs. *Luck v. Southern Pacific*

4  *Transportation Company* (1990) 218 Cal.App.3d 1, 19. However, plaintiff waived whatever

5  reasonable expectation of privacy he might have had by indiscriminately publicizing that he was

6  suspected of being under the influence of alcohol at work. Nor does plaintiff allege the third

7  element of his privacy claim because "[t]here is no basis to assume that every time a coemployee

8  learns of discipline imposed on another employee, there will be a violation of the constitutional

9  right of privacy." See *Operating Engineers Local 3 v. Johnson* (2003) 110 Cal.App.4th 180, 192.

10          **2.     Defendants' statements are privileged by Code of Civil Procedure**
                    **Section 47(c)(3).**

11

12      Nor has plaintiff's opposition addressed the application of the "common interest" privilege

13  of Civil Code section 47(c)(3) to plaintiff's privacy claims. *Copp v. Paxton* (1996) 45 Cal.App.4th

14  829, 848.

15          **3.     Plaintiff's privacy claims are subject to the exclusive jurisdiction of the**
                    **Workers' Compensation Appeals Board.**

16

17      Nor has plaintiff's opposition addressed the exclusive jurisdiction of the Workers'

18  Compensation Appeals Board for plaintiff's privacy claims. *Operating Engineers Local 3 v.*

19  *Johnson* (2003) 110 Cal.App.4th 180, 192.

20                                      **III.**
21          **CONCLUSION: THIS COURT CANNOT ACT AS THE OMBUDSMAN FOR**
                    **PLAINTIFF'S INDIGNATION.**
22

23      Plaintiff's sense of having been wronged permeates his pleading. His sense of indignation,

24  however, does not take on the form of legally cognizable claims. "Leave to amend should be

25  denied where the facts are not in dispute and the nature of the claim is clear but no liability exists

26  under substantive law." *Lawrence v. Bank of America* (1985) 163 Cal.App.3d 431, 436 (citations

27  omitted) (regarding stop orders on two checks); also *Schonfeldt v. State of California* (1998) 61

28

REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' DEMURRER

1  Cal.App.4th 1462, 1465 (court interprets statute barring liability for injury on state-owned property

2  as a matter of law).  To the extent plaintiff may obtain a hearing for his grievances, jurisdiction

3  belongs to the Workers' Compensation Appeals Board (or a union grievance).

4          Nor can plaintiff amend his complaint to resuscitate his ostensible causes of action.

5  "[W]hen a complaint contains allegations that are fatal to a cause of action, a plaintiff cannot avoid

6  those defects simply by filing an amended complaint that omits the problematic facts or pleads

7  facts inconsistent with those alleged earlier." *Banis Restaurant Design, Inc. v. Serrano* (2005) 134

8  Cal.App.4th 1035, 1044 (citations omitted) (unlicensed contractor barred as a matter of law from

9  seeking relief pursuant to Business and Professions Code section 7031(a)).  Defendants therefore

10  request that the court sustain their demurrers without leave to amend so the aggrieved employee

11  might seek some resolution in the appropriate forum.

12

13

14                              LEWIS BRISBOIS BISGAARD & SMITH LLP

15

16  Dated: April 12, 2007            By _____
                                        Gordon J. Fine
17                                      Tami F. Essis
                                        Attorneys for American Baptist Homes of the West,
18                                      Grand Lake Gardens, Reginald Lyles, Calvin May and
                                        Scott Sebastian
19

20

21

22

23

24

25

26

27

28

4821-3776-8193.1                    -9-

REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' DEMURRER

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

**PROOF OF SERVICE**
Chapple v. ABHOW  Case No.: RG 06297059

STATE OF CALIFORNIA, COUNTY OF ALAMEDA

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action. My business address is One Sansome Street, 14th Floor.

