**EXHIBIT MM**

 

ENDORSED
FILED
ALAMEDA COUNTY

SEP 1 0 2007

CLERK OF THE SUPERIOR COURT
By

1   MICHAEL E. BREWER, Bar No. 177912
    ALLISON R. BALC, Bar No. 214962
2   LITTLER MENDELSON
    A Professional Corporation
3   Treat Towers
    1255 Treat Boulevard
4   Suite 600
    Walnut Creek, CA 94597
5   Telephone:    925.932.2468
    Fax No.:      925.946.9809
6
7   Attorneys for Defendants
    AMERICAN BAPTIST HOMES OF THE WEST,
    GRAND LAKE GARDENS, CALVIN MAY, AND
8   SCOTT SEBASTIAN

9                SUPERIOR COURT OF THE STATE OF CALIFORNIA
10
                        COUNTY OF ALAMEDA
11

12  WILLIAM J. CHAPPLE,                    Case No. RG06297059

13          Plaintiff,                     **DEFENDANTS AMERICAN BAPTIST
                                           HOMES OF THE WEST, CALVIN MAY,
14      v.                                 AND SCOTT SEBASTIAN'S NOTICE OF
                                           DEMURRER AND DEMURRER TO
15  AMERICAN BAPTIST HOMES OF THE          PLAINTIFF WILLIAM J. CHAPPLE'S
    WEST CORPORATION, aka,                 SECOND AMENDED COMPLAINT**
16  AMERICAN BAPTIST HOMES OF THE
    WEST, aka, GRAND LAKE GARDENS,         Date: October 26, 2007
17  CALVIN MAY, SCOTT SEBASTIAN,           Time: 9:30 a.m.
    and DOES 1 through 10,                 Dept: 8
18                                         Reservation No.:   750264
            Defendants.                    Before the Honorable Winifred Y. Smith
19

20      TO PLAINTIFF WILLIAM J. CHAPPLE AND HIS ATTORNEY OF RECORD:

21      YOU ARE HEREBY NOTIFIED that on October 26, 2007, at 9:30 a.m., or as soon

22  thereafter as the matter may be heard, in Department 8 of the above-captioned court located at 1225

23  Fallon Street, Oakland, California 94612, Defendants American Baptist Homes of The West aka

24  Grand Lake Gardens ("ABHOW"), Calvin May ("May"), and Scott Sebastian ("Sebastian") will and

25  hereby do demurrer to Plaintiff William J. Chapple's ("Plaintiff") Second Amended Complaint for

26  Damages ("SAC").

27      Defendants' Demurrer is brought pursuant to Section 430.10 of the California Code

28  of Civil Procedure.   The Demurrer is based upon this Notice of Demurrer and Demurrer, the

LITTLER MENDELSON
A Professional Corporation
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek CA 94597
925.932.2468

DEFENDANTS' NOTICE OF DEMURRER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

10569043.fif - 9/10/2007 1:52:58 PM

1   Memorandum Of Points And Authorities In Support Of Defendants' Demurrer, Plaintiff's Second

2   Amended Complaint For Damages, the pleadings and papers on file in this action and on such oral

3   and documentary evidence as may be presented at the hearing on this demurrer.   Defendants

4   ABHOW, May, and Sebastian jointly and severally demur to the SAC on each of the following

5   grounds:

## SECOND CAUSE OF ACTION

7   Defendant May demurs to the Second Cause of Action, alleging intentional infliction

8   of emotional distress, on the ground that it does not state facts sufficient to constitute a cause of

9   action. Code Civ. Proc. § 430.10(e). Specifically, this demurrer should be sustained because:

10   1.)   Plaintiff's claims are within the exclusive jurisdiction of the Worker's

11   Compensation Appeals Board;

12   2.)   Plaintiff fails to allege facts sufficient to show severe emotional distress; and

13   3.)   Plaintiff fails to allege facts sufficient to show conduct that is extreme and

14   outrageous.

## THIRD CAUSE OF ACTION

16   Defendant May demurs to the Third Cause of Action, alleging negligent infliction of

17   emotional distress, on the ground that it does not state facts sufficient to constitute a cause of action.

18   Code Civ. Proc. § 430.10(e). Specifically, this demurrer should be sustained because:

19   1.)   Plaintiff's claims are within the exclusive jurisdiction of the Worker's

20   Compensation Appeals Board;

21   2.)   Plaintiff fails to allege facts sufficient to show the he suffered serious

22   emotional distress; and

23   3.)   Plaintiff fails to allege facts sufficient to show that May engaged in negligent

24   conduct.

## FIFTH CAUSE OF ACTION

26   Defendants ABHOW and Sebastian demur to the Fifth Cause of Action, alleging

27   intentional infliction of emotional distress, on the ground that it does not state facts sufficient to

28   constitute a cause of action.  Code Civ. Proc. § 430.10(e).  Specifically, this demurrer should be

ITTLER MENDELSON
PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANTS' NOTICE OF DEMURRER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

1    sustained because:

2              1.)    Plaintiff's claims are within the exclusive jurisdiction of the Worker's

3    Compensation Appeals Board;

4              2.)    Plaintiff fails to allege facts sufficient to show severe emotional distress; and

5              3.)    Plaintiff fails to allege facts sufficient to show conduct that is extreme and

6    outrageous.

7                                    **SIXTH CAUSE OF ACTION**

8              Defendant ABHOW demurs to the Sixth Cause of Action, alleging intentional

9    infliction of emotional distress, on the ground that it does not state facts sufficient to constitute a

10   cause of action.   Code Civ. Proc. § 430.10(e).   Specifically, this demurrer should be sustained

11   because:

12             1.)    Plaintiff's claims are within the exclusive jurisdiction of the Worker's

13   Compensation Appeals Board;

14             2.)    Plaintiff fails to allege facts sufficient to show severe emotional distress; and

15             3.)    Plaintiff fails to allege facts sufficient to show conduct that is extreme and

16   outrageous.

17                                  **SEVENTH CAUSE OF ACTION**

18             Defendant Sebastian demurs to the Seventh Cause of Action, alleging harassment, on

19   the ground that it does not state facts sufficient to constitute a cause of action.   Code Civ.

20   Proc. § 430.10(e). Specifically, this demurrer should be sustained because:

21             1.)    Plaintiff fails to allege facts sufficient to show that he was subjected to

22   abusive treatment that was based on race and that was severe and pervasive.

23                                   **EIGHTH CAUSE OF ACTION**

24             Defendant ABHOW demurs to the Eighth Cause of Action, alleging harassment, on

25   the ground that it does not state facts sufficient to constitute a cause of action.   Code Civ.

26   Proc. § 430.10(e). Specifically, this demurrer should be sustained because:

27             1.)    Plaintiff fails to allege facts sufficient to show that he was subjected to

28   abusive treatment that was based on race and that was severe and pervasive.

1          ## NINTH CAUSE OF ACTION

2          Defendant ABHOW demurs to the Ninth Cause of Action, alleging discrimination, on

3     the ground that it does not state facts sufficient to constitute a cause of action.    Code Civ.

4     Proc. § 430.10(e).  Specifically, this demurrer should be sustained because:

5          1.)    Plaintiff fails to allege facts sufficient to show that he suffered an adverse

6     employment action caused by him being a member of a protected class; and

7          2.)    Plaintiff fails to allege facts sufficient to show that a practice or policy of

8     ABHOW had a disproportionate adverse effect on African Americans.

12    Dated: September 10 , 2007

14    _____
15    LITTLER MENDELSON
      MICHAEL E. BREWER
16    A Professional Corporation
      Attorneys for Defendants
17    AMERICAN BAPTIST HOMES OF THE
      WEST, GRAND LAKE GARDENS, CALVIN
18    MAY, AND SCOTT SEBASTIAN

Firmwide:83061661.1 012425.1022

DEFENDANTS' NOTICE OF DEMURRER TO PLAINTIFF'S SECOND AMENDED COMPLAINT



09-10-2007  13:51   From-LITTLER MENDELSON              9259469806           T-772  P.007/032  F-743

ENDORSED
FILED
ALAMEDA COUNTY

SEP 1 0 2007

CLERK OF THE SUPERIOR COURT
By

1   MICHAEL E. BREWER, Bar No. 177912
    ALLISON R. BALC, Bar No. 214962
2   LITTLER MENDELSON
    A Professional Corporation
3   1255 Treat Boulevard, Suite 600
    Walnut Creek, CA 94597
4   Telephone:   925.932.2468

5   Attorneys for Defendants
    AMERICAN BAPTIST HOMES OF THE WEST,
6   GRAND LAKE GARDENS, CALVIN MAY AND
    SCOTT SEBASTIAN

7

8               SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        COUNTY OF ALAMEDA

10  WILLIAM J. CHAPPLE,                     Case No. RG06297059

11              Plaintiff,                  DEFENDANTS AMERICAN BAPTIST
                                            HOMES OF THE WEST, CALVIN MAY,
12       v.                                 AND SCOTT SEBASTIAN'S
                                            MEMORANDUM OF POINTS AND
13  AMERICAN BAPTIST HOMES OF THE           AUTHORITIES IN SUPPORT OF
    WEST CORPORATION, aka,                  DEMURRER TO PLAINTIFF WILLIAM J.
14  AMERICAN BAPTIST HOMES OF THE           CHAPPLE'S SECOND AMENDED
    WEST, aka, GRAND LAKE GARDENS,          COMPLAINT
15  CALVIN MAY, SCOTT SEBASTIAN,
    DOES 1 through 10,                      Date:        October 26, 2007
16                                          Time:        9:30 a.m.
                Defendants.                 Dept:        8
17                                          Reservation No.: 750764
                                            Before the Honorable Winifred Y. Smith
18

19

20

21

22

23

24

25                                          BY FAX

26

27

28

LITTLER MENDELSON
A Professional Corporation
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANTS' MPA ISO DEMURRER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

10569043.tif - 9/10/2007 1:52:58 PM

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION .................................................................................................... 2

II. LEGAL ARGUMENT ............................................................................................. 2

    A.  The Standards Governing Demurrer ............................................................... 2

    B.  Plaintiff Fails To State Facts Sufficient to Constitute A Cause of Action For
        Intentional Infliction of Emotional Distress Against May, Sebastian or
        ABHOW ........................................................................................................... 3

        1.  Plaintiff's Claims are Within the Exclusive Jurisdiction of the
            Workers' Compensation Appeals Board ............................................. 4

        2.  Plaintiff Fails to Allege Facts Sufficient to Show Severe Emotional
            Distress ................................................................................................. 6

        3.  Plaintiff Fails to Allege Facts Sufficient To Show Conduct That is
            Extreme and Outrageous ...................................................................... 6

    C.  Plaintiff Fails To State Facts Sufficient to Constitute A Cause of Action For
        Negligent Infliction of Emotional Distress Against May ............................... 7

        1.  Plaintiff's Claim is Within the Exclusive Jurisdiction of the Workers'
            Compensation Appeals Board ............................................................. 8

        2.  Plaintiff Fails to Allege Facts Sufficient to Show that he Suffered
            Serious Emotional Distress .................................................................. 8

        3.  Plaintiff Fails to Allege Facts Sufficient to Show that May Engaged in
            Negligent Conduct ............................................................................... 8

    D.  Plaintiff Fails To State Facts Sufficient to Constitute A Cause of Action For
        Harassment Against Sebastian or ABHOW .................................................... 9

        1.  Plaintiff Fails to Allege Facts Sufficient to Show that he was Subjected
            to Abusive Treatment that was Based on Race and That Was Severe
            and Pervasive ....................................................................................... 9

    E.  Plaintiff Fails to State Facts Sufficient to Constitute A Cause Of Action for
        Discrimination Against ABHOW ................................................................... 11

        1.  Plaintiff Fails to Allege Facts Sufficient to Show that he Suffered an
            Adverse Employment Action Caused by him Being a Member of a
            Protected Class .................................................................................... 12

        2.  Plaintiff Fails to Allege Facts Sufficient to Show That A Practice or
            Policy of ABHOW had a Disproportionate Adverse Effect on African
            Americans ............................................................................................ 13

III. CONCLUSION ...................................................................................................... 14

ıTTLER MENDELSON
Professional Corporation
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

i.

