# EXHIBIT T

May-08-07 08:42am  From-LEWIS b...    BISGAARD + SMITH        4154340882         T-111  P.03/08  F-823

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Gordon J. Fine. SBN 13579<br>Tami Essis, SBN 245006<br>Lewis Brisbois Bisgaard & Smith, LLP<br>One Sansome Street, Suite 1400<br>San Francisco, CA  94104<br>  TELEPHONE NO.: (415) 262-2580   FAX NO. *(Optional)*: (415) 434-0882<br>E-MAIL ADDRESS *(Optional)*:<br>  ATTORNEY FOR *(Name)*: Defendants American Baptist Homes et al. | FOR COURT USE ONLY<br><br><br>**ENDORSED**<br>**FILED**<br>ALAMEDA COUNTY<br><br>MAY 0 8 2007<br><br>CLERK OF THE SUPERIOR COURT<br>By Esther Coleman, Deputy |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS: as above
CITY AND ZIP CODE: Oakland, CA  94612
BRANCH NAME:

PLAINTIFF/PETITIONER: William J. Chapple

DEFENDANT/RESPONDENT: American Baptist Homes of the West
Corporation et al.

| CASE MANAGEMENT STATEMENT | | CASE NUMBER: |
|---|---|---|
| (Check one):  [X] UNLIMITED CASE<br>(Amount demanded<br>exceeds $25,000) | [ ] LIMITED CASE<br>(Amount demanded is $25,000<br>or less) | RG 06297059 |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date: May 23, 2007        Time: 9:00 a.m.    Dept.: 109      Div.:          Room:

Address of court *(if different from the address above)*:
Wiley W. Manuel Courthouse, Fifth Floor, 661 Washington Street, Oakland, CA

INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.

1. **Party or parties** *(answer one)*:
   a. [X] This statement is submitted by party *(name)*: ABHOW, Grand Lake Gardens, C. May, S. Sebastian
   b. [ ] This statement is submitted jointly by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date)*:
   b. [ ] The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. [ ] All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. [ ] The following parties named in the complaint or cross-complaint
       (1) [ ] have not been served *(specify names and explain why not)*:
       (2) [ ] have been served but have not appeared and have not been dismissed *(specify names)*:
       (3) [ ] have had a default entered against them *(specify names)*:
   c. [ ] The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served)*:

4. **Description of case**
   a. Type of case in  [X] complaint    [ ] cross-complaint    *(describe, including causes of action)*:
      Plaintiff alleges defamation, intentional infliction of emotional distress,
      invasion of privacy and race discrimination against his employer and co-
      workers.

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-110 [Rev. January 1, 2007]        **CASE MANAGEMENT STATEMENT**        Legal<br>Solutions<br>CⓈ Plus        Cal. Rules of Court,<br>rules 3.720-3.730

*518¹ᵗʰ F*

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Gordon J. Fine. SBN 13579<br>Tami Essis, SBN 245006<br>Lewis Brisbois Bisgaard & Smith, LLP<br>One Sansome Street, Suite 1400<br>San Francisco, CA  94104 | |

TELEPHONE NO.: (415) 262-2580   FAX NO. *(Optional)*: (415) 434-0882

E-MAIL ADDRESS *(Optional)*:

ATTORNEY FOR *(Name)*: Defendants American Baptist Homes et al.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda

STREET ADDRESS: 1225 Fallon Street

MAILING ADDRESS: as above

CITY AND ZIP CODE: Oakland, CA  94612

BRANCH NAME:

PLAINTIFF/PETITIONER: William J. Chapple

DEFENDANT/RESPONDENT: American Baptist Homes of the West Corporation et al.

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| (Check one):  [X] UNLIMITED CASE (Amount demanded exceeds $25,000)    [ ] LIMITED CASE (Amount demanded is $25,000 or less) | RG 06297059 |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date: May 23, 2007     Time: 9:00 a.m.   Dept.: 109     Div.:     Room:

Address of court *(if different from the address above)*:
Wiley W. Manuel Courthouse, Fifth Floor, 661 Washington Street, Oakland, CA

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one)*:
   a. [X] This statement is submitted by party *(name)*: ABHOW, Grand Lake Gardens, C. May, S. Sebastian
   b. [ ] This statement is submitted jointly by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date)*:
   b. [ ] The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. [ ] All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. [ ] The following parties named in the complaint or cross-complaint
      (1) [ ] have not been served *(specify names and explain why not)*:
      (2) [ ] have been served but have not appeared and have not been dismissed *(specify names)*:
      (3) [ ] have had a default entered against them *(specify names)*:
   c. [ ] The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served)*:

4. **Description of case**
   a. Type of case in [X] complaint   [ ] cross-complaint   *(describe, including causes of action)*:
   Plaintiff alleges defamation, intentional infliction of emotional distress, invasion of privacy and race discrimination against his employer and co-workers.

Page 1 of 4

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-110 [Rev. January 1, 2007]    **CASE MANAGEMENT STATEMENT**    Legal Solutions Plus    Cal. Rules of Court, rules 3.720-3.730

**CM-110**

| PLAINTIFF/PETITIONER: William J. Chapple | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: American Baptist Homes of the West Corporation *et al.* | RG 06297059 |

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

Reasonably believing that plaintiff came to work under the influence of alcohol, his employer (American Bapatist Homes of the West or "ABHOW") asked plaintiff to take a breathalyzer test.  Mr. Chapple seeks to vindicate his sense of indignity by a lawsuit against his employer and co-workers for defamation, intentional infliction of emotional distress, invasion of privacy and -- in the first amended complaint -- race discrimination.  After defendants demurred to the original complaint, plaintiff amended the complaint to add a claim for race discrimination.  Defendants will demur again as none of the purported causes of action states a viable claim.

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**
The party or parties request ☒ a jury trial ☐ a nonjury trial *(if more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**
a. ☐ The trial has been set for *(date):*
b. ☒ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*
c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7. **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a. ☒ days *(specify number):* 5
b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial ☒ by the attorney or party listed in the caption ☐ by the following:
a. Attorney:
b. Firm:
c. Address:
d. Telephone number:
e. Fax number:
f. E-mail address:
g. Party represented:
☐ Additional representation is described in Attachment 8.

9. **Preference**
☐ This case is entitled to preference *(specify code section):*

10. **Alternative Dispute Resolution (ADR)**
a. Counsel ☒ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.
b. ☐ All parties have agreed to a form of ADR. ADR will be completed by *(date):*
c. ☐ The case has gone to an ADR process *(indicate status):*

CM-110

| PLAINTIFF/PETITIONER: William J. Chapple | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: American Baptist Homes of the West Corporation et al. | RG 06297059 |

10. d.  The party or parties are willing to participate in *(check all that apply):*

(1) [X]  Mediation

(2) [ ]  Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)

(3) [ ]  Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)

(4) [ ]  Binding judicial arbitration

(5) [ ]  Binding private arbitration

(6) [ ]  Neutral case evaluation

(7) [ ]  Other *(specify):*

e. [ ]  This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.

f. [ ]  Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

g. [ ]  This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court *(specify exemption):*

11. **Settlement conference**

[ ]  The party or parties are willing to participate in an early settlement conference *(specify when):*

12. **Insurance**

a. [X]  Insurance carrier, if any, for party filing this statement *(name):*  AIG

b.  Reservation of rights:    [ ] Yes    [X] No

c. [ ]  Coverage issues will significantly affect resolution of this case *(explain):*

13. **Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.

[ ] Bankruptcy    [ ] Other *(specify):* Plaintiff's claims are subject to jurisdiction of the

Status: Workers' Compensation Appeals Board.

14. **Related cases, consolidation, and coordination**

a. [ ]  There are companion, underlying, or related cases.

(1)  Name of case:

(2)  Name of court:

(3)  Case number:

(4)  Status:

[ ]  Additional cases are described in Attachment 14a.

b. [ ]  A motion to    [ ] consolidate    [ ] coordinate    will be filed by *(name party):*

15. **Bifurcation**

[ ]  The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

16. **Other motions**

[X]  The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

summary judgment

**CM-110**

| PLAINTIFF/PETITIONER: William J. Chapple | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:  American Baptist Homes of the West Corporation et al. | RG 06297059 |

**17. Discovery**
a. ☐  The party or parties have completed all discovery.
b. ☒  The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

| Party | Description | Date |
|---|---|---|
| Defendants | form interrogatories | pending |
| Defendants | request for statement of damages | pending |
| Defendants | special interrogatories | July 2007 |
| Defendants | document requests | July 2007 |
| Defendants | plaintiff's deposition | September 2007 |

c. ☐  The following discovery issues are anticipated *(specify)*:

**18. Economic Litigation**
a. ☐  This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.
b. ☐  This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**19. Other issues**
☐  The party or parties request that the following additional matters be considered or determined at the case management conference *(specify)*:

**20. Meet and confer**
a. ☒  The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**21. Case management orders**
Previous case management orders in this case are *(check one):*  ☐ none  ☐ attached as Attachment 21.

**22. Total number of pages attached** *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: May 7 , 2007

Gordon J. Fine
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐  Additional signatures are attached

**CASE MANAGEMENT STATEMENT**

**PROOF OF SERVICE**
Chapple v. ABHOW  Case No.: RG 06297059

STATE OF CALIFORNIA, COUNTY OF ALAMEDA

    I am employed in the County of San Francisco, State of California.  I am over the age of 18 and not a party to the within action.  My business address is One Sansome Street, 14th Floor.

    On May 7, 2007, I served the following document described as **CASE MANAGEMENT STATEMENT** on all interested parties in this action by placing [X] a true copy  [ ] the original thereof enclosed in sealed envelopes addressed as follows:

| Michael C. Cohen, Esq. Law Office of Michael C. Cohen 1814 Franklin Street, Suite 900 Oakland, CA 94612 | Tele: 510.832-6436 |
|---|---|

[ ]    (BY FACSIMILE) The facsimile machine I used complied with Rule 2003(3) and no error was reported by the machine.  Pursuant to Rule 2008(e)(4), I caused the machine to print a record of the transmission.

[X]    (BY MAIL, 1013a, 2015.5 C.C.P.)

    [ ]    I deposited such envelope in the mail at San Francisco, California.  The envelope was mailed with postage thereon fully prepaid.

    [X]    I am readily familiar with the firm's practice for collection and processing correspondence for mailing.  Under that practice, this document will be deposited with the U.S. Postal Service on this date with postage thereon fully prepaid at San Francisco, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]    (BY OVERNIGHT DELIVERY/COURIER)

    [ ]    I delivered such envelope to an authorized courier or driver authorized by the express service carrier to receive documents in an envelope or package designated by the express service carrier with delivery fees provided for.

    [X]    I deposited such envelope in a box or facility regularly maintained by the express service carrier in an envelope or package designated by the express service carrier with delivery fees provided for.

[ ]    (BY MESSENGER) I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed above and providing them to a messenger for personal service. (A proof of service executed by the messenger will be filed in compliance with the *Code of Civil Procedure*.)

[ ]    (BY PERSONAL SERVICE) I delivered the foregoing envelope by hand to the offices of the addressee.

4835-5334-0929.1

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

1    [X]    (STATE)  I declare under penalty of perjury under the laws of the State of California that
     the above is true and correct.

2    [ ]    (FEDERAL)  I declare that I am employed in the office of a member of the bar of this
3            Court at whose direction the service was made.

4    Executed on May  7 , 2007, at San Francisco, California.

5

6

7                                                    _____
8                                                         Adrienne Sherman

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

4835-5334-0929.1                              -2-

# EXHIBIT U

ENDORSED
FILED
ALAMEDA COUNTY

MAY 16 2007

CLERK OF THE SUPERIOR COURT
BY DOROTHY DUCKETT, DEPUTY

1  Gordon J. Fine, SBN 135979
   Tami F. Essis, SBN 245006
2  LEWIS BRISBOIS BISGAARD & SMITH LLP
   One Sansome Street, Suite 1400
3  San Francisco, California 94104
   Telephone: 415.362.2580
4  Facsimile: 415.434.0882

5  Attorneys for AMERICAN BAPTIST HOMES OF THE WEST, GRAND LAKE GARDENS,
   REGINALD LYLES, CALVIN MAY and SCOTT SEBASTIAN
6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        COUNTY OF ALAMEDA

10

11  WILLIAM J. CHAPPLE,                    )  Case No. RG 06297059
                                          )
12           Plaintiff,                    )  **NOTICE OF DEMURRER TO**
                                          )  **PLAINTIFF'S FIRST AMENDED**
13       v.                               )  **COMPLAINT FOR DAMAGES BY**
                                          )  **DEFENDANTS AMERICAN BAPTIST**
14  AMERICAN BAPTIST HOMES OF THE          )  **HOMES OF THE WEST, GRAND LAKE**
    WEST CORPORATION, aka, AMERICAN       )  **GARDENS, REGINALD LYLES, CALVIN**
15  BAPTIST HOMES OF THE WEST, aka,        )  **MAY AND SCOTT SEBASTIAN**
    GRAND LAKE GARDENS, CALVIN MAYS,      )
16  SCOTT SEBASTIAN, REGINALD LYLES,       )  Action filed:            November 7, 2006
    DOES THROUGH 10,                      )  Complaint first served:  February 13, 2007
17                                        )  Trial date:              not set
             Defendant.                    )
18                                        )  Date of hearing:         June 14, 2007
                                          )  Time of hearing:         9:00 a.m.
19                                        )  Department:              31
                                          )  Reservation number:      712758
20  _____ )
                                             Before the Honorable Winifred Smith
21

