# EXHIBIT Y

## Superior Court of California, County of Alameda



## Notice of Judicial Assignment for All Purposes

Case Number: RG07326753
Case Title:    Chapple VS American Baptist Homes of the West
Date of Filing: 05/18/2007

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

This case is hereby assigned for all purposes to:

| | |
|---|---|
| **Judge:** | **Barbara J. Miller** |
| **Department:** | **512** |
| **Address:** | **Hayward Hall of Justice** |
| | **24405 Amador Street** |
| | **Hayward CA 94544** |
| **Phone Number:** | **(510) 690-2721** |
| **Fax Number:** | **(510) 267-1529** |
| **Email Address:** | **Dept.512@alameda.courts.ca.gov** |

Under direct calendaring, this case is assigned to a single judge for all purposes including trial.

**Please note: In this case, any challenge pursuant to Code of Civil Procedure §170.6 must be exercised within the time period provided by law. (See Govt. Code 68616(i); Motion Picture and Television Fund Hosp. v. Superior Court (2001) 88 Cal.App.4th 488, 494; and Code Civ. Proc. §1013.)**

IT IS THE DUTY OF EACH PLAINTIFF AND CROSS COMPLAINANT TO SERVE A COPY OF THIS NOTICE IN ACCORDANCE WITH LOCAL RULES.

<u>General Procedures</u>

All pleadings and other documents must be filed in the clerk's office at any court location except when the Court permits the lodging of material directly in the assigned department. All documents, with the exception of the original summons and the original civil complaint, shall have clearly typed on the face page of each document, under the case number, the following:

ASSIGNED FOR ALL PURPOSES TO
JUDGE Barbara J. Miller
DEPARTMENT 512

Page 1 of 3



Counsel are expected to know and comply with the Local Rules of this Court, which are available on the Court's website at:
http://www.alameda.courts.ca.gov/courts/rules/index.shtml and with the California Rules of Court, which are available at www.courtinfo.ca.gov.

The parties are always encouraged to consider using various alternatives to litigation, including mediation and arbitration, prior to the Initial Case Management Conference. The Court may refer parties to alternative dispute resolution resources.

## Schedule for Department 512

The following scheduling information is subject to change at any time, without notice. Please contact the department at the phone number or email address noted above if you have questions.

- Trials generally are held: Mondays through Thursdays. The time will be determined by the Court in coordination with the parties.

- Case Management Conferences are held: Mondays through Thursdays at 8:30 a.m.

- Law and Motion matters are heard: Tuesdays, Wednesdays and Thursdays at 8:30 a.m.

- Settlement Conferences are heard: Friday mornings. The time will be determined by the Court in coordination with the parties.

- Ex Parte matters are heard: Tuesdays, Wednesdays and Thursdays at 8:30 a.m., as space is available.

## Law and Motion Procedures

To obtain a hearing date for a Law and Motion or ex parte matter, parties must contact the department as follows:

- Motion Reservations
  Email:    Dept.512@alameda.courts.ca.gov  or
  Phone:    (510) 690-2721


- Ex Parte Matters
  Email:    Dept.512@alameda.courts.ca.gov  or
  Phone:    (510) 690-2721


## Tentative Rulings

The court will issue tentative rulings in accordance with the Local Rules. Tentative rulings will become the Court's order unless contested in accordance with the Local Rules. Tentative rulings will be available at:





- Website: http://www.alameda.courts.ca.gov/courts/DomainWeb, Calendar Information for Dept. 512
- Cases Assigned to Judge Burr, Tentative Ruling Line before July 1, 2007: (510) 208-4931
- Cases Assigned to Judge Miller, Tentative Ruling Line before July 1, 2007: (510) 690-2709
- All cases, Tentative Ruling Line after July 1, 2007: 1-866-223-2244

Dated: 05/22/2007                    Executive Officer / Clerk of the Superior Court

                              By _____
                                        Deputy Clerk

---

### CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice by placing copies in envelopes addressed as shown on the attached Notice of Initial Case Management Conference and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 05/23/2007

                              By _____
                                        Deputy Clerk

# EXHIBIT Z

Law Office of Michael C. Cohen
Attn: Cohen, Michael C.
1814 Franklin St., Ste. 900
Oakland, CA   94612-0000

---

## Superior Court of California, County of Alameda

| | |
|---|---|
| Chapple | No. RG07326753 |
| **Plaintiff/Petitioner(s)** | |
| vs. | **NOTICE OF CASE MANAGEMENT CONFERENCE AND ORDER** |
| American Baptist Homes of the West | Unlimited Jurisdiction |
| **Defendant/Respondent(s)** | |
| (Abbreviated Title) | |

### TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD.

Notice is given that a Case Management Conference has been scheduled as follows:

| Date: 10/02/2007 | Department: 512 | Judge: **Barbara J. Miller** |
|---|---|---|
| Time: 09:00 AM | Location: **Hayward Hall of Justice**<br>**2nd Floor**<br>**24405 Amador Street, Hayward  CA  94544** | Clerk: **Jean Linzmeier**<br>Clerk telephone: **(510) 690-2721**<br>E-mail:<br>**Dept.512@alameda.courts.ca.gov**<br>Fax: **(510) 267-1529** |
| | Internet: **http://www.alameda.courts.ca.gov** | |

### ORDERS

1. You must:
   a. Serve all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (CRC 3.110(b));
   b. Give notice of this conference to any party not included in this notice and file proof of service;
   c. Meet and confer, in person or by telephone, to consider each of the issues identified in CRC 3.724 no later than 30 calendar days before the date set for the Case Management Conference;
   d. File and serve a completed Case Management Conference Statement (use of Judicial Council Form CM 110 is mandatory) at least 15 days before the Case Management Conference (CRC 3.725)

2. If you do not follow the orders above, you are hereby ordered to show cause why you should not be sanctioned under CRC 2.30. The hearing on the Order to Show Cause re: Sanctions will be at the same time as the Case Management Conference. Sanctions may include monetary sanctions and any other sanction permitted by law, including striking pleadings or dismissing the action.

3. You are further ordered to appear in person* (or through your attorney of record) at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed.

4. The Direct Calendar Judge will issue orders at the conclusion of the conference that should include:
   a. Referring to ADR and setting an ADR completion date
   b. Dismissing or severing claims or parties
   c. Setting a trial date.

*Telephonic appearances at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties may make arrangements by calling 1-888-882-6878, or faxing a service request to 1-888-882-2946. This service is subject to charges by the vendor.

---

### CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice of Hearing by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 05/23/2007.

By _____

Deputy Clerk

.

**EXHIBIT AA**

Superior Court of California, County of Alameda
Wiley W. Manuel Courthouse

| Chapple | | No. RG06297059 |
| --- | --- | --- |
| | Plaintiff/Petitioner(s) | |
| vs. | | **Minutes** |
| American Baptist Homes Of The West Corporation | | |
| | Defendant/Respondent(s) | |
| (Abbreviated Title) | | |

Department   109                          Honorable   Sandra Bean_____ , Judge

Cause called for Case Management Conference on May 23, 2007.

Plaintiff William J. Chapple not appearing.
Defendant American Baptist Homes Of The West Corporation not appearing.
Defendant Calvin Mays not appearing.
Defendant Reginald Lyles not appearing.
Defendant Scott Sebastian not appearing.

A Demurrer to the First Amended Complaint will be heard in D-31 on June 14, 2007. This matter is
dropped from the Case Management Calendar.

Minutes of    05/23/2007
Entered on    05/25/2007

Executive Officer / Clerk of the Superior Court

By _____
                                    Deputy Clerk

**Minutes**

M3719009

**EXHIBIT BB**


*5696204*

1 | Michael C. Cohen, Esq., Bar No. 65487
**LAW OFFICES OF MICHAEL C. COHEN**
2 | 1814 Franklin Street, Suite 900
Oakland, CA 94612
3 | (510) 832-6436
Attorney for Plaintiff,
4 | William J. Chapple

# FILED
### ALAMEDA COUNTY

MAY 2 9 2007

CLERK OF THE SUPERIOR COURT
By _Deborah Cope_
Deputy

7 | IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

8 | IN AND FOR THE COUNTY OF ALAMEDA

11 |

12 | WILLIAM J. CHAPPLE                No. RG 06297059

13 |          Plaintiff,             Action filed    : 11/7/2006
                                      Complaint served: 2/13/2007
   | vs.                             Trial date: None set
14 | AMERICAN BAPTIST HOMES OF THE
   | WEST CORPORATION, aka,         MEMORANDUM OF POINTS &
15 | AMERICAN BAPTIST HOMES OF THE   AUTHORITIES IN OPPOSITION TO
   | WEST, aka GRAND LAKE GARDENS,   DEMURRER TO PLAINTIFF'S
16 | CALVIN MAYS, SCOTT SEBASTIAN,   AMENDED COMPLAINT
   | REGINALD LYLES, DOES 1
17 | THROUGH 10,
                                      Date of hearing: June 14, 2007
18 |          Defendants.            Time of hearing: 9:00 a.m.
                                      Dept.     : 31
   | _____/       Reservation No.: 712758
19 |
                                      Before the Honorable
20 |                                  Winifred Smith

28 | Memo. of pts. & Auth.                    -1-

1  plaintiff's exclusive remedy is to bring a workers' compensation

2  claim.   Defendants also contend that the allegations of

3  plaintiff's complaint are insufficient to state a cause of action

4  against any of them for Defamation, Intentional Infliction of

5  Emotional Distress and Invasion of Privacy.

6      Prior to Plaintiff filing his complaint herein, he filed a

7  complaint with the Equal Employment Opportunity Commission,

8  (hereinafter referred to as EEOC) and a complaint with the

9  Department of Fair Employment & Housing, (hereinafter referred to

10  as DFEH)against defendants alleging discrimination and or

11  harassment based on race for the actions complained about in

12  plaintiff's complaint before the court.   Plaintiff received a

13  Right To Sue Letter for his discrimination/harassment charges

14  after his complaint herein was filed with the court.

15      Plaintiff requests leave of court to supplement his

16  complaint with allegations that the defendants were motivated by

17  race in doing the acts complained about, and to allege a cause of

18  action for violation of Government Code Section 12940, et seq.

19  and violation of Title VII of the Civil Rights Act of 1964, as

20  amended.

21      Plaintiff dismissed defendant, Reginald Lyles from the

22  lawsuit herein, prior to the date defendants filed their demurrer

23  to plaintiff's complaint.

24  **PLAINTIFF'S FIRST CAUSE OF ACTION STATES A CAUSE OF ACTION
    FOR DEFAMATION AGAINST CALVIN MAYS.**

25

26  Plaintiff's first cause of action states a cause of action

    for defamation against Calvin May. (defendant, Calvin May is

27

28  Memo. of pts. & Auth.          -2-

1  incorrectly referred to as Calvin Mays in plaintiff's complaint.)

2       Civil Code §46 provides that Slander is a false and

3  unprivileged publication, orally uttered, and also communications

4  by radio or any mechanical or other means which:

5       1.   Charges any person with crime, or with having been

6  indicted, convicted or punished for crime;

7       2.   Imputes in him the present existence of an infectious,

8  contagious, or loathsome disease;

9       3.   Tends directly to injure him in respect to his office,

10  profession, trade or business, either by imputing to him general

11  disqualification in those respects which the office or other

12  occupation peculiarly requires, or by imputing something with

13  reference to his office, profession, trade, or business that has

14  a natural tendency to lessen its profits;

15       4.   Imputes to him impotence or a want of chastity; or

16       5.   Which, by natural consequence, causes actual damage.