On March 30, 2007, I served the following document described as **REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' DEMURRER TO PLAINTIFF'S COMPLAINT** on all interested parties in this action by placing [X] a true copy [ ] the original thereof enclosed in sealed envelopes addressed as follows:

Michael C. Cohen, Esq.
Law Office of Michael C. Cohen
1814 Franklin Street, Suite 900
Oakland, CA 94612

[X]    (BY MAIL, 1013a, 2015.5 C.C.P.)

[ ]    I deposited such envelope in the mail at San Francisco, California. The envelope was mailed with postage thereon fully prepaid.

[X]    I am readily familiar with the firm's practice for collection and processing correspondence for mailing. Under that practice, this document will be deposited with the U.S. Postal Service on this date with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ X ]    (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on April 12, 2007, at San Francisco, California.

Mary Snowden

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

4821-3776-8193.1                    -10-

REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' DEMURRER

**EXHIBIT Q**

1  Michael C. Cohen, Esq., Bar No. 65487
   **LAW OFFICES OF MICHAEL C. COHEN**
2  1814 Franklin Street, Suite 900
   Oakland, CA 94612
3  (510) 832-6436

4  Attorney for Plaintiff
   William Chapple

5

6

7          IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                      COUNTY OF ALAMEDA

9

10

11

   WILLIAM J. CHAPPLE,              No. RG06297059
12
                                    WILLIAM J. CHAPPLE'S RESPONSE
13             Plaintiff,           TO STATEMENT OF DAMAGES

14  vs.

15  AMERICAN BAPTIST HOMES OF THE
    WEST CORPORATION, aka,
16  AMERICAN BAPTIST HOMES OF THE
    WEST,
17
               Defendants.
18  _____/

19      Plaintiff hereby submits the following statement of damages:

20  1.  Medical expenses: Plaintiff's medical expenses have not been

21  determined.  Plaintiff's best estimate for medical expenses is

22  $10,000.00

23  2.  General damages: Plaintiff's claim for emotional distress

24  damages and damages to his reputation is $3,000,000.00.

25  3.  Same as response No. 2

26  4.  Same as response No. 1

27

28                          -1-

*4-12-07*

1  5.  Same as response No. 2

2  6.  Same as response No. 2

3  7.  Same as response No. 2

4  8.  Same as response No. 1

5  9.  Reasonable attorney fees estimated at $10,000.00; future

6  attorney fees estimated to be $40,000.00

7  10. Punitive damages $5,000,000.00.

8

9  Date: April 12, 2007

10                                    Michael C. Cohen, Esq.,
                                      Attorney for Plaintiff

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                            -2-

1                   **PROOF OF SERVICE**

2       I, Michael C. Cohen, declare that:

3       I am employed in the County of Alameda, City of Oakland, California.  I am over the age of 18 years and not a party to the

4 within cause; my business address is 1814 Franklin Street, Suite 900, Oakland, California 94612.

5

6       On April 12, 2007 I served the attached:

7 **Response To Request For Statement of Damages re: <u>William J. Chapple v. American Baptist Homes of the West Corporation, aka American Baptist Homes of the West, et al.</u>, Alameda County**

8 **Superior Court No. RG06297059**

9 on the interested parties in said action, by placing true copy thereof as indicated below as follows:

10

11 **Gordon J. Fine,**
**Tami F. Essis**

12 **LEWIS BRISBOIS BISGAARD & SMITH LLP**
**One Sansome Street, Suite 1400**

13 **San Francisco, CA 94104**

14 **[xx] BY MAIL:** I caused such envelope with postage thereon fully prepaid to be placed in the United States mail, in the City of Oakland, California.

15

16 **[ ] BY PERSONAL SERVICE:** I caused such envelope to be delivered by hand on the office(s) of the address(es).

17 **[ ] BY FEDERAL EXPRESS:** I caused such envelope to be delivered to Federal Express for overnight courier service to the office(s)

18 of the addressee(s).

19 **[ ] BY FACSIMILE:** I caused a copy of such document to be sent via facsimile transmission to the office(s) of the

20      addressee(s).

21       I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and

22 that this Proof of Service was executed in Oakland, California, on April 12, 2007.

23

24                 Michael C. Cohen

25

26

27

28