## TABLE OF AUTHORITIES

**Page**

### Cases

*Akers v. County of San Diego*
(2002) 95 Cal.App.4th 1441 ............................................................................ 12

*Alcorn v. Anbro Engineering, Inc.*
(1970) 2 Cal.3d 493 .......................................................................................... 7

*Angie M. v. Superior Court*
(1995) 37 Cal.App.4th 1217 .............................................................................. 6

*Ankeny v. Lockheed Missiles and Space Co.*
(1979) 88 Cal.App.3d 531 ................................................................................ 7

*Aubry v. Tri-City Hosp. Dist.*
(1992) 2 Cal.4th 962 ......................................................................................... 6

*Beyda v. City of Los Angeles*
(1998) 65 Cal.App.4th 511 .......................................................................... 9, 10

*Burgess v. Sup. Ct.*
*(Gupta)* (1992) 2 Cal.4th 1064 ........................................................................ 8

*Careau & Co. v. Security Pac. Business Credit, Inc.*
(1991) 222 Cal.App.3d 1371 ............................................................................ 9

*Carter v. CB Richard Ellis, Inc.*
(2004) 122 Cal.App.4th 1313 ......................................................................... 13

*Cf. Yanowitz v. L'Oreal USA, Inc.*
(2005) 36 Cal.4th 1028 ................................................................................... 12

*Charles J. Vacanti v. State Comp. Ins. Fund*
(2001) 24 Cal.4th 800 ....................................................................................... 4

*City and County of San Francisco v. Fair Employment and Housing Com.*
(1987) 191 Cal.App.3d 976 ............................................................................. 13

*City of Moorpark v. Superior Court*
(1998) 18 Cal.4th 1143 ..................................................................................... 5

*Cole v. Fair Oaks Fire Protection District*
(1987) 43 Cal.3d 148 ........................................................................................ 4

*Edwards v. United States Fid. & Guar. Co.*
(N.D. Cal. 1994) 848 F.Supp.1460 ................................................................... 9

*Etter v. Veriflo*
(1998) 67 Cal.App.4th 457 .............................................................................. 10

*Feingold v. County of Los Angeles*
(1967) 254 Cal.App.2d 622 ............................................................................. 12

*Fermino v. Fedco, Inc.*
(1994) 7 Cal.4th 701 ......................................................................................... 5

*Fisher v. San Pedro Peninsula Hosp.*
(1989) 214 Cal.App.3d 590 ............................................................... 2, 9, 10, 12

i

ITTLER MENDELSON
A Professional Corporation
1255 Treat Boulevard
Suite 600
Walnut Creek CA 94597
925 932 2468

**TABLE OF AUTHORITIES**
(continued)

Page

*G.H.I.T. v. MTS, Inc.*
(1983) 147 Cal.App.3d 256 ............................................................ 12

*Guthrey v. State of California*
(1998) 63 Cal.App.4th 1108 ......................................................... 10

*Guz v. Bechtel Nat'l Inc.*
(2000) 24 Cal.4th 317 ......................................................... 9, 12, 13

*Harris v. Forklift Sys.*
(1993) 510 U.S. 17 ...................................................................... 10

*Hart v. National Mortgage & Land Co.*
(1987) 189 Cal.App.3d 1420 ......................................................... 5

*Iverson v. Atlas Pacific Engineering*
(1983) 143 Cal.App.3d 219 ............................................................ 5

*Janken v. GM Hughes Electronics*
(1996) 46 Cal.App.4th 50 ........................................................... 4, 7

*Livitsanos v. Superior Court*
(1992) 2 Cal.4th 744 ...................................................................... 4

*Mixon v. Fair Employment and Housing Commission*
(1987) 192 Cal.App.3d 1306 ....................................................... 13

*Molien v. Kaiser Found. Hosps.*
(1980) 27 Cal.3d 916 ...................................................................... 8

*Nunez v. City of Los Angeles*
(9th Cir. 1998) 147 F.3d 867 ....................................................... 12

*Operating Engineers Local 3 v. Johnson*
(2003) 110 Cal.App.4th 180 ............................................................ 4

*Semore v. Pool*
(1990) 217 Cal.App.3d 1087 .......................................................... 8

*Shoemaker v. Myers*
(1990) 52 Cal.3d 1 ....................................................................... 4, 8

*Traverso v. Dept. of Transp.*
(2001) 87 Cal.App.4th 1142 ........................................................... 3

*Trujillo v. North Co. Transit Dist.*
(1998) 63 Cal.App.4th 280 ........................................................... 13

*Watson v. Forth Worth Bank & Trust*
(1988) 487 U.S. 977 .................................................................... 13

*Yurick v. Superior Court*
(1989) 209 Cal.App.3d 1116 ........................................................... 7

**Statutes**

Cal. Lab. Code § 3600 ............................................................... 4, 8

TTLER MENDELSON
Professional Corporation
Texas Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925 932 2468

ii

# I.    INTRODUCTION

This case arises from Plaintiff William Chapple's ("Plaintiff") employment as a janitor with American Baptist Homes of the West ("ABHOW"). Plaintiff's nine causes of action arise out of ABHOW's request for Plaintiff to take a breath test for alcohol after it was believed, based upon reasonable suspicion, that Plaintiff was intoxicated at work. On November 7, 2006, Plaintiff filed a Complaint to which Defendants demurred. Plaintiff filed a First Amended Complaint ("FAC"), and Defendants' dropped their demurrer. Defendants filed a demurrer to the FAC. The Court granted Plaintiff leave to amend his causes of action for intentional infliction of emotional distress, harassment based on race and "discrimination/harassment." Plaintiff filed a Second Amended Complaint ("SAC") re-pleading his allegations for defamation, intentional infliction of emotional distress, harassment, and discrimination, and added a new cause of action for negligent infliction of emotional distress.

Plaintiff's current pleading suffers from the same infirmities that plagued his FAC. Plaintiff made minimal changes to the FAC and these changes did not cure the fatal defects. Accordingly, Defendants again demur to Plaintiff's causes of action for intentional infliction of emotional distress, harassment, and discrimination, as they are facially defective as a matter of law and cannot be cured. Additionally, ABHOW demurs to the new cause of action for negligent infliction of emotional distress, as it likewise, is defective.

# II.    LEGAL ARGUMENT

## A.    The Standards Governing Demurrer

In ruling on a demurrer, "[t]he complaint should be liberally, but reasonably construed." *Fisher v. San Pedro Peninsula Hosp.* (1989) 214 Cal.App.3d 590, 640, *rev. denied.* "While a demurrer admits all material and issuable facts, it does not admit contentions, deductions or conclusions of law." *Id.* Furthermore, when a plaintiff sues under the Fair Employment Housing Act ("FEHA"), "facts in support of each of the requirements of [the] statute . . . must be *specifically pled*" for the cause of action to survive demurrer. *Id.* (emphasis added). In other words, it is not enough for Plaintiff to simply tell the Court that he has a valid cause of action; rather, he must *show* the court that he does through specific factual allegations.

ITTLER MENDELSON
A Professional Corporation
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANTS' MPA ISO DEMURRER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

1    Generally, the courts will sustain a demurrer with leave to amend if there is a

2    reasonable probability that the defect in the complaint can be cured. However, a demurrer is

3    properly sustained *without* leave to amend when the facts are not in dispute and the nature of the

4    plaintiff's claim is clear, but under the substantive law, no liability exists. *See Traverso v. Dept. of*

5    *Transp.* (2001) 87 Cal.App.4th 1142, 1144, *rev. denied.* This Court should sustain without leave to

6    amend Defendants' demurrers to the Second, Third, Fifth, Sixth, Seventh, Eighth, and Ninth Causes

7    of Action as Plaintiff has had three opportunities to plead valid causes of action; however, he fails to

8    do so.

9    **B.    Plaintiff Fails To State Facts Sufficient to Constitute A Cause of Action For**
     **Intentional Infliction of Emotional Distress Against May, Sebastian or ABHOW**

10

11    Plaintiff's Second Cause of Action alleges Intentional Infliction of Emotional Distress

12    ("IIED") against May on the basis that May acted outside the scope of his employment when he told

13    Sebastian, Director of Operations, that Plaintiff was drunk and smelled like alcohol. (SAC, 2:22-24;

14    6:4-5.)

15    Plaintiff's Fifth Cause of Action alleges IIED against Sebastian and ABHOW on the

16    basis that Sebastian was a managerial employee and acting within the scope of his employment

17    when he told Plaintiff while they were at work:

18        You were drunk and you're drunk now.  I smell alcohol on you now
          and throughout the building.  One of your co-workers told me that you
19        came to work drunk; and you're still drunk and I want to help you.

20    (SAC, 5:26-6:1; ¶ 7.) Sebastian asked Plaintiff to take a breath test for alcohol. (SAC, 7:20-21)

21    Plaintiff alleges that he was in Sebastian's office when Sebastian called the center which administers

22    the alcohol tests and heard Sebastian state that it was "reasonable suspicion." (SAC, 8:22-26.)

23    Plaintiff further states that "Sebastian was . . . acting in the course and scope of employment, when

24    doing the acts complained about herein." (SAC, ¶ 7.)

25    Plaintiff's Sixth Cause of Action, which is duplicative of his Fifth Cause of Action,

26    alleges IIED against ABHOW on the basis that Executive Director Reginald Lyles "forced" Plaintiff

27    to take an alcohol test "without any reasonable cause to suspect plaintiff had been drinking alcohol

28    and or that plaintiff was under the influence of alcohol, and against plaintiff's will." (SAC, ¶ 64.)