   TO PLAINTIFF WILLIAM J. CHAPPLE AND HIS ATTORNEY OF RECORD:
22
           NOTICE IS HEREBY GIVEN that Defendants American Baptist Homes of the West,
23
   Grand Lake Gardens, Reginald Lyles, Calvin May and Scott Sebastian will demur to the first,
24
   second, third, fourth, fifth, sixth, seventh, eighth, ninth and tenth purported causes of action in
25
   plaintiff's complaint for damages on June 14, 2007 at 9:00 a.m. in Department 31 of the above-
26
   entitled court, located at 201 13th Street, Oakland, California  The demurrer will be made on the
27
   grounds that each of the first through tenth purported causes of action alleged in the complaint is
28

4816-0162-3297.1                           -1-
   DEFENDANTS' NOTICE OF DEMURRER TO FIRST AMENDED COMPLAINT

1  Gordon J. Fine, SBN 135979
   Tami F. Essis, SBN 245006
2  LEWIS BRISBOIS BISGAARD & SMITH LLP
   One Sansome Street, Suite 1400
3  San Francisco, California 94104
   Telephone: 415.362.2580
4  Facsimile: 415.434.0882

5  Attorneys for AMERICAN BAPTIST HOMES OF THE WEST, GRAND LAKE GARDENS,
   REGINALD LYLES, CALVIN MAY and SCOTT SEBASTIAN
6

7

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                              COUNTY OF ALAMEDA

10

11  WILLIAM J. CHAPPLE,                    )  Case No. RG 06297059
                                          )
12              Plaintiff,                 )  **NOTICE OF DEMURRER TO**
                                          )  **PLAINTIFF'S FIRST AMENDED**
13        v.                               )  **COMPLAINT FOR DAMAGES BY**
                                          )  **DEFENDANTS AMERICAN BAPTIST**
14  AMERICAN BAPTIST HOMES OF THE          )  **HOMES OF THE WEST, GRAND LAKE**
    WEST CORPORATION, aka, AMERICAN        )  **GARDENS, REGINALD LYLES, CALVIN**
15  BAPTIST HOMES OF THE WEST, aka,        )  **MAY AND SCOTT SEBASTIAN**
    GRAND LAKE GARDENS, CALVIN MAYS,       )
16  SCOTT SEBASTIAN, REGINALD LYLES,       )  Action filed:           November 7, 2006
    DOES THROUGH 10,                       )  Complaint first served:  February 13, 2007
17                                         )  Trial date:             not set
                Defendant.                 )
18                                         )  Date of hearing:        June 14, 2007
                                          )  Time of hearing:        9:00 a.m.
19                                         )  Department:             31
                                          )  Reservation number:     712758
20  _____   )
                                             Before the Honorable Winifred Smith
21

22  TO PLAINTIFF WILLIAM J. CHAPPLE AND HIS ATTORNEY OF RECORD:

23              NOTICE IS HEREBY GIVEN that Defendants American Baptist Homes of the West,

24  Grand Lake Gardens, Reginald Lyles, Calvin May and Scott Sebastian will demur to the first,

25  second, third, fourth, fifth, sixth, seventh, eighth, ninth and tenth purported causes of action in

26  plaintiff's complaint for damages on June 14, 2007 at 9:00 a.m. in Department 31 of the above-

27  entitled court, located at 201 13th Street, Oakland, California  The demurrer will be made on the

28  grounds that each of the first through tenth purported causes of action alleged in the complaint is

---

4816-0162-3297.1                          -1-
           DEFENDANTS' NOTICE OF DEMURRER TO FIRST AMENDED COMPLAINT

1  not subject to the court's jurisdiction, pursuant to Code of Civil Procedure section 430.10(a); the

2  tenth cause of action against American Baptist Homes of the West and Grand Lake Gardens is not

3  subject to the court's jurisdiction for failure to present a Department of Fair Employment and

4  Hosing right-to-sue letter against American Baptist Homes of the West and Grand Lake Gardens,

5  pursuant to Code of Civil Procedure section 430.10(a); nor does any purported cause of action

6  state facts sufficient to constitute a cause of action, pursuant to Code of Civil Procedure section

7  430.10(e); and the sixth and seventh purported causes of action are redundant and uncertain in that

8  the sixth cause of action duplicates the fourth cause of action and the seventh cause of action

9  duplicates the fifth cause of action pursuant to Code of Civil Procedure section 430.10(c), (f).

10  This demurrer will be based on this notice of demurrer, demurrer, memorandum of points and

11  authorities and all records, pleadings and files herein, including but not limited to plaintiff's

12  original complaint. *Owens v. Kings Supermarket* (1988) Cal.App.3d 379, 384.

13                                        LEWIS BRISBOIS BISGAARD & SMITH LLP

14

15

16  Dated: May _15_, 2007              By  _____

17                                        Gordon J. Fine
                                          Tami F. Essis
18                                        Attorneys for American Baptist Homes of the West,
                                          Grand Lake Gardens, Reginald Lyles, Calvin May and
                                          Scott Sebastian

19

20

21

22

23

24

25

26

27

28

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

4816-0162-3297.1                      -2-

**PROOF OF SERVICE**
Chapple v. ABHOW  Case No.: RG 06297059

STATE OF CALIFORNIA, COUNTY OF ALAMEDA

    I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action. My business address is One Sansome Street, 14th Floor.

    On May 16, 2007, I served the following document described as **NOTICE OF DEMURRER TO FIRST AMENDED COMPLAINT** on all interested parties in this action by placing [X] a true copy  [  ] the original thereof enclosed in sealed envelopes addressed as follows:

| | |
|---|---|
| Michael C. Cohen, Esq.<br>Law Office of Michael C. Cohen<br>1814 Franklin Street, Suite 900<br>Oakland, CA 94612 | Tele: 510.832-6436 |

[ ]    (BY FACSIMILE) The facsimile machine I used complied with Rule 2003(3) and no error was reported by the machine. Pursuant to Rule 2008(e)(4), I caused the machine to print a record of the transmission.

[X]    (BY MAIL, 1013a, 2015.5 C.C.P.)

    [  ]    I deposited such envelope in the mail at San Francisco, California. The envelope was mailed with postage thereon fully prepaid.

    [X]    I am readily familiar with the firm's practice for collection and processing correspondence for mailing. Under that practice, this document will be deposited with the U.S. Postal Service on this date with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]    (BY MESSENGER) I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed above and providing them to a messenger for personal service. (A proof of service executed by the messenger will be filed in compliance with the *Code of Civil Procedure*.)

[X]    (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[ ]    (FEDERAL) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

    Executed on May 16, 2007, at San Francisco, California.

                            _Shawn Adams_
                            Shawn Adams

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

4816-0162-3297.1

ENDORSED
FILED
ALAMEDA COUNTY

MAY 16 2007

CLERK OF THE SUPERIOR COURT
BY DOROTHY DUCKETT, DEPUTY

1 | Gordon J. Fine, SBN 135979
Tami F. Essis, SBN 245006
2 | LEWIS BRISBOIS BISGAARD & SMITH LLP
One Sansome Street, Suite 1400
3 | San Francisco, California 94104
Telephone: 415.362.2580
4 | Facsimile: 415.434.0882

5 | Attorneys for AMERICAN BAPTIST HOMES OF THE WEST, GRAND LAKE GARDENS,
REGINALD LYLES, CALVIN MAY and SCOTT SEBASTIAN

6

7

8 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 | COUNTY OF ALAMEDA

10

11 | WILLIAM J. CHAPPLE,                     ) Case No.  RG 06297059
                                          )
12 |              Plaintiff,               ) **DEMURRER OF DEFENDANTS**
                                          ) **AMERICAN BAPTIST HOMES OF THE**
13 |       v.                              ) **WEST, GRAND LAKE GARDENS,**
                                          ) **REGINALD LYLES, CALVIN MAY AND**
14 | AMERICAN BAPTIST HOMES OF THE         ) **SCOTT SEBASTIAN TO PLAINTIFF'S**
WEST CORPORATION, aka, AMERICAN           ) **FIRST AMENDED COMPLAINT FOR**
15 | BAPTIST HOMES OF THE WEST, aka,       ) **DAMAGES**
GRAND LAKE GARDENS, CALVIN MAYS,          )
16 | SCOTT SEBASTIAN, REGINALD LYLES,      ) Action filed:          November 7, 2006
DOES THROUGH 10,                          ) Complaint first served: February 13, 2007
17 |                                       ) Trial date:            not set
                                          )
18 |                                       ) Date of hearing:       June 14, 2007
                                          ) Time of hearing:       9:00 a.m.
19 |                                       ) Department:            31
                                          ) Reservation number:    712758
20 |              Defendant.               )
                                          ) Before the Honorable Winifred Smith
21 | _____)

22 |       Defendants American Baptist Homes of the West, Grand Lake Gardens, Reginald Lyles,

23 | Calvin May and Scott Sebastian hereby demur to plaintiff's first amended complaint for damages

24 | on the following grounds.

25 | ///

26 | ///

27 | ///

28 | ///

4848-5646-8737.1                              -1-
DEFENDANTS' DEMURRER TO FIRST AMENDED COMPLAINT

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

1

**DEMURRER TO FIRST CAUSE OF ACTION FOR DEFAMATION
AGAINST CALVIN MAY**

2

3

1. The subject of plaintiff's first purported cause of action is subject to the jurisdiction of

the Workers' Compensation Appeals Board, not this court's jurisdiction. Code Civ. Proc. §

4

430.10(a).

5

2. Plaintiff's first purported cause of action for defamation fails to state facts sufficient to

6

constitute a cause of action. Code Civ. Proc. § 430.10(e).

7

8

**DEMURRER TO SECOND CAUSE OF ACTION FOR INTENTIONAL
INFLICTION OF EMOTIONAL DISTRESS AGAINST CALVIN MAY**

9

10

1. The subject of plaintiff's second purported cause of action is subject to the jurisdiction

11

of the Workers' Compensation Appeals Board, not this court's jurisdiction. Code Civ. Proc. §

12

430.10(a).

13

2. Plaintiff's second purported cause of action for intentional infliction of emotional

14

distress fails to state facts sufficient to constitute a cause of action. Code Civ. Proc. § 430.10(e).

15

16

**DEMURRER TO THIRD CAUSE OF ACTION FOR DEFAMATION OF
CHARACTER AGAINST AMERICAN BAPTIST HOMES OF THE WEST,
GRAND LAKE GARDENS AND SCOTT SEBASTIAN**

17

18

1. The subject of plaintiff's third purported cause of action is subject to the jurisdiction of

19

the Workers' Compensation Appeals Board, not this court's jurisdiction. Code Civ. Proc. §

20

430.10(a).

21

2. Plaintiff's third purported cause of action for defamation fails to state facts sufficient to

22

constitute a cause of action. Code Civ. Proc. § 430.10(e).

23

/ / /

24

/ / /

25

/ / /

26

/ / /

27

/ / /

28

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

4848-5646-8737.1

-2-

DEFENDANTS' DEMURRER TO FIRST AMENDED COMPLAINT

**DEMURRER TO FOURTH CAUSE OF ACTION FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST AMERICAN BAPTIST HOMES OF THE WEST, GRAND LAKE GARDENS AND SCOTT SEBASTIAN**

1. The subject of plaintiff's fourth purported cause of action is subject to the jurisdiction of the Workers' Compensation Appeals Board, not this court's jurisdiction. Code Civ. Proc. § 430.10(a).

2. Plaintiff's fourth purported cause of action for intentional infliction of emotional distress fails to state facts sufficient to constitute a cause of action. Code Civ. Proc. § 430.10(e).

**DEMURRER TO FIFTH CAUSE OF ACTION FOR INVASION OF PRIVACY AGAINST AMERICAN BAPTIST HOMES OF THE WEST, GRAND LAKE GARDENS AND SCOTT SEBASTIAN**

1. The subject of plaintiff's fifth purported cause of action is subject to the jurisdiction of the Workers' Compensation Appeals Board, not this court's jurisdiction. Code Civ. Proc. § 430.10(a).

2. Plaintiff's fifth purported cause of action for invasion of privacy fails to state facts sufficient to constitute a cause of action. Code Civ. Proc. § 430.10(e).

**DEMURRER TO SIXTH CAUSE OF ACTION FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST AMERICAN BAPTIST HOMES OF THE WEST, GRAND LAKE GARDENS AND REGINALD LYLES**

1. The subject of plaintiff's sixth purported cause of action is subject to the jurisdiction of the Workers' Compensation Appeals Board, not this court's jurisdiction. Code Civ. Proc. § 430.10(a).

2. Plaintiff's sixth purported cause of action for intentional infliction of emotional distress fails to state facts sufficient to constitute a cause of action. Code Civ. Proc. § 430.10(e).

3. Plaintiff's sixth purported cause of action for intentional infliction of emotional distress fails to state facts sufficient to constitute a cause of action, in that the sixth purported cause of

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

1  action is duplicative of the fourth purported cause of action, plaintiff possibly having attempted to

2  delete Reginald Lyles as a defendant but not the remainder of the original sixth cause of action.