17       Plaintiff's allegations in his complaint state a cause of

18  action against defendant May for Defamation of Character.

19  Plaintiff is employed as a janitor by American Baptist Homes of

20  the West, aka Grand Lake Gardens to do perform janitorial work.

21  He must come to work sober in order to do his job.   Falsely

22  accusing him of coming to work drunk violates CC §46(3)(5). It

23  "imputes something with reference to his trade that has a natural

24  tendency to lessen its profits".   Also, "by natural consequence,

25  causes actual damage.   Plaintiff was forced by his employer to

26  undergo a breathalyser test, he sustained mental and emotional

27

28  Memo. of pts. & Auth.            -3-

1   distress and incurred medical expenses for treatment of his

2   condition caused by defendant, May's defamatory statements.

3       Plaintiff, to prevail on his cause of action for defamation

4   against defendant, May needs to prove:

5       1.    That defendant, May stated that plaintiff was drunk at

6   work to a person other than plaintiff;

7       2.    That the person reasonably understood that the

8   statement was about plaintiff;

9       3.    That the person reasonably understood the statement to

10  mean that plaintiff was drunk on the job;

11      4.    That the statement was false;

12      5.    That defendant, May failed to use reasonable care to

13  determine the truth or falsity of the statements.

14      See CACI 1702; Smith v. Maldonado (1999) 72 Cal. App. 4th

15  637, 645 [85 Cal Rptr. 2d 397]

16      Plaintiff's complaint already includes the following

17  allegations at paragraph 6: "Calvin May was an employee of

18  American Baptist Homes of the West Corporation, aka American

19  Baptist Homes, working at Grand Lake Gardens 'but not acting in

20  the course and scope of such employment when doing the acts

21  complained about herein.'"

22      At paragraph 16 plaintiff alleges:  "Calvin Mays published

23  the false statement about plaintiff maliciously.  Mr. Mays knew

24  or should have known the statement was false when he published

25  the statement about plaintiff.  He knew or should have known that

26  he did not have sufficient information to know if the statement

27

28  Memo. of pts. & Auth.          -4-

1  was true or false when published the statement about plaintiff.

2  He published the statement about plaintiff with a reckless

3  disregard to whether the statement was true or false.

4      Defendant, May did not have a qualified privilege to falsely

5  state that plaintiff was drunk on the job to Scott Sebastian,

6  pursuant to Civil Code §47c.  Defendant has the burden of proving

7  that an allegedly defamatory statement falls within the scope of

8  common-interest privilege. <u>Lundquist v. Reusser</u>, (1994) 7 Cal.

9  4th 1193, 1203.  Defendant, May was not acting in the course and

10  scope of his job, nor was his job position with defendant

11  American Baptist Homes of the West such that his false statement

12  to defendant, Sebastian that plaintiff was "drunk" on the job was

13  of common concern to defendant May.  Neither defendant, May nor

14  defendant, Sebastian were plaintiff's immediate supervisor.

15      Assuming defendant, May had a "qualified privilege" to make

16  the false statement about plaintiff, pursuant to Civil Code §47c.

17  Civil Code §47c creates a conditional privilege.  The privilege

18  does not authorize defendant, May to publish a false statement

19  about plaintiff, with malice.  Plaintiff's complaint alleges that

20  defendant, May published the false statement about plaintiff,

21  "with malice".  If malice is shown, the privilege is not merely

22  overcome it never arises in the first instance.  <u>Brown v. Kelly</u>

23  <u>Broadcasting, Co.</u>, (1989) 49 Cal. 3d 711, 723.

24      Plaintiff hereby requests leave of court to add the

25  following allegations to his complaint, if the court deems it

26  necessary: "Plaintiff published the false "unprivileged"

27

28  Memo. of pts. & Auth.         -5-

1  statement about plaintiff, to a third person, with malice.  The

2  third person(s) heard and understood the false statement to be

3  about plaintiff, and also, at the time defendant, May published

4  the false statement about plaintiff he knew the statement was

5  false.  Defendant, May published his false statement about

6  plaintiff maliciously because of his hatred or ill will toward

7  plaintiff."

8       Defendant, May's, statement that plaintiff was drunk on the

9  job is a statement of fact, not opinion.  A statement of fact is

10  a statement that can be proved to be true or false.  An opinion

11  may be considered a statement of fact if the opinion suggest that

12  facts exist.  In deciding this issue the court should consider

13  whether the average listener would conclude from the language of

14  the statement and its context that defendant, May was making a

15  statement of fact.  If the court concludes the statement could

16  reasonably be construed as either fact or opinion, the issue

17  should be resolved by a jury.  Campanelli v. Regents of

18  University of California, (1996) 44 Cal. App. 4th 434.

19       Plaintiff's claim for defamation against defendant, May is

20  not subject to the Exclusive remedy rule of Labor Code

21  §§ 3600,3601, as is contended by defendants in their demurrer to

22  plaintiff's complaint.  Defaming plaintiff's character by falsely

23  accusing him of being drunk on the job, with malice, is not

24  reasonably contemplated by the parties as being part of the job.

25  Plaintiff, in his complaint alleges that defendant, May was not

26  acting in the course and scope of his employment at the time he

27

28  Memo. of pts. & Auth.          -6-

1    published his defamatory statement about plaintiff.

2        Plaintiff contends that defendant, May arbitrarily, falsely

3    published to defendant, Sebastian that plaintiff was drunk on

4    plaintiff's job.  And he further contends that defendant, May

5    knew the statement about plaintiff was false when defendant, May

6    published the statement to defendant, Sebastian.  Further, that

7    defendant, May made the statement for the purpose of damaging

8    plaintiff's reputation on the job, because of defendant, May's

9    ill will and hatred toward plaintiff.  Plaintiff is seeking to

10   recover damages from defendant, May because of damage to his

11   reputation on the job, and his emotional distress and medical

12   expenses incurred.

13   **PLAINTIFF'S SECOND CAUSE OF ACTION STATES A CAUSE OF ACTION**
     **FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST**
14   **DEFENDANT, MAYS.**

15       Plaintiff contends that defendant, May arbitrarily, with a

16   reckless disregard, falsely told defendant Sebastian that

17   plaintiff was drunk while on the job.  Defendant, May knew the

18   statement was false when made the statement to defendant,

19   Sebastian.  He made the statement to defendant, Sebastian with

20   malice, because of ill will toward plaintiff and for the purpose

21   of causing plaintiff to suffer severe emotional distress.

22   Plaintiff suffered severe emotional distress because of

23   defendant, May's conduct.  Defendant, May's conduct was

24   outrageous.

25   **PLAINTIFF'S THIRD CAUSE OF ACTION STATES A CAUSE OF ACTION**
     **FOR DEFAMATION AGAINST AMERICAN BAPTIST HOMES OF THE WEST,**
26   **aka GRAND LAKE GARDENS**

27

28   Memo. of pts. & Auth.              -7-

1        Plaintiff contends that defendant, Scott Sebastian was a
2   managerial employee of defendants American Baptist Homes of the
3   West, aka Grand Lake Gardens, and acting in the course and scope
4   of his employment when he did the acts complained about.
5   Defendant Sebastian published false statements about plaintiff
6   arbitrarily, and with a reckless disregard to plaintiff's rights.
7   Defendant, Sebastian acted with malice when he state to Donald
8   Mack, and to Reginald Lyles that plaintiff was drunk while on the
9   job.  Defendant, Sebastian knew his statement about plaintiff was
10  false when made the statement to Mr. Lyles.  He Published the
11  statement to Mr. Mack and to Mr. Lyles, with malice, because of
12  his ill will toward plaintiff, and for the purpose of causing
13  plaintiff to suffer damage to his reputation on the job and
14  suffer emotional distress and severe emotional distress.
15  Plaintiff's reputation on the job was damaged and plaintiff
16  suffered emotional distress because of defendant, Sebastian's
17  false statement about him.  Also, defendant, Sebastian falsely
18  accused plaintiff of being drunk on the job, called plaintiff
19  sick and in need of help, in a manner and volume so as to cause
20  plaintiff's co-employees to hear him falsely accuse plaintiff of
21  being drunk on the job, sick and in need of help.
22        Plaintiff alleges at Paragraph 12, page 7:1-13; 21-26, that
23  defendant, Sebastian said to plaintiff, "'you were drunk and
24  you're drunk now.'  I smell alcohol on you now and throughout the
25  building.  One of your co-workers told me that you came to work
26  drunk and you're still·drunk and I want to help you.'  Plaintiff
27
28  Memo. of pts. & Auth.          -8-

1  told Mr. Sebastian that he was not drunk and had not been
2  drinking any alcohol. Mr. Sebastian continued telling plaintiff
3  that plaintiff was sick and that he wanted to help plaintiff and
4  asked plaintiff to fill out some forms and sign them and go and
5  take a breath test for alcohol.

6     Mr. Sebastian persisted in telling plaintiff that plaintiff
7  was sick and that he wanted to help plaintiff and that he wanted
8  plaintiff to fill out and sign these forms and go and take a
9  breath test for alcohol at Concentra Medical Center. He told
10 plaintiff that he would make the appointment for plaintiff.
11 Plaintiff told Mr. Sebastian that he would not sign the forms
12 because he was not drunk and that he had not been drinking
13 alcohol. Mr. Sebastian threatened to fire plaintiff or other
14 disciplinary action if plaintiff refused his orders.

15    Plaintiff asked to speak to Sid Ward, Director of Facilities
16 and Executive Director Reginald Lyles. Mr. Sebastian stated to
17 plaintiff that he did not care who plaintiff spoke to. Plaintiff
18 made no further protest and followed Mr. Sebastian out of his
19 office. **Plaintiff's co-workers were outside of Mr. Sebastian's**
20 **office and were looking at plaintiff with their heads bowed down.**
21 Plaintiff was embarrassed and felt his character had been
22 impugned and violated and his intelligence insulted."

23    Plaintiff is informed and believes that his co-workers heard
24 and understood defendant, Sebastian's false statements that
25 plaintiff was drunk on the job and that plaintiff was sick and in
26 need of help because of his being an alcoholic.

27

28 Memo. of pts. & Auth.          -9-

1    Plaintiff requests leave of court to add the following

2  additional allegation, if the court deems it to be necessary:

3  "Plaintiff published the false "unprivileged" statement about

4  plaintiff, to a third person, with malice.  The third person(s)

5  heard and understood the false statement to be about plaintiff,

6  and also, at the time defendant, Sebastian published the false

7  statement about plaintiff he knew the statement was false.

8  Defendant, Sebastian published his false statement about

9  plaintiff maliciously because of his hatred or ill will toward

10  plaintiff."

11    **PLAINTIFF'S FOURTH CAUSE OF ACTION STATES A CAUSE OF ACTION
    FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST**
12    **SCOTT SEBASTIAN AND AMERICAN BAPTIST HOMES OF THE WEST, AKA
    GRAND LAKE GARDENS.**

13

14    Defendant, Sebastian falsely accused plaintiff of being

15  drunk on the job and of being sick and needing help.  He demanded

16  that plaintiff submit to a breathalyser to determine if plaintiff

17  was drunk on the job.  Defendant, Sebastian knew plaintiff was

18  not drunk on the job when he falsely accused plaintiff of being

19  drunk on the job and when he published to plaintiff's supervisor

20  and to plaintiff's employer that plaintiff was drunk on the job.