ITTLER MENDELSON
Professional Corporation
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek CA  94597
925 932 7468

DEFENDANTS' MPA ISO DEMURRER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

1.    **Plaintiff's Claims are Within the Exclusive Jurisdiction of the Workers' Compensation Appeals Board**

Any injuries caused by conduct that occurred in the course of employment find their exclusive remedy in workers' compensation. Cal. Lab. Code § 3600., *et seq.* Where the claim arises out of the course and scope of employment, Plaintiff must show that the conduct giving rise to the alleged injury constitutes a risk not reasonably encompassed within the compensation bargain. *Operating Engineers Local 3 v. Johnson* (2003) 110 Cal.App.4th 180, 186. Emotional distress resulting from personnel actions is among the work-related injuries that are governed by the exclusive remedies of the Workers' Compensation Act, even if the employer's actions are characterized as manifestly unfair, outrageous, harassment or intended to cause emotional distress. *See Cole v. Fair Oaks Fire Protection District* (1987) 43 Cal.3d 148, 160; *Shoemaker v. Myers* (1990) 52 Cal.3d 1, 19; *Livitsanos v. Superior Court* (1992) 2 Cal.4th 744, 754 (intentional or even egregious employer conduct which causes emotional distress falls within the scope of the Workers' Compensation Act). Notably, Plaintiff alleges, "Sebastian was . . . acting in the course and scope of employment, when doing the acts complained about herein." (SAC, ¶ 7.) Thus, the conduct alleged, stating that someone is drunk on the job and being requested to take an alcohol test, is reasonably encompassed within the compensation bargain.

Additionally, Plaintiff fails to plead a violation of a fundamental public policy. Simply alleging a motivation of racial animus does not remove the claim from the jurisdiction of workers' compensation. (SAC, 10:16-17; *Janken v. GM Hughes Electronics* (1996) 46 Cal.App.4th 50, 61, *rev. denied.*) In assessing whether the actions in question constitute a normal part of the employment relationship, "courts consider only the acts themselves – and not the motive behind the acts." *Charles J. Vacanti v. State Comp. Ins. Fund* (2001) 24 Cal.4th 800, 820. "[T]he critical issue is whether the alleged acts, *bereft of their motivation,* can ever be viewed as a normal aspect of the employer relationship or claims process." *Id.* at 822 (emphasis added; internal quotations omitted).

In *Janken,* the plaintiff sued his employer and three individual supervisors for adopting and following a policy of terminating and forcing the resignation of employees over the age of 40 without good cause. He sued for age discrimination and IIED. *Id.* at 61. In sustaining

ITLER MENDELSON
Professional Corporation
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek CA 94597
925.932.2468

4.

DEFENDANTS' MPA ISO DEMURRER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

1  demurrers without leave to amend, the court ruled that proof of discriminatory personnel decisions –

2  – conduct denounced for decades and proscribed by statute — did not, in itself, support a cause of

3  action for intentional infliction of emotional distress:

4       The intentional infliction of emotional distress claim fails for similar reasons.
        An essential element of such a claim is a pleading of outrageous conduct
5       beyond the bounds of human decency. Managing personnel is not outrageous
        conduct beyond the bounds of human decency, but rather conduct essential
6       to the welfare and prosperity of society.  A simple pleading of personnel
        management activity is insufficient to support a claim of intentional
7       infliction of emotional distress, even if improper motivation is alleged.

8  *Id.* at 79-80 (citations omitted).  Plaintiff merely alleges that May said that he was drunk on the job

9  and Plaintiff alleges the following with respect to Sebastian:

10      ¶14)Scott Sebastian is not plaintiff's immediate supervisor.  He falsely
        accused plaintiff of being drunk on the job, with malice, because of
11      plaintiff's race.  He routinely seeks plaintiff out to tell plaintiff to clean up
        the walls, vacuum the dining room much better than the way plaintiff has
12      been doing it, etc.; plaintiff tells him all right.  Mr. Sebastian routinely looks
        at plaintiff with a smirk and tells plaintiff to mop out the restroom before
13      plaintiff goes home.  Mr. Sebastian directed plaintiff's supervisor to "write
        plaintiff up" every time plaintiff takes off from work to go to the doctor.  Mr.
14      Sebastian directed plaintiff's supervisor to require plaintiff to bring a doctors
        note verifying that plaintiff went to the doctor, whenever plaintiff requests
15      time off work for illness and or medical appointments.

16  (SAC, ¶14.)    Cases holding that employers exceeded the risks inherent in the employment

17  relationship include acts unlike those alleged here by Plaintiff: Physical assault (*Iverson v. Atlas*

18  *Pacific Engineering* (1983) 143 Cal.App.3d 219, 227); battery, sexual conduct and remarks (*Hart v.*

19  *National Mortgage & Land Co.* (1987) 189 Cal.App.3d 1420, 1430, *rev. denied*); on-the-job

20  physical injury discrimination (*City of Moorpark v. Superior Court* (1998) 18 Cal.4th 1143, 1155);

21  and forcibly and criminally depriving an employee of her liberty (false imprisonment) (*Fermino v.*

22  *Fedco, Inc.* (1994) 7 Cal.4th 701, 721-722).  Plaintiff's allegations come nowhere near the conduct

23  alleged in these cases.  Further, Plaintiff only makes the *conclusory* allegation that the accusation of

24  him being drunk was on the basis of his race.  Bereft of their motivation, opining that one is drunk

25  on the job, requesting that an employee take a breath test for alcohol on the basis of reasonable

26  suspicion, and the acts alleged above, all constitute a normal part of the employment relationship and

27  Plaintiff fails to state claims for IIED.  (SAC, 8:25-26.)

28

ITTLER MENDELSON
Professional Corporation
Treat Towers
1755 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

5.

## 2. Plaintiff Fails to Allege Facts Sufficient to Show Severe Emotional Distress

For the purpose of testing the sufficiency of Plaintiff's IIED claims, the demurrer admits the truth of all material facts properly pleaded; however, it does not assume the truth of contentions, deductions or *conclusions of fact or law. Aubry v. Tri-City Hosp. Dist.* (1992) 2 Cal.4th 962, 966-967 (emphasis added). Plaintiff concludes that he suffered "severe emotional distress," incurred medical expenses and lost income. (SAC, ¶¶ 20; 23; 43; 61; 67.) He alleges that May's statement caused him "to seek medical advice and or counseling, and to incur medical expenses and or expenses for mental and or emotional counseling." (SAC, ¶ 35.) Plaintiff's SAC alleges no additional facts showing severe emotional distress than were pleaded in his FAC. (FAC, ¶¶ 21-27.)

In *Angie M. v. Superior Court* (1995) 37 Cal.App.4th 1217, 1226-1227, the court granted a demurrer to a cause of action for IIED arising from a sexual battery because the plaintiff "pleaded no facts demonstrating the nature, extent or duration of her alleged emotional distress." In *Angie M.*, the plaintiff argued "her only pleading error was that she simply failed to call her emotional distress severe." *Id.* at 1227. The court responded, "[w]e disagree" and explained that "[o]nly emotional distress of 'such substantial quantity or enduring quality' that an individual in civilized society should not be expected to endure it constitutes severe emotional distress." *Id.* (citations omitted). While Plaintiff *concludes* that he suffered severe emotional distress, his SAC does not allege *facts* to satisfy the pleading requirement.

Plaintiff may argue that he alleges he suffered damage to his reputation; however, this again is *conclusory*, is not emotional distress, and there are no facts supporting any severe emotional distress arising out of alleged damage to his reputation. Thus, even though Plaintiff has stated trigger words in his SAC, he has failed to plead any facts demonstrating that nature, extent or duration of his alleged emotional distress.

## 3. Plaintiff Fails to Allege Facts Sufficient To Show Conduct That is Extreme and Outrageous

In order to plead a claim for IIED, Plaintiff must allege facts sufficient to show conduct that is "so extreme and outrageous as to go beyond all possible bounds of decency, and to be

6.

.ITTLER MENDELSON
A Professional Corporation
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925 932 2468

1    regarded as atrocious, and utterly intolerable in a civilized community." *Alcorn v. Anbro*

2    *Engineering, Inc.* (1970) 2 Cal.3d 493, 499, n.5.  Absent special situations of extreme misconduct,

3    employers are not liable for intentional infliction of emotional distress based on insulting remarks,

4    indignity, annoyance, or even threats to an employee.  *Yurick v. Superior Court* (1989) 209

5    Cal.App.3d 1116, 1128; *disapproved on other grounds* (the requirements are vigorous and difficult

6    to satisfy); *see also Alcorn, supra,* 2 Cal.3d at 499.  For example, in *Ankeny v. Lockheed Missiles*

7    *and Space Co.* (1979) 88 Cal.App.3d 531, 536, the court found that allegations in the complaint that

8    an employer continuously transferred plaintiff, refused to promote him, assigned him inappropriate

9    work tasks, allowed co-workers to verbally insult him, and improperly terminated him, did not

10   amount to the requisite outrageous conduct as a matter of law.

11          Further, "[m]anaging personnel is not outrageous conduct beyond the bounds of

12   human decency, but rather conduct essential to the welfare and prosperity of society . . . [and] if

13   personnel management decisions are improperly motivated, the remedy is a suit against the employer

14   for discrimination." *See Janken, supra,* 46 Cal.App.4th at 80.  Defendants' allegedly defamatory

15   remarks do not constitute conduct so extreme as to exceed all bounds tolerated in a civilized society.

16   Further, when the alleged conduct of each individual Defendant is examined independently, there are

17   absolutely no grounds to subject any of them to IIED.  To the contrary, comments regarding

18   suspicion of alcohol use in the workplace and reasonable suspicion testing for such are appropriate,

19   if not necessary, to protect the safety of Plaintiff, his co-workers, and ABHOW residents.

20          To the extent that Plaintiff's allegations of IIED rest upon the argument that such

21   conduct was outrageous because it occurred as a result of racial animus, he not only fails to allege

22   extreme and outrageous facts, but his claim is duplicative of his FEHA claims.  *See id.*    Plaintiff

23   fails to allege any conduct by Defendants that even remotely approaches the required level of

24   outrageousness.  Thus, Plaintiff fails to state a claim for IIED.

25      C.      **Plaintiff Fails To State Facts Sufficient to Constitute A Cause of Action For**
                **Negligent Infliction of Emotional Distress Against May**
26

27          Plaintiff's Third Cause of Action alleges Negligent Infliction of Emotional Distress

28   ("NIED") against May on the basis that he falsely accused Plaintiff of being drunk on the job.

.ITTLER MENDELSON
. Professional Corporation
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925 932 2468

7.

1   (SAC, ¶¶ 18; 19.)

2   **1.    Plaintiff's Claim is Within the Exclusive Jurisdiction of the Workers'**
        **Compensation Appeals Board**
3

4           Assuming, arguendo, that Plaintiff could assert a claim for NIED, it would be

5   preempted by the exclusive remedy provision of the Workers' Compensation Act.  Negligent acts of

6   an employer that result in injury to an employee "arising out of" the employment relationship are

7   preempted by the Workers' Compensation Act.  Lab. Code § 3600; *Cole, supra,* 43 Cal.3d at 160

8   (exclusive remedy provision of the Workers' Compensation Act precludes civil claims where the

9   employer's actions giving rise to the claim were a normal part of the employment relationship).