3  Code Civ. Proc. § 430.10(e).

4      4. Plaintiff's sixth purported cause of action for intentional infliction of emotional distress

5  is uncertain, in that the sixth purported cause of action is duplicative of the fourth purported cause

6  of action, plaintiff possibly having attempted to delete Reginald Lyles as a defendant but not the

7  remainder of the original sixth cause of action. Code Civ. Proc. § 430.10(e).

8

9      **DEMURRER TO SEVENTH CAUSE OF ACTION FOR INVASION OF**
   **PRIVACY AGAINST AMERICAN BAPTIST HOMES OF THE WEST AND**
10     **GRAND LAKE GARDENS**

11     1. The subject of plaintiff's seventh purported cause of action is subject to the jurisdiction

12  of the Workers' Compensation Appeals Board, not this court's jurisdiction. Code Civ. Proc. §

13  430.10(a).

14     2. Plaintiff's seventh purported cause of action for invasion of privacy fails to state facts

15  sufficient to constitute a cause of action. Code Civ. Proc. § 430.10(e).

16     3. Plaintiff's seventh purported cause of action for invasion of privacy fails to state facts

17  sufficient to constitute a cause of action, in that the seventh purported cause of action is

18  duplicative of the fifth purported cause of action, plaintiff possibly having delete Reginald Lyles as

19  a defendant but not the remainder of the original seventh cause of action. Code Civ. Proc. §

20  430.10(e).

21     4. Plaintiff's seventh purported cause of action for intentional invasion of privacy is

22  uncertain, in that the seventh purported cause of action is duplicative of the fifth purported cause

23  of action, plaintiff possibly having deleted Reginald Lyles as a defendant but not the remainder of

24  the original seventh cause of action. Code Civ. Proc. § 430.10(e).

25  ///

26  ///

27  ///

28  ///

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

**DEMURRER TO EIGHTH CAUSE OF ACTION FOR RACIAL HARASSMENT AGAINST CALVIN MAY**

1. Plaintiff's eighth purported cause of action for racial harassment fails to state facts sufficient to constitute a cause of action. Code Civ. Proc. § 430.10(e).

**DEMURRER TO NINTH CAUSE OF ACTION FOR RACIAL HARASSMENT AGAINST SCOTT SEBASTIAN**

1. Plaintiff's ninth purported cause of action for racial harassment fails to state facts sufficient to constitute a cause of action. Code Civ. Proc. § 430.10(e).

**DEMURRER TO TENTH CAUSE OF ACTION FOR RACIAL DISCRIMINATION AND HARASSMENT AGAINST AMERICAN BAPTIST HOMES OF THE WEST AND GRAND LAKE GARDENS**

1. The subject of plaintiff's first purported cause of action is not subject to this court's jurisdiction for plaintiff's failure to provide a right-to-sue letter from the Department of Fair Employment and Housing against American Baptist Homes of the West and Grand Lake Gardens. Code Civ. Proc. § 430.10(a).

2. Plaintiff's tenth purported cause of action for racial discrimination and harassment fails to state facts sufficient to constitute a cause of action. Code Civ. Proc. § 430.10(e).

LEWIS BRISBOIS BISGAARD & SMITH LLP

Dated: May _15_, 2007          By _[signature]_
                               Gordon J. Fine
                               Tami F. Essis
                               Attorneys for American Baptist Homes of the West,
                               Grand Lake Gardens, Reginald Lyles, Calvin May and
                               Scott Sebastian

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

4848-5646-8737.1                    -5-

**PROOF OF SERVICE**
Chapple v. ABHOW  Case No.: RG 06297059

STATE OF CALIFORNIA, COUNTY OF ALAMEDA

      I am employed in the County of San Francisco, State of California.  I am over the age of 18 and not a party to the within action.  My business address is One Sansome Street, 14th Floor.

      On May 16, 2007, I served the following document described as **DEMURRER TO FIRST AMENDED COMPLAINT** on all interested parties in this action by placing [X] a true copy  [  ] the original thereof enclosed in sealed envelopes addressed as follows:

| | |
|---|---|
| Michael C. Cohen, Esq.<br>Law Office of Michael C. Cohen<br>1814 Franklin Street, Suite 900<br>Oakland, CA 94612 | Tele: 510.832.6436 |

[  ]    (BY FACSIMILE) The facsimile machine I used complied with Rule 2003(3) and no error was reported by the machine. Pursuant to Rule 2008(e)(4), I caused the machine to print a record of the transmission.

[X]    (BY MAIL, 1013a, 2015.5 C.C.P.)

    [  ]   I deposited such envelope in the mail at San Francisco, California.  The envelope was mailed with postage thereon fully prepaid.

    [X]   I am readily familiar with the firm's practice for collection and processing correspondence for mailing.  Under that practice, this document will be deposited with the U.S. Postal Service on this date with postage thereon fully prepaid at San Francisco, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[  ]    (BY MESSENGER) I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed above and providing them to a messenger for personal service. (A proof of service executed by the messenger will be filed in compliance with the *Code of Civil Procedure*.)

[  ]    (BY PERSONAL SERVICE) I delivered the foregoing envelope by hand to the offices of the addressee.

[X]    (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[  ]    (FEDERAL) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

      Executed on May 16, 2007, at San Francisco, California.

_Shawn Adams_
Shawn Adams

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

4848-5646-8737.1

DEFENDANTS' DEMURRER TO FIRST AMENDED COMPLAINT

1  Gordon J. Fine, SBN 135979
   Tami F. Essis, SBN 245006
2  LEWIS BRISBOIS BISGAARD & SMITH LLP
   One Sansome Street, Suite 1400
3  San Francisco, California 94104
   Telephone: 415.362.2580
4  Facsimile: 415.434.0882

5  Attorneys for Defendants
   AMERICAN BAPTIST HOMES OF THE WEST, GRAND LAKE GARDENS,
6  REGINALD LYLES, CALVIN MAY, and SCOTT SEBASTIAN

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        COUNTY OF ALAMEDA

10

11  WILLIAM J. CHAPPLE,                    )  Case No. RG 06297059
                                           )
12                       Plaintiff,        )  MEMORANDUM
                                           )  OF POINTS AND AUTHORITIES
13       v.                                )  IN SUPPORT OF DEMURRER TO FIRST
                                           )  AMENDED COMPLAINT BY DEFENDANTS
14  AMERICAN BAPTIST HOMES OF THE WEST )    AMERICAN BAPTIST HOMES OF THE
    CORPORATION, aka AMERICAN BAPTIST )     WEST, GRAND LAKE GARDENS,
15  HOMES OF THE WEST, aka GRAND LAKE )     REGINALD LYLES, CALVIN MAY, AND
    GARDENS, CALVIN MAYS, SCOTT        )    SCOTT SEBASTIAN
16  SEBASTIAN, REGINALD LYLES, and     )
    DOES through 10,                   )    Action filed:            November 7, 2006
17                                     )    Complaint first served:  February 13, 2007
                         Defendants.   )    Trial date:              not set
18                                     )
                                       )    Date of hearing:         June 14, 2007
19                                     )    Time of hearing:         9:00 a.m.
                                       )    Department:              31
20  _____)    Reservation Number:      712758

21                                          Before the Honorable Winifred Smith

22

23

24

25

26

27

28

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

ENDORSED
FILED
ALAMEDA COUNTY

MAY 16 2007

CLERK OF THE SUPERIOR COURT
BY DOROTHY DUCKETT, DEPUTY

4839-3378-7393.1

Gordon J. Fine, SBN 135979
Tami F. Essis, SBN 245006
LEWIS BRISBOIS BISGAARD & SMITH LLP
One Sansome Street, Suite 1400
San Francisco, California 94104
Telephone: 415.362.2580
Facsimile: 415.434.0882

Attorneys for Defendants
AMERICAN BAPTIST HOMES OF THE WEST, GRAND LAKE GARDENS,
REGINALD LYLES, CALVIN MAY, and SCOTT SEBASTIAN

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ALAMEDA

| | |
|---|---|
| WILLIAM J. CHAPPLE,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN BAPTIST HOMES OF THE WEST<br>CORPORATION, aka AMERICAN BAPTIST<br>HOMES OF THE WEST, aka GRAND LAKE<br>GARDENS, CALVIN MAYS, SCOTT<br>SEBASTIAN, REGINALD LYLES, and<br>DOES through 10,<br><br>Defendants. | Case No. RG 06297059<br><br>**MEMORANDUM<br>OF POINTS AND AUTHORITIES<br>IN SUPPORT OF DEMURRER TO FIRST<br>AMENDED COMPLAINT BY DEFENDANTS<br>AMERICAN BAPTIST HOMES OF THE<br>WEST, GRAND LAKE GARDENS,<br>REGINALD LYLES, CALVIN MAY, AND<br>SCOTT SEBASTIAN**<br><br>Action filed:          November 7, 2006<br>Complaint first served:  February 13, 2007<br>Trial date:            not set<br><br>Date of hearing:       June 14, 2007<br>Time of hearing:       9:00 a.m.<br>Department:            31<br>Reservation Number:    712758<br><br>Before the Honorable Winifred Smith |

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

4839-3378-7393.1

DEFS' MPA ISO DEMURRER TO 1ST AMENDED COMPLAINT

## **TABLE OF CONTENTS**

**PAGE**

I.   INTRODUCTION: THE FACE OF PLAINTIFF'S FIRST AMENDED COMPLAINT
     STILL FAILS TO STATE LEGALLY COGNIZABLE CLAIMS FOR DEFAMATION,
     EMOTIONAL DISTRESS, INVASION OF PRIVACY AS WELL AS THE NEW
     CLAIMS FOR RACIAL DISCRIMINATION AND HARASSMENT ................ 1

II.  FACTUAL ALLEGATIONS ON THE FACE OF THE COMPLAINT: PLAINTIFF IS
     UPSET AFTER MANAGERS QUESTIONED HIS SOBRIETY AND PLAINTIFF
     SPREAD HIS INDIGNATION THROUGHOUT THE WORKPLACE ............... 2

III. LEGAL ARGUMENT: PLAINTIFF FAILS TO STATE A CLAIM BECAUSE HE DOES
     NOT ALLEGE REQUISITE ELEMENTS, HIS OWN ALLEGATIONS ESTABLISH
     DEFENDANTS' DEFENSES AND THE WORKERS' COMPENSATION APPEALS
     BOARD MAINTAINS EXCLUSIVE JURISDICTION ........................... 4

     A.   Plaintiff Attempts To Assert Claims For Defamation, Intentional Infliction Of
          Emotional Distress And Invasion Of Privacy ........................... 4

     B.   Defamation:  Defendants' Communication Of An Opinion Was Privileged, Nor
          Was Plaintiff's Reputation Damaged, And The Grievance Is Subject To The
          Exclusive Jurisdiction Of The Workers' Compensation Appeals Board .......... 5

          1.   Plaintiff Fails To Allege The Requisite Elements For A Defamation Claim
               ................................................................ 5

               a.   Defendants' Statements Are Privileged By Code Of Civil
                    Procedure Section 47(c)(3) ................................. 6

               b.   The "defamation" Is Not An Actionable Statement Of Fact ....... 7

               c.   Plaintiff Does Not Allege Any Actionable Damages To Reputation
                    ........................................................... 8

               d.   Plaintiff Does Not Allege Malice ........................... 9

          2.   Plaintiff's Defamation Claims Are Subject To The Exclusive Jurisdiction
               Of The Workers' Compensation Appeals Board ..................... 10

     C.   Intentional Infliction Of Emotional Distress:  Asking an Employee To Take A
          Breathalyzer Test Is Not Actionable As Intentional Infliction Of Emotional
          Distress, And The Appropriate Jurisdiction Is Workers' Compensation .......... 11

          1.   Plaintiff Fails To Allege The Requisite Elements For Intentional Infliction
               Of Emotional Distress ........................................ 11

          2.   Plaintiff's Emotional Distress Claims Are Subject To The Exclusive
               Jurisdiction Of The Workers' Compensation Appeals Board ........... 12

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

D.   Invasion Of Privacy:  Asking An Employee To Take A Breathalyzer Test Is Not Actionable As An Invasion Of Privacy ................................... 13

1.   Plaintiff Fails To Allege The Requisite Elements For Invasion Of Privacy ............................................................ 13

2.   Defendants' Statements Are Privileged By Code Of Civil Procedure Section 47(c)(3) ...................................................... 13

3.   Plaintiff's Privacy Claims Are Subject To The Exclusive Jurisdiction Of The Workers' Compensation Appeals Board ......................... 14

E.   Racial Discrimination and Harassment: Plaintiff Has Not Exhausted His Administrative Remedies Against ABHOW, Nor Has He Alleged An "Adverse Employment Action" ............................................................ 14

1.   Plaintiff Has Not Exhausted Administrative Remedies Against Abhow .... 14

2.   Plaintiff Fails To Allege the Requisite Elements For Race Discrimination ............................................................ 15

3.   Plaintiff Fails To Allege The Requisite Elements For Racial Harassment ... 16

IV.   CONCLUSION: THIS COURT CANNOT ACT AS THE OMBUDSMAN FOR PLAINTIFF'S INDIGNATION ................................................ 18

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

1

## TABLE OF AUTHORITIES

2

3                                                                  **PAGE**

4   <u>**STATE**</u>

5   *Agarwal v. Johnson*
            (1979) 25 Cal.3d 932 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
6
    *Aguilar v. Avis Rent A Car Systems, Inc.*
7           (1999) 21 Cal.4th 121 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