21  He published the false statements about plaintiff with malice,

22  because of ill will toward plaintiff.  Plaintiff is informed and

23  believes that he published the false statements about plaintiff

24  to harass plaintiff because of plaintiff's race.  Plaintiff is an

25  African American and defendant, defendant, Sebastian is a

26  Caucasian.  Defendant, Sebastian, prior to falsely accusing

27  plaintiff of being drunk on the job and demanding that plaintiff

28  Memo. of pts. & Auth.          -10-

1    submit to a breathalyser also harassed plaintiff on the job

2    because of plaintiff's race by doing the following: he would look

3    at plaintiff with a smile and tell plaintiff to mop out the

4    restroom before plaintiff went home.  Every time plaintiff would

5    take off from work to go to the doctor, defendant Sebastian

6    wanted plaintiff's supervisor to write plaintiff up.  Defendant,

7    Sebastian would seek out plaintiff to tell plaintiff to clean up

8    the walls, vacuum the dining room much better than the way

9    plaintiff had been doing it, etc.  Plaintiff is informed and

10   believes that defendant, Sebastian tried to convince some of

11   plaintiff's co-employees to say that plaintiff came to work

12   drunk.  Plaintiff is informed and believes that defendant,

13   Sebastian had also harassed and or discriminated against other

14   African American employees on the job, because of their race,

15   prior to his alleged wrongful conduct in plaintiff's complaint.

16   Defendant's conduct caused plaintiff to suffer severe emotional

17   distress and to incur medical expenses.

18       **PLAINTIFF'S FIFTH CAUSE OF ACTION STATES A CAUSE OF ACTION
         FOR INVASION OF PRIVACY AGAINST SCOTT SEBASTIAN AND AMERICAN**
19       **BAPTIST HOMES OF THE WEST, AKA GRAND LAKE GARDENS.**

20       Scott Sebastian's false accusation that plaintiff was drunk

21   on the job, was a public disclosure of private facts, and also

22   the statements publicly placed plaintiff in a false light.

23   Defendant, Sebastian allegedly acted with malice, with ill will

24   toward plaintiff, for the purpose of causing plaintiff to suffer

25   emotional distress.  His conduct caused plaintiff to suffer

26   emotional distress.

27

28   Memo. of pts. & Auth.              -11-

1    Plaintiff contends that Scott Sebastian was a managerial

2  employee of American Baptist Homes of The West, aka Grand Lake

3  Gardens.  He intentionally engaged in following conduct to harass

4  plaintiff, with malice, caused by his ill will toward plaintiff,

5  and that he was motivated by plaintiff's race.  Defendant,

6  Sebastian falsely accused plaintiff of being drunk on the job,

7  and reported this false accusation to plaintiff's employer.

8  Defendant, Sebastian knew the statement was false when he made

9  the false statement to plaintiff's employer.

10    Defendant, American Baptist Homes of the West, aka Grand

11  Lake Gardens is liable for Defendant, Sebastian's alleged conduct

12  because defendant, Sebastian was a managerial employee acting in

13  the course and scope of his employment.

14    Defendant, American Baptist Homes of the West, aka Grand

15  Lake Gardens is liable for defendant, Scott Sebastian's conduct

16  because defendant, Sebastian was a managerial employee acting

17  within the course and scope of his employment with said

18  defendant, when doing the acts complained about in plaintiff's

19  complaint.

20    Restatement Second of Torts, section 652B provides: "One who

21  intentionally intrudes, physically or otherwise, upon the

22  solitude or seclusion of another or his private affairs or

23  concerns, is subject to liability to the other for invasion of

24  his privacy, if the intrusion would be highly offensive to a

25  reasonable person."  California common law has generally followed

26  Prosser's classification of privacy interests as embodied in the

27

28  Memo. of pts. & Auth.          -12-

1  Restatement." <u>Hill v. National Collegiate Athletic Assn.</u> (1947) 7

2  Cal. 4th 1, 24.

3       Restatement Second of Torts, section 652E provides:

4       One who gives publicity to a matter concerning another that

5  places the other before the public in a false light is subject to

6  liability to the other for invasion of his privacy, if

7       (a) the false light in which the other was placed would be

8  highly offensive to a reasonable person, and

9       (b) the actor had knowledge of or acted in reckless

10  disregard as to the falsity of the publicized matter and the

11  false light in which the other would be placed.

12       California common law has generally followed Prosser's

13  classification of privacy interests as embodied in the

14  Restatement." <u>Hill v. National Collegiate Athletic Assn., supra.</u>

15       Defendant's alleged conduct caused plaintiff to suffer

16  emotional distress, and incur medical expenses.

17       **PLAINTIFF'S SIXTH CAUSE OF ACTION STATES A CAUSE OF ACTION
   FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST**

18       **AMERICAN BAPTIST HOMES OF THE WEST, AKA GRAND LAKE GARDENS.**

19       Defendant, Sebastian, in doing the acts complained about in

20  plaintiff's complaint was acting with malice for the purpose of

21  harassing plaintiff because of plaintiff's race. Defendant,

22  American Baptist Homes of the West, aka Grand Lake Gardens is

23  liable for the defendant Sebastian's conduct.  Defendant,

24  Sebastian is a managerial employee who was acting in the course

25  and scope of his employment.  Also, plaintiff's employer knew or

26  should have known of defendant's harassing conduct but failed to

27

28  Memo. of pts. & Auth.          -13-

1  take all reasonable action from harassing plaintiff because of

2  plaintiff's race. Defendant, Sebastian's conduct is outrageous

3  and it proximately caused plaintiff to suffer severe emotional

4  distress.

5       Intentional Infliction of Emotional Distress claims based on

6  race discrimination are not preempted by the Labor Code exclusive

7  remedy rule, or preempted by the Labor Management Act.

8  **PLAINTIFF'S SEVENTH CAUSE OF ACTION STATES A CAUSE OF ACTION
   FOR INVASION OF PRIVACY AGAINST AMERICAN BAPTIST HOMES OF**

9  **THE WEST, AKA GRAND LAKE GARDENS.**

10      Defendant, Sebastian's conduct violated plaintiff's right to

11  privacy, in doing the acts complained about in plaintiff's

12  complaint was acting with malice for the purpose of harassing

13  plaintiff because of plaintiff's race. Defendant, American

14  Baptist Homes of the West, aka Grand Lake Gardens is liable for

15  the defendant Sebastian's conduct. Defendant, Sebastian is a

16  managerial employee who was acting in the course and scope of his

17  employment. Also, plaintiff's employer knew or should have known

18  of defendant's harassing conduct but failed to take all

19  reasonable action from harassing plaintiff because of plaintiff's

20  race.

21      Invasion of Privacy claims based on race discrimination are

22  not preempted by the Labor Code exclusive remedy rule, or

23  preempted by the Labor Management Act.

24  Dated: March 27, 2007          LAW OFFICES OF MICHAEL C. COHEN

25

26                                 By: _____
                                      MICHAEL C. COHEN,

27                                    Attorney for Plaintiff

28  Memo. of pts. & Auth.              -14-

**PROOF OF SERVICE**

I, Michael C. Cohen, declare that:

I am employed in the County of Alameda, City of Oakland, California.   I am over the age of 18 years and not a party to the within cause; my business address is 1814 Franklin Street, Suite 900, Oakland, California 94612.

On March 27, 2007 I served the attached:

**Memorandum of Points and Authorities in Opposition to Demurrer, [Proposed] Order Overruling Demurrer To Complaint; re: <u>William J. Chapple v. American Baptist Homes of the West Corporation, aka American Baptist Homes of the West, et al.</u>, Alameda County Superior Court No. RG06297059**

on the interested parties in said action, by placing true copy thereof as indicated below as follows:

**Gordon J. Fine,
Tami F. Essis
LEWIS BRISBOIS BISGAARD & SMITH LLP
One Sansome Street, Suite 1400
San Francisco, CA 94104**

**[xx] BY MAIL:** I caused such envelope with postage thereon fully prepaid to be placed in the United States mail, in the City of Oakland, California.

**[  ] BY PERSONAL SERVICE:** I caused such envelope to be delivered by hand on the office(s) of the address(es).

**[  ] BY FEDERAL EXPRESS:** I caused such envelope to be delivered to Federal Express for overnight courier service to the office(s) of the addressee(s).

**[  ] BY FACSIMILE:** I caused a copy of such document to be sent via facsimile transmission to the office(s) of the addressee(s).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this Proof of Service was executed in Oakland, California, on March 27, 2007.

Michael C. Cohen

**EXHIBIT CC**

06-07-2007  13:53  From-LITTLER '...SON          9269469808          T-405  P.002/002  F-957

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Gordin J. Fine (SBN 135979) Tami F. Essis (SBN 245006) LEWIS BRISBOIS BISGAARD & SMITH LLP One Sansome Street, Suite 1400 San Francisco, CA 94104 | **ENDORSED FILED ALAMEDA COUNTY** |

TELEPHONE NO: 415.362.2580          FAX NO. (Optional): 415.434.0882

E-MAIL ADDRESS (Optional):

ATTORNEY FOR (Name): Defendants American Baptist Homes of the West, et al.

**JUN 0 7 2007**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

STREET ADDRESS: 1225 Fallon Street

MAILING ADDRESS:

CITY AND ZIP CODE: Oakland, CA 94612 ·

BRANCH NAME:

CLERK OF THE SUPERIOR COURT
By Tasha Perry, Deputy

CASE NAME: William J. Chapple v. American Baptist Homes
of the West, et al.

| **SUBSTITUTION OF ATTORNEY—CIVIL** (Without Court Order) | CASE NUMBER: RG 06297059 |
|---|---|

THE COURT AND ALL PARTIES ARE NOTIFIED THAT (name): Calvin May          makes the following substitution:

1. Former legal representative  ☐ Party represented self  ☒ Attorney (name): Gordon J. Fine of Lewis Brisbois, et al.
2. New legal representative  ☐ Party is representing self*  ☒ Attorney

  a. Name: Michael E. Brewer of Littler Mendelson PC  b. State Bar No. (if applicable): 177912  **BY FAX**

  c. Address (number, street, city, ZIP, and law firm name, if applicable):
    Littler Mendelson, a Professional Corporation
    2175 N. California Blvd., Suite 835, Walnut Creek, CA 94596

  d. Telephone No. (include area code): 925.932.2468

3. The party making this substitution is a  ☐ plaintiff  ☒ defendant  ☐ petitioner  ☐ respondent  ☐ other (specify):
  Calvin May

| ***NOTICE TO PARTIES APPLYING TO REPRESENT THEMSELVES** |
|---|
| • Guardian    • Personal Representative    • Guardian ad litem <br> • Conservator    • Probate fiduciary    • Unincorporated <br> • Trustee    • Corporation        association |
| If you are applying as one of the parties on this list, you may NOT act as your own attorney in most cases. Use this form to substitute one attorney for another attorney. SEEK LEGAL ADVICE BEFORE APPLYING TO REPRESENT YOURSELF. |

| NOTICE TO PARTIES WITHOUT ATTORNEYS |
|---|
| A party representing himself or herself may wish to seek legal assistance. Failure to take timely and appropriate action in this case may result in serious legal consequences. |

4. I consent to this substitution.
Date:_____, 2007

Calvin May
  (TYPE OR PRINT NAME)                    ▶                    (SIGNATURE OF PARTY)

5. ☒  I consent to this substitution.
Date:_____, 2007
Gordon J. Fine of Lewis, Brisbois, Bisgaard & Smith
  (TYPE OR PRINT NAME)                    ▶                    (SIGNATURE OF FORMER ATTORNEY)

6. ☒  I consent to this substitution.
Date:_____, 2007
Michael E. Brewer of Littler Mendelson
  (TYPE OR PRINT NAME)                    ▶                    (SIGNATURE OF NEW ATTORNEY)

(See reverse for proof of service by mail)                    Page 1 of 2

Form Adopted For Mandatory Use
Judicial Council of California
MC-050 [Rev. January 1, 2007]

**SUBSTITUTION OF ATTORNEY—CIVIL**
(Without Court Order)

Code of Civil Procedure, §§ 284(1), 285;
Cal. Rules of Court, rule 3.1362
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

10665099.tif - 6/7/2007 1:50:47 PM

Gordon J. Fine (SBN 128878) Toni F. Buda (SBN 346008)
LEWIS BRISBOIS BISGAARD & SMITH LLP
One Sansome Street, Suite 1400
San Francisco, CA  94104
TELEPHONE: 415.362.2580    FAX: 415.434.0882

ATTORNEY FOR (name): Defendants American Baptist Homes of the West, et al.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA  94612
BRANCH NAME:

CASE NAME: William J. Chappin v. American Baptist Homes
of the West, et al.