10  Plaintiff alleges that May falsely accused him of being drunk on the job, an entirely reasonable and

11  legitimate concern in the employment setting.  *See Shoemaker, supra,* 52 Cal.3d at 11.  Thus, any

12  injury caused by May's alleged negligence in opining that he was drunk on the job would be

13  preempted by Workers' Compensation.  Accordingly, Plaintiff's Third Cause of Action for NIED

14  fails to state facts sufficient to constitute a cause of action and should be dismissed as a matter of

15  law.

16  **2.    Plaintiff Fails to Allege Facts Sufficient to Show that he Suffered Serious**
        **Emotional Distress**
17

18          Plaintiff failed to allege facts showing that he suffered "serious" emotional distress.

19  Serious emotional distress exists "if an ordinary reasonable person would be unable to cope with it."

20  *See* ACI 1620; *Molien v. Kaiser Found. Hosps.* (1980) 27 Cal.3d 916, 928.  Plaintiff's NIED claim

21  must fail because he does not plead any facts showing serious emotional distress resulting from

22  May's conduct.

23  **3.    Plaintiff Fails to Allege Facts Sufficient to Show that May Engaged in**
        **Negligent Conduct**
24

25          In order to allege a cause of action for NIED, Plaintiff must plead facts sufficient to

26  show that May engaged in negligent conduct.  CACI 1620; *See Burgess v. Sup. Ct. (Gupta)* (1992) 2

27  Cal.4th 1064, 1072.  The allegations that Plaintiff incorporates into his NIED cause of action allege

28  inherently intentional conduct by May.  *See Semore v. Pool* (1990) 217 Cal.App.3d 1087, 1105, *rev.*

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

8.

1   *denied* (plaintiff's termination could not support her NIED claim because "[a]n employer's

2   supervisory conduct is inherently intentional); *Edwards v. United States Fid. & Guar. Co.* (N.D. Cal.

3   1994) 848 F.Supp.1460, 1466 (applying California law: "where the conduct is intentional, it cannot

4   be used as the basis for a negligent infliction of emotional distress claim"). Plaintiff, alleging

5   intentional conduct, uses the same facts alleged for his IIED to plead his NIED claim. (*See* SAC, ¶¶

6   18-20.) For example, he claims that May "acted with malice toward plaintiff," "he knew he did not

7   have sufficient information," and made the statement "for the purpose of causing damage to

8   plaintiff's reputation." (*Id.*) Thus, May's alleged misconduct cannot support Plaintiff's negligence

9   claims. Further, because Plaintiff is merely duplicating the exact same facts and arguments for his

10  negligence cause of action that he is alleging for his IIED cause of action, the NIED cause of action

11  should be dismissed because it is entirely duplicative. *See Guz v. Bechtel Nat'l Inc.* (2000) 24

12  Cal.4th 317, 352 (duplicative causes of action may be disregarded as superfluous when they do

13  nothing more than repeat and re-allege the same allegations set forth in a separate cause of action);

14  *Careau & Co. v. Security Pac. Business Credit, Inc.* (1991) 222 Cal.App.3d 1371, 195. Thus,

15  Plaintiff's NIED claim is factually and legally untenable.

16   **D.    Plaintiff Fails To State Facts Sufficient to Constitute A Cause of Action For**
         **Harassment Against Sebastian or ABHOW**
17

18          **1.    Plaintiff Fails to Allege Facts Sufficient to Show that he was Subjected to**
                 **Abusive Treatment that was Based on Race and That Was Severe and**
                 **Pervasive**
19

20          To plead a harassment claim, Plaintiff must allege that the harassment he complained

21  of was based on his inclusion in a protected class and that the harassment complained of was

22  sufficiently severe and pervasive to alter the terms and conditions of his employment and create an

23  abusive working environment. *See Beyda v. City of Los Angeles* (1998) 65 Cal.App.4th 511, 517;

24  *Fisher, supra,* 214 Cal.App.3d at 604, 608. Plaintiff fails to sufficiently plead facts showing that he

25  was subjected to abusive treatment that was based on race and even assuming that he did allege

26  abusive treatment based upon race, he fails to allege facts showing that the treatment was sufficiently

27  severe and pervasive to alter the terms and conditions of his employment and create an abusive

28  working relationship.

TTLER MENDELSON
A Professional Corporation
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

9.

1           Plaintiff merely alleges two facts supporting his harassment based upon race claim –

2    and they were the same incident. He alleges that Sebastian accused him of being drunk on the job

3    and singled him out for an alcohol test because of his race. (SAC, 10:16-17; 13:23-25.) Accepting

4    these facts as true, this was one isolated incident and did not constitute abusive treatment that was

5    "severe and pervasive" because it was not "a concerted pattern of harassment of a repeated, routine

6    or a generalized nature." *Etter v. Veriflo* (1998) 67 Cal.App.4th 457, 465-466, *rev. denied.*

7           To prove that the conduct alleged was sufficiently severe and pervasive, a plaintiff

8    must prove that a reasonable person would consider the alleged harasser's conduct, based on the

9    totality of the circumstances, to be so severe and pervasive as to alter the terms and conditions of his

10   employment. *Harris v. Forklift Sys.* (1993) 510 U.S. 17, 22-23. Courts consider the frequency of

11   the conduct, the severity of the conduct, whether the conduct was physically threatening or

12   humiliating or a mere offensive utterance, and whether the conduct unreasonably interfered with an

13   employee's work performance. *Id.* at 22-23. California courts have uniformly applied the *Harris*

14   standard when evaluating harassment claims. *See Beyda, supra,* 65 Cal.App.4th at 517 (workplace

15   must be "permeated with discriminatory intimidation, ridicule and insult that is sufficiently severe or

16   pervasive to alter the conditions of the victim's employment and create an abusive working

17   environment."). "[A]cts of harassment cannot be occasional, isolated, sporadic, or trivial, rather the

18   plaintiff must show a concerted pattern of harassment of a repeated, routine or of a generalized

19   nature." *Fisher, supra,* 214 Cal.App.3d at 609-610; *see also Etter, supra,* 67 Cal.App.4th at 465-466

20   (acts of alleged racial harassment cannot be occasional, isolated, sporadic or trivial"); *Guthrey v.*

21   *State of California* (1998) 63 Cal.App.4th 1108, 1123 (alleged harassment must be a pattern of

22   continuous, pervasive harassment). In *Etter,* a supervisor made comments to a temporary African

23   American employee, including calling him "boy," "Buckwheat," and "Jemima" on numerous

24   occasions over a six week period. *Etter, supra,* 67 Cal.App.4th at 465. The court affirmed the jury's

25   verdict that this conduct was insufficiently severe and pervasive to constitute racial harassment, and

26   commented that "the law does not exhibit 'zero tolerance' for offensive words and conduct." *Id.* at

27   467.

28          Although Plaintiff alleges that one co-worker reported that he was drunk on the job

ITTLER MENDELSON
. Professional Corporation
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925 932 2468

1    and a supervisor requested that he take an alcohol test, neither the words used, the frequency, nor the

2    duration rise to the level that requires court intervention. There were no threats of assault or

3    violence. There was no touching. This was one incident over the course of several years of

4    employment. The acts alleged to constitute harassment by definition fail to meet the standard of a

5    "concerted pattern of harassment" necessary under *Fisher*. As such, these acts fail to meet each and

6    every factor necessary to establish a viable harassment claim.

7            Defendants anticipate that Plaintiff will point to his allegations in paragraph 14 of the

8    SAC to argue that there was a pattern of harassment. However, the allegations in paragraph 14,

9    (SAC, 10:17-11:2), do not bolster Plaintiff's harassment claims because there is no factual allegation

10    demonstrating that this conduct took place because of his race. Even if it did, none of this conduct

11    amounts to the extreme conduct required to state a claim for harassment under FEHA.

12    Consequently, the isolated incident by Sebastian, does not rise to the level of harassment as a matter

13    of law and the demurrer to the Seventh and Eighth Causes of Action for harassment should be

14    sustained.

15    **E.    Plaintiff Fails to State Facts Sufficient to Constitute A Cause Of Action for**
       **Discrimination Against ABHOW**

16

17            Plaintiff alleges the following with respect to his claim for discrimination on the basis

18    of race against ABHOW:

19            &bull;  "The plaintiff took the breathalyser alcohol test against his will because he

20                reasonably believed his employer was coercing him and threatening to
                   terminate his employment if he did not take the breathalyzer test. The

21                breathalyzer test results confirmed that plaintiff had not been drinking
                   alcohol." (SAC, ¶ 13.)

22

23            &bull;  Sebastian "falsely accused plaintiff of being drunk on the job, with malice,
                   because of plaintiff's race." (SAC, 10:15-17; ¶ 21.)

24

25            &bull;  Sebastian and Lyles "treated plaintiff differently than it treated its non African
                   American employees." (SAC, ¶ 24.)

26            &bull;  "ABHOW's policy and past practice and policy [sic] at the time of the alleged

27                incident was to request its non African American employees to submit to
                   alcohol testing only if there was a reasonable suspicion that the employee was

28                under the influence of alcohol. The employer did not randomly test its non

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek  CA 94597
925 932 2468

11.

DEFENDANTS' MPA ISO DEMURRER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

1   African American employees for alcohol consumption.  However, the
2   plaintiff's employer singled out plaintiff because of plaintiff's race, African
    American." (SAC, ¶ 25.)

3   • "ABHOW failed to investigate plaintiff's complaint about Sebastian's
4   unlawful conduct and failed to take all reasonable steps to stop Sebastian from
    discriminating and or harassing him." (SAC, ¶ 27.)

Plaintiff's claim fails to plead facts sufficient to show that: (1) a breath test for
alcohol in the workplace is an adverse employment action, and the request to take the breath test was
caused by him being African American (i.e., a causal connection), and (2) there exists a practice or
policy having a disproportionate adverse effect on African Americans. *See Akers v. County of San
Diego*, 95 Cal.App.4th 1441, 1457 (2002); *Guz, supra,* 24 Cal.4th at 335.

1.   **Plaintiff Fails to Allege Facts Sufficient to Show that he Suffered an
     Adverse Employment Action Caused by him Being a Member of a
     Protected Class**

Plaintiff fails to allege that an employee taking a breath test due to suspicion of being
under the influence of alcohol on the job is an adverse employment action. *See, e.g., Akers, supra,*
95 Cal.App.4th at 1457 ("a mere oral or written criticism of an employee . . . does not meet the
definition of an adverse employment action"); *Nunez v. City of Los Angeles* (9th Cir. 1998) 147 F.3d
867, 875 (verbal threats do not rise to the level of an adverse employment action).  Nor do the
combined acts rise to the level of an adverse employment action. *Cf. Yanowitz v. L'Oreal USA, Inc.,*
36 Cal.4th 1028, 1055 (2005) (finding that a litany of actions by the employer – including negative
performance reviews, refusal to allow the plaintiff to respond to negative criticism, an unwarranted
public reprobation, fueling resentment of the plaintiff by co-workers, and solicitation of negative
feedback from the plaintiff's staff – was sufficient to state an adverse employment action).