8   *Akers v. County of San Diego*
            (2002) 95 Cal.App.4th 1441 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15
9
    *Alcorn v. Anbro Engineering, Inc.*
10          (1970) 2 Cal.3d 493 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12

11  *B&E Convalescent Center v. State Compensation Insurance Fund*
            (1992) 8 Cal.App.4th 78 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
12
    *Berkeley Police Association v. City of Berkeley*
13          (1978) 76 Cal.App.3d 931 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

14  *Bierbower v. FHP, Inc.*
            (1999) 70 Cal.App.4th 1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
15
    *Biggins v. Hanson*
16          (1967) 252 Cal.App.2d 16 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

17  *C & H Foods Company v. Hartford Insurance Company*
            (1984) 163 Cal.App.3d 1055 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
18
    *Christensen v. Superior Court (Pasadena Crematorium)*
19          (1991) 54 Cal.3d 868 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

20  *Cole v. Fair Oaks Fire Protection District*
            (1987) 43 Cal.3d 148 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 12
21
    *Copp v. Paxton*
22          (1996) 45 Cal.App.4th 829 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

23  *Cruey v. Gannett Company*
            (1998) 64 Cal.App.4th 356 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
24
    *Davaris v. Cubaleski*
25          (1993) 12 Cal.App.4th 1583 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

26  *Davis v. Consolidated Freightways*
            (1994) 29 Cal.App.4th 354 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
27
    *Deaile v. General Telephone Company of California*
28          (1974) 40 Cal.App.3d 841 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

*Eisenberg v. Alameda Newspapers, Inc.*
    (1999) 74 Cal.App.4th 1359 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Etter v. Veriflo Corporation*
    (1999) 67 Cal.App.4th 457 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Fisher v. San Pedro Peninsula Hospital*
    (1989) 214 Cal.App.3d 590 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Gonzales v. Metpath, Inc.*
    (1989) 214 Cal.App.3d 422 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15, 16

*Gould v. Maryland Sound Industries, Inc.*
    (1995) 31 Cal.App.4th 1137 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Gregory v. McDonnell Douglas Corporation*
    (1976) 17 Cal.3d 596 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 8, 9

*Hart v. National Mortgage & Land Co.*
    (1967) 189 Cal.App.3d 1420 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Herberg v. California Institute of the Arts*
    (2002) 101 Cal.App.4th 142 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*HewlettPackard Company*
    (1993) 14 Cal.App.4th 958 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Hill v. National Collegiate Athletic Association*
    (1994) 7 Cal.4th 1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Hobson v. Raychem Corp.*
    (1999) 73 Cal.App.4th 614 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Howland v. Balma*
    (1983) 143 Cal.App.3d 899 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Jensen v. HewlettPackard Company*
    (1993) 14 Cal.App.4th 958 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Johnson v. City of Loma Linda*
    (2000) 24 Cal.4th 61 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Kelly v. General Telephone Company*
    (1982) 136 Cal.App.3d 278 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Livitsanos v. Superior Court*
    (1992) 2 Cal.4th 744 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Loder v. City of Glendale*
    (1997) 14 Cal.4th 846 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Luck v. Southern Pacific Transportation Company*
    (1990) 218 Cal.App.3d 1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Lyle v. Warner Brothers Television Productions*
    (2006) 38 Cal.4th 264 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

4839-3378-7393.1

iv

*Manguso v. Oceanside Unified School District*
(1984) 153 Cal.App.3d 574 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Miller v. United Airlines, Inc.*
(1985) 174 Cal.App.3d 878 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Mixon v. Fair Employment and Housing Commission*
(1987) 192 Cal.App.3d 1306 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Noel v. River-Hills Wilsons, Inc.*
(2003) 113 Cal.App.4th 1363 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Operating Engineers Local 3 v. Johnson*
(2003) 110 Cal.App.4th 180 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 14

*Owens v. Kings Supermarket*
(1988) 198 Cal.App.3d 379 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Peninsula Hospital*
(1989) 214 Cal.App.3d 590 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Pinero v. Specialty Restaurants Corporation*
(2005) 130 Cal.App.4th 635 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Polygram Records, Inc. v. Superior Court*
(1985) 170 Cal.App.3d 543 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 7

*Robomatic, Inc. v. Vetco Offshore*
(1990) 225 Cal.App.3d 270 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Romano v. Rockwell International, Inc.*
(1992) 14 Cal.4th 479 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Semore v. Pool*
(1990) 217 Cal.App.3d 1087 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Sheffield v. Department of Social Services*
(2003) 109 Cal.App.4th 153 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Shoemaker v. Myers*
(1990) 52 Cal.3d 1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Thing v. LaChusa*
(1989) 48 Cal.3d 644 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Trerice v. Blue Cross of California*
(1989) 209 Cal.App.3d 878 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Wilkinson v. Times Mirror Corporation*
(1989) 215 Cal.App.3d 1034 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 10

*Yanowitz v. L'Oreal USA, Inc.*
(2005) 36 Cal.4th 1028 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

**STATUTES**

C.C. §47(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7, 9

C.C.P. §430.50(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

C.C.P. §47 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

C.C.P. §47(c)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13


**OTHER**

Government Code §112940(h) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Government Code §12940(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Government Code §12965(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Labor Code §3600 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Labor Code §3600(a)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Labor Code §3601 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

**I.**

**INTRODUCTION: THE FACE OF PLAINTIFF'S FIRST AMENDED COMPLAINT STILL FAILS TO STATE LEGALLY COGNIZABLE CLAIMS FOR DEFAMATION, EMOTIONAL DISTRESS, INVASION OF PRIVACY AS WELL AS THE NEW CLAIMS FOR RACIAL DISCRIMINATION AND HARASSMENT.**

William Chapple is an indignant janitor whose alcohol consumption was reasonably questioned by his supervisors at work, and he was asked to report for alcohol testing. Indignant that his sobriety was questioned for a legitimate business reason in a discreet, and therefore privileged, setting, it was Mr. Chapple who spread the news throughout the workplace that he was suspected of coming to work under the influence of alcohol (or hung over). Still indignant that his sobriety was questioned, Mr. Chapple has sued his employer, American Baptist Homes of the West, an organization dedicated to providing housing, heath care and supportive services to older persons; Grand Lake Gardens[1], the community in Oakland where he works (both collectively referred to as "ABHOW"); his co-worker Calvin May; and ABHOW Director of Operations Scott Sebastian.[2]

Plaintiff's workplace claims (defamation, intentional infliction of emotional distress, invasion of privacy and, by recent amendment, racial discrimination/harassment) notably do not allege termination of his employment. The tort causes of action fail to transform hurt feelings into legally cognizable claims because they are subject to the *exclusive* jurisdiction of the Workers' Compensation Appeals Board. Plaintiff asks the judicial system to lend a sympathetic ear to his grievances that are left

---

[1] Grand Lake Gardens, at 401 Santa Clara Avenue in Oakland, provides a range of living options including residential living, assisted-care living and skilled nursing care. Other multi-level communities also provide a memory support center. Other ABHOW communities provide rental and affordable housing options.

[2] The other individual defendant, Executive Director Reginald Lyles, has not been served. Instead, plaintiff's first amended complaint seems to have attempted to delete Reginald Lyles as a defendant. However, instead of deleting the fifth and seventh causes of action against Mr. Lyles, plaintiff seems to have changed the defendants for those claims to ABHOW, thereby seeking to maintain two claims (4 and 6) against ABHOW for the same allegations of intentional infliction of emotional distress *and* two claims (5 and 7) against ABHOW for the same allegations of invasion of privacy. The fifth and seventh causes of action are therefore subject to the instant demurrer.

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

1  for resolution to workers' compensation jurisdiction (or the union grievance procedure ³/).  Apart from

2  the absence of jurisdiction, plaintiff also fails to allege the elements of his purported causes of action.

3  Plaintiff, in his most recent causes of action (8, 9 and 10) seeks to characterize having been

4  masked to take a breathalyzer test as unlawfully motivated by his race (African-American).  Being

5  asked to take a breathalyzer test, however, is not legally cognizable as an "adverse employment action"

6  which plaintiff must allege in order to establish even a *prima facie* case of unlawful discrimination or

7  harassment.  Nor does plaintiff establish the court's jurisdiction to hear a discrimination-harassment

8  complaint against ABHOW, as plaintiff has failed to provide the court with a right-sue-letter against

9  ABHOW.

10

11                                    **II.**

12  **FACTUAL ALLEGATIONS ON THE FACE OF THE COMPLAINT: PLAINTIFF IS UPSET AFTER MANAGERS QUESTIONED HIS SOBRIETY AND PLAINTIFF SPREAD HIS INDIGNATION THROUGHOUT THE WORKPLACE.**

13

14  Plaintiff Willaim Chapple is employed by ABHOW (First Amended Complaint or "FAC," ¶11)

15  as a janitor.  He alleges that, on November 10, 2005, when he came to work following the previous

16  night's senior citizen birthday party, he told his co-workers, Brad Freeman and Alexander Harrison,

17  that he was experiencing stomach pain. FAC, ¶12, 4:23-5:1.⁴/  He punched out around 8:30 a.m. and left

18  work. FAC, ¶12, 5:7-8.  Around 12:30 p.m., plaintiff's supervisor, Donald Mack, told him (plaintiff)

19  that the director of operations, Scott Sebastian, told him (Donald Mack) that plaintiff came to work

20  drunk and that a verbal warning was necessary. FAC, ¶12, 5:16-19.  Calvin May, a resident services

21  driver, told Scott Sebastian "that plaintiff was drunk and smelling like alcohol." FAC, ¶12, 5:21-24.

22  When plaintiff reported to work the next day (November 11, 2005), Scott Sebastian asked

23  plaintiff into his office and, after the door was *closed*, told plaintiff " 'You were drunk and you're drunk

24

25  ³/  Plaintiff's claims are also subject to the grievance procedure of the collective bargaining agreement governing, in part, the terms and conditions of his employment. Plaintiff's union status, however, is not alleged in the complaint so the possibility of a union grievance is not subject to the court's consideration in this demurrer.

26

27

28  ⁴/  Reference to the lengthy twelfth paragraph of the complaint includes page and line numbers for the lengthy single paragraph covering pages four through ten of the first amended complaint. For example, page five, lines 20 through 23 will be noted as 5:20-23.

1   now. I smell alcohol on you now and throughout the building. One of your co-workers told me that

2   you came to work drunk and you're still drunk and I want to help you.'" FAC, ¶12, 6:21-7:5. Scott

3   Sebastian asked plaintiff to take a breath test for alcohol at Concentra Medical Center. FAC, ¶12,

4   7:11-15. Plaintiff alleges he "left the area and went back to the basement to talk to Brad Freeeman,

5   Alexander Harrison, Rita Johnson, and Kathy A. Smith." FAC, ¶12, 8:16-22. Plaintiff then "went over

6   to Piedmont Gardens [110 41ˢᵗ Street in Oakland]" where he complained to Lisa Sandeford, Facility

7   Assistant to Director of Facilities Sid Ward "because Scott Sebastian accused him of being drunk and

8   smelling of alcohol." FAC, ¶12, 8:23-9:11. Plaintiff next shared his grievance with Reginald Lyles,

9   Executive Director of ABHOW. FAC, ¶12, 9:12-22.

10          Plaintiff does not allege that Scott Sebastian, or any other ABHOW manager, spread the word

11  about the company's reasonable suspicion of coming to work under the influence of alcohol. Plaintiff

12  does not allege that the concerns for his sobriety went outside of the chain of command from co-worker

13  Calvin Mays – reporting plaintiff's lack of sobriety - to Supervisor Donald Mack; Director of

14  Operations Scott Sebastian; and Executive Director Reginald Lyles. Instead, it was plaintiff who

15  indiscriminately spread the company's concern to a wide variety of employees in other departments:

16  Maintenance 1 Worker from Environmental Services, Brad Freeman; Maintenance 2 Worker

17  Alexander Harrison; Rita Johnson of the Wellness Department; and Certified Nursing Assistant Kathy

18  Smith (FAC, ¶¶12, 4:23-5:1, 8:16-22); as well as other facilities (Facility Assistant Linda Sandeford

19  at Piedmont Gardens. FAC, ¶12, 8:23-9:11).

20          Nor does plaintiff allege any damages to his reputation among the co-workers from whom he

21  sought support. "All of them [co-workers Brad Freeman, Alexander Harrison, Rita Johnson, and Kathy

22  Smith] saw how devastated plaintiff was and felt his anger and disgust at Scott Sebastian's accusation

23  that he was drunk and smelled of alcohol. . . ." FAC, ¶12, 8:16-22. When plaintiff told Lisa Sandeford

24  about the incident, "[s]he said she did not smell any alcohol" and the "secretary said that Scott

25  [Sebastian] was always doing something wrong. . . ." FAC, ¶12, 9:8-11. Plaintif does not allege that

26  his co-workers thought any less of him because of the breathalyzer story with which plaintiff

27  gratuitously regaled them!