SUBSTITUTION OF ATTORNEY—CIVIL
(Without Court Order)

CASE NUMBER:
RG 03287088

THE COURT AND ALL PARTIES ARE NOTIFIED THAT (name): Calvin May    makes the following substitution:

1. Former legal representative  ☐ Party represented self  ☒ Attorney (name): Gordon J. Fine of Lewis Brisbois, et al.

2. New legal representative  ☐ Party is representing self  ☒ Attorney
   a. Name: Michael E. Brewer of Littler Mendelson PC    b. State Bar No. (if applicable): 177912
   c. Address (number, street, city, ZIP, and law firm name, if applicable):
      Littler Mendelson, a Professional Corporation
      2175 N. California Blvd., Suite 835, Walnut Creek, CA  94595
   d. Telephone No. (include area code): 925.932.2468

3. The party making this substitution is a  ☐ plaintiff  ☒ defendant  ☐ petitioner  ☐ respondent  ☐ other (specify):
   Calvin May

*NOTICE TO PARTIES APPLYING TO REPRESENT THEMSELVES*

   • Guardian    • Personal Representative    • Guardian ad litem
   • Conservator    • Probate fiduciary    • Unincorporated
   • Trustee    • Corporation    association

If you are applying as one of the parties on this list, you may NOT act as your own attorney in most cases. Use this form to substitute one attorney for another attorney. SEEK LEGAL ADVICE BEFORE APPLYING TO REPRESENT YOURSELF.

NOTICE TO PARTIES WITHOUT ATTORNEYS

A party representing himself or herself may wish to seek legal assistance. Failure to take timely and appropriate action in this case may result in serious legal consequences.

4. I consent to this substitution.
   Date: _____, 2007
   Calvin May
   (TYPE OR PRINT NAME)    (SIGNATURE OF PARTY)

5. ☒  I consent to this substitution.
   Date: June 4, 2007
   Gordon J. Fine of Lewis, Brisbois, Bisgaard & Smith
   (TYPE OR PRINT NAME)    (SIGNATURE OF FORMER ATTORNEY)

6. ☒  I consent to this substitution.
   Date: June 7, 2007
   Michael E. Brewer of Littler Mendelson
   (TYPE OR PRINT NAME)    (SIGNATURE OF NEW ATTORNEY)

(See reverse for proof of service by mail)

Form Adopted for Mandatory Use
Judicial Council of California
MC-050 [Rev. January 1, 2007]
SUBSTITUTION OF ATTORNEY—CIVIL
(Without Court Order)
Code of Civil Procedure, §§ 284, 285
Cal. Rules of Court, rule 3.1362
www.courtinfo.ca.gov
American LegalNet, Inc.
www.FormsWorkflow.com

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 2175 North California Blvd., Suite 835, Walnut Creek, California 94596.3565. On June 7, 2007, I served the within document(s):

**SUBSTITUTION OF ATTORNEY (FOR DEFENDANT CALVIN MAY)**

☐   by facsimile transmission at or about _____ on that date. This document was transmitted by using a facsimile machine that complies with California Rules of Court Rule 2003(3), telephone number 925.946.9809. The transmission was reported as complete and without error. A copy of the transmission report, properly issued by the transmitting machine, is attached. The names and facsimile numbers of the person(s) served are as set forth below.

☐   by placing a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at Walnut Creek, California addressed as set forth below.

☒   by depositing a true copy of the same enclosed in a sealed envelope, with delivery fees provided for, in an overnight delivery service pick up box or office designated for overnight delivery, and addressed as set forth below.

☐   by personally delivering a copy of the document(s) listed above to the person(s) at the address(es) set forth below.

Michael C. Cohen
Law Office of Michael C. Cohen
1814 Franklin Street, Suite 900
Oakand, CA  94612
Facsimile:  (510) 832-6439
Telephone:  (510) 832-6436

I am readily familiar with the firm's practice of collection and processing correspondence for mailing and for shipping via overnight delivery service.  Under that practice it would be deposited with the U.S. Postal Service or if an overnight delivery service shipment, deposited in an overnight delivery service pick-up box or office on the same day with postage or fees thereon fully prepaid in the ordinary course of business.  I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on June 7, 2007, at Walnut Creek, California.

Gaye M. Rose

**EXHIBIT DD**

06-07-2007  13:11    From-LITTLER 1    ...    9259469809    T-367  P.002   F-846



1   MICHAEL E. BREWER, Bar No. 177912
    ALLISON R. BALC, Bar No. 214962
2   LITTLER MENDELSON
    A Professional Corporation
3   2175 North California Blvd., Suite 835
    Walnut Creek, CA 94596.3565
4   Telephone:   925.932.2468

    Attorneys for Defendants
5   AMERICAN BAPTIST HOMES OF THE WEST,
    GRAND LAKE GARDENS, CALVIN MAY AND
6   SCOTT SEBASTIAN

**ENDORSED**
**FILED**
ALAMEDA COUNTY

JUN 0 7 2007

CLERK OF THE SUPERIOR COURT
By Tasha Perry, Deputy

7

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                              COUNTY OF ALAMEDA

10  WILLIAM J. CHAPPLE,              Case No. RG06297039

11          Plaintiff,               **DEFENDANTS' REPLY MEMORANDUM**
                                     **OF POINTS AND AUTHORITIES IN**
12      v.                           **SUPPORT OF ITS DEMURRER TO**
                                     **PLAINTIFF'S FIRST AMENDED**
13  AMERICAN BAPTIST HOMES OF THE    **COMPLAINT**
    WEST CORPORATION, aka,
14  AMERICAN BAPTIST HOMES OF THE    Date:       June 14, 2007
    WEST, aka, GRAND LAKE GARDENS,   Time:       9:00 a.m.
15  CALVIN MAY, SCOTT SEBASTIAN,     Dept:       31
    DOES 1 through 10,               Reservation No.:   712758
16                                   Before the Honorable Winifred Smith
            Defendants.

17

18                                   **BY FAX**

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
a Professional Corporation
2175 North California Blvd
Suite 835
Walnut Creek, CA 94596 3565
925.932.2468

DEFENDANTS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEMURRER

MICHAEL E. BREWER, Bar No. 177912
ALLISON R. BALC, Bar No. 214962
LITTLER MENDELSON
A Professional Corporation
2175 North California Blvd., Suite 835
Walnut Creek, CA 94596.3565
Telephone:   925.932.2468

Attorneys for Defendants
AMERICAN BAPTIST HOMES OF THE WEST,
GRAND LAKE GARDENS, CALVIN MAY AND
SCOTT SEBASTIAN

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ALAMEDA

| | |
|---|---|
| WILLIAM J. CHAPPLE,<br><br>              Plaintiff,<br><br>    v.<br><br>AMERICAN BAPTIST HOMES OF THE<br>WEST CORPORATION, aka,<br>AMERICAN BAPTIST HOMES OF THE<br>WEST, aka, GRAND LAKE GARDENS,<br>CALVIN MAY, SCOTT SEBASTIAN,<br>DOES 1 through 10,<br><br>              Defendants. | Case No.  RG06297059<br><br>**DEFENDANTS' REPLY MEMORANDUM<br>OF POINTS AND AUTHORITIES IN<br>SUPPORT OF ITS DEMURRER TO<br>PLAINTIFF'S FIRST AMENDED<br>COMPLAINT**<br><br>Date:       June 14, 2007<br>Time:       9:00 a.m.<br>Dept:       31<br>Reservation No.:   712758<br>Before the Honorable Winifred Smith |

LITTLER MENDELSON
A Professional Corporation
2175 North California Blvd
Suite 835
Walnut Creek, CA 94596.3565
925.932.2468

DEFENDANTS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEMURRER

# **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ............................................................................................ 1

II. LEGAL ARGUMENT ..................................................................................... 1

    A. Plaintiff Fails To State Causes of Action For Defamation Against May,
        Sebastian or ABHOW ............................................................................ 1

        1. Plaintiff Fails To Allege Facts Sufficient To Constitute Defamation ............. 1

            a. The Communication Is Privileged Because the Allegedly
                Defamatory Statements Were Made To Individuals With A
                Common Interest.............................................................................. 1

        2. Plaintiff's Defamation Claims Are Subject To The Exclusive
           Jurisdiction Of Workers' Compensation ......................................... 4

    B. Plaintiff Fails To State A Cause of Action For Intentional Infliction of
        Emotional Distress Against May, Sebastian or ABHOW ......................... 5

        1. Plaintiff Fails to Allege Facts Sufficient To Constitute Intentional
           Infliction of Emotional Distress........................................................ 5

        2. Plaintiff's Intentional Infliction of Emotional Distress Claims Are
           Subject To The Exclusive Jurisdiction Of Workers' Compensation ............ 6

    C. Plaintiff Fails to State A Cause Of Action for Invasion of Privacy Against
        Sebastian and ABHOW ......................................................................... 7

        1. Plaintiff Fails to Allege the Requisite Elements for Invasion of Privacy
           and Fails to Address The Privilege of Civil Code Section 47(c)(3) ............ 7

        2. Plaintiff's Privacy Claims Are Subject To The Exclusive Jurisdiction
           Of Workers' Compensation .............................................................. 8

    D. Plaintiff Fails To Allege Facts Sufficient to Constitute A Cause of Action For
        Race Discrimination Against ABHOW .................................................... 8

    E. Plaintiff Fails to Allege Facts Sufficient To Constitute A Cause of Action for
        Harassment Against May, Sebastian, and ABHOW.................................. 9

III. CONCLUSION................................................................................................ 9

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2175 North California Blvd
Suite 835
Walnut Creek, CA 94596-3565
925 932 2468

i.