Even assuming Plaintiff did adequately allege that it was an adverse employment
action, he fails to allege facts showing that the action was based upon his race.  Plaintiff must
specifically plead facts in support of each requirement of the statute. *Fisher, supra,* 214 Cal.App.3d
at 604.  The complaint must *plead every fact* which is essential to the cause of action under the
statute. *G.H.I.T. v. MTS, Inc.* (1983) 147 Cal.App.3d 256, 273; *Feingold v. County of Los Angeles*
(1967) 254 Cal.App.2d 622, 625.  "While a complaint need not prove that animus was the sole

ITTLER MENDELSON
Professions Corporation
Troct Lawyers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925 932 2468

12.

DEFENDANTS' MPA ISO DEMURRER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

1    motivation behind that challenged action, he must prove by a preponderance of the evidence that

2    there was a "causal connection between the employee's protected status and the adverse employment

3    decision." *Mixon v. Fair Employment and Housing Commission* (1987) 192 Cal.App.3d 1306, 1219.

4    While Plaintiff's SAC contains the conclusions that he was treated differently than non-African

5    American individuals, singled out because of his race, and accused of being drunk because of his

6    race, he fails to identify any facts showing that the alleged act was based upon race. Plaintiff's legal

7    conclusions are simply not sufficient to establish a cause of action of race discrimination against

8    ABHOW. Lacking any facts supporting the race discrimination claim, the cause of action should be

9    dismissed without leave to amend.

10                    **2.    Plaintiff Fails to Allege Facts Sufficient to Show That A Practice or Policy
                             of ABHOW had a Disproportionate Adverse Effect on African Americans**
11

12                    Even if Plaintiff had offered legal authority establishing a theory of disparate impact,

13    Plaintiff still fails to plead a claim for discrimination because he does not identify a particular

14    employment practice having a disproportionate adverse effect on African Americans on account of

15    protected status. *See Watson v. Forth Worth Bank & Trust* (1988) 487 U.S. 977, 994; *Guz, supra,* 24

16    Cal. 4th at 354, fn. 20. Plaintiff's argument that "his employer treated him differently with regard to

17    terms and conditions of his employment, than it treated its non African American employees," does

18    not plead a disproportionate adverse effect. (SAC, ¶ 24.)

19                    It is insufficient to merely allege that a practice has harmed members of a protected

20    group to which a plaintiff belongs; there must be a significant discriminatory impact. *See Carter v.*

21    *CB Richard Ellis, Inc.* (2004) 122 Cal.App.4th 1313, 1324, *rev. denied*; *City and County of San*

22    *Francisco v. Fair Employment and Housing Com.* (1987) 191 Cal.App.3d 976, 985. Plaintiff merely

23    identifies a "past practice and policy" and states that ABHOW singled him out because of his race.

24    (SAC, ¶ 25.) Thus, Plaintiff fails to state a claim for discrimination. Further, to the extent he is

25    alleging a failure to prevent discrimination claim, that fails as well because he does not plead a

26    viable cause of action for discrimination. *See Trujillo v. North Co. Transit Dist.* (1998) 63

27    Cal.App.4th 280, 289.

28

LITTLER MENDELSON
A Professional Corporation
Trust Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925 932 2468

13.

DEFENDANTS' MPA ISO DEMURRER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

1

## III.    CONCLUSION

2          For the foregoing reasons, this Court should sustain without leave to amend

3    Defendants' demurrer to the Second, Third, Fifth, Sixth, Seventh, Eighth, and Ninth Causes of

4    Action in Plaintiff's Second Amended Complaint.

5

6    Dated: September 10, 2007

7                                              MICHAEL E. BREWER
                                               LITTLER MENDELSON
8                                              A Professional Corporation
                                               Attorneys for Defendants
9                                              AMERICAN BAPTIST HOMES OF THE
                                               WEST, GRAND LAKE GARDENS, CALVIN
10                                             MAY AND SCOTT SEBASTIAN

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ITTLER MENDELSON
Professional Corporation
Texas Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925 932 2468

14.

DEFENDANTS' MPA ISO DEMURRER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

09-10-2007   13:56   From-LITTLER MENDELSON                    9259469809               T-772  P.025/032  F-743

1  MICHAEL E. BREWER, Bar No. 177912
   ALLISON R. BALC, Bar No. 214962
2  LITTLER MENDELSON
   A Professional Corporation
3  Treat Towers
   1255 Treat Boulevard
4  Suite 600
   Walnut Creek, CA 94597
5  Telephone:    925.932.2468
   Fax No.:      925.946.9809
6
   Attorneys for Defendants
7  AMERICAN BAPTIST HOMES OF THE WEST,
   GRAND LAKE GARDENS, CALVIN MAY AND
8  SCOTT SEBASTIAN

9

10                 SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                            COUNTY OF ALAMEDA

12  WILLIAM J. CHAPPLE,                    Case No. RG06297059

13              Plaintiff,                 [PROPOSED] ORDER SUSTAINING
                                           DEFENDANTS AMERICAN BAPTIST
14        v.                               HOMES OF THE WEST, CALVIN MAY,
                                           AND SCOTT SEBASTIAN'S DEMURRER
15  AMERICAN BAPTIST HOMES OF THE          TO PLAINTIFF WILLIAM J. CHAPPLE'S
    WEST CORPORATION, aka,                 SECOND AMENDED COMPLAINT
16  AMERICAN BAPTIST HOMES OF THE
    WEST, aka, GRAND LAKE GARDENS,         Date:        October 26, 2007
17  CALVIN MAY, SCOTT SEBASTIAN,           Time:        9:30 a.m.
    DOES 1 through 10,                     Dept:        8
18                                         Reservation No.:  750264
                Defendants.                Before the Honorable Winifred Y. Smith
19
                                                      BY FAX
20

21        The demurrer to Plaintiff's Second Amended Complaint ("SAC") filed by Defendants

22  American Baptist Homes of the West, aka Grand Lake Gardens ("ABHOW"), Calvin May and Scott

23  Sebastian (collectively referred to as "Defendants") came on regularly for hearing before this Court

24  in Department 8 on October 26, 2007 at 9:30 a.m., the Honorable Winifred Y. Smith presiding. The

25  Court, having considered all papers filed in support of and in opposition to Defendants' demurrer, as

26  well as oral arguments of counsel, and good cause appearing therefrom, rules as follows:

27        1.    Defendants' demurrer to the Second Cause of Action, alleging intentional infliction of

28  emotional distress against Calvin May, is sustained without leave to amend. Plaintiff's claim is

LITTLER MENDELSON
A Professional Corporation
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

[PROPOSED] ORDER SUSTAINING DEFENDANTS' DEMURRER TO PLAINTIFF'S SAC

1   within the exclusive jurisdiction of the Worker's Compensation Appeals Board.  Moreover, having

2   already been given opportunities to amend his complaint, Plaintiff has averred no facts indicating he

3   might be able to state a valid claim if given another opportunity to amend his complaint.  *See,*

4   *Traverso v. Dept. of Trans.* (2001) 87 Cal.App.4th 1142, 1144, *rev. denied.*

5         2.      Defendants' demurrer to the Second Cause of Action, alleging intentional infliction of

6   emotional distress against Calvin May, is sustained without leave to amend.  Plaintiff fails to allege

7   facts sufficient to show severe emotional distress.  Moreover, having already been given

8   opportunities to amend his complaint, Plaintiff has averred no facts indicating he might be able to

9   state a valid claim if given another opportunity to amend his complaint.  *See id.*

10        3.      Defendants' demurrer to the Second Cause of Action, alleging intentional infliction of

11  emotional distress against Calvin May, is sustained without leave to amend.  Plaintiff fails to allege

12  facts sufficient to show conduct that is extreme and outrageous.  Moreover, having already been

13  given opportunities to amend his complaint, Plaintiff has averred no facts indicating he might be able

14  to state a valid claim if given another opportunity to amend his complaint.  *See id.*

15        4.      Defendants' demurrer to Plaintiff's Third Cause of Action, alleging negligent

16  infliction of emotional distress against Defendant Calvin May, is sustained without leave to amend.

17  Plaintiff's claim is within the exclusive jurisdiction of the Worker's Compensation Appeals Board.

18  Moreover, having already been given opportunities to amend his complaint, Plaintiff has averred no

19  facts indicating he might be able to state a valid claim if given another opportunity to amend his

20  complaint.  *See id.*

21        5.      Defendants' demurrer to Plaintiff's Third Cause of Action, alleging negligent

22  infliction of emotional distress against Defendant Calvin May, is sustained without leave to amend.

23  Plaintiff fails to allege facts sufficient to show the he suffered serious emotional distress.  Moreover,

24  having already been given opportunities to amend his complaint, Plaintiff has averred no facts

25  indicating he might be able to state a valid claim if given another opportunity to amend his

26  complaint.  *See id.*

27        6.      Defendants' demurrer to Plaintiff's Third Cause of Action, alleging negligent

28  infliction of emotional distress against Defendant Calvin May, is sustained without leave to amend.

TLER MENDELSON
Horizonne Corporation
Traal Towers
'755 Front Boulevard
Suite 600
.ilnut Creek, CA  94597
  925 532 2466

1    Plaintiff fails to allege facts sufficient to show that May engaged in negligent conduct. \

2        7.    Defendants' demurrer to the Fifth Cause of Action, alleging intentional infliction of

3    emotional distress against ABHOW and Scott Sebastian, is sustained without leave to amend.

4    Plaintiff's claim is within the exclusive jurisdiction of the Worker's Compensation Appeals Board.

5    Moreover, having already been given opportunities to amend his complaint, Plaintiff has averred no

6    facts indicating he might be able to state a valid claim if given another opportunity to amend his

7    complaint. *See id.*

8        8.    Defendants' demurrer to the Fifth Cause of Action, alleging intentional infliction of

9    emotional distress against ABHOW and Scott Sebastian, is sustained without leave to amend.

10   Plaintiff fails to allege facts sufficient to show severe emotional distress. Moreover, having already

11   been given opportunities to amend his complaint, Plaintiff has averred no facts indicating he might

12   be able to state a valid claim if given another opportunity to amend his complaint. *See id.*

13       9.    Defendants' demurrer to the Fifth Cause of Action, alleging intentional infliction of

.14  emotional distress against ABHOW and Scott Sebastian, is sustained without leave to amend.