28

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

**III.**

**LEGAL ARGUMENT: PLAINTIFF FAILS TO STATE A CLAIM BECAUSE HE DOES NOT ALLEGE REQUISITE ELEMENTS, HIS OWN ALLEGATIONS ESTABLISH DEFENDANTS' DEFENSES AND THE WORKERS' COMPENSATION APPEALS BOARD MAINTAINS EXCLUSIVE JURISDICTION.**

A complaint - such as the Chapple first amended complaint – is subject to demurrer when the pleading is defective, in its entirety or in regard to specific causes of action, and the defects appear on the face of the complaint. Code Civ. Proc. §430.50(a).[5] Any doubt regarding the complaint must be resolved *against the pleading party - the plaintiff*, and unplead facts cannot be presumed to exist. *C & H Foods Company v. Hartford Insurance Company* (1984) 163 Cal.App.3d 1055, 1062. If there is no liability pursuant to substantive law, a demurrer is proper and the court may exercise its discretion to deny plaintiff leave to amend. *Berkeley Police Association v. City of Berkeley* (1978) 76 Cal.App.3d 931, 943.

A.   **Plaintiff Attempts To Assert Claims For Defamation, Intentional Infliction Of Emotional Distress And Invasion Of Privacy.**

Plaintiff alleges three tort claims: defamation; intentional infliction of emotional distress; and invasion of privacy against various defendants, American Baptist Homes of the West, Grand Lake Gardens, Resident Services Driver Calvin May, Director of Operations Scott Sebastian and Executive Director Reginald Lyles.[6] See FAC, ¶12 for the individuals' respective titles. The first cause of action attempts to allege a defamation claim against Calvin May; the third cause of action attempts to allege a defamation claim Scott Sebastian and ABHOW. The gravamen of the defamation claim against Calvin May, a driver of community residents, is that he shared with Scott Sebastian his concern that "plaintiff was drunk and smelling like alcohol." FAC, ¶12, 5:21-24, also ¶15. Plaintiff alleges that Scott Sebastian "published to a[n unnamed] third person(s) that plaintiff came to work drunk and or that plaintiff was at work while drunk from alcohol." FAC, ¶15. Plaintiff does not allege to whom such

---

[5]   Plaintiff's prior allegations must be read into the amended complaint. *Owens v. Kings Supermarket* (1988) 198 Cal.App.3d 379, 384.

[6]   Plaintiff has not served defense counsel with a dismissal of claims against Mr. Lyles and he remains named as a defendant to the sixth purported cause of action for intentional infliction of emotional distress.

4839-3378-7393.1                                             4

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

1  statements might have been made, but provides great detail as to plaintiff indiscriminately spreading
2  ABHOW's concerns among his co-workers. FAC, ¶¶8:16-22, 12, 8:23-9:11.
3      Plaintiff similarly divides his purported claim for intentional infliction of emotional distress
4  against Resident Services Driver Calvin May (FAC, ¶¶24-27) as his second cause of action , and against
5  Director of Operations Scott Sebastian and ABHOW (FAC, ¶¶40-45) as his fourth cause of action, and
6  against Executive Director Reginald Lyles and ABHOW (FAC, ¶¶51-56) as his sixth cause of action.
7  If plaintiff did intend to dismiss Reginald Lyles as a defendant (he remains listed as a defendant in the
8  caption for the sixth cause of action), plaintiff's sixth purported cause of action is redundant of the
9  fourth cause of action, also against ABHOW for intentional infliction of emotional distress.
10  The alleged misconduct, incorporated by reference into each of the emotional distress claims, is the
11  "defamation" of asking plaintiff to take an alcohol test. FAC, ¶¶26, 40, 52.
12      Plaintiff's claims for invasion of privacy are directed against Scott Sebastian and ABHOW
13  (fifth cause of action) and ABHOW (seventh cause of action). Plaintiff apparently dismissed Reginald
14  Lyles as a defendant from the privacy claim but listed ABHOW twice so as to avoid deleting the
15  redundant allegations of a privacy claim against ABHOW. The alleged misconduct in these claims is,
16  again, the "defamation" and asking plaintiff to take an alcohol breathalyzer test. FAC, ¶¶49, 60.

17  **B.    Defamation: Defendants' Communication Of An Opinion Was Privileged, Nor Was Plaintiff's Reputation Damaged, And The Grievance Is Subject To The Exclusive Jurisdiction Of The Workers' Compensation Appeals Board.**
18

19      **1.    Plaintiff Fails To Allege The Requisite Elements For A Defamation Claim.**

20      Demurrer is an appropriate means for the court to decide, as a matter of law, whether a
21  statement is defamatory. *Polygram Records, Inc. v. Superior Court* (1985) 170 Cal.App.3d 543, 551.
22  Plaintiff fails to allege the requisite elements of a cause of action for defamation:

23      (1)    false, *non-privileged publication* of a *statement of fact*;

24      (2)    *actual* damage to plaintiff's reputation[2]; and

25      (3)    causation of the actual damages by the improper publication.

26  _____

[2]  Plaintiff does not obviate establishing this element because he does not allege defamation *per se*. Plaintiff
27  does not allege that his employment was affected in any way by being requested to take a reasonable-
suspicion breathalyzer test (nor was his employment terminated or otherwise affected by the incident
28  causing plaintiff's umbrage). Therefore, the hangover incident did not tend directly (or even indirectly) to
injure plaintiff in regard to his trade.

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

1   *Gregory v. McDonnell Douglas Corporation* (1976) 17 Cal.3d 596, 600. Defendants' communications

2   were privileged by Civil Code section 47(c)(3). The "defamation" is not an actionable statement

3   of fact, but a legitimate inquiry to ascertain whether plaintiff had come to work under the influence

4   of alcohol. Finally, plaintiff's own allegations establish there was no damage to his reputation – among

5   the co-workers to whom he indignantly spread the word of his "defamation".

6
                    **a.      Defendants' Statements Are Privileged By Code Of Civil Procedure
7                             Section 47(c)(3).**

8           Defendants' communications concerning the reasonable suspicion of plaintiff's alcohol use are

9   privileged as communications "without malice, with persons who have a common interest in the subject

10  matter of the communication." Civ. Code §47(c). Plaintiff alleges that Scott Sebastian told plaintiff's

11  supervisor, Donald Mack, that plaintiff came to work drunk and he was required to give plaintiff a

12  verbal warning. FAC, ¶12, 5:16-18. Plaintiff alleges that Assistant Director of Facilities Donald Mack

13  is his supervisor, whose responsibilities include investigation and, where appropriate, disciplinary

14  actions. FAC, ¶¶12, 5:5-8, 5:16-18, 6:12-7:18. Executive Director Reginald Lyles holds a managerial

15  position above Scott Sebastian, and Reginald Lyles was apparently aware of the request to have a

16  breathalyzer test when plaintiff came over to his office at Piedmont Gardens. FAC, ¶¶8, 12, 8:8-9:24.

17  The other individual defendant, Calvin May, is a resident services driver[8/] and co-worker. FAC, ¶¶6,

18  12: 5:21-24.

19          Communications among the "common interest" group (Messrs. May, Mack, Sebastian and

20  Lyles) are privileged and therefore plaintiff's purported defamation claim is not actionable.

21  "Tangential beneficiaries [of the privilege] are ordinarily . . . all part of a management group with a

22  common interest, *i.e.*, the efficient running of the business." *Jensen v. HewlettPackard Company*

23  (1993) 14 Cal.App.4th 958, 964. Having a sober work force is certainly a legitimate interest. An

24  "employer has a legitimate interest in not hiring individuals whose drug abuse may render them unable

25  to perform satisfactorily on the job ...." *Wilkinson v. Times Mirror Corporation* (1989) 215 Cal.App.3d

26  1034, 1048-1049. An employer's discussions with other employees to further a legitimate interest are

27  presumptively privileged. See *Manguso v. Oceanside Unified School District* (1984) 153 Cal.App.3d

28

---
[8/]     Mr. May, for instance, transports residents to doctors' appointments and other outings.

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

1  574, 580-581 (letter regarding a teacher's shortcomings cannot be libelous - even if defamatory -

2  without a showing of malice).[2/]

3           Precedent has applied the "common interest" privilege to numerous situations in which

4  management discussed an employee's work performance with other employees. *Cruey v. Gannett*

5  *Company* (1998) 64 Cal.App.4th 356, 369 ("We conclude that complaints to employers about

6  workplace [sexual] harassment should be privileged" pursuant to Code of Civil Procedure section 47(c)

7  regarding a terminated manager's libel and slander claims against former employer and complaining

8  female subordinate); *Kelly v. General Telephone Company* (1982) 136 Cal.App.3d 278, 284-285 (no

9  malice in manager's statement that plaintiff was ineligible for rehire because of misuse of company

10  funds and falsified invoices); *Deaile v. General Telephone Company of California* (1974) 40

11  Cal.App.3d 841, 846 ("common interest" privilege where "all the recipients of the allegedly libelous

12  communications [reasons for former co-worker's forced retirement] were in the employ of defendant

13  and worked at the same facility which plaintiff had managed, or were plaintiff's superiors."). "Clearly,

14  an employee is privileged in pursuing its own economic interests and that of its employees to ascertain

15  whether an employee has breached his responsibilities of employment and if so, to communicate, in

16  good faith, that fact to others within its employ so that (1) appropriate action may be taken against the

17  employee [such as sending the employee for a breathalyzer to determine fitness for work]; (2) the

18  danger of such breaches occurring in the future may be minimized. ...." *Deaile v. General Telephone*

19  *Company of California* (1974) 40 Cal.App.3d 841, 849. The privilege applies even if emotional

20  distress is substantially certain to result. *Deaile v. General Telephone Company of California, supra* at

21  40 Cal.App.3d 849-850.

22           **b.    The "Defamation" Is Not An Actionable Statement Of Fact.**

23           The court may determine on demurrer, as a matter of law, whether a statement is a statement of

24  fact or opinion. *Polygram Records, Inc. v. Superior Court* (1985) 170 Cal.App.3d 543, 551, n. 8.

25

26  [2/] Plaintiff claims that Executive Director Reginald Lyles "did not reasonably investigate the accusation that
     I had come to work drunk before ordering me to take the alcohol breath test." FAC, ¶12, 10:1-3. However,

27  "[w]hen Mr. Lyles then told me to go and take the alcohol breath test" (FAC, ¶12, 9:22-24), he *was*
     reasonably investigating the possibility that plaintiff had come to work under the influence of alcohol. Just

28  as in *Bierbower v. FHP, Inc.* (1999) 70 Cal.App.4th 1, 8-9, there is no merit to plaintiff's argument "that
     malice could be inferred from the fact that the employer could have done a better job of investigating the
     sexual harassment complaint."

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

1   Defendants' inquiry into plaintiff's sobriety was - by definition - a question concerning plaintiff's

2   performance which constitutes - at most - an opinion that is not actionable. See *Jensen v. Hewlett*

3   *Packard Company* (1993) 14 Cal.App.4th 958, 964-965 ("unless an employer's performance

4   evaluation falsely accuses an employee of criminal conduct, lack of integrity, dishonesty, incompetence

5   or reprehensible personal characteristics or behavior, it cannot support a cause of action for libel."

6   citation omitted); also *Gregory v. McDonnell Douglas Corporation* (1976) 17 Cal.3d 596, 601;

7   *Eisenberg v. Alameda Newspapers, Inc.* (1999) 74 Cal.App.4th 1359, 1383. Management (Scott

8   Sebastian and Reginald Lyles) acted upon Calvin May's report by asking plaintiff to have a

9   breathalyzer test. "One of your co-workers told me that you came to work drunk and you're still drunk

10  and I want to help you." (FAC, ¶12, 7:4-5) is not a defamatory statement, but a lawful explanation of

11  the reasonable request for a breathalyzer test. Even if plaintiff's supervisors had declared

12  Mr. Chapple's work performance to be unacceptable, such an evaluation is nevertheless a clear

13  statement of opinion, opinion for which plaintiff cannot maintain a defamation claim. *Gregory v.*

14  *McDonnell Douglas Corporation* (1976) 17 Cal.3d 596, 601; *Eisenberg v. Alameda Newspapers, Inc.*

15  (1999) 74 Cal.App.4th 1359, 1383; *Gould v. Maryland Sound Industries, Inc.* (1995) 31 Cal.App.4th

16  1137, 1154.

17              c.      **Plaintiff Does Not Allege Any Actionable Damages To Reputation.**

18          Plaintiff alleges that his co-workers did not believe that he had done anything wrong.

19  "All of them [co-workers Brad Freeman, Alexander Harrison, Rita Johnson and Kathy Smith] saw how

20  devastated plaintiff was and felt his anger and disgust at Scott Sebastian's accusation that he was drunk

21  and smelled of alcohol. . . ." FAC, ¶12, 8:16-22. When plaintiff told Lisa Sandeford about the incident,

22  "[s]he said she did not smell any alcohol" and the "secretary said that Scott [Sebastian] was always

23  doing something wrong. . . ." FAC, ¶12, 9:1-11. Plaintiff does not allege publication of the

24  "defamation" by any defendant to anyone outside of the work force, or even outside of the group

25  of "common interest".

26          Absent compulsion to disclose the alleged defamation, when the person claiming defamation

27  voluntarily discloses the contents of the purported defamation to others, the originator cannot be

28  responsible for any resulting damages. *Davis v. Consolidated Freightways* (1994) 29 Cal.App.4th 354,

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

373. As part of the investigation of a jacket stolen from distressed freight area, "[p]laintiff admitted, however, that he himself talked about the incident inside and outside CF [Consolidated Freightways], trying to garner support. Plaintiff voluntarily told union employees, including the steward, even though he knew that union employees would likely spread the story." *Gregory v. McDonnell Douglas Corporation* (1976) 17 Cal.3d 596, 600. Plaintiff Chapple, like Plaintiffs Davis and Gregory in the precedential decisions cited above, cannot hold his employer responsible for "defamation" caused by plaintiff's own enthusiastic disclosures to third parties.