# TABLE OF AUTHORITIES

**Page**

## CASES

*Aalgaard v. Merchants National Bank*
(1990) 224 Cal.App.3d 674, 684-687 ................................................................ 2

*Alcorn v. Anbro Eng'g, Inc.*
(1970) 2 Cal.3d 493, 499 ................................................................................... 5

*Angie M. v. Superior Court*
(1995) 37 Cal.App.4th 1217, 1226 .................................................................... 5

*Botos v. Los Angeles County Bar Assn.*
(1984) 151 Cal.App.3d 1083, 1088-1090 ......................................................... 3

*Brewer v. Second Baptist Church*
(1984) 32 Cal.2d 791, 796 ................................................................................. 2

*Campanelli v. Regents of University of California*
(1996) 44 Cal.App.4th 572, 578 ....................................................................... 3

*Carter v. CB Richard Ellis, Inc.*
(2004) 122 Cal.App.4th 1313, 1324 .................................................................. 9

*City and County of San Francisco v. Fair Employment and Housing Com.*
(1987) 191 Cal.App.3d 976, 985 ....................................................................... 9

*City of Moorpark v. Superior Court*
(1998) 18 Cal.4th 1143, 1155 ........................................................................... 7

*Cole v. Fair Oaks Fire Protection District*
(1987) 43 Cal.3d 148, 160; ............................................................................... 6

*Copp v. Paxton*
(1996) 45 Cal.App.4th 829, 848. ....................................................................... 8

*Cruey v. Gannett Company*
(1998) 64 Cal.App.4th 356, 369 ........................................................................ 1

*Davis v. Consolidated Freightways*
(1994) 29 Cal.App.4th 354, 373 ........................................................................ 4

*Deaile v. General Tel. Co.*
(1974) 40 Cal.App.3d 841 ............................................................................. 2, 3

*Del E. Webb Corp v. Structural Materials Co.*
(1981) 123 Cal.App.3d 593, 604 ....................................................................... 3

*Fermino v. Fedco, Inc.*
(1994) 7 Cal.4th 701, 721-722 .......................................................................... 7

*Gould v. Maryland Sound Industries, Inc.*
(1995) 31 Cal.App.4th 1137 .............................................................................. 3

*Guz v. Bechtel National, Inc.*
(2000) 24 Cal. 4th 317, 354, fn. 20 ................................................................... 9

*Hart v. National Mortgage & Land Co.*
(1987) 189 Cal.App.3d 1420, 1430 ................................................................... 7

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2175 North California Blvd
Suite 835
Walnut Creek, CA 94596 3565
925 932 2468

DEFENDANTS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEMURRER

# TABLE OF AUTHORITIES
**(continued)**

**Page**

*Hill v. National Collegiate Athletic Ass'n*
(1994) 7 Cal.4th 1, 27, fn. 7 .................................................................................... 8

*Holland v. Morse Diesel Int'l, Inc.*
(2001) 86 Cal.App.4th 1443, 1447. ......................................................................... 4

*Iverson v. Atlas Pacific Engineering*
(1983) 143 Cal.App.3d 219, 227 ............................................................................. 7

*Janken v. GM Hughes Electronics*
(1996) 46 Cal.App.4th 55, 80 .............................................................................. 5, 6

*Jensen v. Hewlett Packard Company*
(1993) 14 Cal.App.4th 958, 964-965. ...................................................................... 3

*Kemp v. County of Orange*
(1989) 211 Cal.App.3d 1427-28 .............................................................................. 8

*Kisesky v. Carpenter's Trust for So. California*
(1983) 144 Cal.App.3d 222, 231 ............................................................................. 6

*Lingquist v. Reusser*
(1994) 7 Cal.4th 1193, 1204 .................................................................................... 1

*Livitsanos v. Superior Court*
(1992) 2 Cal.4th 744, 754 ........................................................................................ 6

*Moyer v. Amador J. Union School Dist.*
(1990) 225 Cal.App.3d 720, 723 ............................................................................. 3

*Operative Engineers Local 3 v. Johnson*
(2003) 110 Cal.App.4th 180, 192 ............................................................................ 8

*Robomatic, Inc. v. Vetco Offshore*
(1990) 225 Cal.App.3d 270, 276. ............................................................................ 2

*Schulman v. Group W Productions, Inc.*
(1998) 18 Cal.4th 200, 231 ...................................................................................... 7

*Sheppard v. Freeman*
(1998) 67 Cal.App.4th 339, 343 .............................................................................. 2

*Shoemaker v. Myers*
(1990) 52 Cal.3d 1, 19 ............................................................................................. 6

*Smith v. Maldonado*
(1999) 72 Cal.App.4th 637, 652 .............................................................................. 1

*Wards Cove Packing Co., Inc. v. Antonio*
(1984) 490 U.S. 642, 656-657 ................................................................................. 9

*Watson v. Forth Worth Bank & Trust*
(1988) 487 U.S. 977, 994 ........................................................................................ 8

*Wilkinson v. Times Mirror Corporation*
(1989) 215 Cal.App.3d 1034, 1048-49 .................................................................... 4

*Yurick v. Superior Court*
(1989) 209 Cal.App.3d 1116, 1128 ......................................................................... 5

LITTLER MENDELSON
A Professional Corporation
2175 North California Blvd
Suite 835
Walnut Creek, CA 94596 3565
925 932 2468

DEFENDANTS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEMURRER

1

## TABLE OF AUTHORITIES
(continued)

2

**Page**

3

### UNITED STATES CODE

4

Civil Code section 47(c)(3)...................................................................................... 8

### CALIFORNIA CIVIL CODE

5

Cal. Civil Code. § 47(c)(3) ........................................................................................ 3

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

.ITTLER MENDELSON
A Professional Corporation
2175 North California Blvd.
Suite 835
Walnut Creek CA 94596 3565
925 932 2468

iv.

DEFENDANTS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEMURRER

I.    **INTRODUCTION**

Plaintiff Williams J. Chapple's Opposition fails to address the deficiencies identified in Defendants' Calvin May, Scott Sebastian and American Baptist Homes of the West Corporation's ("ABHOW") initial moving papers ("Memorandum.")  Where Plaintiff does attempt to argue that his Amended Complaint is adequate, Plaintiff fails to address central portions of Defendants' argument and omits mention of applicable legal authority.  Additionally, Plaintiff's Opposition contains improper conclusions and non-pleaded "facts."  (*See e.g.,* Opposition 3:1-9.)  For the reasons set forth in Defendants' moving papers and the reasons set forth below, Defendants' demurrer must be sustained without leave to amend.

II.    **LEGAL ARGUMENT**

    A.    **Plaintiff Fails To State Causes of Action For Defamation Against May, Sebastian or ABHOW.**

        1.    **Plaintiff Fails To Allege Facts Sufficient To Constitute Defamation.**

            a.    **The Communication Is Privileged Because the Allegedly Defamatory Statements Were Made To Individuals With A Common Interest.**

Plaintiff fails to overcome the privilege under Civil Code section 47(c)(3) because communications among a "common interest" group are privileged.  Employees of ABHOW are among the "common interest" group.  Plaintiff's Opposition merely restates the allegations in his Amended Complaint.  (Complaint ¶¶ 5:14-7:26; 10:5-11:26.)  The few cases which Plaintiff does cite, provide no support for his position. For example, Plaintiff cites *Smith v. Maldonado* (1999) 72 Cal.App.4th 637, 652, where the court held that "highlighting" a truthful paragraph, by itself, did not amount to defamation.  Plaintiff also cites *Lingquist v. Reusser* (1994) 7 Cal.4th 1193, 1204, where no dispute existed that the allegedly defamatory statements made at a seminar were communications among persons sharing a common interest in horse breeding, and thus, were privileged.

Reporting workplace harassment to employers is privileged.  (*Cruey v. Gannett Company* (1998) 64 Cal.App.4th 356, 369.)  Likewise, raising potential workplace safety concerns is privileged.  Plaintiff's concedes, "[h]e must come to work sober in order to do his job," which is essentially an admission that the question of his sobriety is a legitimate workplace concern because

1

ITTLER MENDELSON
Professional Corporation
1255 North Caloamos Blvd
Suite 625
West Creek, CA 94596 5565
925.932 2468

DEFENDANTS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEMURRER

he cannot do his job unless he is sober. (*See* Opposition 6:9-10.) Workplace safety and the safety of residents at ABHOW is a common interest for employees, and Plaintiff fails to address any of the cases cited by Defendants.

*Deaile v. General Tel. Co.* (1974) 40 Cal.App.3d 841, one of the cases which Plaintiff fails to address, defeats Plaintiff's claims. In *Deaile*, a supervisor advised upper management that his employee, *Deaile*, had committed a "breach of ethics" by falsifying sick benefit papers and that such actions "were akin to thievery." Following *Deaile's* "forced retirement," she sued the employer for slander. (*Id.* at 845-46.) The court ruled that the statements, however defamatory they might appear, were protected by the common interest privilege. The recipients of the defamatory communications were employees working at the same facility that *Deaile* had managed. (*Id.* at 846.) The employer and the recipients of the communications were "interested parties" for purposes of the privilege. (*Id.* at 849; *see also Brewer v. Second Baptist Church* (1984) 32 Cal.2d 791, 796 (members of a church have common interest in church matters). Thus, the communications are protected by the common interest privilege.[1]

### b.    Plaintiff Fails to Sufficiently Allege Malice.

Plaintiff fails to overcome the privilege because he has not pleaded "detailed facts" showing malice. Generalized allegations will not suffice. (*Robomatic, Inc. v. Vetco Offshore* (1990) 225 Cal.App.3d 270, 276.) Further, in *Deaile*, the court held that the plaintiff did not establish actual or express malice because the statements were "reasonably calculated to protect or further a common interest of both the communicator and the recipient." (*Id.* at 847.) Here, the allegedly defamatory statements were made to protect safety in the workplace, a common interest to all involved parties.

### c.    Plaintiff Fails to Allege A Statement of Fact.

The one authority Plaintiff cites in support of his position that he has met the pleading requirement of a statement of fact is *Campanelli v. Regents of University of California* (1996) 44

---

[1] Defendant Sebastian is also immune from the defamation claim under the non-statutory managerial privilege because he was acting in his employer's interest. (*Aalgaard v. Merchants National Bank* (1990) 224 Cal.App.3d 674, 684-687; *Sheppard v. Freeman* (1998) 67 Cal.App.4th 339, 343 (supervisor not liable for "personnel decisions" under managerial privilege because privilege protects supervisors from incurring liability for simply performing the normal functions of their job.) Plaintiff fails to allege any facts supporting the notion that Defendant Sebastian personally benefited.

2

ITTLER MENDELSON
PROFESSIONAL CORPORATION
2175 North California Blvd
Suite 835
Walnut Creek, CA 94596 3565
925 932 2468

DEFENDANTS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEMURRER

Cal.App.4th 572, 578; however, *Campanelli* does not support his position. In *Campanelli*, an employer's statement that a basketball coach's players were "in trouble psychologically" because of the coaching methods was held to be an opinion emphatically expressing that the players felt beaten down. (*Id.* at 581.) "[A]n employer's evaluation of his employee's performance contains an inherent degree of subjectivity, and courts should be extremely cautious before allowing such comments to become the basis of a libel action." (*Id., citing Jensen v. Hewlett Packard Company* (1993) 14 Cal.App.4th 958, 964-965.) As in *Campanelli*, characterizing someone as being "drunk" is a description denoting one's subjective opinion of another. (*See Gould v. Maryland Sound Industries, Inc.* (1995) 31 Cal.App.4th 1137 (statement by employee's supervisor accusing employee of "poor performance" was an opinion); *Moyer v. Amador J. Union School Dist.* (1990) 225 Cal.App.3d 720, 723 (statements to the effect that another teacher was a "babbler" and the "worst teacher" at a particular school are opinions); *Botos v. Los Angeles County Bar Assn.* (1984) 151 Cal.App.3d 1083, 1088-1090 (rating judge "not qualified" was a collective judgment of qualifications and not an actionable statement of fact.) The communication regarding Plaintiff constituted subjective opinions which are relevant to his performance and are not actionable.