15   Plaintiff fails to allege facts sufficient to show conduct that is extreme and outrageous. Moreover,

16   having already been given opportunities to amend his complaint, Plaintiff has averred no facts

17   indicating he might be able to state a valid claim if given another opportunity to amend his

18   complaint. *See id.*

19       10.   Defendants' demurrer to the Sixth Cause of Action, alleging intentional infliction of

20   emotional distress against ABHOW, is sustained without leave to amend. Plaintiff's claim is within

21   the exclusive jurisdiction of the Worker's Compensation Appeals Board. Moreover, having already

22   been given opportunities to amend his complaint, Plaintiff has averred no facts indicating he might

23   be able to state a valid claim if given another opportunity to amend his complaint. *See id.*

24       11.   Defendants' demurrer to the Sixth Cause of Action, alleging intentional infliction of

25   emotional distress against ABHOW, is sustained without leave to amend. Plaintiff fails to allege

26   facts sufficient to show severe emotional distress. Moreover, having already been given

27   opportunities to amend his complaint, Plaintiff has averred no facts indicating he might be able to

28   state a valid claim if given another opportunity to amend his complaint. *See id.*

TTLER MENDELSON
Professional Corporation
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek CA 94597
925 932 2468

3.

1      12.    Defendants' demurrer to the Sixth Cause of Action, alleging intentional infliction of

2  emotional distress against ABHOW, is sustained without leave to amend.  Plaintiff fails to allege

3  facts sufficient to show conduct that is extreme and outrageous.  Moreover, having already been

4  given opportunities to amend his complaint, Plaintiff has averred no facts indicating he might be able

5  to state a valid claim if given another opportunity to amend his complaint.  *See id.*

6      13.    Defendants' demurrer to the Seventh Cause of Action, alleging harassment against

7  Scott Sebastian, is sustained without leave to amend.  Plaintiff fails to allege facts sufficient to show

8  that he was subjected to abusive treatment that was based on race and that was severe or pervasive.

9  Moreover, having already been given opportunities to amend his complaint, Plaintiff has averred no

10  facts indicating he might be able to state a valid claim if given another opportunity to amend his

11  complaint.  *See id.*

12      14.    Defendants' demurrer to the Eighth Cause of Action, alleging harassment against

13  ABHOW, is sustained without leave to amend.  Plaintiff fails to allege facts sufficient to show that

14  he was subjected to abusive treatment that was based on race and that was severe or pervasive.

15  Moreover, having already been given opportunities to amend his complaint, Plaintiff has averred no

16  facts indicating he might be able to state a valid claim if given another opportunity to amend his

17  complaint.  *See id.:*

18      15.    Defendants' demurrer to the Ninth Cause of Action, alleging discrimination against

19  ABHOW, is sustained without leave to amend.  Plaintiff fails to allege facts sufficient to show that

20  he suffered an adverse employment action caused by him being a member of a protected class.

21  Moreover, having already been given opportunities to amend his complaint, Plaintiff has averred no

22  facts indicating he might be able to state a valid claim if given another opportunity to amend his

23  complaint.  *See id.*

24      16.    Defendants' demurrer to the Ninth Cause of Action, alleging discrimination against

25  ABHOW, is sustained without leave to amend.  Plaintiff fails to allege facts sufficient to show that a

26  practice or policy of ABHOW had a disproportionate effect on African Americans.  Moreover,

27  having already been given opportunities to amend his complaint, Plaintiff has averred no facts

28  indicating he might be able to state a valid claim if given another opportunity to amend his

4.

TLER MENDELSON
'ssissessum Corrosorium
fraal Towers
'73th Troot Boulevard
Suite 600
Heur Crook  CA  54597
926 932 2468

1  complaint. *See id.*

2

3  **IT IS SO ORDERED.**

4

5  Dated:_____          _____

6                                          The Honorable Winifred Y. Smith

7  Firmwide:83061667.1 012425.1022

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ITLER MENDELSON

5.

[PROPOSED] ORDER SUSTAINING DEFENDANTS' DEMURRER TO PLAINTIFF'S SAC



09-10-2007   13:56   From-LITTLER _..DELSON                    9259469809              T-772  P.031/032  F-743

ENDORSED
FILED
ALAMEDA COUNTY

SEP 1 0 2007

CLERK OF THE SUPERIOR COURT
By

1  MICHAEL E. BREWER, Bar No. 177912
   ALLISON R. BALC, Bar No. 214962
2  LITTLER MENDELSON
   A Professional Corporation
3  Treat Towers
   1255 Treat Boulevard
4  Suite 600
   Walnut Creek, CA 94597
5  Telephone:   925.932.2468
   Fax No.:     925.946.9809
6
   Attorneys for Defendants
7  AMERICAN BAPTIST HOMES OF THE WEST,
   GRAND LAKE GARDENS, CALVIN MAY, AND
8  SCOTT SEBASTIAN

9                  SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                         COUNTY OF ALAMEDA

11

12  WILLAIM J. CHAPPLE,                    Case No. RG062970.9

                                          **PROOF OF SERVICE**
13           Plaintiff,

14      v.                                Date:  October 26, 2007
                                          Time:  9:30 a.m.
15  AMERICAN BAPTIST HOMES OF THE          Dept:  8
    WEST CORPORATION, aka,                Reservation No.:   750264
16  AMERICAN BAPTIST HOMES OF THE          Before the Honorable Winifred Smith
    WEST, aka, GRAND LAKE GARDENS,
17  CALVIN MAY, SCOTT SEBASTIAN,
    and DOES 1 through 10,

18           Defendant.

19                                        **BY FAX**

20                          **PROOF OF SERVICE**

21           I am a resident of the State of California, over the age of eighteen years, and not a

22  party to the within action. My business address is Littler Mendelson, Treat Towers, 1255 Treat

23  Boulevard, Suite 600, Walnut Creek, CA 94597. On September 10, 2007, I served the within

24  document(s):

25  **DEFENDANTS AMERICAN BAPTIST HOMES OF THE WEST, CALVIN MAY, AND
    SCOTT SEBASTIAN'S NOTICE OF DEMURRER TO PLAINTIFF WILLIAM J.**
26  **CHAPPLE'S SECOND AMENDED COMPLAINT**

27  **DEFENDANTS AMERICAN BAPTIST HOMES OF THE WEST, CALVIN MAY, AND
    SCOTT SEBASTIAN'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**
28

LITTLER MENDELSON
A Professional Corporation
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925 932 2468

                              PROOF OF SERVICE

1  OF DEMURRER TO PLAINTIFF WILLIAM J. CHAPPLE'S SECOND AMENDED
   COMPLAINT
2
   [PROPOSED] ORDER SUSTAINING DEFENDANTS AMERICAN BAPTIST HOMES OF
3  THE WEST, CALVIN MAY, AND SCOTT SEBASTIAN'S DEMURRER TO PLAINTIFF
   WILLIAM J. CHAPPLE'S SECOND AMENDED COMPLAINT
4
5       ☐   by facsimile transmission at or about _____ on that date. This document was
            transmitted by using a facsimile machine that complies with California Rules of Court
6           Rule 2003(3), telephone number 925.946.9809. The transmission was reported as
            complete and without error. A copy of the transmission report, properly issued by the
7           transmitting machine, is attached. The names and facsimile numbers of the person(s)
            served are as set forth below.
8
9       ☒   by placing a true copy of the document(s) listed above for collection and mailing
            following the firm's ordinary business practice in a sealed envelope with postage thereon
10          fully prepaid for deposit in the United States mail at Walnut Creek, California addressed
            as set forth below.
11
12      ☐   by depositing a true copy of the same enclosed in a sealed envelope, with delivery fees
            provided for, in an overnight delivery service pick up box or office designated for
13          overnight delivery, and addressed as set forth below.

14      ☐   by personally delivering a copy of the document(s) listed above to the person(s) at the
            address(es) set forth below.
15
16          Michael C. Cohen
            Law Office of Michael C. Cohen
17          1814 Franklin Street, Suite 900
            Oakland, CA  94612
18          Facsimile: (510) 832-6439
            Telephone: (510) 832-6436
19
        *Attorney for Plaintiff*
20
             I am readily familiar with the firm's practice of collection and processing
21  correspondence for mailing and for shipping via overnight delivery service. Under that practice it

22  would be deposited with the U.S. Postal Service or if an overnight delivery service shipment,

23  deposited in an overnight delivery service pick-up box or office on the same day with postage or fees

24  thereon fully prepaid in the ordinary course of business. I declare under penalty of perjury under the

25  laws of the State of California that the above is true and correct. Executed on September 10, 2007, at

26  Walnut Creek, California.

27
                                          _Gina Camacho_
28                                          Gina Camacho

PROOF OF SERVICE

**EXHIBIT NN**

Law Office of Micha    Cohen                America    ptist Homes of the West    -
Attn:  Cohen, Michael ∪.
1814 Franklin St., Ste. 900
Oakland, CA  94612-0000

## Superior Court of California, County of Alameda
## Hayward Hall of Justice

| | |
|---|---|
| **Chapple** | No. RG07326753 |
| Plaintiff/Petitioner(s) | |
| **VS.** | **Minutes** |
| **American Baptist Homes of the West** | |
| Defendant/Respondent(s) | |
| **(Abbreviated Title)** | |

Department   512                        Honorable   Barbara J. Miller            , Judge

Cause called for Case Management Conference on October 02, 2007.

Plaintiff William J. Chapple represented by Cohen, Michael C..
Defendant American Baptist Homes of the West represented by Michael Brewer.
Defendant Calvin May represented by Michael Brewer.
Defendant Grand Lake Gardens represented by Michael Brewer.
Defendant Scott Sebastian represented by Michael Brewer.

Matter is continued to a future compliance date for filing of Dismissal.

If request for Dismissal had been filed prior to next court date, appearance is not required.

Case continued to 08:30 AM on 11/06/2007 in Department 512, Case Management Conf Continuance,
Hayward Hall of Justice, 24405 Amador Street, Hayward.

Notices will be mailed.

Minutes of      10/02/2007
Entered on      10/02/2007

Executive Officer / Clerk of the Superior Court

By      _Deon Limgruis_
            Digital

                                    Deputy Clerk

---

**Minutes**

M3998038

**EXHIBIT OO**

Law Office of Michael Cohen
Attn: Cohen, Michael C.
1814 Franklin St., Ste. 900
Oakland, CA  94612-0000

American Baptist Homes of the West

## Superior Court of California, County of Alameda
## Hayward Hall of Justice

| | |
|---|---|
| Chapple<br><br>Plaintiff/Petitioner(s)<br><br>VS.<br><br>American Baptist Homes of the West<br>Defendant/Respondent(s)<br>(Abbreviated Title) | No. RG07326753<br><br><br>NOTICE OF HEARING  Paid<br>11/6/07 |

To each party or to the attorney(s) of record for each party herein:

Notice is hereby given that the above entitled action has been set for:

Case Management Conf Continuance

You are hereby notified to appear at the following Court location on the date and time noted below:

Case Management Conf Continuance:
DATE: 11/06/2007    TIME: 08:30 AM    DEPARTMENT: 512
LOCATION:  Hayward Hall of Justice, 2nd Floor
            24405 Amador Street, Hayward

Dated:  10/02/2007

Executive Officer / Clerk of the Superior Court

By _____
Deputy Clerk

### CLERK'S CERTIFICATE OF MAILING
I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause.  I served this Notice by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 10/02/2007.