### d. Plaintiff Does Not Allege Malice.

Nor does plaintiff allege actual malice or malice in fact, "a state of mind arising from hatred or ill will, evidencing a willingness to vex, annoy or injure another person." Civ. Code §47(c); *Agarwal v. Johnson* (1979) 25 Cal.3d 932, 944. Plaintiff fails to allege malice with the requisite specificity. *Robomatic, Inc. v. Vetco Offshore* (1990) 225 Cal.App.3d 270, 276 ("plaintiff must allege detailed facts showing defendant's ill will toward him.") Plaintiff, instead, only alleges boilerplate allegations of malice. FAC, ¶¶17, 31. Plaintiff's allegations that Scott Sebastian said "I have my watch dogs looking out for me when I am not here." (FAC, ¶12, 8:5-6) and he asks plaintiff to do his job (mopping the restroom, cleaning the walls, vacuuming the dining room better) (FAC, ¶12, 8:10-11) facially fail to establish malice on the part of a manager. FAC, ¶7.

Malice cannot be inferred from the communication itself (*Noel v. River-Hills Wilsons, Inc.* (2003) 113 Cal.App.4th 1363, 1370), nor has plaintiff alleged any conduct that would establish malice. Alternatively, plaintiff must allege that the individual making the defamatory statement did not believe the statement was true (*Biggins v. Hanson* (1967) 252 Cal.App.2d 16, 21) but, as noted above, the alleged defamation consisted of reasonable inquiries, not statements of fact, much less defamatory statements of fact.

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

2.  **Plaintiff's Defamation Claims Are Subject To The Exclusive Jurisdiction Of The Workers' Compensation Appeals Board.**

"Where the conditions of compensation set forth in Section 3600 concur,"[10] the Workers' Compensation Appeals Board provides the "exclusive remedy for injury ... of an employee against any other employee of the employer acting within the scope of his or her employment ...." Labor Code §§3600, 3601; *Livitsanos v. Superior Court* (1992) 2 Cal.4th 744, 755; *Shoemaker v. Myers* (1990) 52 Cal.3d 1, 25; *Thing v. LaChusa* (1989) 48 Cal.3d 644, 664, 666-667; *Cole v. Fair Oaks Fire Protection District* (1987) 43 Cal.3d 148, 160-161; *B&E Convalescent Center v. State Compensation Insurance Fund* (1992) 8 Cal.App.4th 78, 85. The dispositive factor for finding workers' compensation preemption "is whether the acts complained of were a 'normal part of the employment relationship.'" *Hart v. National Mortgage & Land Co.* (1967) 189 Cal.App.3d 1420, 1429-1430, citations omitted. Drug testing is recognized as a legitimate "normal part of the employment relationship." *Wilkinson v. Times Mirror Corporation* (1989) 215 Cal.App.3d 1034, 1048-1049.

Two readily distinguishable decisions declined to include defamation claims as subject to the exclusive jurisdiction of the Workers' Compensation Appeals Board because, within the context of those cases, the defamation claim sought damages to reputation, rather than physical or mental injury. In *Davaris v. Cubaleski* (1993) 12 Cal.App.4th 1583, 1591, the defamatory statements were made "*after* appellant was terminated and can, by no stretch, be deemed to have occurred in the course and scope of appellant's employment." emphasis added. In addition, the post-employment defamation consisted of calling the plaintiff a "Jew dictator" and falsely accusing her of theft and insurance fraud. Therefore, "defamatory statements which have *no other purpose than to damage an employee's reputation* are neither 'a normal part of the employment relationship' nor a risk of employment within the exclusivity provision of the Workers' Compensation Act." *Davaris v. Cubaleski, supra* at 1586-1587, emphasis added. However, limited on-the-job discussions at ABHOW pertaining to sobriety at work are necessarily job-related and fall within the exclusive workers' compensation jurisdiction established by statute and repeatedly observed by precedential decisions. Defendants'

---

[10]   Such conditions include "[w]here, at the time of the injury, the employee is performing service growing out of and incidental to his or her employment and is acting within the course and scope of his or her employment." Labor Code §3600(a)(2).

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

1    "defamation" also had a legitimate purpose other than to damage plaintiff's reputation – to maintain a

2    safe community for its residents and employees.[1/]

3         One other distinguishable decision found that a defamation claim was not preempted by

4    workers' compensation exclusive jurisdiction. When Shasta County's sheriff told a newspaper reporter

5    about a deputy sheriff's improper use of force, the deputy sheriff's defamation injury was not one of

6    "those risks to which the fact of employment in the industry exposes the employee." *Howland v. Balma*

7    (1983) 143 Cal.App.3d 899, 904, citation omitted. Even plaintiff, who literally went out of his way

8    from Grand Lake Gardens to Piedmont Gardens (FAC, ¶12, 8:23-25) to tell more employees about the

9    suspected insobriety, did not seek to splash his story in a newspaper. More to the point, no defendant

10   removed plaintiff's purported defamation claim from workers' compensation jurisdiction by

11   mentioning the suspected misconduct to the press - or anyone outside of the managerial chain of

12   command.[12/]

13        C.    **Intentional Infliction Of Emotional Distress: Asking an Employee To Take A Breatha-
               lyzer Test Is Not Actionable As Intentional Infliction Of Emotional Distress, And The**
14             **Appropriate Jurisdiction Is Workers' Compensation.**

15             1.    **Plaintiff Fails To Allege The Requisite Elements For Intentional Infliction Of
                     Emotional Distress.**
16

17        In order to state a claim for intentional infliction of emotional distress, Plaintiff Chapple must

18   allege:

19        (1)    conduct by ABHOW "so extreme and outrageous as to go beyond all possible bounds

20   of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." (*Alcorn*

21   *v. Anbro Engineering, Inc.* (1970) 2 Cal.3d 493, 498);

22

23

24

25   [1/]   Nor does Plaintiff Chapple allege that, like the plaintiff in *Davaris*, he was called a "Jew dictator" or any
             other inappropriate epithet.
26

27   [12/]  To the extent that workers' compensation preemption is determined by the nature of the claimed injury –
             rather than defendants' acts (*Howland v. Balma, supra* at 143 Cal.App.3d 904), plaintiff has failed to allege
             any unprivileged damage to his reputation. Instead, he alleges a privileged "common interest" from an
28           ABHOW co-worker through the managerial chain of command *and* plaintiff's *self*-publication to numerous
             other employees.

4839-3378-7393.1                                  11
              DEFS' MPA ISO DEMURRER TO 1ST AMENDED COMPLAINT

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

1    (2)    intention to cause emotional distress or reckless disregard of the substantial certainty of

2    causing emotional distress (*Christensen v. Superior Court (Pasadena Crematorium)* (1991) 54 Cal.3d

3    868, 903);

4    (3)    severe emotional suffering; and

5    (4)    actual and proximate causation of the alleged emotional distress.  *Cole v. Fair Oaks*

6    *Fire Protection District* (1987) 43 Cal.3d 148, 155, n. 7; *Alcorn v. Anbro Engineering, Inc.* (1970) 2

7    Cal.3d 493, 497-499; *Trerice v. Blue Cross of California* (1989) 209 Cal.App.3d 878, 883.  As

8    discussed, *infra*, no defendant engaged in "extreme and outrageous" conduct.  *Semore v. Pool* (1990)

9    217 Cal.App.3d 1087, 1104 (pupillary reaction eye test to determine influence of drugs is not "beyond

10   all bounds of decency").  Nor does plaintiff allege "severe emotional suffering."[13]

11   **2.    Plaintiff's Emotional Distress Claims Are Subject To The Exclusive Jurisdic-**
12   **tion Of The Workers' Compensation Appeals Board.**

13   The Workers' Compensation Appeals Board also maintains jurisdiction over work-related

14   claims for intentional infliction of emotional distress.

15   An employer's supervisory conduct is inherently 'intentional.' In order to properly manage
16   its business, every employer must on occasion review, criticize, demote, transfer, and
     discipline employees.  Employers are necessarily aware that their employees will feel
17   distressed by adverse personnel decisions, while employees may consider any such adverse
     action to be improper and outrageous. Indeed, it would be unusual for an employee *not* to
18   suffer emotional distress as a result of an unfavorable decision by his employer. . .  We
     have concluded that, when the misconduct attributed to the employer is actions which are
19   a normal part of the employment relationship, such as demotions, promotions, **criticism of**
     **work practices,** and frictions in negotiations as to grievances, an employee suffering
20   emotional distress causing disability may not avoid the exclusive remedy provisions of the
     Labor Code by characterizing the employer's decisions as manifestly unfair, outrageous,
     harassment or intended to cause emotional disturbance resulting in disability.

21

22   *Cole v. Fair Oaks Fire Protection District* (1987) 43 Cal.3d 148, 160, emphasis added.  Accordingly,

23   plaintiff's attempt to characterize a workplace grievance as intentional infliction of emotional distress

24   must fail.

25

26

27

28   [13]    To the extent that plaintiff's prayer for relief seeks "[m]edical expenses, past and future," plaintiff further
     diminishes any argument that the defamation claim might be a claim for damages to reputation.

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

4839-3378-7393.1                12

**D.    Invasion Of Privacy:  Asking An Employee To Take A Breathalyzer Test Is Not Actionable As An Invasion Of Privacy.**

    **1.    Plaintiff Fails To Allege The Requisite Elements For Invasion Of Privacy.**

In order to maintain a claim for invasion of privacy, plaintiff must allege:

(1)    a legally protected privacy interest;

(2)    a reasonable expectation of privacy under the circumstances; and

(3)    employer conduct constituting an invasion of privacy.  *Loder v. City of Glendale* (1997) 14 Cal.4th 846, 890-891; see *Hill v. National Collegiate Athletic Association* (1994) 7 Cal.4th 1, 55. Plaintiff has a privacy interest in not being tested for drugs. *Luck v. Southern Pacific Transportation Company* (1990) 218 Cal.App.3d 1, 19.  However, plaintiff waived whatever reasonable expectation of privacy he might have had by indiscriminately publicizing that he was suspected of being under the influence of alcohol at work.  Nor does plaintiff allege the third element of his privacy claim because "[t]here is no basis to assume that every time a coemployee learns of discipline imposed on another employee, there will be a violation of the constitutional right of privacy."  See *Operating Engineers Local 3 v. Johnson* (2003) 110 Cal.App.4th 180, 192 (lawfulness of announcing an employee's disciplinary action at a managers' meeting depends on content of information and relationship of disciplined employee to recipients of information).

    **2.    Defendants' Statements Are Privileged By Code Of Civil Procedure Section 47(c)(3).**

The "common interest" privilege of Civil Code section 47(c)(3) also applies to privacy claims. The "statutory restrictions [Code of Civil Procedure section 47] on a cause of action for defamation apply to an alternative theory of invasion of privacy based on the same facts."  *Copp v. Paxton* (1996) 45 Cal.App.4th 829, 848 (county emergency services officer lawfully questioned experts' qualifications).  Plaintiff Chapple's defamation and privacy claims (as well as the cause of action for intentional infliction of emotional distress) are all based on the same righteous indignation over having his sobriety questioned.  For that reason, plaintiff's privacy claims are again not actionable.

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

3. **Plaintiff's Privacy Claims Are Subject To The Exclusive Jurisdiction Of The Workers' Compensation Appeals Board.**

A claim for invasion of privacy is also subject to the exclusive jurisdiction of the Workers' Compensation Appeals Board. *Operating Engineers Local 3 v. Johnson* (2003) 110 Cal.App.4th 180, 192 (probation officer's announcement at a managers' meeting - including managers with no interest in the disciplinary matter - followed by distribution of meeting minutes to a wider group of disinterested employees was unlawful). "By critically evaluating the sufficiency of the complaints asserting such a violation [invasion of privacy], trial courts should be able to reject at the pleading stage most complaints that attempt to circumvent the exclusivity of the workers compensation scheme by frivolously alleging an invasion of this right." *Id.* Unlike the situation in *Operating Engineers (Johnson)*, ABHOW's narrowly circumscribed communications concerning the inquiry concerning plaintiff's sobriety to a limited number of individuals with a "common interest".

E. **Racial Discrimination and Harassment: Plaintiff Has Not Exhausted His Administrative Remedies Against ABHOW, Nor Has He Alleged An "Adverse Employment Action".**

1. **Plaintiff Has Not Exhausted Administrative Remedies Against Abhow.**

A statutory discrimination claim requires two separate filing requirements as jurisdictional prerequisites. Government Code section 12965(b) requires the claimant to file an administrative charge within one year of the adverse employment action (assuming there *is* an adverse employment action).[14] Government Code section 12960(d) requires a litigant to utilize that right-to-sue letter within one year of the DFEH issuing the right-to-sue letter. *Romano v. Rockwell International, Inc.* (1992) 14 Cal.4th 479, 492; *Yurick v. Superior Court* (1989) 209 Cal.App.3d 1116, 1120-1121. Plaintiff has provided this court with right-to-sue letters against Messrs. May and Sebastian, but *not* American Baptist Homes of the West or Grand Lake Gardens. Plaintiff, therefore, cannot maintain discrimination/harassment claims against American Baptist Homes of the West or Grand Lake Gardens.