### d.    Plaintiff Fails To Allege Publication Outside of the "Common Interest" Group And Fails To Allege Damage to His Reputation.

The allegedly defamatory statements made by both Defendants were made to employees of ABHOW. ABHOW employees are members of the "common interest" group; and thus, the communications are privileged. (*See Deaile, supra,* 40 Cal.App.3d at 849; Cal. Civil Code. § 47(c)(3).) Plaintiff alleges that Defendant May published false statements to Plaintiff's supervisor, Donald Mack. (Exhibit A, 3.) Additionally, Plaintiff argues that Defendant Sebastian made statements "loud enough for people outside the room to hear him." (Opposition 4:13-16.) However, Plaintiff admits that it was co-workers who were outside of Mr. Sebastian's office. (*Id.* at 12:1-4, 21-24.) Thus, any publication by Defendants May and Sebastian are privileged because the alleged statements were made to ABHOW employees who share a "common interest" in workplace safety.

Further, Plaintiff's Amended Complaint contains contradictory allegations regarding damage to his reputation and the court may disregard conflicting factual allegations in the complaint. (*See Del E. Webb Corp v. Structural Materials Co.* (1981) 123 Cal.App.3d 593, 604.) On one hand,

ITTLER MENDELSON
Professional Corporation
2175 North Californa Blvd
Suite #35
West Creek, CA  94596 3565
925 932 2468

DEFENDANTS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEMURRER

1   Plaintiff alleges in his Amended Complaint that he suffered damage to his reputation in general and

2   to his reputation on the job. (Complaint ¶¶ 21, 36.) On the other hand, he claims that employees did

3   not believe that he had done anything wrong. The Amended Complaint states, "[a]ll [sic] them [co-

4   workers Brad Freeman, Alexander Harrison, Rita Johnson and Kathy Smith] saw how devastated

5   plaintiff was and felt his anger and disgust at Scott Sebastian's accusation that he was drunk and

6   smelled of alcohol . . .." and Lisa Sandeford said that "she did not smell any alcohol." (*Id.* at 8:18-

7   9:3.) Thus, the Court should disregard these conflicting allegations.

8           Likewise, facts appearing in exhibits attached to the complaint are given precedence

9   over inconsistent allegations in the complaint. (*Holland v. Morse Diesel Int'l, Inc.* (2001) 86

10  Cal.App.4th 1443, 1447.) In the exhibit attached to his Amended Complaint, Plaintiff writes that

11  after learning of the suspicion of Plaintiff being drunk, Executive Director Reginald Lyles stated to

12  Plaintiff, "I have heard that you're a good worker and the residents like you and we don't have any

13  problem with you because you have a good job report." (Exhibit A, 3.) Further, after the alleged

14  defamatory statements were made, Plaintiff quotes the executive director as stating, "you are a good

15  worker, so continue doing good." (*Id.*) Thus, in giving precedence to the facts in Plaintiff's exhibit

16  attached to his Amended Complaint, he fails to allege damage to his reputation.

17          Additionally, Plaintiff does not substantively address the argument that he, himself,

18  also disclosed the alleged defamation to others, which absolves Defendants from resulting damages.

19  (*See Davis v. Consolidated Freightways* (1994) 29 Cal.App.4th 354, 373; Complaint ¶9:3-20;

20  Memorandum 8:26-9:7.) Plaintiff has failed to plead publication and damage to his reputation.

21          **2.   Plaintiff's Defamation Claims Are Subject To The Exclusive Jurisdiction Of Workers' Compensation.**

22          Plaintiff fails to address Defendants legal authority. Offering no authority in support

23  of his position, Plaintiff merely re-states his allegations and makes the one conclusory argument that

24  "[d]efaming plaintiff's character by falsely accusing him of being drunk on the job, with malice, is

25  not reasonably contemplated by the parties as being part of the job." (Opposition 8:21-26.) This

26  position fails to consider Defendants' cited authorities, which Plaintiff does not address. (*Wilkinson*

27  *v. Times Mirror Corporation* (1989) 215 Cal.App.3d 1034, 1048-49 (drug testing is recognized as a

28  legitimate "normal part of the employment relationship.")

4

ITTLER MENDELSON
Professional Corporation
1175 North California Blvd
Suite 835
Walnut Creek, CA 94596 3565
925 932 2468

**B.    Plaintiff Fails To State A Cause of Action For Intentional Infliction of Emotional Distress Against May, Sebastian or ABHOW.**

    **1.    Plaintiff Fails to Allege Facts Sufficient To Constitute Intentional Infliction of Emotional Distress.**

        **a.    Extreme and Outrageous Conduct or Severe Emotional Suffering.**

Plaintiff sets forth no authority and merely restates the facts alleged in his Amended Complaint in arguing that he has adequately pleaded claims for intentional infliction of emotional distress. Absent special situations of extreme misconduct, employers are not liable for intentional infliction of emotional distress based on insulting remarks, indignity, annoyance, or even threats to an employee. (*Yurick v. Superior Court* (1989) 209 Cal.App.3d 1116, 1128; *disapproved on other grounds* (the requirements are vigorous and difficult to satisfy); *see also Alcorn v. Anbro Eng'g, Inc.* (1970) 2 Cal.3d 493, 499.) Defendants' allegedly defamatory remarks do not constitute conduct so extreme as to exceed all bounds tolerated in a civilized society. To the contrary, comments regarding suspicion of alcohol use in the workplace and reasonable suspicion testing for such are appropriate, if not necessary, to protect the safety of Plaintiff, his co-workers, and ABHOW residents.

To the extent that Plaintiff's allegations of intentional infliction of emotional distress rest upon the argument that such conduct was outrageous because it occurred as a result of racial animus, he not only fails to allege extreme and outrageous facts, but his claim is duplicative of his Fair Employment Housing Act claims. (*See Janken v. GM Hughes Electronics* (1996) 46 Cal.App.4th 55, 80.) "Managing personnel is not outrageous conduct beyond the bounds of human decency, but rather conduct essential to the welfare and prosperity of society . . . [and] if personnel management decisions are improperly motivated, the remedy is a suit against the employer for discrimination." (*Id.*) Plaintiff fails to allege any conduct by Defendants that even remotely approaches the required level of outrageousness.

Further, Plaintiff has not alleged that he suffered severe emotional distress which requires that it be "of such substantial quantity or enduring quality that an individual in civilized society should not be expected to endure it." (*Angie M. v. Superior Court* (1995) 37 Cal.App.4th 1217, 1226 (granting a demurrer to a cause of action for intentional infliction of emotional distress

ITTLER MENDELSON
A Professional Corporation
2175 North California Blvd
Suite 835
sheet Creek, CA 94596 3565
925 932 2468

DEFENDANTS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEMURRER

arising from a sexual battery because the plaintiff "pleaded no facts demonstrating the nature, extent or duration of her alleged emotional distress") *quoting Kisesky v. Carpenter's Trust for So. California* (1983) 144 Cal.App.3d 222, 231.) Plaintiff merely alleges that the conduct caused him "to suffer severe emotional distress" and to incur medical expenses without pleading any facts. (Opposition 10:1-2; 13:15-16; Complaint ¶¶27, 44.) Thus, Plaintiff has failed to plead a cause of action for intentional infliction of emotional distress.[2]

### 2.    Plaintiff's Intentional Infliction of Emotional Distress Claims Are Subject To The Exclusive Jurisdiction Of Workers' Compensation.

Again, Plaintiff merely restates his factual allegations and does not respond to the legal argument that his claims for intentional infliction of emotional distress are preempted by workers' compensation. Emotional distress resulting from personnel actions is among the work-related injuries that are governed by the exclusive remedies of the Workers' Compensation Act, even if the employer's actions are characterized as manifestly unfair, outrageous, harassment or intended to cause emotional distress. (*See Cole v. Fair Oaks Fire Protection District* (1987) 43 Cal.3d 148, 160; *Shoemaker v. Myers* (1990) 52 Cal.3d 1, 19; *Livitsanos v. Superior Court* (1992) 2 Cal.4th 744, 754 (explaining that intentional or even egregious employer conduct which causes emotional distress falls within the scope of the Workers' Compensation Act.)

Plaintiff concedes in his Opposition that the conduct upon which he bases his claim against Sebastian for intentional infliction of emotional distress occurred within the course and scope of his employment. (Opposition 12:7-10.) Alleging a motivation of racial animus does not remove the claim from the jurisdiction of workers' compensation. (Opposition 12:19-22.) In *Janken, supra,* the plaintiff sued his employer and three individual supervisors for adopting and following a policy of terminating and forcing the resignation of employees over the age of 40 without good cause. He sued for age discrimination and intentional infliction of emotional distress. (*Id.* at 61.) In sustaining demurrers without leave to amend, the court ruled that proof of discriminatory personnel decisions – – conduct denounced for decades and proscribed by statute — did not, in itself, support a cause of

---

[2] Sebastian is additionally immune from liability for intentional infliction of emotional distress under the managerial privilege. (*See* footnote 1, *supra.*)

TLER MENDELSON
Professional Corporation
175 North California Blvd
Suite 835
nut Creek, CA 94596 3565
925 932 2468

6

action for intentional infliction of emotional distress:

> The intentional infliction of emotional distress claim fails for similar reasons. An essential element of such a claim is a pleading of outrageous conduct beyond the bounds of human decency. Managing personnel is not outrageous conduct beyond the bounds of human decency, but rather conduct essential to the welfare and prosperity of society. A simple pleading of personnel management activity is insufficient to support a claim of intentional infliction of emotional distress, even if improper motivation is alleged.

(*Id.* at 79-80 (citations omitted.) Cases holding that employers exceeded the risks inherent in the employment relationship include acts unlike those alleged here by Plaintiff: Physical assault (*Iverson v. Atlas Pacific Engineering* (1983) 143 Cal.App.3d 219, 227); battery, sexual conduct and remarks (*Hart v. National Mortgage & Land Co.* (1987) 189 Cal.App.3d 1420, 1430); on-the-job physical injury discrimination (*City of Moorpark v. Superior Court* (1998) 18 Cal.4th 1143, 1155); and forcibly and criminally depriving an employee of her liberty (false imprisonment) (*Fermino v. Fedco, Inc.* (1994) 7 Cal.4th 701, 721-722). In the instant case, the alleged conduct comes nowhere near that alleged in these cases.