By _____
Deputy Clerk

# EXHIBIT PP

10-05-2007  13:18  From-L, . MENDELSON          9250460909          T-862  P.0027003  F-848

1  MICHAEL E. BREWER, Bar No. 177912
   ALLISON R. BALC, Bar No. 214962
2  LITTLER MENDELSON
   A Professional Corporation
3  1255 Treat Boulevard
   Suite 600
4  Walnut Creek, CA 94597
   Telephone:   925.932.2468
5
   Attorneys for Defendants
6  AMERICAN BAPTIST HOMES OF THE WEST,
   GRAND LAKE GARDENS, CALVIN MAY AND
7  SCOTT SEBASTIAN

**FILED**
**ALAMEDA COUNTY**

OCT - 5 2007

CLERK OF THE SUPERIOR COURT
By _____

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                          COUNTY OF ALAMEDA

10  WILLIAM J. CHAPPLE,                  Case No.  RG06297059

11              Plaintiff,               **STIPULATION AND
                                         [PROPOSED] ORDER THEREON**
12      v.

13  AMERICAN BAPTIST HOMES OF THE        **BY FAX**
    WEST CORPORATION, aka,
14  AMERICAN BAPTIST HOMES OF THE
    WEST, aka, GRAND LAKE GARDENS,
15  CALVIN MAY, SCOTT SEBASTIAN,
    DOES 1 through 10,
16
                Defendants.
17

18

19          THE PARTIES, THROUGH THEIR RESPECTIVE COUNSEL, STIPULATE TO

20  THE FOLLOWING:

21          1.   Plaintiff will dismiss his complaint without prejudice as to the entire action

22  and all parties in Alameda County Superior Court Case No. RG07326753.

23          2.   The parties stipulate that Plaintiff may file a third amended complaint in

24  Alameda County Superior Court Case No. RG06297059.

25  ///

26  ///

27  ///

28

LITTLER MENDELSON
A Professional Corporation
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

STIPULATION AND [PROPOSED] ORDER THEREON

T0570019.tif - 10/5/2007 1:15:23 PM

10-05-2007  13:18  From-L.  MENDELSON                    9258469806           T-862  P.003/003  F-849
10-04-2007  16:21  From-LITTLER MENDELSON              9258469806           T-856  P.003/003  F-849

1         3.     In response to Plaintiff's third amended complaint, Defendant will not raise

2 the specific defense that Plaintiff failed to file his action within 90 days of having received the

3 EEOC's Right to Sue Notice or that Plaintiff filed the causes of action currently contained in Case

4 Nos. RG06297059 and RG07326753 prematurely.

5         IT IS SO STIPULATED.

6 Dated: October __4__, 2007

7

8

9 LITTLER MENDELSON
MICHAEL E. BREWER
10 ALLISON R. BALC
A Professional Corporation
11 Attorneys for Defendants
AMERICAN BAPTIST HOMES OF THE
12 WEST, GRAND LAKE GARDENS, CALVIN
MAY, AND SCOTT SEBASTIAN

13

14 Dated: October __4__, 2007

15

16 LAW OFFICES OF MICHAEL C. COHEN
MICHAEL C. COHEN
17 Attorney for Plaintiff
WILLIAM CHAPPLE

18

19

20                               **ORDER**

21         IT IS SO ORDERED.

22

23

24 Dated: _____

25                           THE HONORABLE WINIFRED Y. SMITH
JUDGE OF THE SUPERIOR COURT

26 Firmwide:83193283.1 012425.1022

27

28                                 2.

LITTLER MENDELSON
A Professional Corporation
...

10570019.tif - 10/5/2007 1:15:23 PM

**EXHIBIT QQ**

  

Law Office of Michael C. Cohen
Attn: Cohen, Michael C.
1814 Franklin St., Ste. 900
Oakland, CA  94612-0000

Brewer, Michael E.
2175 North California Boulevard,
Suite 8325
Walnut Creek, CA  94596-3565

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

Chapple

                    Plaintiff/Petitioner(s)

VS.

American Baptist Homes Of The West
Corporation

                    Defendant/Respondent(s)
        (Abbreviated Title)

No. RG06297059

Stipulation and Order Re: Other
Exparte Granted

IT IS ORDERED that the parties' Stipulation, filed October 5, 2007, is APPROVED.

Plaintiff is directed to file a dismissal of the complaint in RG07326753, Chappel v. American Baptist Homes, as agreed in the stipulation.

Plaintiff shall file a Third Amended Complaint in the instant action no later than October 22, 2007. Defendants have agreed that they will not raise, in their response, the defense that Plaintiff failed to file his action within 90 days of having received the Right to Sue Notice or that Plaintiff filed the causes of action in the instant action or in RG07326753 prematurely.

Dated: 10/09/2007

                                    Winifred Y. Smith

                                  Judge Winifred Y. Smith

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Chapple VS American Baptist Homes Of The West Corporation | RG06297059 |

ADDITIONAL ADDRESSEES

Lewis, Brisbois, Bisgaard & Smith, LLP
Attn:  Fine, Gordon J.
One Sansome Street, Suite 400
14th Floor
San Francisco, CA   94104

**EXHIBIT RR**

HHS

**CIV-110**

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name...):*
Michael C. Cohen, Esq. 65487          TELEPHONE NO.: 510-832-6436
LAW OFFICES OF MICHAEL C. COHEN
1814 Franklin Street, Suite 900
Oakland, CA 94612

ATTORNEY FOR *(Name):*  William Chapple

Insert name of court and name of judicial district and branch court, if any:
Alameda County Superior Court

FOR COU

*6035151*

# FILED
## ALAMEDA COUNTY
OCT 0 9 2007
CLERK OF THE SUPERIOR COURT
By_____
Deputy

PLAINTIFF/PETITIONER: WILLIAM CHAPPLE

DEFENDANT/RESPONDENT: AMERICAN BAPTIST HOMES OF THE WEST
CORPORATION, aka, AMERICAN BAPTIST HOMES OF THE

**REQUEST FOR DISMISSAL**

- [ ] Personal Injury, Property Damage, or Wrongful Death
  - [ ] Motor Vehicle    [ ] Other
- [ ] Family Law
- [ ] Eminent Domain
- [X] Other *(specify):*  Employment Discrimination

CASE NUMBER:
RG07326753

**- A conformed copy will not be returned by the clerk unless a method of return is provided with the document. -**

1. TO THE CLERK: Please dismiss this action as follows:
   a. (1) [ ] With prejudice  (2) [X] Without prejudice
   b. (1) [ ] Complaint  (2) [X] Petition
   (3) [ ] Cross-complaint filed by (name) :                on *(date)* :
   (4) [ ] Cross-complaint filed by (name) :                on *(date)* :
   (5) [X] Entire action of all parties and all causes of action
   (6) [ ] Other: *(specify)* :*

Date: 10/04/07

Michael C. Cohen
(TYPE OR PRINT NAME OF [X] ATTORNEY [ ] PARTY WITHOUT ATTORNEY)
* If dismissal requested is of specified parties only, or specified causes of
action only, or of specified cross-complaints only, so state and identify
the parties, causes of action, or cross-complaints to be dismissed.

▶ _Michael C. Cohen_
(SIGNATURE)
Attorney or party without attorney for:  William Chapple

[X] Plaintiff/Petitioner    [ ] Defendant/Respondent
[ ] Cross-complainant

2. TO THE CLERK: Consent to the above dismissal is hereby given.**
Date:

▶ _____
(SIGNATURE)

(TYPE OR PRINT NAME OF [ ] ATTORNEY [ ] PARTY WITHOUT ATTORNEY)
** If a cross-complaint - or Response (Family Law) seeking affirmative
relief - is on file, the attorney for the cross-complaint (respondent) must
sign this consent if required by Code of Civil Procedure section 581(i)
or (j).

Attorney or party without attorney for:
[ ] Plaintiff/Petitioner    [ ] Defendant/Respondent
[ ] Cross-complainant

*(To be completed by clerk)*
3. [X] Dismissal entered as requested on *(date)* OCT 0 9 2007
4. [ ] Dismissal entered on *(date)* :    as to only *(name)* :
5. [ ] Dismissal not entered as requested for the following reasons *(specify)* :

6. [ ] a. Attorney or party without attorney notified on *(date)* :
   b. Attorney or party without attorney not notified. Filing party failed to provide
   [ ] a copy to conform    [ ] means to return conformed copy

**DISMISSAL ENTERED**

OCT 0 9 2007
By_____
Deputy

Date: _____    Clerk, by  R. Niehn    , Deputy

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
CIV-110 [Rev. January 1, 2007]
Marie Dom's
ESSENTIAL FORMS™

**REQUEST FOR DISMISSAL**

Code of Civil Procedure, § 581 et seq.
Cal. Rules of Court, rule 3.1390
www.courtinfo.ca.gov

Chapple v. American Baptist

**EXHIBIT SS**





A PROFESSIONAL CORPORATION

ALABAMA

ARIZONA

ARKANSAS

CALIFORNIA

COLORADO

CONNECTICUT

DISTRICT OF COLUMBIA

FLORIDA

GEORGIA

ILLINOIS

INDIANA

MASSACHUSETTS

MINNESOTA

MISSOURI

NEVADA

NEW JERSEY

NEW YORK

NORTH CAROLINA

OHIO

OREGON

PENNSYLVANIA

RHODE ISLAND

SOUTH CAROLINA

TEXAS

VIRGINIA

WASHINGTON

October 9, 2007

Allison R. Balc
Direct: 925.932.2468
Fax: 925.946.9809
abalc@littler.com

Yvonne Bazzell
Clerk for Judge Winifred Y. Smith
Superior Court of California
County of Alameda
1225 Fallon Street, Department 8
Oakland, CA 94612

Clerk of the Court
Superior Court of California
County of Alameda
1225 Fallon Street
Oakland, CA 94612

RECEIVED
By:
OCT 1 1 2007

Re:    **Chapple v. American Baptist Homes of the West Corporation, et al.**
       **Alameda Superior Court Case No. RG06297059**
       **Defendants' Demurrer to Plaintiff William J. Chapple's Second Amended**
       **Complaint Scheduled for Hearing October 26, 2007 @ 9:30 a.m. in**
       **Department 8**

Dear Ms. Bazzell and Clerk of the Court:

This letter is to request that Defendants' Demurrer to Plaintiff's Second Amended Complaint
in Case No. RG06297059, calendared for October 26, 2007, be dropped from calendar upon
Plaintiff filing a Request for Dismissal in Alameda County Superior Court Case
No. RG07326753. This request is made with the understanding that Plaintiff will be filing a
Third Amended Complaint in Case No. RG06297059 no later than October 22, 2007.

Should you have any questions or concerns, please do not hesitate to contact our office.
Thank you for your assistance in this regard.