---

[14] This notice requirement offers the Department of Fair Employment and Housing the opportunity to investigate and resolve the matter with persuasion and conciliation rather than litigation. *Johnson v. City of Loma Linda* (2000) 24 Cal.4th 61, 66, n. 1; *Hobson v. Raychem Corp.* (1999) 73 Cal.App.4th 614, 630; *Martin v. Lockheed Missiles & Space Co.* (1994) 29 Cal.App.4th 1718, 1728.

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

1    "The failure to exhaust an administrative remedy is a jurisdictional, not a procedural, defect."

2    *Miller v. United Airlines, Inc.* (1985) 174 Cal.App.3d 878, 890 (plaintiff's FEHA age discrimination

3    claim dismissed for failure to file an administrative charge with the DFEH).   Plaintiff's attachments

4    establish his authorization by the DFEH to sue Calvin May and Scott Sebastian for racial harassment,

5    but there is no right-to-sue letter for ABHOW for racial discrimination/harassment.   Absent a DFEH

6    right-to-sue letter, plaintiff cannot maintain his discrimination/harassment cause of action against

7    ABHOW.

8
                        2.    **Plaintiff Fails To Allege the Requisite Elements For Race Discrimi-
9                              nation.**

10    Plaintiff's *prima facie* case of race discrimination against ABHOW requires that:

11    (1)    plaintiff belongs to a protected group, such as being African-American (FAC, ¶1);

12    (2)    plaintiff suffered an "adverse employment action" (as discussed above, plaintiff's

13    disgruntlement cannot constitute an "adverse employment action"); and

14    (3)    a causal connection links the first two elements. See *Gonzales v. Metpath, Inc.* (1989)

15    214 Cal.App.3d 422, 427; *Mixon v. Fair Employment and Housing Commission* (1987) 192

16    Cal.App.3d 1306, 1318-1319.  In order for an employer's action to constitute an "adverse employment

17    action," it must "materially affect the terms and conditions of employment."  *Yanowitz v. L'Oreal USA,*

18    *Inc.* (2005) 36 Cal.4th 1028, 1054-1055 ("Minor or relatively trivial adverse actions or conduct by

19    employers or fellow employees that, from an objective perspective, are reasonably likely to do no more

20    than anger or upset an employee cannot properly be viewed as materially affecting the terms,

21    conditions, or privileges of employment and are not actionable, but adverse treatment that is reasonably

22    likely to impair an employee's job performance or prospects for advancement or promotion falls within

23    the reach of the antidiscrimination provisions of [Government Code] sections 12940(a) and

24    12940(h)."); *Pinero v. Specialty Restaurants Corporation* (2005) 130 Cal.App.4th 635, 646 (no

25    discrimination where no change in job responsibilities or title, no demotion, no change in salary, bonus

26    structure, benefits or any other form of compensation); *Akers v. County of San Diego* (2002) 95

27    Cal.App.4th 1441,1456-1457 (job change that is merely contrary to employee's interests or not to

28    employee's satisfaction fails to establish an "adverse employment action.").  Being asked to take a

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

breathalyzer test does not change any substantive aspect of his employment with ABHOW. Plaintiff does not allege that his compensation, benefits, bonus structure, job duties, *etc.* changed in any way because he was asked to take a breathalyzer test. Instead, plaintiff seems to confuse treatment he does not like (being asked to take an alcohol breathalyzer test and having his work monitored by his supervisor, FAC, ¶12) with a legally cognizable claim of racial discrimination.

Nor does plaintiff even allege a causal connection between his race and any "adverse employment action" (as discussed immediately above, there is no legally cognizable "adverse employment action"). Plaintiff's first amended complaint - apart from mentioning that he is African-American (FAC, ¶1) - does not mention race again, much less a as a motivating factor in employment decisions. The law, however, requires that the disliked treatment must constitute an "adverse employment action" and plaintiff must, at least, allege some causation between his protected characteristic (race[19]) and the "adverse employment action" alleged in order to maintain a discrimination claim. *Gonzales v. Metpath, Inc.* (1989) 214 Cal.App.3d 422, 427.

3.    **Plaintiff Fails To Allege The Requisite Elements For Racial Harassment.**

In order to maintain a *prima facie* claim for racial harassment, plaintiff must establish that:

(1)    he is a member of a protected group (*i.e.*, African-American; FAC, ¶1);

(2)    plaintiff was subject to unwelcome racial harassment (plaintiff fails to allege any legally cognizable harassment);

(3)    the harassment complained of was based on race (plaintiff fails to allege that any of the conduct he dislikes was based on race);

(4)    the alleged harassment was "sufficiently pervasive so as to alter the conditions of employment and create an abusive working environment" (plaintiff does not allege an abusive working environment, only his indignation at being asked to take a breathalyzer test based on "reasonable suspicion" that he had been drinking).;

---

[19]    Although the race of any of the parties other than plaintiff is not before this court for purposes of demurrer, plaintiff implausibly accuses co-worker Calvin May (who is also African-American) of racial harassment. Plaintiff ostensibly has dropped his claims against Executive Director Reginald Lyles (who is also African-American).

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

4839-3378-7393.1

16

(5)    *respondeat superior* that the alleged harasser is a manager or , alternatively, in the case of a non-manager, that the employer knew or reasonably should have known of the alleged misconduct. *Sheffield v. Department of Social Services* (2003) 109 Cal.App.4th 153, 162; *Fisher v. San Pedro Peninsula Hospital* (1989) 214 Cal.App.3d 590, 609-610.

Alleged abusive treatment must be *clearly* based on plaintiff's race and sufficiently "severe" or "pervasive" to alter the terms of employment. *Aguilar v. Avis Rent A Car Systems, Inc.* (1999) 21 Cal.4th 121, 130. In order to state a claim for a hostile working environment, the "acts of harassment cannot be occasional, isolated, sporadic, or trivial, rather than plaintiff must show a concerted pattern of harassment of a repeated, routine or a generalized nature." *Fisher v. San Pedro Peninsula Hospital* (1989) 214 Cal.App.3d 590, 609-610. Factors for consideration whether alleged harassment might be "severe and pervasive" are:

(1)    the nature of the alleged harassment (with "physical touching considered more offensive than words");

(2)    frequency of offensive encounters;

(3)    number of days for which plaintiff alleges harassment; and

(4)    context of the alleged harassment. *Herberg v. California Institute of the Arts* (2002) 101 Cal.App.4th 142, 150 (student art exhibit, lasting for 24 hours, depicting plaintiff engaged in a group sex act viewed by plaintiff and her family does not constitute severe or pervasive harassment). "[S]imple teasing . . . offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment." *Etter v. Veriflo Corporation* (1999) 67 Cal.App.4th 457, 463. "That is, when harassment is not severe in the extreme, *more than a few isolated incidents must have occurred to prove a claim based on working conditions.*" *Lyle v. Warner Brothers Television Productions* (2006) 38 Cal.4th 264, 283. Mr. Chapple remains indignant about having been asked to take a breathalyzer test, but the one day's request fails to meet the standard for racial harassment because the alleged misconduct is not "severe or pervasive," nor is there even a purported connection to plaintiff's race.

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

4839-3378-7393.1

17

DEFS' MPA ISO DEMURRER TO 1ST AMENDED COMPLAINT

**IV.**

**CONCLUSION: THIS COURT CANNOT ACT AS THE OMBUDSMAN FOR PLAINTIFF'S INDIGNATION.**

Plaintiff's sense of having been wronged permeates his pleading. His sense of indignation, however, does not take on the form of legally cognizable claims. To the extent plaintiff may obtain a hearing for his grievances, jurisdiction belongs to the Workers' Compensation Appeals Board (or a union grievance). Plaintiff's racial discrimination/harassment claims are similarly not legally cognizable because the alleged wrongdoing does not constitute a requisite "adverse employment action," nor is the alleged harassment "severe and pervasive." In addition, plaintiff fails to establish any right to sue ABHOW for race discrimination or harassment. For these reasons, defendants request the court to sustain their demurrer without leave to amend so the aggrieved employee might seek some resolution in the appropriate forum - the Workers Compensation Appeals Board, a union grievance or the Department of Fair Employment and Housing.

LEWIS BRISBOIS BISGAARD & SMITH LLP

Dated: May 16 2007

By _____
Gordon J. Fine
Tami F. Essis
Attorneys for Defendants
AMERICAN BAPTIST HOMES OF THE
WEST, GRAND LAKE GARDENS,
REGINALD LYLES, CALVIN MAY and
SCOTT SEBASTIAN

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

4839-3378-7393.1

18

DEFS' MPAS ISO DEMURRER TO 1ST AMENDED COMPLAINT BY DEFS AMERICAN BAPTIST . . . .

**PROOF OF SERVICE**
*Chapple v. ABHOW* Case No.: RG 06297059

STATE OF CALIFORNIA, COUNTY OF ALAMEDA

    I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action. My business address is One Sansome Street, 14th Floor.

    On May 16, 2007, I served the following document described as notice of **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEMURRER TO FIRST AMENDED COMPLAINT BY DEFENDANTS AMERICAN BAPTIST HOMES OF THE WEST, GRAND LAKE GARDENS, REGINALD LYLES, CALVIN MAY, AND SCOTT SEBASTIAN** on all interested parties in this action by placing [X] a true copy [ ] the original thereof enclosed in sealed envelopes addressed as follows:

| | |
|---|---|
| Michael C. Cohen, Esq.<br>**LAW OFFICE OF MICHAEL C. COHEN**<br>1814 Franklin Street, Suite 900<br>Oakland, CA  94612 | Tele: 510.832.6436 |

[ ]    (BY FACSIMILE) The facsimile machine I used complied with Rule 2003(3) and no error was reported by the machine. Pursuant to Rule 2008(e)(4), I caused the machine to print a record of the transmission.

[X]    (BY MAIL, 1013a, 2015.5 C.C.P.)

    [ ]    I deposited such envelope in the mail at San Francisco, California. The envelope was mailed with postage thereon fully prepaid.

    [X]    I am readily familiar with the firm's practice for collection and processing correspondence for mailing. Under that practice, this document will be deposited with the U.S. Postal Service on this date with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]    (BY MESSENGER) I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed above and providing them to a messenger for personal service. (A proof of service executed by the messenger will be filed in compliance with the *Code of Civil Procedure*.)

[ ]    (BY PERSONAL SERVICE) I delivered the foregoing envelope by hand to the offices of the addressee.

[X]    (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[ ]    (FEDERAL) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on May 16, 2007 at San Francisco, California.

                                      *Shawn Adams*
                                      Shawn Adams

LEWIS BRISBOIS BISGAARD & SMITH LLP<br>ONE SANSOME STREET, SUITE 1400<br>SAN FRANCISCO, CALIFORNIA 94104<br>TELEPHONE (415) 362-2580

4839-3378-7393.1

DEFS' MPA ISO DEMURRER TO 1ST AMENDED COMPLAINT

1  Gordon J. Fine, SBN 135979
   Tami F. Essis, SBN 245006
2  LEWIS BRISBOIS BISGAARD & SMITH LLP
   One Sansome Street, Suite 1400
3  San Francisco, California 94104
   Telephone: 415.362.2580
4  Facsimile: 415.434.0882

5  Attorneys for AMERICAN BAPTIST HOMES OF THE WEST, GRAND LAKE GARDENS,
   REGINALD LYLES, CALVIN MAY and SCOTT SEBASTIAN

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                       COUNTY OF ALAMEDA

10

11 WILLIAM J. CHAPPLE,                    ) Case No. RG 06297059
                                          )
12         Plaintiff,                      ) [PROPOSED] ORDER SUSTAINING
                                          ) DEMURRER OF DEFENDANTS
13    v.                                   ) AMERICAN BAPTIST HOMES OF THE
                                          ) WEST, GRAND LAKE GARDENS,
14 AMERICAN BAPTIST HOMES OF THE          ) REGINALD LYLES, CALVIN MAY AND
   WEST CORPORATION, aka, AMERICAN        ) SCOTT SEBASTIAN TO PLAINTIFF'S
15 BAPTIST HOMES OF THE WEST, aka,        ) FIRST AMENDED COMPLAINT FOR
   GRAND LAKE GARDENS, CALVIN MAYS,       ) DAMAGES
16 SCOTT SEBASTIAN, REGINALD LYLES,       )
   DOES THROUGH 10,                       ) Action filed:          November 7, 2006
17                                         ) Complaint first served: February 13, 2007
           Defendant.                      ) Trial date:            not set
18 _____       )

19                                          Date of hearing:        June 14, 2007
                                            Time of hearing:        9:00 a.m.
20                                          Department:             31
                                            Reservation number:     712758
21
                                            Before the Honorable Winifred Smith
22

23         On June 14, 2007, the demurrer of Defendants American Baptist Homes of the West,

24 Grand Lake Gardens, Reginald Lyles, Calvin May and Scott Sebastian to plaintiff's first amended

25 complaint was heard in Department 31 of the above-entitled court, the Honorable Winifred Smith

26 presiding.  Gordon Fine of Lewis Brisbois Bisgaard & Smith, appeared on behalf of the demurring

27 defendants, American Baptist Homes of the West, Grand Lake Gardens, Reginald Lyles, Calvin

28 May and Scott Sebastian.  Michael C. Cohen appeared on behalf of Plaintiff William Chapple.

4842-3597-3889.1                    -1-
                           [PROPOSED] ORDER

1  Gordon J. Fine, SBN 135979
   Tami F. Essis, SBN 245006
2  LEWIS BRISBOIS BISGAARD & SMITH LLP
   One Sansome Street, Suite 1400
3  San Francisco, California 94104
   Telephone: 415.362.2580
4  Facsimile: 415.434.0882