**C.     Plaintiff Fails to State A Cause Of Action for Invasion of Privacy Against Sebastian and ABHOW.**

**1.     Plaintiff Fails to Allege the Requisite Elements for Invasion of Privacy and Fails to Address The Privilege of Civil Code Section 47(c)(3).**

Plaintiff argues in his Opposition that his invasion of privacy claims survive based upon the common law claims of intrusion into private affairs and public disclosure of private facts. (Opposition 13:12-25.) Even under the common law claim of intrusion into private affairs, Plaintiff must allege an intentional intrusion into a private matter about which he held a reasonable expectation of privacy. (*Schulman v. Group W Productions, Inc.* (1998) 18 Cal.4th 200, 231; CACI 1800.) Plaintiff merely makes a conclusory statement in his Opposition and fails to provide any legal support against Defendants' position that he waived any reasonable expectation of privacy by indiscriminately publicizing that he was suspected of being under the influence of alcohol at work. (Memorandum 13:9-12; Opposition 15:10-12.) Additionally, Plaintiff fails to allege that the intrusion was highly offensive to a reasonable person. (*Shulman, supra*; CACI 1800.)

Plaintiff fails to plead a common law claim for public disclosure of private facts because he fails to allege public disclosure, that a reasonable person would consider the publicity

ITLER MENDELSON
PROFESSIONAL CORPORATION
70 North Calderara Blvd
Suite 805
Walnut Creek, CA 94596 2565
925 932 2468

7

DEFENDANTS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEMURRER

highly offensive, and that the private information was not of legitimate public concern. (*Kemp v. County of Orange* (1989) 211 Cal.App.3d 1427-28; CACI 1801.) The one case Plaintiff cites in support of his position, *Hill v. National Collegiate Athletic Ass'n* (1994) 7 Cal.4th 1, 27, fn. 7, does not support his argument. In fact, *Hill* establishes that Plaintiff has failed to plead public disclosure, because the form of disclosure may not be word of mouth alone and requires "printings, writings, pictures, or other permanent publications." (*See id.*)

Further, Plaintiff's Opposition fails to address the application of the "common interest" privilege of Civil Code section 47(c)(3) to Plaintiff's privacy claims. (*Copp v. Paxton* (1996) 45 Cal.App.4th 829, 848.)[3]

**2. Plaintiff's Privacy Claims Are Subject To The Exclusive Jurisdiction Of Workers' Compensation.**

Plaintiff's Opposition fails to substantively address workers' compensation exclusivity with respect to his privacy claims. (*See Operative Engineers Local 3 v. Johnson* (2003) 110 Cal.App.4th 180, 192.) Plaintiff's one statement in his Opposition that his "[i]nvasion of privacy claims based on race discrimination are not preempted by the Labor Code exclusive remedy rule, or preempted by the Labor Management Act," lacks any support or legal authority. (Opposition 16:13-15.) Further, Plaintiff's Amended Complaint does not contain an allegation that the invasion of privacy torts were based on race discrimination. (Complaint ¶¶ 46-50; 57-61.)

**D. Plaintiff Fails To Allege Facts Sufficient to Constitute A Cause of Action For Race Discrimination Against ABHOW.**

Plaintiff again fails to cite any legal authority in opposing Defendants' argument and does not address the fact that he has failed to plead an adverse employment action. It appears that Plaintiff is proceeding under a disparate impact theory. Even if Plaintiff had offered legal authority establishing a theory of disparate impact in discrimination claims under the California Fair Employment Housing Act, Plaintiff still fails to plead a claim for discrimination because he does not identify a particular employment practice having a disproportionate adverse effect on African Americans on account of protected status. (*See Watson v. Forth Worth Bank & Trust* (1988) 487 U.S. 977, 994.) It is insufficient to challenge the overall effect of the employment practice, and

---

[3] Defendant Sebastian is additionally immune from liability for invasion of privacy under the managerial privilege. (*See* footnote 1, *supra.*)

8

TLER MENDELSON
PROFESSIONAL CORPORATION
15 North California Blvd
Suite 838
at Creek, CA 94596 3565
925 932 2468

plaintiffs must identify the particular practice that causes an adverse impact. (*Wards Cove Packing Co., Inc. v. Antonio* (1984) 490 U.S. 642, 656-657.) He fails to plead a disproportionate adverse effect on members of the protected class. (*See Guz v. Bechtel National, Inc.* (2000) 24 Cal. 4th 317, 354, fn. 20.) Plaintiff's argument that "his employer treated him differently with regard to terms and conditions of his employment, than it treated its non African American employees," is insufficient. (Opposition 18:5-8.) It is insufficient to merely allege that a practice has harmed members of a protected group to which a plaintiff belongs; there must be a significant discriminatory impact. (*See Carter v. CB Richard Ellis, Inc.* (2004) 122 Cal.App.4th 1313, 1324; *City and County of San Francisco v. Fair Employment and Housing Com.* (1987) 191 Cal.App.3d 976, 985.) Plaintiff's "Introduction" to his Opposition contains "facts" purportedly relevant to this claim that are not pleaded in the Amended Complaint and are improper conclusions, and thus, should be disregarded. (*See* Opposition 3:1-9.)

**E.    Plaintiff Fails to Allege Facts Sufficient To Constitute A Cause of Action for Harassment Against May, Sebastian, and ABHOW**

Plaintiff's Opposition completely fails to address the multiple pleading deficiencies raised in Defendants' moving papers. Plaintiff fails to sufficiently plead that he was subjected to unwelcome harassment that was based on race and sufficiently pervasive so as to alter the conditions of employment and create an abusive working environment.

**III.    CONCLUSION**

For the foregoing reasons, and for those stated in Defendants' initial moving papers, this Court should sustain without leave to amend Defendants' demurrer to all ten causes of action in Plaintiff's Amended Complaint.

Dated: June 7, 2007

MICHAEL E. BREWER
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendants
AMERICAN BAPTIST HOMES OF THE
WEST, GRAND LAKE GARDENS, CALVIN
MAY AND SCOTT SEBASTIAN

Firmwide:82552168.1 012425.1000

TTLER MENDELSON
Professional Corporation
175 North California Blvd
Suite 835
nut Creek, CA  94596 3565
925 932 2468

9

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 2175 North California Blvd., Suite 835, Walnut Creek, California 94596.3565. On June 7, 2007, I served the within document(s):

**DEFENDANTS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS DEMURRER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

**[PROPOSED] ORDER GRANTING DEFENDANTS' DEMURRER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

☐  by facsimile transmission at or about _____ on that date. This document was transmitted by using a facsimile machine that complies with California Rules of Court Rule 2003(3), telephone number 925.946.9809. The transmission was reported as complete and without error. A copy of the transmission report, properly issued by the transmitting machine, is attached. The names and facsimile numbers of the person(s) served are as set forth below.

☐  by placing a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at Walnut Creek, California addressed as set forth below.

☒  by depositing a true copy of the same enclosed in a sealed envelope, with delivery fees provided for, in an overnight delivery service pick up box or office designated for overnight delivery, and addressed as set forth below.

☐  by personally delivering a copy of the document(s) listed above to the person(s) at the address(es) set forth below.

Michael C. Cohen
Law Office of Michael C. Cohen
1814 Franklin Street, Suite 900
Oakand, CA  94612
Facsimile:  (510) 832-6439
Telephone:  (510) 832-6436

I am readily familiar with the firm's practice of collection and processing correspondence for mailing and for shipping via overnight delivery service.  Under that practice it would be deposited with the U.S. Postal Service or if an overnight delivery service shipment, deposited in an overnight delivery service pick-up box or office on the same day with postage or fees thereon fully prepaid in the ordinary course of business.   I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on June 7, 2007, at Walnut Creek, California.

_____
Gaye M. Rose

TTLER MENDELSON
PROFESSIONAL CORPORATION
175 North California Blvd
Suite 835
Walnut Creek, CA  94596.3565
925.932.2468

09-07-2007   13:14   From-LITTLER        .4              9259468808        T-398   P.002/004   F-947

1   MICHAEL E. BREWER, Bar No. 177912
    ALLISON R. BALC, Bar No. 214962
2   LITTLER MENDELSON
    A Professional Corporation
3   2175 North California Blvd., Suite 835
    Walnut Creek, CA  94596.3565
4   Telephone:   925.932.2468

5   Attorneys for Defendants
    AMERICAN BAPTIST HOMES OF THE WEST,
6   GRAND LAKE GARDENS, CALVIN MAY AND
    SCOTT SEBASTIAN

7

8                  SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                           COUNTY OF ALAMEDA

10  WILLIAM J. CHAPPLE,                      Case No. RG06297059

11              Plaintiff,                   [PROPOSED] ORDER GRANTING
                                             DEFENDANTS' DEMURRER TO
12       v.                                  PLAINTIFF'S FIRST AMENDED
                                             COMPLAINT
13  AMERICAN BAPTIST HOMES OF THE
    WEST CORPORATION, aka,                   Date:       June 14, 2007
14  AMERICAN BAPTIST HOMES OF THE            Time:       9:00 a.m.
    WEST, aka, GRAND LAKE GARDENS,           Dept:       31
15  CALVIN MAY, SCOTT SEBASTIAN,             Reservation No.:   712758
    DOES 1 through 10,                       Before the Honorable Winifred Smith
16
                Defendants.
17

18                                           **BY FAX**

19       The demurrer to Plaintiff's First Amended Complaint filed by Defendants American Baptist

20  Homes of the West ("ABHOW"), Calvin May and Scott Sebastian came on regularly for hearing

21  before this Court in Department 31 on June 14, 2007 at 9:00 a.m., the Honorable Winifred Smith

22  presiding.  The Court, having considered all papers filed in support of and in opposition to

23  Defendants' demurrer, as well as oral arguments of counsel, and good cause appearing therefrom,

24  rules as follows:

25       1.      Defendants' demurrer to Plaintiff's first cause of action, alleging Defamation against

26  Defendant Calvin May, is sustained without leave to amend.  Plaintiff has not alleged facts that any

27  statement was published outside of the "common interest" group and Plaintiff fails to allege malice,

28  a statement of fact, or damages to his reputation.  Further, Plaintiff's claim is subject to the exclusive

LITTLER MENDELSON
A Professional Corporation
2175 North California Blvd.
Suite 835
Walnut Creek, CA 94596 3565
925 932 2468

[PROPOSED] ORDER GRANTING DEFENDANTS' DEMURRER TO PLAINTIFF'S FIRST AMENDED

10565088.tif - 6/7/2007 1:12:28 PM

1  MICHAEL E. BREWER, Bar No. 177912
   ALLISON R. BALC, Bar No. 214962
2  LITTLER MENDELSON
   A Professional Corporation
3  2175 North California Blvd., Suite 835
   Walnut Creek, CA 94596.3565
4  Telephone:    925.932.2468

5  Attorneys for Defendants
   AMERICAN BAPTIST HOMES OF THE WEST,
6  GRAND LAKE GARDENS, CALVIN MAY AND
   SCOTT SEBASTIAN

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        COUNTY OF ALAMEDA

10  WILLIAM J. CHAPPLE,              Case No. RG06297059

11           Plaintiff,             **[PROPOSED] ORDER GRANTING
                                     DEFENDANTS' DEMURRER TO
12      v.                           PLAINTIFF'S FIRST AMENDED
                                     COMPLAINT**
13  AMERICAN BAPTIST HOMES OF THE
    WEST CORPORATION, aka,           Date:       June 14, 2007
14  AMERICAN BAPTIST HOMES OF THE    Time:       9:00 a.m.
    WEST, aka, GRAND LAKE GARDENS,   Dept:       31
15  CALVIN MAY, SCOTT SEBASTIAN,     Reservation No.:    712758
    DOES 1 through 10,               Before the Honorable Winifred Smith
16
             Defendants.
17

18

19       The demurrer to Plaintiff's First Amended Complaint filed by Defendants American Baptist

20  Homes of the West ("ABHOW"), Calvin May and Scott Sebastian came on regularly for hearing

21  before this Court in Department 31 on June 14, 2007 at 9:00 a.m., the Honorable Winifred Smith

22  presiding.   The Court, having considered all papers filed in support of and in opposition to

23  Defendants' demurrer, as well as oral arguments of counsel, and good cause appearing therefrom,

24  rules as follows:

25       1.      Defendants' demurrer to Plaintiff's first cause of action, alleging Defamation against

26  Defendant Calvin May, is sustained without leave to amend.  Plaintiff has not alleged facts that any

27  statement was published outside of the "common interest" group and Plaintiff fails to allege malice,

28  a statement of fact, or damages to his reputation. Further, Plaintiff's claim is subject to the exclusive

LITTLER MENDELSON
A Professional Corporation
2175 North California Blvd
Suite 835
Walnut Creek, CA 94596 3565
925.932.2468

1    jurisdiction of workers' compensation.