Very truly yours,

Allison R. Balc

ARB/lmp

cc:  Michael C. Cohen, Attorney for Plaintiff

Firmwide:83251075.1 012425.1022

THE NATIONAL EMPLOYMENT & LABOR LAW FIRM™

1255 Treat Boulevard, Suite 600, Walnut Creek, California 94597 Tel: 925-932-2468 Fax: 925-946-9809 www.littler.com

**EXHIBIT TT**

1  MICHAEL E. BREWER, Bar No. 177912
   ALLISON R. BALC, Bar No. 214962
2  LITTLER MENDELSON
   A Professional Corporation
3  Treat Towers
   1255 Treat Boulevard
4  Suite 600
   Walnut Creek, CA 94597
5  Telephone:    925.932.2468
   Fax No.:       925.946.9809
6
7  Attorneys for Defendants
   AMERICAN BAPTIST HOMES OF THE WEST,
   GRAND LAKE GARDENS, CALVIN MAY, AND
8  SCOTT SEBASTIAN

ENDORSED
FILED
ALAMEDA COUNTY

OCT 1 2 2007

CLERK OF THE SUPERIOR COURT
By E. BAKER
                              Deputy

9
10                 SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                           COUNTY OF ALAMEDA

12  WILLAIM J. CHAPPLE,                      Case No.  RG06297059

13              Plaintiff,                    **PROOF OF SERVICE OF STIPULATION
                                              AND ORDER RE: OTHER EXPARTE
14        v.                                  GRANTED**

15  AMERICAN BAPTIST HOMES OF THE
    WEST CORPORATION, aka,
16  AMERICAN BAPTIST HOMES OF THE
    WEST, aka, GRAND LAKE GARDENS,
17  CALVIN MAY, SCOTT SEBASTIAN,
    and DOES 1 through 10,
18
               Defendant.
19

20                          **PROOF OF SERVICE**

21        I am a resident of the State of California, over the age of eighteen years, and not a

22  party to the within action. My business address is Littler Mendelson, Treat Towers, 1255 Treat

23  Boulevard, Suite 600, Walnut Creek, CA 94597. On October 9, 2007, I served the within

24  document(s):

25               **STIPULATION AND ORDER RE: OTHER EXPARTE GRANTED**

26  ///

27  ///

28  ///

TLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
almut Creek, CA  94597
925 932 2468

1  ☒  by facsimile transmission at or about 12:_16_ p.m. on that date. This document was transmitted by using a facsimile machine that complies with California Rules of Court Rule 2003(3), telephone number 925.946.9809. The transmission was reported as complete and without error. A copy of the transmission report, properly issued by the transmitting machine, is attached. The names and facsimile numbers of the person(s) served are as set forth below.

2

3

4

5  ☒  by placing a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at Walnut Creek, California addressed as set forth below.

6

7

8  ☐  by depositing a true copy of the same enclosed in a sealed envelope, with delivery fees provided for, in an overnight delivery service pick up box or office designated for overnight delivery, and addressed as set forth below.

9

10  ☐  by personally delivering a copy of the document(s) listed above to the person(s) at the address(es) set forth below.

11

12  Michael C. Cohen
Law Office of Michael C. Cohen
1814 Franklin Street, Suite 900
Oakland, CA  94612
Facsimile:  (510) 832-6439
Telephone:  (510) 832-6436

13

14

15

16  *Attorney for Plaintiff*

17       I am readily familiar with the firm's practice of collection and processing

18  correspondence for mailing and for shipping via overnight delivery service.  Under that practice it

19  would be deposited with the U.S. Postal Service or if an overnight delivery service shipment,

20  deposited in an overnight delivery service pick-up box or office on the same day with postage or fees

21  thereon fully prepaid in the ordinary course of business.  I declare under penalty of perjury under the

22  laws of the State of California that the above is true and correct. Executed on October 9, 2007, at

23  Walnut Creek, California.

24

25                                          _____
                                                 Lori M. Piper

26

27

28  Firmwide:83064229.1 012425.1022

TTLER MENDELSON
Professional Corporation
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925 932 2468

2.

PROOF OF SERVICE

 

# Confirmation Report — Memory Send

```
                                    Time      : 10-09-2007   12:19
                                    Tel line  : 9259469809
                                    Name      : LITTLER MENDELSON
```

| | | |
|---|---|---|
| Job number | : | 968 |
| Date | : | 10-09  12:16 |
| To | : | 15108326439 |
| Document pages | : | 008 |
| Start time | : | 10-09  12:17 |
| End time | : | 10-09  12:19 |
| Pages sent | : | 008 |
| Status | : | OK |
| Job number | : 968 | ∗∗∗ SEND SUCCESSFUL ∗∗∗ |

## LITTLER MENDELSON®
### A PROFESSIONAL CORPORATION

### FACSIMILE COVER SHEET
October 9, 2007

To:   Michael C. Cohen          Fax:  510.832.6439     Phone:  510.832.6436
       Law Office of Michael C. Cohen

Fax #(s) verified before sending (initial):
From:  Allison R. Balc          Fax:  925.946.9809     Phone:  925.932.2468
Length, including this cover letter:     8     Pages
If you do not receive all pages, please call Sender's Phone Number.

This is the only copy sent to you unless one of the following is checked.
☒ Original sent by regular mail.     ☐ Original sent by overnight service.
☐ Original will be hand-delivered.

Message:

Attached is self-explanatory correspondence from Allison R. Balc of this office with
referenced attachments. (Please note [revised] Proof thereon indicating correct date and time.)

Firmwide:82791873.1 012423.1022

CONFIDENTIALITY — The information contained in this fax message is intended only for the personal and
confidential use of the designated recipient(s) named above. This message is a communication from attorneys
or their agents relating to pending legal matters and, as such, is intended to be privileged and/or confidential. If
the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended
recipient, you are hereby notified that you have received this document in error, and that any review,
dissemination, distribution or copying of this message is strictly prohibited. If you have received this
communication in error, please notify us immediately by telephone and return the original message to us by
mail. Thank you.

Transmittal Completed:  12:19  am /pm     Client Code:  012423.1022     User Number:  9595

THE NATIONAL EMPLOYMENT & LABOR LAW FIRM™
Tree Towers, 1255 Tree Boulevard, Suite 600, Walnut Creek, CA 94597  Tel 925.932.2468  Fax: 925.945.9809, www.littler.com

  

Law Office of Michael C. Cohen
Attn: Cohen, Michael C.
1814 Franklin St., Ste. 900
Oakland, CA   94612-0000

Brewer, Michael E.
2175 North California Boulevard,
Suite 8325
Walnut Creek, CA   94596-3565

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| | |
|---|---|
| Chapple<br><br>        Plaintiff/Petitioner(s)<br><br>VS.<br><br>American Baptist Homes Of The West<br>Corporation<br>        Defendant/Respondent(s)<br>(Abbreviated Title) | No. <u>RG06297059</u><br><br>Stipulation and Order Re: Other<br>Exparte Granted |

IT IS ORDERED that the parties' Stipulation, filed October 5, 2007, is APPROVED.

Plaintiff is directed to file a dismissal of the complaint in RG07326753, Chappel v. American Baptist Homes, as agreed in the stipulation.

Plaintiff shall file a Third Amended Complaint in the instant action no later than October 22, 2007. Defendants have agreed that they will not raise, in their response, the defense that Plaintiff failed to file his action within 90 days of having received the Right to Sue Notice or that Plaintiff filed the causes of action in the instant action or in RG07326753 prematurely.

Dated: 10/09/2007

Facsimile
*Winifred Y. Smith*
———————————————
Judge Winifred Y. Smith

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Chapple VS American Baptist Homes Of The West Corporation | RG06297059 |

ADDITIONAL ADDRESSEES

Lewis, Brisbois, Bisgaard & Smith, LLP
Attn: Fine, Gordon J.
One Sansome Street, Suite 400
14th Floor
San Francisco, CA   94104

10-05-2007  13:18  From-LIT  ENDELSON    9259469909    T-862  P.002/003  T-FAX

1  MICHAEL E. BREWER, Bar No. 177912
   ALLISON R. BALC, Bar No. 214962
2  LITTLER MENDELSON
   A Professional Corporation
3  1255 Treat Boulevard
   Suite 600
4  Walnut Creek, CA 94597
   Telephone:  925.932.2468
5
   Attorneys for Defendants
6  AMERICAN BAPTIST HOMES OF THE WEST,
   GRAND LAKE GARDENS, CALVIN MAY AND
7  SCOTT SEBASTIAN

**FILED**
**ALAMEDA COUNTY**
OCT - 5 2007
CLERK OF THE SUPERIOR COURT
By _____ Deputy

8            SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                       COUNTY OF ALAMEDA

10  WILLIAM J. CHAPPLE,                     Case No. RG06297059

11                 Plaintiff,              STIPULATION AND
                                           [PROPOSED] ORDER THEREON
12        v.

13  AMERICAN BAPTIST HOMES OF THE          **BY FAX**
    WEST CORPORATION, aka,
14  AMERICAN BAPTIST HOMES OF THE
    WEST, aka, GRAND LAKE GARDENS,
15  CALVIN MAY, SCOTT SEBASTIAN,
    DOES 1 through 10,
16
                  Defendants.
17

18

19        THE PARTIES, THROUGH THEIR RESPECTIVE COUNSEL, STIPULATE TO

20  THE FOLLOWING:

21        1.    Plaintiff will dismiss his complaint without prejudice as to the entire action

22  and all parties in Alameda County Superior Court Case No. RG07326753.

23        2.    The parties stipulate that Plaintiff may file a third amended complaint in

24  Alameda County Superior Court Case No. RG06297059.

25  ///

26  ///

27  ///

28

LITTLER MENDELSON

STIPULATION AND [PROPOSED] ORDER THEREON

T0570019.tif - 10/5/2007 1:15:23 PM

3.      In response to Plaintiff's third amended complaint, Defendant will not raise

the specific defense that Plaintiff failed to file his action within 90 days of having received the

EEOC's Right to Sue Notice or that Plaintiff filed the causes of action currently contained in Case

Nos. RG06297059 and RG07326753 prematurely.

          IT IS SO STIPULATED.

Dated: October 4, 2007

                                        Au

                                        LITTLER MENDELSON
                                        MICHAEL E. BREWER
                                        ALLISON R. BALC
                                        A Professional Corporation
                                        Attorneys for Defendants
                                        AMERICAN BAPTIST HOMES OF THE
                                        WEST, GRAND LAKE GARDENS, CALVIN
                                        MAY, AND SCOTT SEBASTIAN

Dated: October 4, 2007

                                        Michael C. Cohen

                                        LAW OFFICES OF MICHAEL C. COHEN
                                        MICHAEL C. COHEN
                                        Attorney for Plaintiff
                                        WILLIAM CHAPPLE

                              ORDER

          IT IS SO ORDERED.

Dated: _____

                                        THE HONORABLE WINIFRED Y. SMITH
                                        JUDGE OF THE SUPERIOR COURT

Firmwide:83193283.1 012v25.1022

                                        2.

STIPULATION AND [PROPOSED] ORDER THEREON

10570019.tif - 10/5/2007 1:15:23 PM