5  Attorneys for AMERICAN BAPTIST HOMES OF THE WEST, GRAND LAKE GARDENS,
   REGINALD LYLES, CALVIN MAY and SCOTT SEBASTIAN

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        COUNTY OF ALAMEDA

10

11 WILLIAM J. CHAPPLE,                    ) Case No.  RG 06297059
                                          )
12              Plaintiff,                ) [PROPOSED] ORDER SUSTAINING
                                          ) DEMURRER OF DEFENDANTS
13       v.                               ) AMERICAN BAPTIST HOMES OF THE
                                          ) WEST, GRAND LAKE GARDENS,
14 AMERICAN BAPTIST HOMES OF THE          ) REGINALD LYLES, CALVIN MAY AND
   WEST CORPORATION, aka, AMERICAN        ) SCOTT SEBASTIAN TO PLAINTIFF'S
15 BAPTIST HOMES OF THE WEST, aka,        ) FIRST AMENDED COMPLAINT FOR
   GRAND LAKE GARDENS, CALVIN MAYS,       ) DAMAGES
16 SCOTT SEBASTIAN, REGINALD LYLES,       )
   DOES THROUGH 10,                       ) Action filed:          November 7, 2006
17                                        ) Complaint first served: February 13, 2007
                Defendant.                ) Trial date:            not set
18 _____       )
                                            Date of hearing:       June 14, 2007
19                                          Time of hearing:       9:00 a.m.
                                            Department:            31
20                                          Reservation number:    712758

21                                          Before the Honorable Winifred Smith

22

23       On June 14, 2007, the demurrer of Defendants American Baptist Homes of the West,

24 Grand Lake Gardens, Reginald Lyles, Calvin May and Scott Sebastian to plaintiff's first amended

25 complaint was heard in Department 31 of the above-entitled court, the Honorable Winifred Smith

26 presiding.  Gordon Fine of Lewis Brisbois Bisgaard & Smith, appeared on behalf of the demurring

27 defendants, American Baptist Homes of the West, Grand Lake Gardens, Reginald Lyles, Calvin

28 May and Scott Sebastian.  Michael C. Cohen appeared on behalf of Plaintiff William Chapple.

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362.2580

1    The court considered all papers filed in support of, and in opposition to, the demurrer, as

2  well as all statements made at the hearing. The court sustained the demurrer without leave to

3  amend.

4    IT IS SO ORDERED that the demurrer of Defendants American Baptist Homes of the

5  West, Grand Lake Gardens, Reginald Lyles, Calvin May and Scott Sebastian as to Plaintiff

6  William Chapple's first through tenth causes of action is sustained without leave to amend.

7

8  Dated: _____    _____

                                              Judge of the Superior Court

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

4842-3597-3889.1                    -2-
                        [PROPOSED] ORDER

**PROOF OF SERVICE**
Chapple v. ABHOW  Case No.: RG 06297059

STATE OF CALIFORNIA, COUNTY OF ALAMEDA

    I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action. My business address is One Sansome Street, 14th Floor.

    On May 16, 2007, I served the following document described as *[PROPOSED]* **ORDER SUSTAINING DEMURRER OF DEFENDANTS TO PLAINTIFF'S FIRST AMENDED COMPLAINT** on all interested parties in this action by placing [X] a true copy  [ ] the original thereof enclosed in sealed envelopes addressed as follows:

| Michael C. Cohen, Esq. | Tele: 510.832-6436 |
|---|---|
| Law Office of Michael C. Cohen | |
| 1814 Franklin Street, Suite 900 | |
| Oakland, CA 94612 | |

[ ]    (BY FACSIMILE) The facsimile machine I used complied with Rule 2003(3) and no error was reported by the machine. Pursuant to Rule 2008(e)(4), I caused the machine to print a record of the transmission.

[X]    (BY MAIL, 1013a, 2015.5 C.C.P.)

    [ ]    I deposited such envelope in the mail at San Francisco, California. The envelope was mailed with postage thereon fully prepaid.

    [X]    I am readily familiar with the firm's practice for collection and processing correspondence for mailing. Under that practice, this document will be deposited with the U.S. Postal Service on this date with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]    (BY MESSENGER) I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed above and providing them to a messenger for personal service. (A proof of service executed by the messenger will be filed in compliance with the *Code of Civil Procedure*.)

[ ]    (BY PERSONAL SERVICE) I delivered the foregoing envelope by hand to the offices of the addressee.

[X]    (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[ ]    (FEDERAL) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on May 16, 2007, at San Francisco, California.

*Shawn Adams*
Shawn Adams

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

4842-3597-3889.1

[PROPOSED] ORDER

# EXHIBIT V

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Michael C. Cohen, Esq.                    65487
LAW OFFICES OF MICHAEL C. COHEN
1814 Franklin Street, Suite 900
Oakland, CA 94612
TELEPHONE NO.: 510-832-6436      FAX NO. *(Optional):* 510-832-6439
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):* William Chapple

FOR COURT USE ONLY

FILED ALAMEDA COUNTY

MAY 18 2007

CLERK OF SUPERIOR COURT
BY *[signature]*
                    DEPUTY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  ALAMEDA
STREET ADDRESS:  1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE:  Oakland, CA 94612
BRANCH NAME:  Northern

PLAINTIFF/PETITIONER:  William Chapple

DEFENDANT/RESPONDENT:  American Baptist Homes of the West Corporation
          aka, American Baptist Homes of the West

| CASE MANAGEMENT STATEMENT | | CASE NUMBER: |
|---|---|---|
| **(Check one):**  [X] **UNLIMITED CASE** (Amount demanded exceeds $25,000) | [ ] **LIMITED CASE** (Amount demanded is $25,000 or less) | RG06297059 |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:
Date: May 23, 2007    Time: 9:00 a.m.    Dept: 109    Div.: Civil    Room:
Address of court *(if different from the address above):*
661 Washington Street
Oakland, CA 94607

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. . **Party or parties** *(answer one):*
   a. [X] This statement is submitted by party *(name):*  William Chapple
   b. [ ] This statement is submitted jointly by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):*  November 7, 2006
   b. [ ] The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. [X] All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. [ ] The following parties named in the complaint or cross-complaint
      (1) [ ] have not been served *(specify names and explain why not):*

      (2) [ ] have been served but have not appeared and have not been dismissed *(specify names):*

      (3) [ ] have had a default entered against them *(specify names):*

   c. [ ] The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served):*

4. **Description of case**
   a. Type of case in [X] complaint [ ] cross-complaint    *(describe, including causes of action):*
      Defamation of Character, Intentional Infliction of Emotional
      Distress, Invasion of Privacy, Employment Discrimination/Harassment
      on the job.

---

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. January 1, 2007]



**CASE MANAGEMENT STATEMENT**

Page 1 of 4

Cal. Rules of Court,
rule 3.720-3.730
www.courtinfo.ca.gov

Cohen v. American Baptist Homes

CN

| PLAINTIFF/PETITIONER: Michae_ . Cohen | UMBER |
|---|---|
| DEFENDANT/RESPONDENT: American Baptist Homes of the West | Rc06297059 |

4.  b.  Provide a brief statement of the case, including any damages. (if personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)

Plaintiff's employer discriminated against him and or harassed him by arbitrarily requiring him to submit to a breathalyzer examination. Plaintiff's co-worker and also a management employer of his employer arbitrarily, falsely accused plaintiff of being under the influence of alcohol on the job.  Scott Sebastian arbitrarily falsely accused plaintiff of being sick, (being an alcoholic). The actions of the defendants were carried out maliciously to cause plaintiff to suffer emotional distress.

☐ (if more space is needed, check this box and attach a page designated as Attachment 4b.)

5.  **Jury or nonjury trial**
The party or parties request  ☒ a jury trial    ☐ a nonjury trial (if more than one party, provide the name of each party requesting a jury trial) :

6.  **Trial date**
   a.  ☐ The trial has been set for (date) :
   b.  ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint (if not, explain) :

   c.  Dates on which parties or attorneys will not be available for trial (specify dates and explain reasons for unavailability):

7.  **Estimated length of trial**
The party or parties estimate that the trial will take (check one) :
   a.  ☒ days (specify number):  8 days
   b.  ☐ hours (short causes) (specify) :

8.  **Trial representation (to be answered for each party)**
The party or parties will be represented at trial    ☐ by the attorney or party listed in the caption    ☐ by the following:
   a.  Attorney:
   b.  Firm:
   c.  Address: _
   d.  Telephone number:
   e.  Fax number:
   f.  E-mail address:
   g.  Party represented:
   ☐ Additional representation is described in Attachment 8.

9.  **Preference**
   ☐ This case is entitled to preference (specify code section) :

10. **Alternative Dispute Resolution (ADR)**
   a.  Counsel ☐ has ☐ has not    provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.
   b.  ☐ All parties have agreed to a form of ADR. ADR will be completed by (date) ;
   c.  ☐ The case has gone to an ADR process (indicate status) :

Chapple v. American Baptist Home

| PLAINTIFF/PETITIONER: | NUMBER: | CA |
|---|---|---|
| DEFENDANT/RESPONDENT: | | |

10.  d.   The party or parties are willing to participate in *(check all that apply)* :

    (1) ☐  Mediation

    (2) ☐  Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)

    (3) ☐  Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 before trial; order required under Cal. Rules of Court, rule 3.822)

    (4) ☐  Binding judicial arbitration

    (5) ☐  Binding private arbitration

    (6) ☐  Neutral case evaluation

    (7) ☐  Other *(specify)* :

    e. ☐  This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutor

    f. ☐  Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Ci Procedure section 1141.11.

    g. ☐  This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court    *(specify exemption)* :

**11.  Settlement conference**

    ☐  The party or parties are willing to participate in an early settlement conference *(specify when)* :

**12.  Insurance**

    a. ☐  Insurance carrier, if any, for party filing this statement *(name)* :

    b.  Reservation of rights:   ☐ Yes   ☐ No

    c. ☐  Coverage issues will significantly affect resolution of this case *(explain)* :

**13.  Jurisdiction**

    Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.

    ☐ Bankruptcy   ☐ Other *(specify)* :

    Status:

**14.  Related cases, consolidation, and coordination**

    a. ☐  There are companion, underlying, or related cases.

        (1)  Name of case:

        (2)  Name of court:

        (3)  Case number:

        (4)  Status:

        ☐ Additional cases are described in Attachment 14a:

    b. ☐ A motion to   ☐ consolidate   ☐ coordinate   will be filed by *(name party)* :

**15.  Bifurcation**

    ☐  The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes o action *(specify moving party, type of motion, and reasons)* :

**16.  Other motions**

    ☐  The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues)* :

PLAINTIFF/PETITIONER: William Chapple

DEFENDANT/RESPONDENT: American Baptist Homes of the West

NUMBER: RG06297059

**17. Discovery**
a. [X] The party or parties have completed all discovery.
b. [ ] The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

| Party | Description | Date |
|-------|-------------|------|
| Plaintiff | Interrogatories | August 31, 2007 |
| Plaintiff | Depositions | August 31, 2007 |
| Plaintiff | Document requests | August 31, 2007 |

c. [ ] The following discovery issues are anticipated *(specify)*:

**18. Economic Litigation**
a. [ ] This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.
b. [ ] This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case)*:

**19. Other Issues**
[ ] The party or parties request that the following additional matters be considered or determined at the case management conference *(specify)*:

**20. Meet and confer**
a. [ ] The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain)*:

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify)*:

**21. Case management orders**
Previous case management orders in this case are *(check one)*: [ ] none     [ ] attached as Attachment 21.

**22. Total number of pages attached *(if any)*:** _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: May 17, 2007

Michael C. Cohen
_____
(TYPE OR PRINT NAME)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)
[ ] Additional signatures are attached

CM-110 [Rev. January 1, 2007]

**CASE MANAGEMENT STATEMENT**

Page

Chapple v. American Baptis

**PROOF OF SERVICE**

I, Michael C. Cohen, declare that:

I am employed in the County of Alameda, City of Oakland, California. I am over the age of 18 years and not a party to the within cause; my business address is 1814 Franklin Street, Suite 900, Oakland, California 94612.

On May 17, 2007 I served the attached:

**Case Management Conference Statement; re: William J. Chapple v. American Baptist Homes of the West Corporation, aka American Baptist Homes of the West, et al., Alameda County Superior Court No. RG06297059**

on the interested parties in said action, by placing true copy thereof as indicated below as follows:

**Gordon J. Pine,**
**Tami F. Essis**
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
**One Sansome Street, Suite 1400**
**San Francisco, CA 94104**

**Fax. No. 415-434-0882**

[xx] **BY MAIL:** I caused such envelope with postage thereon fully prepaid to be placed in the United States mail, in the City of Oakland, California.

[ ] **BY PERSONAL SERVICE:** I caused such envelope to be delivered by hand on the office(s) of the address(es).

[ ] **BY FEDERAL EXPRESS:** I caused such envelope to be delivered to Federal Express for overnight courier service to the office(s) of the addressee(s).

[xx] **BY FACSIMILE:** I caused a copy of such document to be sent via facsimile transmission to the office(s) of the addressee(s).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this Proof of Service was executed in Oakland, California, on May 17, 2007.

Michael C. Cohen