2         2.    Defendants' demurrer to Plaintiff's second cause of action, alleging intentional

3    infliction of emotional distress against Defendant Calvin May, is sustained without leave to amend.

4    Plaintiff has not alleged facts that he was subjected to extreme and outrageous conduct or endured

5    severe emotional distress.    Further, Plaintiff's claim is subject to the exclusive jurisdiction of

6    workers' compensation.

7         3.    Defendants' demurrer to Plaintiff's third cause of action, alleging defamation against

8    Defendants Scott Sebastian and ABHOW is sustained without leave to amend.    Plaintiff has not

9    alleged facts that any statement was published outside of the "common interest" group and Plaintiff

10   fails to allege malice, a statement of fact, or damages to his reputation.    Further, Plaintiff's claim is

11   subject to the exclusive jurisdiction of workers' compensation.

12        4.    Defendants' demurrer to Plaintiff's fourth cause of action, alleging intentional

13   infliction of emotional distress against Defendants Scott Sebastian and ABHOW, is sustained

14   without leave to amend.    Plaintiff has not alleged facts that he was subjected to extreme and

15   outrageous conduct or endured severe emotional distress.    Further, Plaintiff's claim is subject to the

16   exclusive jurisdiction of workers' compensation.

17        5.    Defendants' demurrer to Plaintiff's fifth cause of action, alleging invasion of privacy

18   against Defendants Scott Sebastian and ABHOW, is sustained without leave to amend.    Plaintiff has

19   not alleged facts of intentional intrusion into a private matter about which he held a reasonable

20   expectation of privacy, nor has he alleged public disclosure, that a reasonable person would consider

21   the publicity highly offensive, and that the private information was not of legitimate public concern.

22   Further, Plaintiff's claim is subject to the exclusive jurisdiction of workers' compensation.

23        6.    Defendants' demurrer to Plaintiff's sixth cause of action, alleging intentional

24   infliction of emotional distress against ABHOW, is sustained without leave to amend.    Plaintiff has

25   not alleged facts that he was subjected to extreme and outrageous conduct or endured severe

26   emotional distress.    Further, Plaintiff's claim is subject to the exclusive jurisdiction of workers'

27   compensation.

28

2.

TTLER MENDELSON
Professional Corporation
175 North Calderas Blvd
Suite 835
Iena Creek, CA  94598 3565
925 832 2468

[PROPOSED] ORDER GRANTING DEFENDANTS' DEMURRER TO PLAINTIFF'S FIRST AMENDED

7.      Defendants' demurrer to Plaintiff's seventh cause of action, alleging invasion of privacy against ABHOW, is sustained without leave to amend.  Plaintiff has not alleged facts of intentional intrusion into a private matter about which he held a reasonable expectation of privacy, nor has he alleged public disclosure, that a reasonable person would consider the publicity highly offensive, and that the private information was not of legitimate public concern.  Further, Plaintiff's claim is subject to the exclusive jurisdiction of workers' compensation.

8.      Defendants' demurrer to Plaintiff's eighth cause of action, alleging harassment against Defendant Calvin May, is sustained without leave to amend.  Plaintiff has not alleged facts that he was subjected to unwelcome harassment that was based on race and was sufficiently pervasive so as to alter the conditions of employment and create an abusive working environment.

9.      Defendants' demurrer to Plaintiff's ninth cause of action, alleging harassment against Defendants Scott Sebastian, is sustained without leave to amend.  Plaintiff has not alleged facts that he was subjected to unwelcome harassment that was based on race and was sufficiently pervasive so as to alter the conditions of employment and create an abusive working environment.

10.     Defendants' demurrer to Plaintiff's tenth cause of action alleging discrimination and harassment against ABHOW is sustained without leave to amend.  Plaintiff has not alleged facts that he was subjected to an adverse employment action.  If proceeding under a disparate impact theory, Plaintiff has failed to identify a particular employment practice having a disproportionate adverse effect on African Americans on account of protected status.

Accordingly, Plaintiff's Amended Complaint is dismissed without prejudice.

IT IS SO ORDERED.

Dated:_____        _____
                                                    The Honorable Winifred Smith

Firmwide:82580148.1 012425.1022

3.

ITLER MENDELSON
Professional Corporation
75 North California Blvd
Suite 625
Walnut Creek, CA 94596 3565
925 932 2468

[PROPOSED] ORDER GRANTING DEFENDANTS' DEMURRER TO PLAINTIFF'S FIRST AMENDED

**EXHIBIT EE**

  JUN 1 ? 2007

Law Office of Michael C. Cohen
Attn: Cohen, Michael C.
1814 Franklin St., Ste. 900
Oakland, CA  94612-0000

Littler Mendelson
Attn: Harding, Richard H.
2175 N. California Blvd.,
Ste. 835
Walnut Creek, CA  94596-3565

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| Chapple | | No. RG06297059 |
|---|---|---|
| | Plaintiff/Petitioner(s) | |
| vs. | | Order |
| | | Demurrer to the First Amended Complaint |
| American Baptist Homes Of The West Corporation | | |
| | Defendant/Respondent(s) | |
| | (Abbreviated Title) | |

The Demurrer to the First Amended Complaint was set for hearing on 06/14/2007 at 09:00:00 in Department 31 before the Honorable Winifred Y. Smith.  The Tentative Ruling was published and has not been contested.

IT IS HEREBY ORDERED THAT:

The Demurrer of Defendants American Baptist Homes of the West, Grand Lake Gardens, Reginald Lyles, Calvin May and Scott Sebastian to Plaintiff's First Amended Complaint for Damages is CONTINUED to 9:00 a.m., July 18, 2007, Department 114, 6th Floor, Wiley W. Manuel Courthouse, 661 Washington Street, Oakland on the court's own motion.

Dated:  06/14/2007

Facsimile

*Winifred Y. Smith*
_____
Judge Winifred Y. Smith

Order



| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Chapple VS American Baptist Homes Of The West Corporation | RG06297059 |

ADDITIONAL ADDRESSEES

Brewer, Michael E.
2175 North California Boulevard,
Suite 8325
Walnut Creek, CA   94596-3565

Lewis, Brisbois, Bisgaard & Smith, LLP
Attn: Fine, Gordon J.
One Sansome Street, Suite 400
14th Floor
San Francisco, CA    94104

Brewer, Michael E.
2175 North California Boulevard,
Suite 8325
Walnut Creek, CA    94596-3565

Order

 

Superior Court of California, County of Alameda
Rene C. Davidson Alameda County Courthouse

Case Number: RG06297059
Order After Hearing Re: of 06/14/2007

## DECLARATION OF SERVICE BY MAIL

I certify that I am not a party to this cause and that a true and correct copy of the
foregoing document was mailed first class, postage prepaid, in a sealed envelope,
addressed as shown on the foregoing document or on the attached, and that the
mailing of the foregoing and execution of this certificate occurred at
201 13th Street, Oakland, California.

Executed on 06/14/2007.

Executive Officer / Clerk of the Superior Court

By  _Yvonne Bazzell_

_____
Deputy Clerk

**EXHIBIT FF**

1  MICHAEL E. BREWER, Bar No. 177912
   ALLISON R. BALC, Bar No. 214962
2  LITTLER MENDELSON
   A Professional Corporation
3  2175 North California Blvd., Suite 835
   Walnut Creek, CA 94596.3565
4  Telephone:   925.932.2468

5  Attorneys for Defendants
   AMERICAN BAPTIST HOMES OF THE WEST,
6  GRAND LAKE GARDENS, CALVIN MAY AND
   SCOTT SEBASTIAN

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        COUNTY OF ALAMEDA

10  WILLIAM J. CHAPPLE,              Case No. RG06297059

11          Plaintiff,               NOTICE OF CHANGE OF ADDRESS

12      v.

13  AMERICAN BAPTIST HOMES OF THE
    WEST CORPORATION, aka,
14  AMERICAN BAPTIST HOMES OF THE
    WEST, aka, GRAND LAKE GARDENS,
15  CALVIN MAY, SCOTT SEBASTIAN,
    DOES 1 through 10,
16
            Defendants.
17

18  THE CLERK OF THE COURT, AND ALL PARTIES AND THEIR COUNSEL:

19       NOTICE IS HEREBY GIVEN that effective July 2, 2007, the new address for Littler

20  Mendelson, P.C., attorneys for Defendants, AMERICAN BAPTIST HOMES OF THE WEST,

21  GRAND LAKE GARDENS, CALVIN MAY AND SCOTT SEBASTIAN, is as follows:

22       Littler Mendelson, A Professional Corporation
         1255 Treat Boulevard, Suite 600
23       Walnut Creek, CA 94597

24       The telephone and fax numbers for the office will remain the same.

25  Dated:  June 19, 2007

26

27                                   MICHAEL E. BREWER
                                     LITTLER MENDELSON, P.C.
28                                   Attorneys for Defendants

                                     1.

LITTLER MENDELSON

**PROOF OF SERVICE**

      I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 2175 North California Blvd., Suite 835, Walnut Creek, California 94596.3565. On June 21 2007, I served the within document(s):

**NOTICE OF CHANGE OF ADDRESS**

☐     by facsimile transmission at or about _____ on that date. This document was transmitted by using a facsimile machine that complies with California Rules of Court Rule 2003(3), telephone number 925.946.9809. The transmission was reported as complete and without error. A copy of the transmission report, properly issued by the transmitting machine, is attached. The names and facsimile numbers of the person(s) served are as set forth below.

☒     by placing a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at Walnut Creek, California addressed as set forth below.

☐     by depositing a true copy of the same enclosed in a sealed envelope, with delivery fees provided for, in an overnight delivery service pick up box or office designated for overnight delivery, and addressed as set forth below.

☐     by personally delivering a copy of the document(s) listed above to the person(s) at the address(es) set forth below.

Michael C. Cohen
Law Office of Michael C. Cohen
1814 Franklin Street, Suite 900
Oakand, CA  94612

Facsimile:  (510) 832-6439
Telephone:  (510) 832-6436

      I am readily familiar with the firm's practice of collection and processing correspondence for mailing and for shipping via overnight delivery service. Under that practice it would be deposited with the U.S. Postal Service or if an overnight delivery service shipment, deposited in an overnight delivery service pick-up box or office on the same day with postage or fees thereon fully prepaid in the ordinary course of business.   I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on June 21, 2007, at Walnut Creek, California.

_____
Gaye M. Rose